Keith Mathews, *pro hac vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
603-622-8100
keith@awplegal.com

Melissa R. Theriault, #6-4266
WOODHOUSE RODEN AMES & BRENNAN, LLC
1912 Capitol Avenue, Suite 500
Cheyenne, WY 82001
(307) 432-9399
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., <br><br> *on behalf of themselves and all others similarly situated* <br><br> Plaintiffs, <br><br> *vs*. <br><br> APPLE INC. <br><br> Defendant. | Case No. 1:24-cv-00053-SWS |

**MOTION FOR EXTENSION OF TIME FOR RESPONDING TO APPLE INC'S MOTION TO TRANSFER VENUE (Errata replacing previous filing error)**

**COMES NOW**, Plaintiffs, by and through counsel Keith Matthews of AWP Legal and co-counsel, Melissa Theriault of Woodhouse Roden Ames & Brennan, LLC, and hereby motions the Court to enter an Order for *Extension of Time for Responding to Apple Inc's Motion to Transfer Venue*. In support thereof, Plaintiffs state the following:

## Background

On March 5, 2024, Plaintiffs initiated a class action suit alleging violations of the Sherman Act by Defendant Apple Inc., aimed at establishing a developer compensation fund. This action represents the first-to-file in the federal court system advocating for developers of free apps, who comprise the majority of the iPhone consumer app base. Apple has previously reached settlements with non-zero priced app developers, establishing a precedent with similar compensation arrangements.

Subsequently, on March 21, 2024, the Department of Justice launched a comprehensive antitrust lawsuit against Apple Inc. in the New Jersey USDC, docketed as NJD 2:24-cv-04055-MEF-LDW. This lawsuit charges Apple with engaging in practices that harm developers and diminish both output and competition in the app marketplace, echoing the allegations in our case. The DOJ's filing further contends that developers are compelled to agree to Apple's Developer Program License Agreement (DPLA).

Recently, Defendant Apple Inc. submitted a Motion to Transfer Venue, seeking to relocate this case from Wyoming to Northern California, citing the DPLA's forum selection clause. It is critical to note that Coronavirus Reporter Corporation (CRC) has not consented to the DPLA, unlike Calid Inc., which is a signatory.

Concurrently, the Judicial Panel for Multi-District Litigation (JPML) is overseeing substantial coordination of iPhone-related claims. MDL #3113 has been established in the NJ District Court to centralize pre-trial proceedings involving approximately thirty consumer-oriented iPhone cases that adapted the DOJ complaint for monetary damages to iPhone consumers.

Furthermore, another COVID App developer yesterday initiated a class action in the District of Columbia, representing all similar COVID app developers. Apple has labeled this case,

filed in the DC District under case number 1:24-cv-786-TNM, as a "facsimile" of *Coronavirus Reporter[app]*. Intriguingly, Apple has not pursued a Motion to Transfer Venue for this new case, which would contradict the DOJ's substantiated allegations against the DPLA as a contract of adhesion. By seeking judicial actions that fundamentally undermine the DOJ's assertions before even reaching the starting gate, it seems Apple's position in the DC case acknowledges tactics like the MTV could be considered improper.

Given that the DOJ's lawsuit explicitly details antitrust injuries affecting both consumers and developers, inclusion of CRC and PhantomALERT in MDL #3113 is warranted. CRC plans to petition the JPML under Rule 6.1 for the centralization of developer claims next week. The outcome of this motion could further warrant, in the interest of judicial economy, the relating of CRC and PhantomALERT, given the overlapping class definitions.

In light of the foregoing, and in deference to DOJ's meticulous work investigating Apple's alleged Sherman Act violations, undersigned counsel will be imminently filing an Amended Complaint largely formulated on the DOJ complaint, with respect to the putative zero-priced app developer class. This will allow for consistency of adjudication across all similar MDL and related cases, using shared definitions of relevant markets, antitrust injury, and permitting streamlined discovery. This case concerns a significant, potentially landmark violation of the Sherman Act, with damages potentially exceeding $200 billion USD.

### Request for Extension

Counsel respectfully requests that this Honorable Court extend any deadlines related to the Motion to Transfer Venue until fourteen days post-JPML's decision on CRC's forthcoming Rule 6.1 Motion. This request is based on the soon-to-be-filed Amended Complaint, which will

imminently become the operative complaint. Moreover, given the JPML's pending review, it is appropriate to defer the adjudication of the Motion to Transfer Venue.

Additionally, a medical situation involving a CRC client representative by itself necessitates a twenty-day extension for filing our response to the Motion to Transfer Venue, in the event it is not tolled with the JPML decision.

## CERTIFICATION OF CONFERRAL

Pursuant to Local Rule 7.1(b)(1)(A), undersigned certifies that counsel attempted to confer with Defendant's counsel in good faith but were unable to reach an agreement. Apple Inc agrees to a 20 day extension provided it is given a ten day extension on its reply deadline and that the parties further agree to postpone the Motion to Dismiss until decision of transfer case. After such decision, Apple Inc. has 21 days to file a Motion to Dismiss or an order denying transfer upon a deadline set by the transferee court if the court grants Apple Inc's transfer request. Plaintiffs agree to Defendant's extension request. But Apple Inc will not agree to the remaining terms in this Motion. Plaintiffs assert it is in the interest of judicial economy to toll Apple's MTV, pending the JPML decision. Otherwise, two courts - this Court and the JPML - would be simultaneously adjudicating Motions to Transfer to NJ and California. Hence, Plaintiffs CRC and Calid respectfully request that the Court extend the deadline accordingly, pending the JPML's ruling on the Rule 6.1 motion.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

a. Extend the Plaintiff's deadline to respond to the Motion to Transfer Venue until 15 days after the JPML's ruling on the Rule 6.1 Motion;

b. Alternatively extend the Plaintiff's deadline for 20 day;

and

      c.      Such further relief as may be meet and just.

Respectfully submitted this 12th day of July 2024.

        AMERICAN WEALTH PROTECTION

        */s/ Keith Matthews*

---

AMERICAN WEALTH PROTECTION
1000 Elm St., Suite 803
Manchester, NH 03105
keith@awplegal.com
*Counsel for Plaintiff – Pro Hac Vice*

WOODHOUSE, RODEN, AMES, & BRENNAN, LLC

*/s/ Melissa R. Theriault*

---

Melissa R. Theriault #6-4266
Woodhouse Roden Ames & Brennan, LLC
1912 Capitol Ave., Suite 500
Cheyenne, WY 82001
(307) 432-9399
melissa@wrablaw.com
*Local Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th of July 2024, a true and correct copy of the foregoing document upon the following person(s) via CM/ECF:

Julian Kleinbrodt
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
415-393-8382
Email: jkleinbrodt@gibsondunn.com

Leah C Schwartz
PARSONS BEHLE & LATIMER
20 East Simpson Ave.
P. O. Box 3890

Jackson, WY 83001
307-733-5130
Email: LSchwartz@parsonsbehle.com

Rachel Susan Brass
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
415-393-8293
Fax: 415-393-8306
Email: rbrass@gibsondunn.com

*/s/ Melissa R. Theriault*
_____
WOODHOUSE RODEN AMES & BRENNAN, LLC