Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Rachel S. Brass (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
Rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

*Attorneys for Defendant Apple Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc.**<br><br>*on behalf of themselves and all others similarly situated.*<br><br>   Plaintiffs,<br>v.<br><br>**Apple Inc.**<br>   Defendant. | **DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME**<br><br><br>Civil No. 24-CV-00053 |

Defendant Apple Inc. ("Apple") hereby submits this response to Plaintiffs' Motion for Extension of Time for Responding to Apple Inc.'s Motion to Transfer Venue (Dkt. 26) and "Errata" (Dkt. 27) "replacing previous [but unidentified] filing error." Apple respectfully requests that the Court deem Plaintiffs' opposition to Apple's transfer motion forfeited or, in the alternative, afford Apple additional time for its reply and suspend the deadline to move to dismiss in light of Apple's

pending transfer request and Plaintiffs' representation that they will file an amended complaint "imminently."

## I.      The Court Should Deem Plaintiffs' Opposition Forfeited

On June 28, 2024, Apple moved to transfer this case to the U.S. District Court for the Northern District of California pursuant to a binding forum selection clause in Apple's Developer Program License Agreement (DPLA) and in the interests of justice and witness convenience. *See* Dkts 19–22. Plaintiffs' response to that motion was due on July 12. Rather than file an opposition brief, however, Plaintiffs filed a motion at 5:07 PM (later "replace[d]" at 7:23 PM by an "errata" to that motion correcting unidentified "error") seeking to extend their opposition deadline by an indeterminate length while they, first, file an amended complaint "formulated on" an antitrust complaint brought against Apple by the U.S. Department of Justice, and, then, petition the Judicial Panel on Multidistrict Litigation (JPML) to consolidate that amended suit with multidistrict litigation in New Jersey where the DOJ and related actions are pending (the "New Jersey MDL").

Plaintiffs' request for an indefinite stay of Apple's motion pending an as-yet unfiled amendment and JPML motion should be denied for reasons discussed below. But the Court need not address Plaintiffs' request because their failure to file *any* opposition to Apple's transfer motion within the time provided by this Court's orders without first obtaining the Court's or Apple's consent constitutes forfeiture. *See* Local Civ. R. 7.1(b)(1)(B) ("Each party opposing the [non-dispositive] motion shall have fourteen (14) days after the filing of the motion to file a written response containing a short, concise statement of the arguments and authorities in opposition to the motion. *The court may, in its discretion, consider the failure of a responding party to file a timely response as a confession of the motion*." (emphasis added)). The Court should therefore

grant Apple's motion and order this case transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  *See* Dkt. 20.[1]

## II.    Alternatively, The Court Should Deny Plaintiffs' Request And Grant Apple's Compromise Extension Proposal

The Court should not grant Plaintiffs retroactive relief from their failure to timely oppose Apple's motion.  To begin with, Plaintiffs had ample opportunity to seek an extension before the deadline for their opposition elapsed but failed to do so.  And while Plaintiffs seek to premise the extension on an "imminently" forthcoming amended complaint, they have had 131 days since initiating this case to amend their pleadings.  Nor does the New Jersey MDL warrant an extension: Plaintiffs already sought to include this case in those centralized proceedings, and the JPML rejected that request.  *See In re: Apple Inc. Smartphone Antitrust Litig.*, MDL No. 3113, Dkt. 130 (July 8, 2024) (declining Plaintiffs' request to issue conditional transfer order).  There is therefore no good cause to extend Plaintiffs' response deadline.

Moreover, Plaintiffs are wrong insofar as they suggest a forthcoming amended complaint or parallel transfer motion before the JPML would affect Apple's pending motion to transfer.  Meritless as these filings may be, Plaintiffs are free to make them while Apple's transfer motion is pending (or after it is decided).  But as the New Hampshire court held when Plaintiffs last tried to

---

[1] To the extent Plaintiffs' motion responds indirectly to Apple's arguments for transfer, their response is unpersuasive.  Plaintiffs claim it is "critical" that Plaintiff Coronavirus Reporter Corporation (CRC) "has not consented to the DPLA."  Dkt. 27 at 2.  But, as Apple explained in its motion, CRC is foreseeably bound by the DPLA's forum selection clause because (among other reasons) Plaintiff Calid Inc., who Plaintiffs admit "is a [DPLA] signatory," *id.*, submitted the Coronavirus Reporter app on CRC's behalf.  Dkt. 22 at 5; *see Coronavirus Reporter v. Apple Inc.*, 560 F. Supp. 3d 632, 639 & n.6 (D.N.H. 2021) (enforcing forum selection clause against CRC even though Calid signed the DPLA).  Plaintiffs also point out that Apple did not move to transfer a separate antitrust lawsuit, *PhantomALERT*, brought in the U.S. District Court for the District of Columbia by a COVID app developer.  Dkt. 27 at 2–3.  Plaintiffs made the same argument to oppose transfer from New Hampshire, to no avail.  *See Coronavirus Reporter v. Apple Inc.*, No. 21-cv-00047, Dkt. 22 ¶ 29 (Mar. 25, 2021) (noting then-pending developer antitrust lawsuit in Delaware).  Just as before, Plaintiffs offer no authority for the position that Apple must invoke the forum-selection clause in every litigation to enforce it in any case.

