# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation** *on behalf of themselves and all others similarly situated.* <br><br>        Plaintiffs, <br><br> v. <br><br> **Apple Inc.** <br><br>        Defendant. | **PLAINTIFF'S MOTION FOR A MORE DEFINITIVE STATEMENT REGARDING MOTION TO TRANSFER VENUE** <br><br><br> Civil No. 24-CV-00053-SWS |

Plaintiffs Coronavirus Reporter Corp., CALID Inc., and Greenflight Venture Corporation ("Plaintiffs") by and through their respective counsel, hereby request a more definitive statement be filed given the changing landscape of this case since the Defendant filed its Motion To Transfer Venue. In Support thereof they state as follows:

**LEGAL STANDARD AND ANALYSIS**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before interposing a responsive pleading when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. The purpose of Rule 12(e) is to ensure that the opponent receives fair notice of the claim and the grounds upon which it rests. A motion for a more definite statement should be granted when the complaint is too vague or ambiguous to enable the defendant to frame a responsive pleading.

In this case, the Plaintiffs have filed a First Amended Complaint (FAC) that significantly differs from their original complaint. This amended complaint mirrors arguments made by the Department of Justice (DOJ) in its antitrust case against Apple Inc., suggesting this case is a reasonable candidate for transfer to the New Jersey Multidistrict Litigation (MDL). Consequently, Apple's Motion to Transfer Venue, filed prior to this amended complaint, is based on outdated and moot assertions. For this reason, Plaintiffs request a more definitive statement regarding Apple's Motion to Transfer Venue.

**ARGUMENTS SUPPORTING MOTION FOR A MORE DEFINITIVE STATEMENT**

1. New Operative Complaint: The FAC aligns closely with the DOJ's antitrust claims against Apple, indicating the pre-requisite elements for transfer to New Jersey MDL. Apple's original motion fails to address these substantial changes, rendering their arguments moot or inapplicable. It also does not explain why four-year old rulings from Maine and New Hampshire – well before the current class action claims, let alone DOJ's substantiated concerns about recent conduct within the past four years – should bind this Wyoming Court.

2. Judicial Panel on Multidistrict Litigation (JPML): Apple's previous unsuccessful attempt to transfer the DOJ-related MDL to California undermines its current venue transfer arguments, and might be improper for again raising redundant arguments which could subvert the MDL findings for a candidate class action. The JPML's designation of New Jersey as the transferee district simply cannot be ignored in this motion for a potential "related" case .

3. Clarification of Apple's Arguments:

• Antitrust Judicial Experience in California: This argument, previously dismissed by the JPML, is insufficient to warrant transfer.

2

- Previous Case Transfers: Apple's references to prior case transfers do not apply to the amended complaint, which involves new plaintiffs and allegations for new conduct, largely after the New Hampshire transfer decision. For example, the FAC seeks four years restitution for Apple's supra-competitive $99 developer fee for an entire developer class. At least three years of this conduct – if not four – is covered under DOJ theories and occurred well after New Hampshire had any involvement.

- Facsimile of *Coronavirus I*: Apple's inconsistent treatment of similar cases (e.g., PhantomAlert) requires clarification to justify different handling, otherwise it gives the impression Apple understands such a transfer is intended to prevent or complicate one or both of these cases from joining MDL / DOJ discovery.

- Forum-Selection Clause: The DOJ's allegations of Apple's restrictive contract terms challenge the validity of the forum-selection clause, necessitating further clarification.

4. Introduction of New Plaintiff: The addition of Greenflight Venture Corporation necessitates a revised motion to address specific allegations and context provided in the FAC.

5. Meet and Confer Efforts: Apple's refusal to withdraw its motion, despite acknowledging the outdated complaint, demonstrates bad faith. Apple's actions appear intended to create confusion and delay the litigation process.

The overhauled Amended Complaint (FAC) substantially differs from the original complaint; the FAC document reflects the arguments that the Department of Justice has raised against Apple. Likewise, a motion has already been filed to join the Judicial Panel on Multidistrict

Litigation in New Jersey, where the DOJ is proceeding with its landmark antitrust case. *See. In re Apple Inc. Smartphone Antitrust Litig.*, MDL No. 3113.

