UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION                                                         MDL No. 3113

ORDER DENYING TRANSFER

**Before the Panel:**[*]  Plaintiffs in the District of Wyoming *Coronavirus Reporter* action listed on the attached Schedule A move under 28 U.S.C. § 1407(c) to transfer their action and the District of District of Columbia *PhantomALERT* action listed on Schedule A to the District of New Jersey for inclusion in MDL No. 3113.  Plaintiff in the *PhantomALERT* action did not respond to the motion.  Defendant Apple Inc. opposes the motion.

After considering the argument of counsel, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  In our order establishing this MDL, we held that centralization was warranted for actions alleging that Apple has monopolized or attempted to monopolize the smartphone market by controlling the creation and distribution of apps compatible with the iPhone and suppressing technologies that would make the iPhone more compatible with competitors' devices.  *See In re: Apple Inc. Smartphone Antitrust Litig.*, MDL No. 3113, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 102149, at *2 (J.P.M.L. June 7, 2024).  Plaintiffs in the MDL are iPhone or Apple Watch purchasers who claim that Apple has resisted technologies such as "super apps," cloud streaming gaming apps, messaging, smartwatches, and digital wallets, which allegedly resulted in supracompetitive iPhone and Apple Watch prices and degraded functionality.  *Id.*

The focus of the actions now before the Panel is significantly different.  Plaintiff in the *PhantomALERT* action alleges that its COVID-19 tracking app was rejected for distribution through the App Store on unreasonable and pretextual grounds, largely because Apple viewed the app as competing with Apple's own proposed COVID-19 tracking app.  Plaintiff is an app developer rather than a device purchaser.  The market allegedly at issue is "the App Store," and the injury alleged is the rejection of plaintiff's app.

The *Coronavirus Reporter* action, as originally brought, was substantially similar to *PhantomALERT*.  It too was brought by app developers and challenged the rejection or alleged "ranking suppression" by Apple of plaintiffs' proposed apps.  On July 26, 2024, plaintiffs filed an amended complaint in *Coronavirus Reporter*, which attached and incorporated by reference the complaint in *United States v. Apple Inc.*, a civil antitrust enforcement action filed in the District of

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

Case 3:24-cv-08660-EMC   Document 37   Filed 10/03/24   Page 2 of 3
Case 24-cv-08660-EMC   Document 27   Filed 10/03/24   Page 2 of 3

-2-

New Jersey in March 2024 that preceded the MDL litigation. As a result, the amended complaint in the *Coronavirus Reporter* action now includes allegations and claims that ostensibly overlap with the MDL. Plaintiffs argue that this overlap makes transfer appropriate, but we are not persuaded. Plaintiffs in *Coronavirus Reporter* seek to represent two classes: "All U.S. Smartphone developers of any free app . . . that suffered economic losses through disallowance, censorship, and/or ranking suppression on the App Store," and "Any US [Performance] Smartphone developer who paid a $99 annual subscription fee to Apple for access to its userbase and/or app 'notarization.'" The primary focus of the *Coronavirus Reporter* action is Apple's control over access to the App Store, and the action was brought to challenge Apple's rejection of plaintiffs' (and other developers') apps—not supracompetitive prices or less functional iPhones. Thus, the plaintiffs, market, and injuries at issue are distinct from those in the MDL. If transferred, the *Coronavirus Reporter* action would raise new market definition and class certification issues, and involve separate factual and expert discovery.

The lengthy history of the litigation between the *Coronavirus Reporter* plaintiffs and Apple also weighs against transfer. Plaintiffs, or related entities, have filed four previous actions against Apple, asserting claims similar to those asserted in their original District of Wyoming complaint. The courts in three of those actions granted motions to transfer the actions to the Northern District of California, after which plaintiffs dismissed the actions without prejudice. The fourth action, filed in the Northern District of California, was dismissed on the pleadings. *See Coronavirus Reporter v. Apple Inc.*, No. 21-cv-05567-EMC, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021), *aff'd*, 85 F.4th 948 (9th Cir. 2023). Apple asserts that it intends to file a motion to dismiss the District of Wyoming action on *res judicata* grounds. Considering all the circumstances presented, we are not inclined to expand the scope of the MDL to include these actions.

IT IS THEREFORE ORDERED that the motion for transfer of the actions listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly        David C. Norton
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

**IN RE: APPLE INC. SMARTPHONE
ANTITRUST LITIGATION**  MDL No. 3113

## SCHEDULE A

<u>District of District of Columbia</u>

PHANTOMALERT v. APPLE INC., C.A. No. 1:24−00786

<u>District of Wyoming</u>

CORONAVIRUS REPORTER CORPORATION, ET AL. v. APPLE INC.,
    C.A. No. 1:24−00053