Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Rachel S. Brass (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

*Attorneys for Defendant Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc.** *on behalf of themselves and all others similarly situated.* <br><br> Plaintiffs, <br> v. <br><br> **Apple Inc.** <br> Defendant. | **DEFENDANT APPLE INC.'S MOTION TO ENTER BRIEFING SCHEDULE** <br><br><br> Civil No. 1:24-CV-00053 |

Pursuant to this Court's order of August 5, 2024 (Dkt. 33), Apple Inc. ("Apple") respectfully moves the Court to enter a briefing schedule on Apple's pending motion to transfer this action to the U.S. District Court for the Northern District of California (Dkt. 19), Plaintiffs' motion for a more definitive statement regarding Apple's motion to transfer venue (Dkt. 32), and

1

Apple's forthcoming motion to dismiss Plaintiffs' First Amended Complaint (Dkt. 30). In support thereof, Apple states as follows:

On June 28, 2024, Apple filed its motion to transfer this action to the Northern District of California. Dkt. 19. Plaintiffs then sought and obtained an extension to allow for them to file an amended Complaint and to file a motion to transfer this case into MDL No. 3113, which consolidated numerous putative class actions alleging that Apple has unlawfully monopolized the smartphone and "performance smartphone" markets. Dkts. 26, 29. Plaintiffs then filed an Amended Complaint, Dkt. 30, and a motion "for a more definitive statement regarding Apple's motion to transfer venue," Dkt. 32. Separately, Plaintiffs filed a motion before the Judicial Panel on Multidistrict Litigation seeking transfer of this action into MDL No. 3113 in the District of New Jersey. MDL No. 3113, Dkt. 134 (D.N.J. July 29, 2024). On August 5, 2024, the Court ordered proceedings in this case stayed pending resolution of Plaintiffs' motion to transfer this litigation into the MDL. Dkt. 33. The order provided that "[i]f the JPML denies Plaintiffs' petition, this Court will reset the briefing and decision schedule on" the pending motions. *Id.*

On October 3, 2024, the Judicial Panel on Multidistrict Litigation denied Plaintiffs' motion to transfer. Dkt. 37. The Panel found that the issues in this litigation are "significantly different" from those in the multidistrict litigation that Plaintiffs sought to join, *id.* at 1, and the Panel further found that both the "[t]he lengthy history of the litigation between the Coronavirus Reporter plaintiffs and Apple," and the representation that Apple intends to move to dismiss the complaint on *res judicata* grounds, weighed against transfer. *Id.* at 2; *see also* Dkt. 20 at 2–4 (describing the history of previous suits brought by Plaintiffs against Apple).

In accordance with the August 5 order, Apple respectfully requests that the Court enter the following briefing schedule with respect to the pending transfer-related motions, as well as Apple's motion to dismiss Plaintiffs' first amended complaint:

| Event | Deadline | Page Limit |
|---|---|---|
| Apple's consolidated reply in support of its motion to transfer and cross-opposition to Plaintiffs' motion for more definite statement | October 25, 2024 | 15 pages |
| Plaintiffs' cross-reply in support of motion for more definite statement | November 1, 2024 | 5 pages, per Local Rule 7.1(b)(1)(D) |
| Apple's motion to dismiss Plaintiffs' First Amended Complaint | 21 days after denial of Apple's transfer motion or, if transfer is granted, a deadline to be set by the transferee court | 25 pages per Local Rule 7.1(b)(2)(B) |

With respect to Apple's transfer motion (Dkt. 19) and Plaintiffs' motion "for a more definitive statement" (Dkt. 32), Apple proposes filing a consolidated reply and opposition because the two pending motions concern overlapping issues and because Plaintiffs' motion both responds to Apple's transfer motion and purports to be a motion filed under Fed. R. Civ. P. 12(e), though directed at a motion rather than a pleading. *See* Dkt. 32 at 8 (stating that "[i]n the alternative, the Court may consider the arguments herein as objections to Apple's motion to transfer venue"). Consistent with the Local Rules, Apple proposes filing a single consolidated brief of no more than 15 pages to be due on October 25, 2024. *See* Local Civ. R. 7.1(b)(1)(C)–(D) (providing 10 pages for oppositions to nondispositive motions and 5 pages for reply briefs). Apple additionally proposes that Plaintiffs file a single brief in reply to Apple's response to Plaintiffs' motion for a

more definite statement, to be due 7 days after the submission of Apple's brief and not to exceed 5 pages.  *See* Local Rule 7.1(b)(1)(D).

Apple requests that the deadline to file a Rule 12 motion be set 21 days after the Court resolves Apple's transfer motion (or, if it grants the transfer request, on a date determined by the transferee court).  This will conserve the Court's and parties' resources by avoiding potentially unnecessary Rule 12 briefing in this jurisdiction.  Indeed, as detailed in both Apple's transfer motion and the JPML's order, all of Plaintiffs' prior cases against Apple have been transferred to the Northern District of California and resolved in that jurisdiction.  *See* Dkt. 37 at 2.  All sides also apparently agree that the Northern District is "best positioned to adjudicate these related matters most efficiently."  Ex. A at 5.  Nor will Plaintiffs suffer any prejudice as a result of this modified briefing schedule because this litigation is still in its initial stages and Apple's proposal would streamline proceedings, would conserve both parties' resources, and is consistent with the parties' previous agreement that Rule 12 briefing should be conducted after transfer motions have been resolved.  *See* Dkt. 26 at 4.

In accordance with Local Rule 7.1(b)(1)(A), Apple has conferred in good faith with opposing counsel and failed to reach agreement on these issues.  *See* Exs. A & B.  Plaintiffs declined to stipulate to the briefing schedule proposed by Apple.  *See id.*

WHEREFORE, Apple respectfully requests that this Honorable Court grant this motion to set a briefing schedule and grant such other and further relief as the Court deems just and equitable.

Dated: October 11, 2024

           Respectfully submitted,

           By: /s/ *Julian W. Kleinbrodt*

           Leah C. Schwartz (7-5019)
           PARSONS BEHLE & LATIMER
           lschwartz@parsonsbehle.com
           20 East Simpson Ave.
           P.O. Box 3890
           Jackson, WY 83001
           Telephone: 307.733.5130

           Julian W. Kleinbrodt (pro hac vice)
           GIBSON, DUNN & CRUTCHER LLP
           jkleinbrodt@gibsondunn.com
           One Embarcadero Center Suite 2600,
           San Francisco, CA 94111
           Telephone: 415.393.8382

           Attorneys for Defendant Apple Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of Court using the electronic filing system, which will send notification of such filing to all registered CM/ECF users.

/s/  *Julian W. Kleinbrodt*

Julian W. Kleinbrodt