# Exhibit A

# Kleinbrodt, Julian W.

| **From:** | Kleinbrodt, Julian W. |
|---|---|
| **Sent:** | Friday, October 11, 2024 10:39 AM |
| **To:** | 'Keith Mathews'; Jeffrey |
| **Cc:** | Brass, Rachel S. |
| **Subject:** | RE: Rule 60/ Res Judicata Stipulation |

Thank you for your response. We are disappointed that Plaintiffs apparently feel the need to multiply proceedings rather than assent to Apple's straightforward proposal. Apple will move forward with filing a motion for the Wyoming court to enter the following briefing schedule on the pending transfer-related motions and response to Plaintiffs' First Amended Complaint:

| Event | Deadline | Page Limit |
|---|---|---|
| Apple's consolidated reply in support of its motion to transfer and cross-opposition to Plaintiffs' motion for more definite statement | October 25, 2024 | 15 pages |
| Plaintiffs' cross-reply in support of motion for more definite statement | November 1, 2024 | 5 pages, per Local Rule 7.1(b)(1)(D) |
| Apple's motion to dismiss Plaintiffs' First Amended Complaint | 21 days after denial of Apple's transfer motion or, if transfer is granted, a deadline to be set by the transferee court | 25 pages per Local Rule 7.1(b)(2)(B) |

This schedule is consistent with the proposal we sent you on October 3 but moves the respective deadlines back one week in light of the time we have spent seeking agreement. We will note in our motion that Plaintiffs declined to stipulate.

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Thursday, October 10, 2024 2:24 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Jeffrey <jeffreydi@gmail.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** Re: Rule 60/ Res Judicata Stipulation

| **This Message Is From an External Sender** |
|---|
| This message came from outside your organization. |

Julian,

Thank you for your email last night and for expressing Apple's interest in resolving this matter expeditiously. We appreciate your point regarding the potential lack of jurisdiction for a declaratory judgment action in the closed case before Judge Chen.

While we believe there is an actual controversy—given Apple's statements to the Judicial Panel on Multidistrict Litigation (JPML) and the Wyoming court, which we contend are subject to judicial estoppel—we acknowledge that the closed status of Judge Chen's case may present jurisdictional challenges for a declaratory judgment action.

In light of this, we propose filing a motion under Federal Rules of Civil Procedure 24 and 60 to intervene as interested parties in the "Coronavirus Reporter et al." case. Our aim is to address the straightforward issue of whether Apple previously asserted that the corporate plaintiffs were non-entities. If Judge Chen agrees with Apple's res judicata position, he can proceed to adjudicate the Rule 60 motion with all parties involved. If he determines that CRC and Greenflight lack standing because they are not the same entities as the 2020 CAND plaintiffs, he can deny the motion on that basis, allowing the Wyoming case to proceed with the res judicata matter behind it.

It is noteworthy that Apple raised the non-entity argument in its prevailing Ninth Circuit Answering Brief, which Appellants did not contest on those grounds. Therefore, both Judge Skavdahl and Judge Chen are equally well-positioned to adjudicate this matter that is novel to either District Court. However, considering the pending Rule 60 motion before Judge Chen, we believe there is added efficiency in addressing these combined issues in his court through a Rule 24/Rule 60 motion.

We have carefully researched the most efficient way to resolve our dispute and believe this approach serves the interests of all parties involved. Please let us know whether Apple assents to CRC's proposed Rule 24/Rule 60 motion and to staying the proceedings in Wyoming pending Judge Chen's decision.

Thank you for your ongoing cooperation. We look forward to your prompt response.

Regards,
Keith

Get Outlook for iOS

---

**From:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Sent:** Thursday, October 10, 2024 1:03:29 AM
**To:** Keith Mathews <Keith@awplegal.com>; Jeffrey <jeffreydi@gmail.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** RE: Rule 60/ Res Judicata Stipulation

All,

Thank you for your responses. Apple also desires efficient resolution of these issues. However, we do not see how Judge Chen would have jurisdiction to rule on whether the Wyoming action is barred by *res judicata* without first transferring that action to him and presenting the issue in a motion to dismiss under Rule 12. That is why we propose stipulating to transfer the Wyoming action to the Northern District of California.

