# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc.** *on behalf of themselves and all others similarly situated.*  Plaintiffs, v.  **Apple Inc.**  Defendant. | **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO ENTER BRIEFING SCHEDULE**  Civil No. 1:24-CV-00053 |

When the Court stayed this case, it said that it would "reset the briefing and decision schedule" on Apple's pending motion to transfer and Plaintiffs' motion for a more definite statement "[i]f the JPML denies the petition." Dkt. 33. After the Panel denied the petition, Apple tried to reach an agreement with Plaintiffs on such a schedule. *See* Dkts. 38-1 & 38-2. When that effort failed, Apple asked the Court to enter a schedule. Dkt. 38. Plaintiffs have now responded with another purported cross-motion, injecting premature argument into what should be a routine scheduling matter. *See* Dkt. 39. But the straightforward issue now before the Court is how to resume briefing, not the merits of a *res judicata* defense that Plaintiffs admit "has not yet [been] formally disclosed." *Id.* at 2 n.2. The Court should rebuff Plaintiffs' attempt to keep Apple's motion stayed, reject their invitation to preempt Apple's putative defenses in this case by motion in a different case, and summarily deny the procedurally improper cross-motion for judicial estoppel. The Court instead should adopt Apple's proposed schedule—and, in the alternative,

1

amend it to encompass briefing on Plaintiffs' new cross-motion (if not summarily denied)—so that the parties' substantive disputes can be briefed and decided in an orderly and efficient manner.

**1.** Plaintiffs oppose the entry of any schedule whatsoever as "not in the interest of judicial economy." Dkt. 39 at 5 (capitalization omitted). Plaintiffs' principal argument appears to be that Apple's motion to transfer is moot in light of the intervening amended complaint. *See* Dkt. 39 at 5–6, 13. That is wrong: As other courts have explained when Plaintiffs tried the same tactic and made the same argument, "an amended complaint does not ordinarily moot a motion to transfer venue." *Coronavirus Reporter v. Apple Inc.*, 2021 WL 2722985, at *4 (D.N.H. July 1, 2021); *accord Primary Prods. LLC v. Apple Inc.*, 2021 WL 3610507, at *1 (D. Me. Aug. 13, 2021). Plaintiffs' cited authority does not suggest otherwise. *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (en banc) (addressing the timeliness of a suit under the Federal Tort Claims Act under the relation-back doctrine); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (addressing the merits of an order dismissing a Section 1983 case). Regardless, Plaintiffs had an opportunity to argue the propriety of transfer based on their amended allegations, *see* Dkt. 32 at 8, and Apple will do so in its reply. Plaintiffs' arguments have no bearing on whether and which briefing schedule should be entered.

So too for Plaintiffs' other purported arguments. The assertion that "Wyoming's long-arm statute weighs against transfer," Dkt. 39 at 2 (capitalization omitted), is a non-sequitur because Apple is seeking transfer in the interests of justice and pursuant to a forum selection clause, not for lack of personal jurisdiction. *See* Dkt. 20 at 1. In any event, this is just another attempt to shadowbox about the merits of transfer—not an argument against setting a briefing schedule. The same is true to the extent Plaintiffs contend that Wyoming is a "venue ideally suited for adjudicating this matter." Dkt. 39 at 2. Setting aside that Plaintiffs agreed less than two weeks

ago that Judge Chen in the Northern District of California is "best positioned to adjudicate these related matters most efficiently," Dkt. 38-1 at 5, Apple will address the relative convenience of potential fora in its reply supporting transfer.[*]

**2.** Plaintiffs offer no viable alternative to Apple's proposed schedule. They appear to suggest striking Apple's motion to transfer to be refiled at some later point while otherwise continuing to stay this case while also somehow presenting to Judge Chen in the Northern District of California "a Rule 24/Rule 60 motion" about the validity of a yet-to-be-asserted res judicata defense in a case that is not before him. Dkt. 39 at 2, 13, 14 & n.2. But that convoluted process would create the "delay and complicat[ion]" Plaintiffs agree should be avoided. *Id.* at 6; *see also id.* at 15–17. By contrast, Apple merely seeks to consolidate briefing on all motions to streamline the parties' ripe disputes and reduce the number of briefs before the Court. Plaintiffs fail to explain how this unremarkable approach "pushes for procedural complexity." *Id.* at 17. In the end, the only proposed "briefing and decision schedule," Dkt. 33, remains the one put forth by Apple—a sensible, straightforward timetable that will complete briefing on all pending motions within three weeks. *See* Dkt. 38 at 3.

