Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Rachel S. Brass (*pro hac vice*)
Julian W. Kleinbrodt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

*Attorneys for Defendant Apple Inc.*

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc., Greenflight Capital Venture Corporation** <br><br> *on behalf of themselves and all others similarly situated.* <br><br>     Plaintiffs, <br> v. <br><br> **Apple Inc.** <br>     Defendant. | **DEFENDANT APPLE INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO TRANSFER** <br><br><br> Civil No. 1:24-CV-00053 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................... 1

BACKGROUND ......................................................................................................... 1

ARGUMENT ......................................................................................................... 2

    I.      Apple's Transfer Motion Is Not Moot ..................................................... 3

    II.     The Interests of Justice and Considerations of Convenience Strongly
           Favor Transfer .................................................................................. 4

    III.    The DPLA's Forum-Selection Clause Requires Transfer ...................................... 8

CONCLUSION ......................................................................................................... 9

## INTRODUCTION

To avoid "Ninth Circuit law" that they admitted would "prevent redress," Dkt. 1 ¶ 127, Plaintiffs copied allegations from the Department of Justice's complaint against Apple to take refuge in a pending multi-district proceeding related to the Government's case. The JPML rejected that gambit. Seeing through the "ostensibl[e] overlap" Plaintiffs tried to create, it recognized that "the primary focus" of this case remains Apple's alleged "control over access to the App Store" and its attendant "rejection of plaintiffs' (and other developers') apps"—the subject of the "lengthy history of the litigation between the Coronavirus Reporter plaintiffs and Apple." Dkt. 37 at 2.

Having failed to move this case to New Jersey, Plaintiffs cannot dispute the compelling reasons for transfer to the Northern District of California. Their amended complaint neither moots Apple's transfer motion nor changes the transfer analysis. *See Coronavirus Reporter v. Apple Inc.*, 560 F. Supp. 3d 642, 644–46 (D.N.H. 2021). Plaintiffs agree that Judge Chen in the Northern District of California "is best positioned to adjudicate" the issues in this case, Dkt. 38-1 at 5, and do not dispute that California has a greater interest in this litigation and is more convenient for witnesses and the parties. Moreover, transfer remains independently required pursuant to the parties' forum-selection clause, which the newest plaintiff also accepted. The Court should grant Apple's motion to transfer this case to the Northern District of California.

## BACKGROUND

Plaintiffs' Amended Complaint changes two things, neither of which is "significant" to transfer. Dkt. 39 at 2. First, it adds as a plaintiff Greenflight Venture Corporation (an alleged investor in the other plaintiffs' apps). Dkt. 30 ¶ 49. Second, it copies portions of the DOJ's March 2024 complaint against Apple, asserting claims for monopolization and attempted monopolization of alleged smartphone and "performance smartphone" markets. *Compare* Dkt. 30 ¶¶ 135–60, 193–

204, 238–48, 264–86 *with* Dkt. 31-1 ¶¶ 119–40, 164–75, 180–90, 200–23.  Plaintiffs do not explain how the lifted allegations apply to them—particularly as they are developers with rejected or "suppressed" apps, while the Government alleges that consumers paid overcharges on iPhone purchases—and, as the JPML found, they do not change this case's "primary focus."  Dkt. 37 at 2.

In their Amended Complaint, Plaintiffs still complain about the alleged rejection of their COVID-related app and "suppress[ion]" of the Calid and Webcaller videoconferencing apps.  *Compare* Dkt. 1 ¶¶ 39–87 *with* Dkt. 30 ¶¶ 94–134.  They still allege markets for "app distribution services," "smartphone apps," and "iPhone Notary Stamps."  *Compare* Dkt. 1 ¶¶ 100, 109, 116 *with* Dkt. 30 ¶¶ 205, 213, 219.  And they leave unchanged the claims asserted in the original complaint: a Section 1 tying claim involving "notary stamps" and the App Store; a Section 2 claim challenging Apple's $99 developer fee; an explicit refusal to deal claim for refusing to distribute Plaintiffs' apps on the App Store and denying notary stamps to some app developers; and a claim for ranking "suppression" or "manipulation."  *Compare* Dkt. 1 ¶¶ 154–72, 185–215 *with* Dkt. 30 ¶¶ 287–337.  It is undisputed that these are the same claims, undergirded by the same allegations, dismissed with prejudice in *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910, at *2–3 (N.D. Cal. Nov. 30, 2021) (*Coronavirus I*), *aff'd*, 85 F.4th 948 (9th Cir. 2023).

