IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED

**Margaret Botkins
Clerk of Court**

4:26 pm, 11/21/24

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION et al, <br><br> Plaintiff, <br><br> VS. <br><br> APPLE INC., <br><br> Defendant, | Case No. 24-CV-0053 |

## ORDER GRANTING MOTION TO TRANSFER VENUE

This matter is before the Court on Defendant Apple Inc.'s ("Apple") Motion to Change Venue. (ECF No. 19.) Defendant requests that the Court transfer this case to the Northern District of California under 28 U.S.C. § 1404(a) because Plaintiffs agreed to a forum-selection clause requiring litigation to take place in that venue and because the interests of justice demand it. (ECF No. 20 at 3.) Having considered Apple's Motion (ECF No. 19), Plaintiff's Response (ECF No. 43), and the record within, the Court **GRANTS** Apple's Motion to Transfer Venue.

### BACKGROUND

Plaintiffs in this action are corporations that are active in the technology application ("app") space. (ECF No. 30 at 18.) Defendant Apple Inc. is a global technology company, and its primary product is the iPhone. (*Id.* at 11.) Through its iPhone, Apple offers apps to consumers that are often created by third-party developers. (*Id.* at 13.) For a third-party

developer to provide apps on the iPhone, they must enter into Apple's Developer Program License Agreement ("DPLA") which contains a forum selection clause stating:

> Any litigation… between You and Apple (other than a challenge to a patent right before a patent office) arising out of or relating to this Agreement, the Apple Software, or Your relationship with Apple will take place in the Northern District of California, and You and Apple herby consent to the personal jurisdiction of an exclusive venue in the state and federal courts within that district.

ECF No. 20 at 5.

Despite entering into this agreement with Apple, Plaintiffs filed this action in the U.S. District Court for the District of Wyoming. (ECF No. 53 at 55.) Plaintiffs bring this action asserting that Apple's "monopolistic control and exclusionary practices" in the smartphone app development space caused Plaintiffs direct economic harm. (*Id*.)

After Plaintiffs filed this action, Apple filed a Motion to Transfer Venue requesting the case be transferred to the U.S. District Court for the Northern District of California. (ECF No. 19.) Apple argues that transfer is appropriate because Plaintiffs agreed to the forum-selection clause requiring litigation of their claims in the Northern District of California, and because the interests of justice and convenience support transfer. (ECF No. 20 at 3.)

Prior to the Court ruling on this Motion, Plaintiffs filed an Amended Complaint (ECF No. 30), and petitioned to join the District of New Jersey Multidistrict Litigation. (ECF No. 33.) The Court then stayed this action pending the decision of the Judicial Panel on Multidistrict Litigation. (*Id*.) The United States Judicial Panel on Multidistrict Litigation

denied Plaintiff's petition (ECF No. 37), and this Court ordered both parties to submit supplemental briefs concerning Apple's Motion to Transfer Venue. (ECF No. 41.).

In its supplemental brief, Apple contends Plaintiffs' Amended Complaint does not moot its Motion to Transfer Venue, that the interests of justice and considerations of convenience strongly favor transfer, and that the DPLA's forum selection clause controls this action and requires transfer. (ECF No. 42 at 3-8.) In response, Plaintiffs provide a variety of arguments against transfer. First, Plaintiffs attack Apple's motive in requesting a transfer of venue—alleging that this request is calculated move for Apple to get this case into a forum that will dismiss it without due consideration. (ECF No. 43 at 3.) Second, Plaintiffs contend that there are exceptional circumstances which support departing from the forum selection clause and keeping the action in the District of Wyoming. (*Id.* at 7-8.) Third, Plaintiffs make various contentions as to why the forum selection clause should not apply to this dispute. (*Id.* at 9-11.)

Having considered the parties' original and supplemental briefs on this motion (ECF No. 42, 43), and the record within, the Court finds that the forum selection clause controls and the Court grants Apple's Motion to Transfer Venue (ECF 19.)

## LEGAL STANDARD

As a preliminary matter this Court applies federal law in interpreting the forum selection clause under the parties' contract. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 58 (1988). A court may exercise sound discretion and grant a motion to transfer venue when it serves "the convenience of the parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). In making this determination, the court must first

determine whether the venue to which the moving party requests transfer is a venue in which the action could have been brought. 28 U.S.C. § 1404(a).[1] Next, the party requesting transfer must establish the present forum is inconvenient, and that various factors support transfer to the new forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Factors considered are:

> Plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including the availability of compulsory process; the cost of making the necessary proof… the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical."

*Id.* at 1516.

