Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., GREENFLIGHT VENTURE CORPORATION<br><br>*on behalf of themselves and all others similarly situated*<br><br>Plaintiffs,<br><br>*vs.*<br><br>APPLE INC.<br>Defendant. | Case No. 3:24-cv-8660-EMC<br><br>**PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT APPLE INC.** |

**PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FRCP 55(a)**

**TO THE CLERK OF THE COURT:**

Plaintiffs Coronavirus Reporter Corporation, CALID Inc. and Greenflight Venture Corporation, through counsel, hereby request that the Clerk of the Court enter Default against Defendant Apple Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(a). In support of this Request, Plaintiffs state:

1. <u>Procedural History & Service:</u> On March 5, 2024 Plaintiffs filed the initial Complaint in the U.S. District Court for the District of Wyoming, and Defendant Apple Inc. was served with process on May 31, 2024. The proof of service was filed (DE 12) and the Court set an Answer date of June 21, 2024. By stipulation (DE 14), the parties agreed to delay Defendant's answer until July 30, 2024. Plaintiffs subsequently filed a First Amended Complaint (FAC) and a Motion to Consolidate was filed before the Judicial Panel on Multidistrict Litigation (JPML).[1] Judge Skavdahl accordingly stayed the case on August 5, 2024, pending the JPML's determination (DE 33).

2. <u>Stay Lifted & Deadline to Answer:</u> On October 3, 2024, the JPML denied consolidation, in part referencing Apple's stated intent to file an MTD. Consequently, on October 24, Judge Skavdahl lifted the stay and entered a briefing schedule. Defendant's answer or responsive pleading was therefore due by November 14, 2024 (21 days after the stay ended). Instead of filing an answer, Defendant Apple Inc. filed a Reply to Motion to Transfer Venue (DE 40) with a "proposed order" tolling the responsive pleading. No argument had been made for tolling the responsive pleading, in either the original MTV motion or the reply. Judge Skavdahl entered an order (DE 44)

---

[1] Apple informed the JPML – in early August – that it planned to file a MTD in this case. Apple again mentioned the purported MTD in November. Despite six months of references to a MTD, no such pleading has been filed. As a forthcoming Motion for Default Judgment will detail, this six month delay prejudiced Plaintiffs.

granting the MTV, but which specifically *did not* adopt Apple's tardy, unexplained request for tolling the Answer Date.

3. <u>Proceedings in the Northern District of California:</u> On December 3, 2024, the Honorable Joseph Spero was initially assigned and issued a Case Management / Rule 16 Scheduling Order setting a conference in February 2025. Nothing in that order indicated a new stay or extended Defendant's time to answer. Defendant declined magistrate jurisdiction, and U.S. District Judge Eumi K. Lee was appointed. Judge Lee updated the schooled order, moving the Rule 16 conference to March 2025. Still, no mention of an answer deadline or any stay was made by Apple.

Defendant next filed an administrative motion to relate the case to another matter before Judge Chen. Judge Chen issued an order relating the cases, but preserving the current motion schedule set by Judge Lee (DE 53).

4. <u>Defendant's Failure to Plead or Otherwise Defend:</u> Under Fed. R. Civ. P. 12(a)(1)(A), Defendant was required to file an Answer (or other responsive pleading) within 21 days of the date the JPML denial lifted the stay, i.e., by November 14, 2024, unless the court ordered otherwise. No order or stipulation ever extended or reinstated any stay on Defendant's answer. More than two months have elapsed since that November 14, 2024 deadline. Defendant has appeared multiple times in front of four judicial officers, for the purposes of transferring venue, opposing JPML consolidation, declining Magistrate jurisdiction, and relating the case, but has never "otherwise defended" by filing an Answer or Rule 12 motion.

5. <u>Grounds for Entry of Default:</u> Fed. R. Civ. P. 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Defendant Apple Inc. has demonstrably failed to plead or otherwise defend within the required time. Hence, entry of default is mandated.

6. <u>Request for Relief</u>: Therefore, Plaintiffs respectfully request that the Clerk of Court enter default against Defendant Apple Inc. pursuant to Rule 55(a). Following entry of default, Plaintiffs anticipate filing a motion for default judgment under Rule 55(b).

Submitted on this 20th day of January, 2025.

        /s/ Keith Mathews
        Keith Mathews
        Attorney for Coronavirus Reporter Corporation et al
        *Pro Hac Vice*
        NH Bar No. 20997
        American Wealth Protection
        1000 Elm Street, Suite 800
        Manchester, NH 03105

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to all interested parties.

Executed on this 20th day of January, 2025.

        /s/ Keith Mathews
        Keith Mathews
        Attorney for Coronavirus Reporter Corporation
        *Pro Hac Vice*
        NH Bar No. 20997
        American Wealth Protection
        1000 Elm Street, Suite 800
        Manchester, NH 03105