RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:    415.393.8200
Facsimile:     415.393.8306

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corp.** <br><br> *on behalf of themselves and all others similarly situated.* <br><br> Plaintiffs, <br><br> v. <br><br> **Apple Inc.** <br><br> Defendant. | CASE NO. 3:24-CV-08660 <br><br> **OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT** |

## INTRODUCTION

Plaintiffs' Request for Entry of Default (Dkt. 55) is legally meritless, factually baseless, and was filed in clear violation of the Northern District's Guidelines for Professional Conduct. It should be denied for two reasons. First, Apple Inc. ("Apple") cannot be in default because this action has been stayed since August 5, 2024. Contrary to Plaintiffs' representation, neither the Court that entered the original stay nor this Court have reinstated a deadline for responsive pleadings. Second, even if the August 5 stay had lifted and Apple's responsive pleading deadline had come due, there still are no grounds for default because Apple has been actively litigating this matter since its inception. Apple's efforts—including moving to transfer, opposing Plaintiffs' attempt to join this case to unrelated multidistrict litigation, and moving to relate to *Coronavirus Reporter v. Apple Inc.*, No. 3:21-cv-5567 (N.D. Cal.) ("*Coronavirus Reporter I*")—brought this case to the proper forum. Apple also has repeatedly requested entry of a briefing schedule for its motion to dismiss. That is more than enough to demonstrate its intent to defend, precluding entry of default. Apple would have explained all this to Plaintiffs—and thereby obviated this dispute—if Plaintiffs had provided Apple with notice of their intent to seek default as this District's Professional Conduct Guidelines require. Plaintiffs did not do so. Their request should be denied, and Apple respectfully requests entry of a scheduling order for briefing on its motion to dismiss.

## BACKGROUND

Plaintiffs filed their initial Complaint on March 5, 2024, in the District of Wyoming. Dkt. 1. On June 17, 2024, the Court entered an order formalizing the parties' scheduling stipulation, setting a deadline for Apple to move to dismiss by July 30, 2024. Dkt. 15. Apple then filed a motion to transfer this action to the Northern District of California, and the Court granted Plaintiffs' request for an extension to oppose that motion; at the same time, the Court pushed Apple's deadline to move for dismissal to September 12, 2024. Dkt. 29. On August 5, 2024, after Plaintiffs filed an Amended Complaint and moved the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this case into an unrelated multidistrict action, the Court entered the following order staying the action:

> (TEXT-ONLY) ORDER STAYING CASE by the Honorable Scott W Skavdahl. Based on the petition to join District of New Jersey MDL No.

Gibson, Dunn & Crutcher LLP

>    3113 currently pending before the JPML, this action will be stayed pending the JPML's decision. If the JPML denies the petition, this Court will reset the briefing and decision schedule on Apple's motion to transfer this case to the Northern District of California [19] and the Plaintiffs' responsive motion for a more definite statement regarding motion to change venue [32].

Dkt. 33.

On October 3, 2024, the JPML denied Plaintiffs' motion to transfer. Dkt. 37. Apple promptly filed a motion requesting entry of a schedule to complete briefing on its then-pending motion to transfer and to begin briefing on a motion to dismiss. Dkt. 38. Plaintiffs opposed that motion in a filing styled as a "Cross-Motion for Judicial Estoppel." Dkt. 39. On October 25, 2024, the Court entered an order directing the parties each to file one additional brief that would *only* address "issues limited and pertinent to [Apple's] Motion to Change Venue in light of Plaintiff's Amended Complaint." Dkt. 41 at 2. That order did not state that it was lifting the stay or suggest that the stay had been lifted by virtue of the JPML's ruling—demurring on Apple's request to enter a schedule for a motion to dismiss.

After the parties filed their court-ordered supplemental briefs, the Court ordered this case transferred to the Northern District of California. Dkt. 44. Again, the Court did not lift the stay or reinstate a briefing schedule for Apple's motion to dismiss. *See id.* Upon transfer, this case was assigned to Hon. Eumi K. Lee, who set an initial case management conference but did not otherwise set a schedule or dissolve the stay. Dkt. 52. Apple then filed a motion to relate this case to *Coronavirus Reporter I*, and the Court deemed the cases related on January 9, 2025. Dkt. 53.

