Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., GREENFLIGHT VENTURE CORPORATION<br><br>*on behalf of themselves and all others similarly situated*<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.<br>Defendant. | Case No. 3:24-cv-8660-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF ENTRY OF DEFAULT AGAINST DEFENDANT APPLE INC.** |

**PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF
ENTRY OF DEFAULT PURSUANT TO FRCP 55(a)**

Plaintiffs respectfully file this Supplemental Brief to consolidate and clarify the many reasons why default—or, at minimum, an order compelling Apple Inc. ("Apple") to file a proper Answer—is now warranted. Although Apple claims it has been "actively defending" this action, the record shows otherwise:

1. Apple's own October 11, 2024 "Motion for a Briefing Schedule" (ECF No. 38) reveals that Apple itself recognized any "stay" was lifted once the Judicial Panel on Multidistrict Litigation ("JPML") denied consolidation. Yet Apple now claims the stay on a responsive pleading separately remained in place indefinitely, excusing it from filing a responsive pleading for over nine months.

2. Apple's attempt to rely on the August 5, 2024 stay is even more untenable given that the case has been fully stationed in the Northern District of California since December 3, 2024—two months ago—yet Apple still has refused to file any Rule 12 motion or an Answer.

3. Apple erroneously invokes professional conduct guidelines to claim they had a right to "notice" before seeking a clerk's entry of default. But those guidelines apply to a motion for default judgment, not the simple procedural act of requesting entry of default from the clerk under Rule 55(a).

In short, Apple's conflicting positions cannot survive scrutiny, and the Federal Rules do not permit indefinite self-granted extensions—particularly for a defendant who repeatedly asserts it wants a "merits-based" resolution. Plaintiffs therefore again urge the Court to enter default or, if the Court wishes to indulge Apple's professed desire for a "merits" process, at least require Apple to file an Answer (not a 12(b)(6) motion) within ten days (they've had nine months) – not thirty.

**I.    APPLE'S POST-STAY TIMELINE EXPOSES ITS CONTRADICTORY CLAIMS**

Apple suggests it was under no obligation to respond because the District of Wyoming's August 5, 2024 order "staying" the case supposedly continued unabated. That argument is refuted by multiple judicial events. The reason for the Wyoming stay was to await the JPML's decision on consolidating this suit into a larger MDL. The JPML denied that request on October 3, 2024, thus eliminating the basis for any continued stay. On October 25, 2024, the Wyoming District Judge (the Hon. Scott W. Skavdahl) set a briefing schedule for a Motion to Transfer Venue. Apple asserts Plaintiffs somehow concede that the stay wasn't lifted until October 25, which is not the case. Regardless, the stay was lifted sometime in October – and no answer has been filed for four months.

On October 11, 2024, Apple filed a Motion to Enter Briefing Schedule (ECF No. 38), requesting a new timeline for:(a) Supplemental briefing on its motion to transfer; and (b) A transferee set deadline for its impending Rule 12(b)(6) motion. Such a request would be illogical if Apple believed the stay still covered every aspect of the suit. Indeed, Apple explicitly asked for a future date for its "forthcoming" motion to dismiss. Apple cannot now claim it never needed any new extension because the stay "magically remained," especially since Judge Skavdahl's subsequent Order Entering Briefing Schedule (ECF No. 41) did not grant Apple any extension on the Rule 12 front. No part of the court's order endorsed Apple's claim of indefinite immunity from answering or stay pending transfer. The District of Wyoming granted Apple's motion to transfer venue – but importantly, it did not grant the stay Apple requested for a transferee-designated due date on responsive pleading – and the case was formally docketed here on December 3, 2024. From that date forward, Apple could not plausibly rely on any prior "stay" from Wyoming—yet it still claims it has an indefinite timeline to file a Rule 12 motion.

If Apple genuinely believed the stay was never lifted, it would not have asked for an extension pending transfer in October 2024, nor could it ignore that the case had officially moved to CAND in December 2024. The Federal Rules certainly do not sanction a further indefinite extension after a

successful venue transfer. Apple's indefinite non-response contravenes the core structure of the Federal Rules of Civil Procedure, which consistently impose finite deadlines or require a court-ordered extension. Rule 12(a) sets a 21-day timeframe to answer unless it is modified by the court. A stay might suspend or toll certain obligations temporarily, but once the stated basis for a stay is resolved, the defendant must obtain a fresh court order if it wants further delay. Apple's argument amounts to a claim that it can unilaterally remain silent forever—which is fundamentally incompatible with the Federal Rules.

When a stay ends, the normal deadline clock restarts. Wright & Miller explains that "a stay operates to suspend or postpone the proceedings," and once a stay is lifted, the litigation continues from where it left off. See, e.g., Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 11A *Federal Practice & Procedure* § 2942 (3d ed.) (discussing the effect and scope of stays). Were Gibson Dunn's novel theory to set precedent, litigation docket mayhem would ensue. Opposing counsel knows they didn't have an indefinite stay.

What is more incredulous, Apple insists it was "actively defending" because it moved to transfer venue in the District of Wyoming. But that motion was adjudicated in November, culminating in the case's transfer to CAND on December 3, 2024. Two months of silence – while three federal judicial officers set case management schedules – does not constitute "active" defense under any reasonable standard.[1]

---

[1] Apple submits the astonishing request that this Court vacate the current scheduling order and grant Defendant *thirty* more days to file a belated motion to dismiss that was, by any measure, long overdue months ago. This request defies every notion of orderly procedure. Since this case arrived in the Northern District of California, scheduling has been blessed or set by multiple judicial officers. For Apple to now seek an effective reversal of those schedules—merely to accommodate a months-late motion to dismiss—reveals a patent disregard for the Court's interest in efficient case management. Having already consumed nine months without a responsive pleading, Apple's proposal to add "just another 30 days" further compounds the prejudice and prolongs the case's stagnation.

