Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., GREENFLIGHT VENTURE CORPORATION<br><br>*on behalf of themselves and all others similarly situated*<br><br>                              Plaintiffs,<br><br>*vs*.<br><br>APPLE INC.<br>                              Defendant. | Case No. 3:24-cv-8660-EMC<br><br>**DECLARATION OF KEITH A. MATHEWS IN SUPPORT OF PLAINTIFFS' REQUEST UNDER FED. R. CIV. P. 56(d)** |

**DECLARATION OF KEITH A. MATHEWS IN SUPPORT OF RULE 56(d) REQUEST**

I, Keith A. Mathews, hereby declare pursuant to 28 U.S.C. § 1746:

I am counsel of record for Plaintiffs Coronavirus Reporter Corporation, Calid Inc., and Greenflight Venture Corporation. I have personal knowledge of the matters stated and could competently testify thereto.

Apple's motion to dismiss (ECF 50) and reply (ECF 64) rely on extra-pleading exhibits and new factual narratives—e.g., private e-mails, outdated Wyoming filings, and incorrect assertions that Plaintiffs are "controlled" by a single shareholder. Because those materials pose disputed issues of (i) claim preclusion, (ii) privity, (iii) annual post-2021 transactions, and (iv) domestic effects of the Core-Technology Fee ("CTF") and anti-steering "link" charges, Plaintiffs cannot present facts essential to oppose the motion unless discovery is first permitted. Fed. R. Civ. P. 56(d).

The following narrowly-tailored items are indispensable to establish the existence, timing, and domestic impact of Apple's post-2021 conduct and to rebut Apple's new factual claims:

*Contract Versions & Revenues*

a.   Red-line copies of every Developer Program License Agreement ("DPLA") and "Alternative Terms Addendum" issued from January 2022 through the present, showing when the $ 99 fee, CTF, and link-entitlement charges were inserted or revised.

b.   App Store Connect revenue ledgers (CSV/Excel) for the same period, itemizing monthly collections of (i) $ 99 fees, (ii) CTF debits, and (iii) link-entitlement fees charged to U.S.-based developer accounts.

*Internal Motive Documents*

c.   Board decks, finance presentations, or e-mails (2022-present) analyzing expected or actual revenue from CTF and link-entitlement "mitigation" measures from US based developers.

d.   Customer-support ticket logs referencing "core technology fee," "DMA," "link entitlement," or "off-store purchase," limited to U.S. developer accounts, which are probative of coercion and chilling effect.

3. Res-Judicata / Estoppel Evidence

e.   All Apple or Gibson Dunn correspondence, draft briefs, and internal memoranda (Jan 2021-Jul 2023) discussing the "non-entity" or naming-defect argument in *Coronavirus Reporter v. Apple* (Ninth Cir. No. 21-16785).

f. Litigation-hold notices and custodian lists for that appeal identifying who approved the "non-entity" position.

g. Apple "know-your-developer" (KYC) files, W-8/W-9 forms, and tax onboarding records for Coronavirus Reporter Corporation, Calid Inc., and Greenflight Venture Corporation—showing Apple treated them as distinct counterparties, undermining Apple's current privity theory.

*Market-Power / After-Market Proof*

h. Internal slide decks or product-management roadmaps evaluating third-party app stores, sideloading, or alternative code-signing options prepared in response to the *Epic* injunction or EU Digital Markets Act.

i. "Stickiness," "churn," or device-lock-in studies presented to senior management—relevant to aftermarket power under *Eastman Kodak*.

*Third-Party Payment Evidence*

j. Subpoenas (or Apple-produced records) from payment processors Stripe or Adyen showing that CTF and link-entitlement debits for U.S. developers are settled through Cupertino-controlled merchant IDs—directly rebutting Apple's 15 U.S.C. § 6a defense.

**Key Deponents.** Plaintiffs require limited Rule 30(b)(6) testimony and/or depositions of:

• App Store Finance Director (fee ledgers),

• Senior Director, Apple Developer Relations (DPLA drafting/version control),

• Vice-President, Legal – Competition & Regulatory (Epic/DMA response), and

• Gibson Dunn partner(s) who authored the Ninth-Circuit "non-entity" brief.

Materiality. These documents and depositions will:

• demonstrate that each annual fee and the CTF/link-tax schemes are new, independently actionable transactions post-dating the CR I judgment (rebutting *Dual-Deck*),

• quantify the direct, substantial, and reasonably foreseeable domestic impact required to defeat Apple's § 6a argument,

• expose Apple's inconsistent "non-entity" positions and defeat its privity defense, and

• confirm Apple's deliberate leveraging of smartphone dominance into the app-distribution and notarization after-markets.

Virtually all responsive materials are in Apple's exclusive possession; none is publicly available and there exists an inability to obtain otherwise. Without the discovery outlined above, Plaintiffs cannot gather facts essential to oppose dismissal or to seek summary-judgment relief of their own.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Submitted on this 26th day of May, 2025.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105