RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA  94111-3715
Telephone:	415.393.8200
Facsimile:	415.393.8306

*Attorneys for Defendant Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation<br><br>*on behalf of themselves and all others similarly situated.*<br><br>                        Plaintiffs,<br><br>      v.<br><br>Apple Inc.<br><br>                        Defendant. | CASE NO. 3:24-CV-08660<br><br>**DECLARATION OF JULIAN W. KLEINBRODT IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SANCTIONS** |

Gibson, Dunn & Crutcher LLP

I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am also counsel of record for Apple in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567, also pending before this Court. I submit this declaration in support of Apple's Motion for Sanctions. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. On September 6, 2021, Rachel Brass, also counsel for Apple, emailed Keith Mathews, S. Michael Kernan, and Daniel de Zouza Clasen—counsel representing the plaintiffs in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567 and/or *Primary Productions v. Apple Inc.*, No. 3:21-cv-6841-JSC. Among other things, that email noted to Mr. Mathews that the plaintiffs in those cases had not submitted a Federal Rule 7.1 Corporate Disclosure Statement or Local Rule 3-15 Disclosure of Non-party Interested Entities or Persons. A true and correct copy of the September 6, 2021, email is attached hereto as **EXHIBIT 1**.

3. On September 30, 2021, Ms. Brass sent a letter to Keith Mathews and S. Michael Kernan, again raising, among other things, plaintiffs' failure to file a corporate disclosure in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567. A true and correct copy of the September 30, 2021, letter, which was previously filed at Docket 63 in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567, is attached hereto as **EXHIBIT 2**.

4. To date, the plaintiffs in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567, have not filed a Federal Rule 7.1 Corporate Disclosure Statement or Local Rule 3-15 Disclosure of Non-party Interested Entities or Persons.

5. Throughout *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567, Mr. Mathews represented that he was counsel for and Chief Legal Officer of plaintiff Coronavirus Reporter. For example, Mr. Mathews referred to his "status as CLO" in an August 30, 2021, email to Ms. Brass. A true and correct copy of this email exchange is attached hereto as **EXHIBIT 3**.

6. On November 30, 2021, the Court dismissed with prejudice all claims in the First Amended Complaint in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567. On December 15, 2021, "The Coring Company," represented by Mr. Mathews, filed a complaint in the United States District Court for the Southern District of Florida against Apple Inc. and Mr. Tim Cook (*Coring Company v. Apple Inc.*, No. 9:21-cv-82235-AMC). Electronic Articles for Incorporation for The Coring Company—maintained by the Florida Division of Corporations—state that Mr. Mathews was the incorporator and registered agent of The Coring Company, and the effective date for The Coring Company's incorporation was January 13, 2022. A true and correct copy of the Electronic Articles of Incorporation for The Coring Company, accessed on April 8, 2025, is attached hereto as **EXHIBIT 4**.

7. The Florida Division of Corporations' "Detail by Entity Name" states that the principal and mailing address of The Coring Company was 1000 Elm Street, Suite 800, Manchester, New Hampshire 03102. That is the same address listed for Mr. Mathews and Associated Attorneys of New England on the dockets in this case and in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567. A true and correct copy of the Florida Division of Corporations "Detail by Entity Name" record for The Coring Company, accessed April 8, 2025, is attached hereto as **EXHIBIT 5**.

8. On March 5, 2024, Plaintiffs filed this case in the United States District Court for the District of Wyoming. On June 7, 2024, I met and conferred with Plaintiffs concerning Apple's intent to seek transfer of this case to the United States District Court for the Northern District of California. Mr. Mathews, Jeffrey Isaacs, and Melissa Theriault were present on that call on behalf of Plaintiffs. During that conference, Plaintiffs asserted for the first time that "Coronavirus Reporter," plaintiff in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-0556, was not an actual entity. I memorialized this discussion in a June 7, 2024, email to Mr. Mathews and Ms. Theriault. A true and correct copy of this June 7, 2024, email is attached hereto as **EXHIBIT 6**.

9. In a further email to Plaintiffs' counsel on June 12, 2024, I reiterated that Plaintiffs' contention that Coronavirus Reporter was a non-existent entity raised serious concerns about their conduct and candor in this case and *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567. A true and correct copy of    email exchange dated June 11–13, 2024, is attached hereto as **EXHIBIT 7**.

10. In its Motion for Sanctions, Apple seeks $400,000 in sanctions. I supervised this matter as lead counsel and reviewed all of Gibson Dunn's bills related to this matter. In recording their time, attorneys at Gibson Dunn are required to specify the client and matter number and the nature of the work performed. In the course of this matter, as with other matters I manage, I review all bills and individual time entries before they are submitted to Apple for payment. Based on my review of Gibson Dunn's billing records, $400,000 is less than the actual legal fees Apple has incurred in defending this lawsuit (exclusive of fees Apple has incurred in defending other, related cases).

11. The time spent and fees incurred are reasonable in light of Gibson Dunn counsel's experience, expertise, and the number of briefs that Apple has had to file in light of Plaintiffs' litigation tactics (including a motion to transfer, opposition to an application for default, motion to dismiss, and the sanctions motion to which this declaration relates, among other motions, applications, and other briefs). As of April 22, 2025, the combined dockets for *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567 (N.D. Cal.), and *Coronavirus Reporter Corp. v. Apple Inc.*, No. 3:24-cv-08660 (N.D. Cal.), comprise 197 docket entries. Gibson Dunn is one of the world's preeminent full-service international law firms, with over 1900 lawyers and 21 offices in major cities throughout the United States, Asia, Europe, and the Middle East. Gibson Dunn is known for its skill, ability, experience, and the market-leading reputation of its attorneys in handling large, complex, high-stakes litigation, including antitrust matters like this case. Gibson Dunn consistently ranks among the world's top law firms in industry surveys and major publications. Gibson Dunn is a four-time winner of the American Lawyer's biennial "Litigation Department of the Year" award, and Chambers and Partners ranks both Gibson Dunn's antitrust team and counsel of record Ms. Brass as "Band 1" in California. In addition, to the best of my knowledge, Gibson Dunn's rates in this matter are commensurate with or below the rates charged by comparable firms. Gibson Dunn also was uniquely positioned to represent Apple in this case, both because of its substantive expertise in antitrust litigation but also because it has represented Apple in closely related prior lawsuits, including *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567, *Primary Productions v. Apple Inc.*, No. 3:21-cv-6841-JSC, and *Coring Company v. Apple Inc.*, No. 9:21-cv-82235-AMC.

12. On April 23, 2025, I served Plaintiffs with a copy of the motion for sanctions, a copy of Apple's proposed order, a copy of this declaration, and its accompanying exhibits. Except for the addition of dates and signatures, the copies I served on Plaintiffs are identical to Apple's filings. In the ensuing 21 days, Plaintiffs did not withdraw their filings or otherwise take steps to cure the conduct at issue in Apple's sanctions motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on May 30, 2025, at San Francisco, California.

Julian W. Kleinbrodt