use amendment to forestall transfer of their case to the Northern District of California, "an amended complaint does not ordinarily moot a motion to transfer venue" and "district courts have discretion to apply an earlier-filed transfer motion to a later-filed complaint." *Coronavirus Reporter v. Apple Inc.*, 560 F. Supp. 3d 642, 646 (D.N.H. 2021) (collecting cases). And as Apple explained in its pending motion before this Court, a motion to transfer before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Dkt. 20 at 10 n.1 (quoting U.S. Judicial Panel on Multidistrict Litigation Rule 2.1(d)). Accordingly, neither of these filings—which, again, have not even been filed yet—could or should "toll" Apple's transfer motion as Plaintiffs suggest. *See* Dkt. 27 at 4.

Nor are such filings likely to be successful even if Plaintiffs follow through with them. The JPML has already deemed this case "not appropriate for inclusion in th[e] MDL." *In re: Apple Inc. Smartphone Antitrust Litig.*, *supra*. Plaintiffs' supposed amendment and motion are unlikely to change that result: Plaintiffs' theories about alleged COVID-app censorship and denial of "notary stamps" to developers are factually and legally distinct from the "consumer-oriented iPhone cases" that comprise the New Jersey MDL to date. Moreover, Plaintiffs' allegations remain very much related to the prior iteration of this repeat case that was adjudicated on the merits in the Northern District of California. *See* Dkt. 20 at 8–9, 10 n.1.

If the Court is inclined to grant Plaintiffs a retroactive extension, however, Apple respectfully requests that it modify the schedule consistent with the offer Apple made to Plaintiffs: That Plaintiffs have additional 20 days to oppose Apple's transfer motion (making their opposition due on <u>August 1, 2024</u>); that Apple would receive a proportional 10-day extension to prepare its reply (making that brief due on <u>August 18, 2024</u>); and that Apple's deadline to file a motion to dismiss

(currently July 30, 2024) be suspended pending a decision on Apple's motion to transfer (making that motion due 21 days after an order denying transfer or upon a deadline set by the transferee court if the Court grants Apple's transfer request). Plaintiffs do not appear to oppose any aspect of Apple's proposal—indeed, they expressly state that they "agree to [Apple's] extension request" as described above. Dkt. 27 at 4.

This proposal, not Plaintiffs', will "allow for consistency of adjudication across … related cases" (Dkt. 27 at 3)—namely, this case and Plaintiffs' previous unsuccessful antitrust lawsuits in the Ninth Circuit—by facilitating a decision on Apple's *actually pending* transfer motion and preventing duplicative decisions by two different courts on the merits of identical claims. *See* Dkt. 20 at 13–14 (explaining that the prior California proceedings support transfer to conserve judicial resources and ensure consistent decisionmaking). In particular, postponing Apple's motion to dismiss deadline is warranted to avoid potentially unnecessary Rule 12 briefing under this Court's and Tenth Circuit precedents if Apple's transfer motion is granted. It would also avoid forcing Apple to (again) waste resources responding to a complaint that Plaintiffs have now announced they intend to supersede with an "imminent[]" amended complaint, Dkt. 27 at 3—which would be Plaintiffs' *ninth* against Apple since 2021. *See Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910, *5 (N.D. Cal. Nov. 30, 2021) (unpublished) (detailing history of Plaintiffs' seven prior complaints and amendments). Accordingly, if the Court does not find Plaintiffs' opposition forfeited, it should modify deadlines consistent with Apple's compromise proposal set forth below and in the concurrently filed proposed order.

WHEREFORE, Apple requests that this Honorable Court enter an Order

1.      Granting Apple's Motion to Transfer (Dkt. 19) and ordering this action transferred pursuant to the U.S. District Court for the Northern District of California;

2.    In the alternative, setting the following deadlines for Apple's pending motion to transfer and forthcoming motion to dismiss:

| Event | Deadline |
|---|---|
| Plaintiffs' opposition to Apple's motion to transfer | August 1, 2024 |
| Apple's reply in support of its motion to transfer | August 18, 2024 |
| Apple's motion to dismiss Plaintiffs' currently operative complaint (Dkt. 1) | 21 days after denial of Apple's transfer motion or, if transfer is granted, a deadline to be set by the transferee court |

Dated:  July 15, 2024.                          Respectfully submitted,


By:   /s/ Leah C. Schwartz

Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Rachel S. Brass (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

*Attorneys for Defendant Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 15, 2024, I electronically filed the foregoing with the Clerk of

Court using the electronic filing system, which will send notification of such filing to all registered

CM/ECF users.


PARSONS BEHLE & LATIMER


*/s/ Leah C. Schwartz*
Leah C. Schwartz (7-5019)