In their Motion to Transfer Venue, Apple acknowledges in a small footnote that they were aware of Plaintiffs' intent to seek MDL joinder. Apple asserts the Complaint is "legally distinct" from the DOJ case. Moreover, Apple argues somewhat incredulously that seeking to join the MDL *supports* a transfer to California. Both arguments are plainly incorrect, and must be clarified or withdrawn. Plaintiffs' FAC claim theories – like forty other MDL cases – are near verbatim of the DOJ's theories, and do not support transfer to California.

Hence in light of the new operative complaint, and the pending MDL motion, Apple should either delay this present motion, or at least update it so that it contains assertions to which Plaintiffs can reasonably respond. Briefly, the following sections of Apple's motions are listed, and reasons are given why a more definitive statement is necessary:

> "**The Northern District Of California Has Significant Experience With Antitrust Challenges To Apple's App Store Business Model ............................... 1**"

This argument was raised in the MDL motion, and was insufficient to prevent New Jersey's designation as transferee district for pre-trial and discovery proceedings.

> "**Plaintiffs' Previous Cases Were Transferred To The U.S. District Court For The Northern District of California And Later Dismissed ............................. 2**"

Plaintiff hereby seeks clarification, as the Amended complaint has different entities from the "Previous Cases" Apple references. Greenflight was never transferred, nor were any co-Plaintiffs, according to Apple's prior statements to the Ninth Circuit. Moreover, this case concerns new conduct and new allegations, events that occurred in the past four years, and which was not subject to adjudication in the past. Section 1512 retaliation under State Competition Laws is one

example. Another is the fact this complaint is DOJ tag-along Class Action, and none of the cases Apple references from New Hampshire or Maine were such class actions at time of transfer.

**"This Case Is a Facsimile Of** *Coronavirus I* **................................................................. 3"**

Apple has similarly alleged PhantomAlert, pending in the DC District, is a facsimile of "Coronavirus I." Apple has never filed a motion to transfer PhantomAlert from DC, and therefore seemingly acknowledged doing so would be improper, and contrary to the clear mandate of the JPML transfer. Hence, Apple should clarify in this motion why these two cases, purported facsimile of each other, should be treated differently and/or in non-compliance with the JPML orders.

**"Plaintiffs Agreed To A Mandatory Forum-Selection Clause Requiring Litigation In The Northern District of California .................................................... 4"**

The DOJ Complaint specifically alleges Apple has crafted an overly-controlling 'contract of adhesion' that makes it "difficult" or impossible for developers to seek antitrust law enforcement, by adding "restrictive terms" to the DPLA. Here, Apple seeks to put the cart before the horse, and ask this Honorable Court to ignore the DOJ's substantiated concerns about DPLA fairness, override the judicial process, and thereby prematurely determine Plaintiffs' FAC allegations mirroring the DOJ (on the DPLA matter) are meritless. That is improper, and for that reason alone, Apple should retract the motion. In short, if the DOJ case is about the unfairness of the DPLA, Apple is here seeking a strategic "pass" from this Court by ordering otherwise – that the DPLA is the law of the land. This is contrary to the interests of fairness, and seeks to leverage this Court's (and the New Hampshire and Maine courts, indirectly) authority against the DOJ's well-documented concerns.

**"The Interests Of Justice And Convenience Support Transfer To The Northern District Of California Under § 1404(a) .................................................... 7"**

These arguments were similarly advanced to the JPML and failed, resulting in the New Jersey District being designated the transferee district for all DOJ related Apple "tag along" lawsuits. Apple argued, unsuccessfully, that the MDL should be transferred to California for various purported reasons of efficiency. Those same reasons, which already failed, are again raised in the present motion.

**New Plaintiffs**

The addition of Plaintiff Greenflight Venture Corporation all but requires a more definite statement with regards to the Defendant's Motion to Transfer. Given the introduction of a new party into the lawsuit, it is nearly impossible for undersigned counsel to accurately file a responsive pleading to Apple's broad references to "Plaintiffs."

**Apple seeks to leverage a paralegal filing error**

Regrettably, Apple's counsel was informed that undersigned counsel's paralegal accidentally filed the original Complaint with several draft sections from an older antitrust lawsuit clients – including *Coring* and *Primary Productions*. Undersigned counsel attempted to correct this by contacting the Clerk on the day of filing. Apple apparently found it to be strategic to file a motion based on these errors, which includes reference to "unfavorable Ninth Circuit" case law and the case "being transferred from New Hampshire District." Both of these sections, verbatim, were included accidentally from other clients. The incorrect language has been removed from the FAC, and in fact, had been removed from the corrected Complaint provided to the Clerk on filing day.