As a compromise if Plaintiffs will agree to transfer the Wyoming action, Apple is willing to submit a joint request that Judge Chen (i) enter a reasonable briefing schedule for a Rule 12 motion that would address (among other issues) Apple's *res judicata* defense, and (ii) stay all other activity in the Wyoming action pending a decision on Apple's Rule 12 motion. We do not believe the parties can stipulate to stay a decision on Plaintiffs' Rule 60 motion now that it is fully briefed and under submission; but Apple can agree — again, as a compromise for Plaintiffs' agreement to transfer the Wyoming action — that it will not oppose any request by Plaintiffs that Judge Chen defer deciding the Rule 60.

Please let us know if you agree with these terms, and we will circulate a draft stipulation.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Tuesday, October 8, 2024 3:51 AM
**To:** Jeffrey <jeffreydi@gmail.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** RE: Rule 60/ Res Judicata Stipulation

Julian,

To clarify, CRC wishes to stay the Wyoming district litigation, rather than assent to Apple's MTV. The venue matter doesn't need to be decided until after Rule 60 and Res Judicata. All of us agree that these more pressing matters should be heard in the Honorable Judge Chen's court. Let's agree to a stay on Wyoming, and proceed with the Chen Court, it will save a great deal of time with pro have vice, etc, even if we were to assent on the trial venue, which we don't at this time.

I do concur with Dr. Isaacs on the other points. Additionally, you should be aware that there are serious duopoly charges I have brought in the FLSD, in light of the ISA agreement. We are not presently seeking damages from Apple in that Court or Wyoming, but we reserve the right to seek Judge Chen's ruling on those damages, pursuant to Rule 60 and any motion you bring for res judicata. Please let me know if it is easier to finalize our stipulation by telephone. In the alternative, we anticipate filing a Motion for Declaratory Judgement with Judge Chen by end of week.

Regards,

Keith Mathews, Esq.

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Monday, October 7, 2024 11:11 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** Re: Rule 60/ Res Judicata Stipulation

Apple Counsel,

Thank you for your reply. It may make sense to schedule a quick conference to try to coordinate the best way to streamline these matters. I do understand from Attorney Mathews' emails that the Res Judicata issues would ideally take place PRIOR to the Rule 60 matter. Apple's email tonight seems to suggest the opposite. The problem with that sequence is that IF Apple's res judicata motion were to be granted, Mathews' has indicated he would wish to concur with my Rule 60 motion. It seems then we should stay the Rule 60 motion, promptly, and provide an opportunity for Judge Chen to rule on any res judicata motion that Apple brings.

As I'm sure you are aware, Attorney Perry of Weil recently filed a Rule 60 motion in Epic v. Apple, arguing that Rule 60 motions are "routine" in antitrust cases involving an injunction. Moreover, the Epic v Google penalty decision issued today requiring opening of alternate android app stores. Both of these points we believe should be noticed to the Chen Court before my Rule 60 motion is decided.

Hence there is an urgency of time here, and I propose parties stipulate to a stay on the WYoming matter. The parties then file declaratory judgement / res judicata issues directly in the Chen court for "Coronavirus Reporter" et al. This also avoids what could be substantial delays in locating a new pro hac vice sponsor for a new case transfer from Wyoming.

Hopefully Apple can work with the Plaintiffs, as everyone desires a prompt ruling on these multiple issues. From my (and Keith -please confirm for CRC) perspective, res judicata clearly should be first, in terms of either a stipulated joint declaratory judgment motion, or similar mechanism.
It should also be noted that it appears the JPML gave significant weight to Apple's claims of res judicata, without evaluating at all the judicial estoppel matter. To me at least, that seems like Apple's claim - if judicially estopped - may have seriously impaired the scope of a landmark MDL proceeding. For that reason alone, declaratory judgement on this controversy - promptly - would seem to be in the interest of all parties.