**3.** The remainder of Plaintiffs' brief is dedicated to the purported "Cross-Motion for Determination on Judicial Estoppel," Dkt. 39 at 1, which should be summarily rejected for three reasons. First, the cross-motion is premature as Plaintiffs are asking the Court to estop an argument that they concede Apple "has not yet formally disclosed." Dkt. 39 at 2 n.2. The Federal Rules do

---

[*] In addition, Plaintiffs' response and cross-motion makes several false statements. For example, Plaintiffs assert (citing nothing) that Apple made a "recent concession that related case 24-cv-786-TNM (DC District) is *not* subject to the DPLA mandatory forum selection clause" and (citing the complaint from plaintiffs in that case) that "Apple has indicated intent to consolidate the 24-cv-786-TNM case with this 'facsimile' case." Dkt. 39 at 2, 4 nn. 1, 3. Neither is true. Because these and other assertions are irrelevant to resolving Apple's scheduling request, Apple does not attempt in this reply to address all (or even most) of the baseless statements in Plaintiffs' brief.

3

not contemplate piecemeal motions for abstract proclamations about the validity of a defense before it has been asserted; Plaintiffs can argue estoppel when Apple "formally disclose[s]" the bases for its *res judicata* argument as one reason (of many) for dismissal. *Id.* Second, the cross-motion is in significant part an unauthorized supplemental brief on transfer (*see id.* at 2–6, 12–15)—adding to the "objections" Plaintiffs already asserted (Dkt. 32 at 8) long after their deadline for doing so has elapsed (*see* Dkt. 29). And third, the cross-motion violates the Local Rules because it is far overlength. *See* Local Civ. R. 7.1(b)(1)(B) (limiting principal briefs on non-dispositive motions to 10 pages); *Nissen v. Contago Res. LLC*, 2024 WL 1741081, at *1 (D. Wyo. Mar. 15, 2024) (striking motion that violated the Local Rules' page limit).

If the Court does not summarily deny the cross-motion, Apple respectfully requests that the Court fold its briefing into the proposed omnibus schedule. To account for the additional issues presented, Apple requests five additional pages from its original proposal (with a proportional 2-page enlargement for Plaintiffs' consolidated reply) and that the deadline to respond be set two weeks from an order resolving this scheduling motion:

| Event | Deadline | Page Limit |
|---|---|---|
| Apple's consolidated reply in support of its motion to transfer and cross-opposition to Plaintiffs' motions for more definite statement and judicial estoppel | Two weeks from entry of an order entering a briefing schedule | 20 pages |
| Plaintiffs' consolidated cross-reply in support of motions for more definite statement and judicial estoppel | Three weeks from entry of an order entering a briefing schedule | 7 pages |
| Apple's motion to dismiss Plaintiffs' First Amended Complaint | 21 days after denial of Apple's transfer motion or, if transfer is granted, a deadline to be set by the transferee court | 25 pages per Local Rule 7.1(b)(2)(B) |

\*   \*   \*

For the foregoing reasons, the Court should grant Apple's Motion To Enter Briefing Schedule and summarily deny Plaintiffs' Cross-Motion for Judicial Estoppel. In the alternative, the Court should enter a schedule consolidating briefing on Apple's pending motion to transfer and Plaintiffs' pending cross-motions as set forth above.

Dated: October 21, 2024

Respectfully submitted,

By: /s/ *Leah C. Schwartz*
Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Julian W. Kleinbrodt (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

Attorneys for Defendant Apple Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of Court using the electronic filing system, which will send notification of such filing to all registered CM/ECF users.

**PARSONS BEHLE & LATIMER**

/s/ *Leah C. Schwartz*
Leah C. Schwartz