Moreover, Plaintiffs' amended allegations do not connect this case to Wyoming.  Greenflight, a Florida corporation, also signed the forum-selection clause agreeing to litigate in California and has no link to Wyoming aside from supporting the original plaintiffs' business.  *See* Dkt. 30 ¶¶ 49, 250.  Plaintiffs otherwise allege no conduct occurring in Wyoming, which they concede is "neither the home territory of [Apple] nor of the Plaintiffs' founders."  Dkt. 39 at 3.

## ARGUMENT

There is no compelling argument against transfer.  First, Plaintiffs' threshold argument—

that Apple's motion is moot—is wrong.  Second, Plaintiffs offer no persuasive reason to prefer this forum over the Northern District of California.  And third, all plaintiffs, including the one added in the Amended Complaint, are bound by the parties' forum-selection clause.[1]

## I.    Apple's Transfer Motion Is Not Moot

Plaintiffs claim without citation that "[c]ourts have routinely denied motions as moot when they are directed at superseded pleadings."  Dkt. 39 at 5.  But as the leading treatise explains, if "defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."  6 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1476 (3d ed. 2024).  Courts thus "have routinely found an amended complaint does not ordinarily moot a motion to transfer venue."  *Coronavirus Reporter*, 560 F. Supp. 3d at 646; *see also, e.g.*, *S. Ry. Co. v. Zayo Grp. LLC*, 2021 WL 5493495, at *2 (E.D. Va. Nov. 23, 2021); *WowWee Grp. Ltd. v. Wallace*, 2012 WL 13013022, at *1, 4 (C.D. Cal. June 27, 2012).  That includes the two prior times Plaintiffs tried this tactic against Apple—decisions Plaintiffs neither mention nor distinguish.  *See Coronavirus Reporter*, 560 F. Supp. 3d at 644–45; *Primary Prods. LLC v. Apple Inc.*, 2021 WL 3610507, at *1–2 (D. Me. Aug. 13, 2021).

Plaintiffs point out that an amended complaint supersedes the original.  Dkt. 39 at 5.  But that does not mean—and the two cases they cite do not hold—that amendment automatically moots a pending transfer motion.  *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (en banc) (addressing the timeliness of claims under the relation-back doctrine); *Mink v. Suthers*, 482

---

[1] Rather than file an opposition, Plaintiffs filed two cross-motions.  Dkts. 32, 37.  Each can be summarily rejected.  *See* 5C Wright & Miller, *supra*, § 1376 (explaining that a more-definite-statement motion cannot be directed against another motion); Dkt. 40 (setting forth Apple's procedural objections to Plaintiffs' cross-motion for judicial estoppel).  As the Court instructed, Apple limits its brief to the issues pertinent to its Motion to Change Venue.  *See* Dkt. 41 at 2.  Apple stands ready to provide further briefing on the other meritless arguments in Plaintiffs' cross-motions.

F.3d 1244, 1254 (10th Cir. 2007) (addressing the merits of case dismissal order).  There is no sound reason to strike Apple's motion and have a "full [re-]briefing" with the exact same arguments.  Dkt. 39 at 13; *see also Coronavirus Reporter*, 560 F. Supp. 3d at 647 (rejecting Plaintiffs' "formalistic[]" argument where the amendment does not "alter the court's analysis").[2]

## II.    The Interests of Justice and Considerations of Convenience Strongly Favor Transfer

Plaintiffs not only fail to dispute that their lawsuit "might have been brought" in the Northern District of California, 28 U.S.C. § 1404(a), but also now *agree* with Apple's principal basis for transferring the case there: Judge Chen "is best positioned to adjudicate these related matters most efficiently" given Apple's *res judicata* defense.  Dkt. 38-1 at 5; *see also* Dkt. 20 at 3, 6, 8–9.  Against this concession, Plaintiffs offer no persuasive reason to prefer this District.

1.    Plaintiffs do not dispute that "when collateral estoppel is at issue, transferring a case to the district that originally litigated the issue … conserves judicial resources and expedites decision-making."  *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, 2014 WL 12635757, at *15 (D.N.M. Sept. 26, 2014).  That is because the court that presided over the prior case "is in the best position to determine which claims or issues in the instant complaint are precluded by its own decision."  *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 57 (D.D.C. 2000).  The parties' agreement that Judge Chen is best positioned to resolve Apple's *res judicata* arguments "weigh[s] heavily in favor of transfer."  *Gillig v. Nike, Inc.*, 2008 WL 11429501, *4 (S.D. Fla. Dec. 16, 2008).