However, when a motion to transfer venue is predicated on a forum selection clause, as is the case here, the analysis changes. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 63 (2013). When parties have agreed to a valid forum selection clause, the forum selection clause is given controlling weight, and only upon a showing of "extraordinary circumstances unrelated to the convenience of parties" should a court ignore a valid forum selection clause. *Id.* at 52, 63. In these cases, the party bearing the burden of proof is flipped, with the plaintiff required to show the existence of extraordinary circumstances. *Id.* at 64.

In this assessment, no weight is given to plaintiff's choice of forum, only public interest factors are considered—such factors include: "the administrative difficulties

---

[1] Plaintiffs do not contest that this action may have been originally brought in the Northern District of California. As such, the Court finds that this requirement is satisfied.

flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n. 6. Only when the plaintiff establishes that the public-interest factors "overwhelmingly disfavor a transfer" may a court depart from the forum selection clause. *Id.* at 66. This is a high bar, and the Supreme Court has stated that public interest factors will "rarely defeat a transfer motion" when it is predicated on a forum selection clause. *Id.* at 64. This is not one of those rare cases.

## ANALYSIS

### 1.  The Parties' Forum Selection Clause is Valid and Enforceable

The parties' DPLA contains a forum selection clause stating:

> Any litigation… between You and Apple (other than a challenge to a patent right before a patent office) arising out of or relating to this Agreement, the Apple Software, or Your relationship with Apple will take place in the Northern District of California, and You and Apple herby consent to the personal jurisdiction of an exclusive venue in the state and federal courts within that district.

ECF No. 20 at 5.

Forum selection clauses can be mandatory or permissive. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005). "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Id.* at 927. Examples of mandatory language include the words "exclusive", "sole", or "only" in the forum selection clause. *Id.*; *K & V Scientific Co. v. BMW*, 314 F. 3d 494, 500 (10th Cir. 2002).

Here, the parties' agreed upon forum selection clause qualifies as mandatory. *See Coronavirus Reporter v. Apple, Inc.*, 560 F.Supp.3d 632, 640 (Dist. New Hampshire 2021) (analyzing and finding that identical forum selection clause was mandatory). The clause clearly designates the Northern District of California as the specified venue and contains mandatory language stating that this forum will be the "exclusive venue". Thus, this clause indicates the parties' intent to have the Northern District of California be the exclusive venue to resolve their disputes.

Having determined that the forum selection clause is mandatory, the Court turns to Plaintiffs' arguments as to why the clause is either unenforceable or inapplicable to this action.

First, Plaintiffs argue that the forum selection clause is unenforceable. A forum selection clause is unenforceable if: "1) enforcement would be unreasonable and unjust; 2) the clause is invalid because of fraud or overreaching; or 3) enforcement would contravene a strong public policy of the forum in which suit is brought." *Barton v. Key Gas Corp.*, No. 05-cv-01856, 2006 WL 2781592, at *2 (D. Colo. 2006) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). To set aside a forum selection clause for fraud or overreaching, a plaintiff must establish that "the inclusion of that clause in the [parties'] contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974).

Plaintiffs broadly contend that Apple's policies concerning its app store are unfair, coercive, and fraudulent, and that enforcing the forum selection clause would perpetuate the alleged anti-competitive practices and contravene strong public policy interests. (ECF

No. 43 at 8-9.) However, Plaintiffs do not cite case law in support of their argument, nor do they provide any facts alleging that Apple employed fraud or coercion in including the forum selection clause in the DPLA. Thus, Plaintiffs' reliance on hyperbole to convince the Court that forum selection clause is unconscionable is unpersuasive.

Second, Plaintiffs contend that Apple waived its right to enforce the forum selection clause because Apple has inconsistently enforced the clause in other actions. (ECF No. 43 at 10.) Plaintiffs argue that because Apple did not seek to enforce the forum selection clause in a different action, Apple loses its right to enforce the forum selection clause in this case. (*Id.*) The Court does not agree.

Though the Tenth Circuit has not ruled directly on this issue, the Court finds instructive a Fifth Circuit ruling on a similar situation. In *SGIC Strategic Global*, the defendants waived enforcement of the forum selection clause in a prior action involving different plaintiffs, and the plaintiffs in the current action contended the prior waiver terminated the defendants' right to enforce the clause in the present action. *SGIC Strategic Global Investment Capital, Inc. v. Burger King Europe GmbH*, 839 F. 3d 422, 427 (5th Cir. 2016). The Fifth Circuit concluded that waiver in a prior action does not curtail the defendants' enforcement rights in subsequent litigation involving separate parties. *Id.* at 427. Other district courts have similarly held that waiving rights under a forum selection clause in one action, does not constitute a waiver of enforcement rights in a separate action involving a different plaintiff. *Silverman v. Carvel*, 192 F. Supp. 2d 1, 8 (W.D. N.Y 2001); *McDaniel v. IBP, Inc.,* 89 F. Supp. 2d 1289, 1293 (M.D. Ala. 2000) (ruling that concession

of venue in one case does not preclude denial of venue in another action raising different claims under a different set of facts).