## LEGAL STANDARD

It is the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But even in "the absence of a responsive pleading," courts have "generally held" that a party "otherwise defend[s]" itself where it challenges issues such as "service [or] venue." *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993), *aff'd* 39 F.3d 1188 (9th Cir. 1994); *see also* Fed. R. Civ. P. 55(a) advisory committee's notes to 2007 amendment ("Acts that show an intent to defend

have frequently prevented a default even though not connected to any particular rule.").

## ARGUMENT

Plaintiffs' Request should be denied for two independent reasons. First, Apple has not defaulted because Apple's deadline to respond to or move to dismiss the Amended Complaint has not yet come due. Second, Apple has vigorously litigated this case and repeatedly sought a schedule to move for dismissal, not "failed to . . . otherwise defend" itself as required to enter default. Fed. R. Civ. P. 55(a).

**1.** Plaintiffs argue that Apple is in default because Apple's motion to dismiss or answer to the Amended Complaint was due on November 14, 2024. Req. 2. That is wrong: the Court "stay[ed] [the] case"—all of it—on August 5, 2024, when Plaintiffs sought to transfer this case to a pending multidistrict action. Dkt. 33. While that stay was entered "pending" the JPML's decision on transfer, the Court's order did not provide for the stay to automatically dissolve, or for a deadline on Apple's motion to dismiss resume, upon an order from the JPML (*id.*)—as Plaintiffs appear to concede. *See* Req. 2 (arguing the stay lifted when the Court requested supplemental briefs on transfer, not when the "JPML denied consolidation"). Accordingly, after Plaintiffs' motion was denied by the JPML, Apple filed a motion requesting, among other things, entry of a briefing schedule for its motion to dismiss. Dkt. 38; *see also* Dkt. 40 (reiterating request). But Plaintiffs opposed that request, and the Court instructed the parties to submit additional briefing *only* on Apple's then-pending motion to transfer venue. *See* Dkt. 41 at 2 ("Apple's supplemental briefing may only address issues limited and pertinent to their Motion to Change Venue . . . ."). Nothing in this request for specific, supplemental briefs on transfer suggested the Court intended to lift the stay, much less institute a November 14, 2024 deadline for Apple's motion to dismiss that no party requested and no order memorializes. *See* Dkt. 55 at 2. Apple is not in default because the stay remains in effect except insofar as it has been modified by specific orders.

What is more, Apple is not in default even if the stay lifted when Plaintiffs suggest. *See* Req. 2–3. Federal Rule of Civil Procedure 12 sets an initial responsive pleading deadline of "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a). But the Court modified that schedule to make Apple's deadline a date certain—September 12, 2024. *See* Dkts. 15 & 29. It then entered a stay on August 5, 2024 (before Apple's extant responsive pleading deadline) that persisted,

in Plaintiffs' own view, until October 25, 2024 (after Apple's extant responsive pleading deadline). *See* Dkts. 33 & 41. So even if Plaintiffs are correct that the stay lifted on October 25, 2024, there was no clock to resume for Apple's responsive pleading. Rather, the deadline had to be "reset"—as the Court said. Dkt. 33. Plaintiffs admit that Apple's deadline has not been reset. *See* Dkt. 55-1 ¶¶ 8–9.

Plaintiffs' confusion could have been ameliorated—and this wasteful application avoided—if their counsel had complied with the Northern District's Guidelines for Professional Conduct. *See Guidelines for Professional Conduct*, https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited January 24, 2025). Those Guidelines are plain: "A lawyer should not seek an opposing party's default to obtain a judgment or substantive order without giving that opposing party sufficient advance written warning to allow the opposing party to cure the default." *Id.* But Plaintiffs' counsel provided no notice to Apple that it would file this Request. Had counsel done so at any point since last November, Apple could have explained that the stay remained in effect, and the parties could have sought joint entry of a schedule for Apple's motion to dismiss—which, as Plaintiffs acknowledge, Apple has repeatedly indicated that it will file when it is permitted to do so. Req. 2; *see also* Dkts. 28, 38, 40.