## II. APPLE'S "MERITS-BASED" ARGUMENT DOES NOT JUSTIFY A RULE 12(b)(6) DISMISSAL

Apple relies on the Ninth Circuit's preference to avoid default in favor of "merits-based" decisions, citing *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Yet a Rule 12(b)(6) motion, especially after such extensive delay, is antithetical to a genuine factual merit adjudication, and for this reason is "highly disfavored" under federal guidelines. If Apple is sincere about wanting a "full airing" of claims, it would proceed with an Answer and permit factual development. Apple demands indefinite leeway, claims it wants to "litigate thoroughly," but then proposes to dispatch Plaintiffs' claims at the threshold without investigating the facts required under *Brown Shoe*—undercutting the point of merits-based resolution. In short, 12(b)(6) is no more "merits-based" than a default, and the Court should be wary of Apple's contradictory positioning on this critical matter.

## III. APPLE'S PROFESSIONAL CONDUCT ALLEGATIONS ARE CAMOUFLAGE

Apple's argues local professional conduct guidelines required giving Apple advance notice of the Request for Default. But a crucial distinction exists between: (1) Request for the Clerk's Entry of Default under Rule 55(a), which is purely ministerial, signifying the defendant has not timely responded, and (2) A Motion for Default Judgment under Rule 55(b), which is indeed a dispositive or "substantive order" requiring a meet-and-confer in this district. Plaintiffs only took the first procedural step, seeking a clerk's default to reflect Apple's longstanding noncompliance. None of the local professional conduct rules or guidelines require a meet-and-confer before requesting that the Clerk note default—particularly when Apple has manifestly ignored deadlines for months. Apple's claim that Plaintiffs violated ethical or professional rules is unavailing.

Apple's own conduct of exploiting technicalities, obvious in nearly every Apple antitrust case filed over the past decade, raises professional concerns of never-ending dilatory approach to regulatory enforcement. This erodes confidence in the judicial process. Apple plainly told the court

in ECF No. 38 that it needed an extension on a responsive pleading, then later claimed there had always been a stay in place[2]. Such disingenuous posturing is precisely the type of litigation behavior that professional conduct rules strive to prevent.

A prime example (and well publicized) is their one-year malicious non-compliance with Judge Gonzales-Rogers' UCL injunction, in this district. Similarly last week Apple exploited technicalities to obtain a *non-merits* judgement in *PhantomAlert v. Apple* (D.D.C. 24-cv-786-TNM)[3]. In that antitrust class action, Apple sought and obtained dismissal because the plaintiff filed its First Amended Complaint twenty minutes late—and additionally, according to Apple, mysteriously waived the right, guaranteed by the Federal Rules, to file an FAC "amendment as of course." Apple vigorously enforced a hyper-technical approach to timing in that case, yet here it claims a nine-month non-response is perfectly fine. The undeniable disparity in Apple's positions demonstrates a tactic of convenience rather than principled consistency. When viewed holistically, there is a serious and systemic problem with Apple's participation in antitrust litigation.

Excusing Apple's default to permit a nine-month tardy Rule 12 motion would be highly prejudicial. Last week, President Joe Biden warned "an oligarchy is taking shape in America, of extreme wealth, power, and influence that literally threatens our entire democracy, our basic rights and freedoms and a fair shot for everyone to get ahead." For years, Congress has cautioned the courts not to "underenforce Sherman Act for Big Tech." It is time Apple's litigation conduct undergo scrutiny.

**IV. REQUESTED RELIEF**

---

[2] Apple's nine-month hesitation to file a "forthcoming" *res judicata* motion relates to apparent challenges in reconciling their inconsistent argument: that a Plaintiff Apple declared to be a "legal non entity" is somehow capable of precluding this entire case.

[3] Plaintiffs would have been class members of this DC case, and are beneficiaries of the *Epic* UCL injunction.

Rule 55(a) instructs that if a party "has failed to plead or otherwise defend," the clerk "must enter the party's default." Apple's protracted silence—especially after December 3, 2024, when the case was lodged in CAND—unambiguously meets that criterion. The indefinite "stay" argument is refuted by Apple's own motion (ECF No. 38) and Judge Skavdahl's refusal to grant a new 12(b)(6) deadline.

Alternatively, if the Court opts to excuse Apple's delay, and in deference to the Ninth Circuit's guidance favoring adjudication on merits, it should do so on the condition that Apple files a formal Answer promptly. Apple has had nearly nine months to acquaint itself with Plaintiffs' allegations, so Plaintiffs propose a ten-day timeline as exceedingly fair.

**CONCLUSION**

Apple's own filings confirm that any legitimate "stay" ended no later than October of 2024, and that Apple recognized its need for an enlargement of time, as indicated in filing ECF No. 38. Since December 3, 2024, the case has been parked in the Northern District of California, where Apple has not bothered to file either a Rule 12 motion or an Answer. The Federal Rules do not allow a party to claim indefinite immunity from responding, especially after failed attempts to obtain a deferred deadline.

Submitted on this 26th day of January, 2025.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

# CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to all interested parties.

Executed on this 26th day of January, 2025.

      /s/ Keith Mathews
      Keith Mathews
      Attorney for Coronavirus Reporter Corporation
      *Pro Hac Vice*
      NH Bar No. 20997
      American Wealth Protection
      1000 Elm Street, Suite 800
      Manchester, NH 03105