All parties engaged in a Meet & Confer on this matter nearly two months ago. Apple counsel queried "*what do we gain from acknowledging the updated complaint*" to which our representative replied "*Nothing really, other than helping avoid confusion for the Court and*

*general public and perhaps the press*." In short, the present motion was filed by Apple, knowingly based on a pleading error, apparently with the intent to introduce confusion and frustration into the litigation. This evidences a growing pattern – Apple is under investigation for "malicious compliance" with the Northern California district and the European Union antitrust authorities, in addition to the DOJ allegations about the DPLA. In light of all these reasons, Apple's motion should be denied, or at least re-filed with a more definitive statement.

**Gibson Dunn continues its improper attacks on a disabled physician**

As the Motion indicates, "This case does not arrive in this Court on a blank slate." The Motion to Transfer is also not on a blank slate, because it raises the same *ad hominem* attacks Gibson Dunn has employed against a disabled physician for almost a decade. Presently there is a proceeding underway in Northern California with the Honorable Edward Chen, regarding Apple's conduct towards CRC's co-founder. Despite that motion, scheduled for adjudication in September, Apple counsel again seeks to discredit him as a "former physician" – despite having a medical doctorate diploma and engaged in active efforts to work on medical projects, which is highly limited by his disability. There can be little doubt Apple has shamefully tried to defend its antitrust conduct by engaging in nearly five years of *ad hominem* attacks on this doctor, with the same references once again appearing in this motion. To clarify, Dr. Robert Roberts was the medical director for CRC; Dr. Isaacs' role as a programmer simply does not warrant the excessive level of attention Gibson Dunn brings to this pleading.[1]

---

[1] Dr. Isaacs was a party to a 2007 federal settlement agreement with a California university which sealed and acquitted him of dropped allegations. Gibson Dunn – in 2018 – began their now years-long character assassination when they filed a false pleading that "nothing in the settlements acquitted Isaacs." That pleading was plainly untrue, based on the clear language and intent of the text, and the firm's arguments met clear rebuke by at least one Ninth Circuit panel member. This matter has no place in the defense of the largest monopoly in history to antitrusy violations – but for some reason, it keeps reappearing. Dr. Isaacs' claims (who is a minority owner of CRC) are now identical to the DOJ, EU, and countless other authorities – hence fueling this ongoing effort by Apple and counsel to subvert him. Should this case be joined with the MDL, Apple's efforts to draw focus on a disabled physician would be obvious and absurd.

**Conclusion**

As Plaintiffs have demonstrated, each of Apple's arguments are either moot or incorrect in light of the new operative complaint, or they possibly subvert DOJ and JPML concerns and procedural orders. At the very least, they are nearly impossible to respond to, in light of the FAC, a new Plaintiff, and DOJ claim theory verbatim integration. Plaintiffs therefore cannot respond fully to this motion in a reasonable fashion, and have shown good cause to request a more definitive statement. For Plaintiffs counsel to guess and interpret a responsive pleading would add inefficiency to the process, and therefore, Defendant should be required to acknowledge the FAC in the present motion.

In the alternative, the Court may consider the arguments herein as objections to Apple's motion to transfer venue.

Undersigned counsel reached out to opposing counsel and requested that Apple's motion be withdrawn as it is mostly moot in light of the Plaintiff's first Amended Complaint, Apple's counsel refused to do so necessitating this filing.

WHEREFORE Plaintiff requests that the Defendant provide a more definitive statement for their motion to transfer addressing the Plaintiff's First Amended Complaint.

                                                                            Respectfully submitted,
                                                                            Plaintiffs
                                                                            By their Attorneys:

Date: 8/1/2024                                      /s/ Keith A. Mathews_____
                                                                            Keith A. Mathews, Esquire
                                                                            NH Bar No. 20997
                                                                            AWP Legal
                                                                            1000 Elm Street, Suite 800
                                                                            Manchester, NH 03101
                                                                            Ph. 603-622-8100
                                                                            keith@awplegal.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this date that a copy of the foregoing was provided to all interested parties through the CMECF system.

               /s/ Keith A. Mathews
               Keith A. Mathews, Esq.