Thank you
Jeffrey Isaacs

On Mon, Oct 7, 2024 at 11:01 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:
> All,
>
> We are in receipt of your emails of October 6 and October 7. Apple is glad all sides appear to agree that transfer of the Wyoming action to the Northern District of California is warranted so that Judge Chen can address the merits of that action, including any arguments that the Wyoming action is barred by *res judicata*. We are happy to draft a stipulation transferring the Wyoming action to the Northern District of California and relating that litigation to the pending case before Judge Chen.
>
> With respect to the Rule 60 and *res judicata* issues you both raise, Apple shares Plaintiffs' desire to streamline related matters in the interest of judicial economy. Given that the Rule 60 motion is already fully briefed and awaiting a decision from Judge Chen without oral argument, we propose that, following transfer to Judge Chen, the parties stipulate to stay any deadlines in the Wyoming action pending a final decision on the Rule 60 motion. If Plaintiffs are amenable, we can memorialize this agreement in the draft stipulation as well.

Finally, we note once again that any claim that Apple is "estopped" from raising *res judicata* arguments is frivolous. Apple reserves all rights.

Best,
Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Monday, October 7, 2024 6:59 AM
**To:** Jeffrey <jeffreydi@gmail.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** RE: Rule 60/ Res Judicata Stipulation

All,

CRC is interested in streamlining any matters in the interest of judicial economy. It seems the venue decision should be stayed, as the Rule 60 and res judicata matters are higher priority. We are amenable to working with Apple to save time and cost. It is important to note that CRC presently has no standing to concur on Rule 60 motion , unless Apple's res judicata motion were to be granted.

CRC believes Apple is judicially estopped to claim they are the same entity. Were the Court to find otherwise, it would seem CRC would join the Rule 60 motion. In any case, CRC does agree the Chen Court is best positioned to adjudicate these related matters most efficiently.

Regards,
Keith Mathews, Esq.

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Sunday, October 6, 2024 8:20 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Keith Mathews <Keith@awplegal.com>
**Subject:** Rule 60/ Res Judicata Stipulation

Dear Apple Counsel,

I am writing regarding the Apple Wyoming litigation insofar as it relates to my Rule 60 motion and Apple's res judicata concerns. As you are aware, CRC filed a Rule 7 JPML motion indicating it understood back in March that the case was part of the JPML MDL transfer schedule. It turns out that belief was erroneous, as indicated by last week's JPML order. According to that order, Apple has stated its intention to file a motion concerning res judicata. I am also aware that Apple has filed a Motion to Transfer Venue from the District of Wyoming to Judge Chen's court in the Northern District of California. Additionally, my pro se Rule 60 Motion is still pending before Judge Chen.

I am reaching out in hopes that we can streamline these multiple matters in the interest of judicial economy for all parties. It seems that motion practice on a Motion to Transfer Venue could take several months at a minimum. Moreover, it would create significant inefficiencies by delaying or staggering related Rule 60 and res judicata matters.

I propose, if Apple is agreeable, that Judge Chen's court adjudicate any res judicata argument Apple may have, alongside the Rule 60 matters currently under consideration. My understanding is that CRC (Keith please confirm) concurs with the Rule 60 arguments to reopen the pro se case and that they are inherently applicable to proceeding with the Wyoming case, especially if select outcomes occur from Apple's res judicata motion. I agree with Apple that Judge Chen's court is well-positioned to promptly rule on that matter. Even assuming, *arguendo*, that Apple had a meritorious res judicata motion(which CRC asserted are judicially estopped on our last conference call), the matters raised in the Rule 60 motion would render that moot, it would seem, should CRC concur with the motion.

In all, I am hoping Apple will agree to expedite the adjudication of these three related issues before Judge Chen's court. Please let us know your thoughts.

Thank you.

Sincerely,
Jeffrey Isaacs

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.