Plaintiffs try to diminish the significance of Apple's *res judicata* defense by saying the Amended Complaint "significantly differs" from its predecessor.  Dkt. 32 at 2.  But as noted above, the Amended Complaint retains the same alleged markets, conduct, and claims as the original

---

[2] Plaintiffs said the Court should defer resolving transfer because Judge Chen first should resolve the then-pending Rule 60 motion to reopen *Coronavirus I*.  *See* Dkt. 39 at 14.  Judge Chen has since denied that motion.  *See* Dkt. 129, No. 21-cv-05567 (N.D. Cal. Oct. 28, 2024).

one—and *Coronavirus I*.  *See supra* at 1–2.  Plaintiffs' claims about "censorship," Apple's $99 developer fee, and "iPhone Notary Stamps" (Dkt. 30 ¶¶ 287–337) remain almost unchanged from claims in the Original Complaint (*see* Dkt. 1 ¶¶ 154–72, 185–215) that were lifted from the dismissed complaint in *Coronavirus I* (*see* Dkt. 22–7 ¶¶ 181–94, 207–40).  The JPML agreed, observing that the "primary focus" of the Amended Complaint remains "Apple's control over access to the App Store" and a "challenge [to] Apple's rejection of plaintiffs' (and other developers') apps"—just as in *Coronavirus I*.  *See* 2021 WL 5936910, at *1 (explaining Plaintiffs challenged "Apple's allegedly monopolist operation of its 'App Store' through 'curation' and 'censor[ship]' of smartphone apps").

Plaintiffs also tout the Amended Complaint's "introduction of a new plaintiff," Greenflight Venture Corporation.  Dkt. 32 at 3; *see also* Dkt. 39 at 12.  But this does nothing to blunt Apple's *res judicata* defense against the other plaintiffs.  And Apple also can assert the same defense against Greenflight, which is yet another "startup company founded by CEO Jeffrey Isaacs," *Whitepages, Inc. v. Isaacs*, 196 F. Supp. 3d 1128, 1130 (N.D. Cal. 2016), whose claims were "adequately represented by someone with the same interests" in *Coronavirus I*.  *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008); *see also Schoenleber v. Harrah's Laughlin, Inc.*, 423 F. Supp. 2d 1109, 1113 (D. Nev. 2006) (precluding claim by new plaintiff).

Regardless, Plaintiffs' disputes over the identity of claims and parties only underscore why a judge who has deep familiarity with the parties, allegations, and history behind this case should resolve this dispute.  In *Coring Co. v. Apple Inc.*, for example, Plaintiffs similarly named a different party (the Coring Company, a then-new entity also associated with Jeffrey Isaacs) and dressed up their copycat complaint with additional claims and allegations.  Dkt. 22-9 ¶¶ 14, 176–80.  The court there was rightly unmoved: "[T]he existence of a previous Northern District of California

action involving Plaintiffs' principal and similar claims … support[ed] transfer," particularly given "the *res judicata* questions." *Coring Co. v. Apple Inc.*, 2022 WL 22762009, at *2–3 (S.D. Fla. Feb. 18, 2022) (transferring case). So too here. *See, e.g.*, *Assoc. Wholesale Grocers, Inc. v. Koch Foods, Inc.*, 2018 WL 4361188, at *8 (D. Kan. Sept. 13, 2018) (transferring case where transferee had "a strong grasp of the factual and legal issues that the parties likely will relitigate"); *Newton Fam. LLC v. Cathcart*, 2007 WL 9709761, at *2 (D. Wyo. Aug. 3, 2007) (similar).[3]

    **2.** Plaintiffs hardly mention the other public and private interest factors that support transfer (whether or not *res judicata* is an issue in this case). *See* Dkt. 20 at 9–10. First, Plaintiffs have no answer on "the most important factor in deciding a motion under [section] 1404(a)"—"the convenience of witnesses." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). Unable to dispute the evidence that Apple's relevant employees are based in the Northern District of California, Dkt. 21 ¶¶ 9–12, Plaintiffs allude to Apple's "global presence and substantial resources." Dkt. 39 at 4. But that does not diminish the inconvenience to Apple's witnesses of the Wyoming forum. *See Coring*, 2022 WL 22762009, at *3 (relying in part on "the location of [Apple's] potential witnesses" and "the location of [Apple's] headquarters" in transferring case). And Plaintiffs do not argue—based on their original or amended allegations—that Wyoming is convenient for any of their representatives or witnesses, for accessing relevant