Finding this line of reasoning convincing, the Court holds that because Apple's alleged inconsistent enforcement of the forum selection clause involves wholly separate actions not involving these Plaintiffs, Apple has not waived its right to enforce the forum selection clause in this case.

Finally, Plaintiffs argue that the forum selection clause simply does not apply to this dispute. Focusing on the language, "arising out of or related to this Agreement", Plaintiffs claim this action is not related to the DPLA agreement and thus the forum selection clause is not applicable. (ECF No. 43 at 10.) However, Plaintiffs fail to address the rest of the clause's sentence, which states that the forum selection clause covers litigation "arising out of or relating to this Agreement, the Apple Software, or *Your relationship with Apple*". (ECF No. 20 at 5) (emphasis added). It is clear that this litigation arises from Plaintiffs' relationship with Apple, and thus the forum selection clause applies. *See Coronavirus Reporter v. Apple, Inc.,* 560 F.Supp.3d 632, 640-41 (finding identical forum selection clause encompassed not only claims relating to the license agreement but also to the relationship between plaintiff and Apple).

Therefore, based on the above reasons, the Court finds that the forum selection clause is valid, enforceable, and applicable to this lawsuit.

### 2. Transfer of Venue to the Northern District of California is Appropriate

Having found that the forum selection clause is valid, enforceable, and applicable to this action, the clause controls unless Plaintiffs establish that there are exceptional

circumstances warranting a departure from the forum selection clause. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 63 (2013).

Plaintiffs argue that exceptional circumstances exist because there is a strong public policy concern in letting this case be transferred out of Wyoming. (ECF No. 43 at 5.) Plaintiffs' reason that Apple is forum shopping by seeking transfer to the Ninth Circuit because the Ninth Circuit's law would allegedly lead to the case's dismissal. (*Id.* at 6-7.) Ultimately, Plaintiffs argue that this outcome is against the public interest because it would perpetuate Apple's anti-competitive practices and the censorship of millions of people. (*Id.* at 6-8.)

While the concern for forum shopping in a transfer of venue case is legitimate, it is a concern that the Supreme Court has already addressed. In *Van Dusen*, the Supreme Court ruled that when a case is transferred under § 1404(a), the new forum court must apply the law of the original forum—preventing parties from seeking transfer to obtain more favorable law. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). However, in *Atlantic Marine*, the Supreme Court clarified that this rule does not apply when transfer is predicated on a forum selection clause. *Atl. Marine Constr. Co. Inc.*, 571 U.S. at 65. The Supreme Court stated that "a plaintiff who files suit in violation of a forum-selection clause enjoys no such 'privilege' with respect to its choice of forum," and is thus not entitled to its chosen forum's law. *Id.* The Supreme Court made clear that this decision serves the interests of justice "by holding parties to their bargain". *Id.* at 66.

In light of this ruling, the Court finds that because Plaintiffs contractually agreed to have their controversies with Apple litigated in the Northern District of California,

Plaintiffs' forum shopping concern does not support a showing of "exceptional circumstances". Moreover, the only other allegation Plaintiffs make that relate to the public interest factor analysis is that the docket for the Northern District of California is significantly more congested than Wyoming. (ECF No. 43 at 8.) While this may be true, the Court finds that this fact alone does not meet the high burden of showing exceptional circumstances. Thus, the Court finds that Plaintiffs have failed meet their burden of establishing that exceptional circumstances exist such that departing from the forum selection clause is warranted.[2]

## CONCLUSION

Plaintiffs filed this action in the District of Wyoming, despite the forum selection clause under its contract with Apple agreeing to litigate in the Northern District of California. For those reasons as set forth above the Court finds that the clause is valid, enforceable, and applicable to this action. Additionally, Plaintiffs have failed to meet the high burden of showing "exceptional circumstances" and thus the Court finds that the interests of justice are served by the holding the parties to their bargain and granting Apple's Motion to Transfer Venue.[3]

**IT IS THEREFORE ORDERD** that Apple's Motion to Transfer Venue (ECF No. 19) is **GRANTED.**

---

[2] The Court acknowledges Plaintiffs' alleged claims of injustice delivered by the hands of Apple. However, Plaintiffs do not make any effort to ground their argument in legal analysis or, more importantly, in the public interest factors the Court is required to solely focus. Thus, the Court will not consider these allegations in this analysis.

[3] Having found a transfer of venue under § 1404(a) is appropriate, the Court will not address Apple's alternative argument that transfer would be in the interest of justice and promote the convenience of the parties.

**IT IS FURTHER ORDERED** that the clerk of court shall transfer this case to the Northern District of California.

Dated this 21st day of November, 2024.

_____
Scott W. Skavdahl
United States District Judge