2.      Even if Plaintiffs were correct that the JPML's ruling dissolved the Court's stay and began a 21-day clock for responsive pleadings, Plaintiffs still cannot show that Apple has "failed to plead or otherwise defend" in this action. Fed. R. Civ. P. 55(a). Entry of default is "highly disfavored," *Design Data Corp. v. Unigate Enter., Inc.*, 2013 WL 12387370, at *2 (N.D. Cal. Sept. 12, 2013) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)), and is ordinarily available "only when the adversary process has been halted because of an essentially unresponsive party [and] the diligent party must be protected lest he be faced with interminable delay," *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 965 (D.C. Cir. 2016) (cleaned up); *see also Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) (default inappropriate where defendant had "a clear purpose to defend the suit").

Consistent with those principles, the Rules Committee, case law, and treatises agree that a party can satisfy the requirement of "otherwise defending" litigation—and so preclude entry of default— even with actions other than filing an answer or motion to dismiss. *See* Fed. R. Civ. P. 55(a) advisory

committee's note to 2007 amendment (explaining amendment to Rule was intended to clarify that "Acts [by a defendant] that show an intent to defend have frequently prevented a default even though not connected to any particular rule"); *W.C. Chapman, L.P. v. Cavazos*, 2022 WL 2333938, at *2 (E.D. Tex. June 28, 2022) (finding that defendant "otherwise defend[ed]" a case by filing a motion to transfer venue); *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993), *aff'd* 39 F.3d 1188 (9th Cir. 1994) ("[I]t is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading."). A leading treatise on civil procedure is in accord. *See* 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.) ("[I]f a defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default.")

Apple's intent to defend this case is clear. Apple defeated this case's precursor, *Coronavirus Reporter I*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021), *aff'd*, 85 F.4th 948 (9th Cir. 2023), and has litigated this case with equal vigor. Plaintiffs concede that Apple sought transfer, opposed consolidation in an MDL, and opposed numerous improper motions while the case was pending in Wyoming. Dkt. 55-1 ¶¶ 7, 9; *see also* Dkts. 19, 28, 37. Apple then moved to relate this case after transfer so that it could be efficiently adjudicated by this Court, which dismissed *Coronavirus I*. *See Coronavirus Reporter* I, Dkt. 132. And all along, Apple repeatedly sought entry of a schedule for it to file and brief a motion to dismiss. Dkts. 28, 38, 40. Apple has been neither an "unresponsive party" nor has it "halted" the adversarial process, *Gilmore*, 843 F.3d at 965, and Plaintiffs identify no case entering default on a similar record, *see* Req. 2–4.

Moreover, entering default would serve no end other than delay. If default is entered, it promptly will be set aside. *See, e.g.*, *Appel v. Concierge Auctions, LLC*, 2024 WL 4257633, at *3 (S.D. Cal. Sept. 20, 2024) (setting aside default entered after defendants were "at best careless in not seeking clarity" when an order lifting a stay did not specify whether it applied to all parties). The best way to move this case forward is to issue a briefing schedule for Apple's motion to dismiss, which will allow this Court to decide the case on the merits. *See Eitel*, 782 F.2d at 1472. To that end, Apple respectfully requests that the Court enter a scheduling order directing Apple to file a motion to dismiss (or other responsive pleading) within 30 days of the Court's order, with Plaintiffs' opposition due 30 thereafter

and Apple's reply due 21 days after Plaintiffs' opposition.*

## CONCLUSION

The Court should deny Plaintiffs' Request for Entry of Default. The Court instead should vacate the March 19, 2025, case management conference and enter a scheduling order directing Apple to file a motion to dismiss within 30 days from entry of the Court's order, with Plaintiffs' opposition due 30 days after Apple's motion and Apple's reply due 21 days after Plaintiffs' opposition.

DATED: January 24, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Julian W. Kleinbrodt
JULIAN W. KLEINBRODT

RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:     415.393.8200
Facsimile:      415.393.8306

*Attorneys for Defendant*

---

* If the Court prefers to resolve scheduling-related matters separately, Apple will file forthwith a separate administration motion for entry of a briefing schedule.