---

[3] Plaintiffs claim Apple's "efficiency" arguments "failed" when it sought to transfer the smartphone MDL to California. Dkt. 32 at 2, 6. That is pure fabrication. Apple *supported* consolidating those cases *in New Jersey*, and the JPML *granted* that request. Dkt. 116 at 1–2, MDL No. 3113. Apple interprets Plaintiffs' other unsupported and untrue accusations about judicial estoppel, misconduct, and delay (*e.g.*, Dkt. 39 at 14–17) to be outside the ambit of the Court's supplemental briefing order, Dkt. 41 at 2. But as Apple has made clear, it seeks transfer for this case to be efficiently adjudicated by the court with the most logical connection to this case. *See* Dkt. 20 at 4–10. The only parties delaying proceedings are Plaintiffs, whose forum shopping and frivolous cross-motions waste the Court's and parties' time and resources. *See* Dkt. 32; Dkt. 39.

evidence, or for counsel. *See Dworkin v. Hustler Magazine, Inc*., 647 F. Supp. 1278, 1280 (D. Wyo. 1986) (transferring where Wyoming was inconvenient for "the vast majority of witnesses").

Next, Plaintiffs fail to show this District has a greater interest than the Northern District of California in adjudicating this case. *See* Dkt. 20 at 9. Plaintiffs admit that Wyoming is "neither the home territory of [Apple] nor of the Plaintiffs' founders." Dkt. 39 at 3. Plaintiffs suggest this makes the Court "impartial," *id.*, but they have no basis to imply that Judge Chen is anything but unbiased. And the rest of Plaintiffs' assertions—that one plaintiff's alleged executive is "Arizona-based," has a son in New Mexico, or worked "in the Rocky Mountains region," Dkt. 39 at 3—establish no link between this lawsuit and *Wyoming*. Against the "substantial interest" California has "in adjudicating controversies involving a corporation employing hundreds [or more] of California residents," *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1229 (S.D. Fla. 2016), the Amended Complaint alleges no particular connection between the challenged conduct and Wyoming. *See Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (courts "accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum'").

Nor do Plaintiffs try to deny "blatant forum shopping." *Wyoming v. U.S. Dep't of Interior*, 2008 WL 11335154, at *3 (D. Wyo. May 14, 2008). Although the Amended Complaint no longer admits trying to avoid "Ninth Circuit law" that would "prevent redress," Dkt. 1 ¶ 127, their conduct shows that this remains the goal. Unable to defend their decision to sue in Wyoming, Plaintiffs tried to dress up their complaint to join unrelated litigation in New Jersey. Dkt. 32 at 3–4. The JPML rejected that effort. *See* Dkt. 37. Because Congress enacted Section 1404(a) "to remedy the evils of forum shopping," *Wyoming*, 2008 WL 11335154, at *3, the Court should not indulge Plaintiffs' increasingly strained efforts to evade the judgment entered in the Northern District of

California.  *See Terra Partners v. AG Acceptance Corp.*, 2015 WL 4567257, at \*5 (D.N.M. July 24, 2015) (rejecting vexatious litigant's forum-shopping attempt to avoid injunction in another venue).

**III.    The DPLA's Forum-Selection Clause Requires Transfer**

The Amended Complaint also does not change Apple's straightforward request to enforce the forum-selection clause by which Plaintiffs are bound.  *See* Dkt. 20 at 4–7.  Plaintiffs do not dispute that the DPLA's forum-selection clause is mandatory, *id.* at 6; that their claims still arise out of and relate to the DPLA and their relationship with Apple, *id.* at 6–7; *see also* Dkt. 37 at 2; and that Calid Inc. and Coronavirus Reporter Corporation are bound by the forum-selection clause.  Dkt. 20 at 5–6; *see also Coronavirus Reporter v. Apple Inc.*, 560 F. Supp. 3d 632, 638–42 (D.N.H. 2021).  Nothing in the Amended Complaint supports ignoring the parties' binding agreement.

**1.**  Plaintiffs make no claim that the addition of Greenflight Venture Corporation precludes enforcing the forum-selection clause.  Dkt. 31 at 6.  Nor could they.  Greenflight also signed the DPLA, and accepted its forum-selection clause, more than 20 times.  *See* Suppl. Decl. of Catherine Spevak ¶ 2.  Thus, all plaintiffs agreed to litigate this dispute "exclusive[ly]" in "the Northern District of California," Dkt. 21-1 § 14.10—an agreement "given controlling weight" under binding precedent.  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–66 (2013); *accord Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019).

**2.**  Plaintiffs cannot show this is the "exceptional" case in which a valid forum-selection clause should not be enforced.  *Atl. Marine*, 571 U.S. at 64.  Plaintiffs' principal argument appears to be that the DOJ has "substantiated concerns about DPLA fairness."  Dkt. 32 at 5; *see also* Dkt. 39 at 2.  But Plaintiffs cite only what the Government "alleges" in an unrelated matter, Dkt. 32 at 5, and allegations are not substantiated proof of anything.  *In re Eargo, Inc. Sec. Litig.*, 656 F. Supp. 3d 928, 947 (N.D. Cal. 2023).  Regardless, that lawsuit *does not mention* the DPLA's forum-

selection clause, much less suggest that it would be inequitable to enforce it here.  *See* Dkt. 31-1.

The Amended Complaint also asserts without explanation that "the forum selection clause violates the intent of [the] Sherman Act and constitutes a contract of adhesion."  Dkt. 30 ¶ 250. Plaintiffs do not show the DPLA is an adhesive agreement.  And even if it were, forum-selection clauses in adhesive agreements are enforceable.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991).  To the extent Plaintiffs suggest any antitrust claim involving the DPLA renders the forum-selection clause unenforceable, that argument has been "squarely rejected"—including when Plaintiffs asserted it last time.  *Coronavirus Reporter*, 560 F. Supp. 3d at 639.  Antitrust cases are routinely transferred when the parties have agreed to litigate in a particular forum. *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 37 (2d Cir. 2011) ("[A] federal antitrust claim does not void a forum selection clause as against public policy.").[4]

## CONCLUSION

Apple respectfully requests that the Court grant its motion to transfer.

---

[4] Plaintiffs' final few arguments against transfer also lack merit.  They claim that "Wyoming's long-arm statute" and "Legislative intent" weigh against transfer, and point out that Apple has litigated two other cases against developers in Delaware and Washington, D.C.  Dkt. 39 at 2–4 & n.3.  But a long-arm statute governs a court's personal jurisdiction over the defendant—which is irrelevant here as Apple is not seeking transfer based on a lack of personal jurisdiction.  Dkt. 20 at 4; *see also Trujillo v. Williams*, 465 F.3d 1210, 1223 & n.15 (10th Cir. 2006) (explaining that transfers for "want of jurisdiction" occur under 28 U.S.C. § 1631).  As for Wyoming's "intent," courts in this District routinely enforce forum-selection clauses that require litigation outside Wyoming.  *See, e.g.*, *Kilts Contracting, Inc. v. Anadarko Petroleum Corp.*, 2014 WL 11510240 (D. Wyo. Dec. 4, 2014) (Skavdahl, J.).  And while Apple has never "conceded" that the other cases to which Plaintiffs point are "not subject to the DPLA mandatory forum selection clause," Dkt. 39 at 2 n.1, they are irrelevant here as Apple has invoked the forum-selection clause *these* plaintiffs signed, and *that* clause is binding for *this* dispute.  *See Kelvion*, 918 F.3d at 1091–93.

Dated: November 1, 2024

Respectfully submitted,

By: /s/ *Julian W. Kleinbrodt*

Leah C. Schwartz (7-5019)
PARSONS BEHLE & LATIMER
lschwartz@parsonsbehle.com
20 East Simpson Ave.
P.O. Box 3890
Jackson, WY 83001
Telephone: 307.733.5130

Rachel S. Brass (*pro hac vice*)
Julian W. Kleinbrodt (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
jkleinbrodt@gibsondunn.com
One Embarcadero Center Suite 2600,
San Francisco, CA 94111
Telephone: 415.393.8382

Attorneys for Defendant Apple Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2024, I electronically filed the foregoing with the

Clerk of Court using the electronic filing system, which will send notification of such filing to all

registered CM/ECF users.


/s/  *Julian W. Kleinbrodt*

Julian W. Kleinbrodt