# Exhibit 2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Rachel S. Brass
Direct: +1 415.393.8293
Fax: +1 415.374.8429
RBrass@gibsondunn.com

September 30, 2021

VIA ELECTRONIC MAIL

Mr. Keith Mathews
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105

Mr. S. Michael Kernan
The Kernan Law Firm
9663 Santa Monica Blvd, Suite 450
Beverly Hills, CA 90210

Re: *Coronavirus Reporter, et al v. Apple Inc.*, No. 3:21-cv-5567-EMC

Dear Counsel:

I write concerning the appearance of your client, Jeffrey Isaacs, as a purported pro se plaintiff in the recent Amended Complaint. *See, e.g.*, FAC ¶¶ 103–08. In a September 8 email, Mr. Kernan informed me that he and Mr. Mathews now "represent the corporations" (which I interpret to mean Coronavirus Reporter, CALID Inc., and Primary Productions LLC), while his "client" Mr. Isaacs "now represents his [two] apps (caller-id and webcaller)." And on September 20, Mr. Isaacs stated in an email that he purports to represent "[his] two apps – Caller ID and Webcaller, and their respective IP/patents" and not "the class members, nor any corporation." In other words, your client is now both represented by counsel in this matter, and purporting to litigate pro se.

This is improper. Federal law "permits *either* counsel *or* pro se representation"—but not both. *Saumaan v. Sauer*, 2008 WL 2489004, *2 (E.D. Cal. June 17, 2008) (emphasis added); *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). Courts may sometimes permit "hybrid representation," but such permission is "dispensed sparingly," *Saaman*, 2008 WL 2489004, at *2, and only upon express approval of the Court. *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir. 1986) ("Whether to allow hybrid representation . . . is within the sound discretion of the judge."). Nor does Mr. Isaacs have any right to represent apps developed by corporate entities already represented in this lawsuit, as "it has been the law for the better part of two centuries" that "a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) (collecting cases); *see* Civ. Local R. 3-9(b)

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). The Webcaller app that Mr. Isaacs purports to represent, for instance, was developed and submitted to the App Store by CALID Inc., one of the corporate plaintiffs apparently represented by Mr. Mathews and Mr. Kernan. There is no discrete "app" for Mr. Isaacs to represent. Nor could Mr. Isaacs "represent" any other app— as a pro se litigant, he can only represent himself. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Although Coronavirus Reporter, CALID Inc., and Primary Productions LLC have submitted no Federal Rule 7.1 Corporate Disclosure Statement or Local Rule 3-15 Disclosure of Non-Party Interested Entities or Persons, Mr. Isaacs is clearly intertwined with these entities and the driving force behind the *Coronavirus Reporter* lawsuit. Corporate records list Mr. Isaacs as the CEO of CALID, *see* Dkt. 33-16, which, according to the Amended Complaint, submitted the Coronavirus Reporter app to Apple, FAC ¶ 97. On numerous occasions, Mr. Isaacs wrote to Apple employees about Apple's review of the Coronavirus Reporter and CALID apps (including from an @calid email address) and, in those emails, threatened to bring the very lawsuit now before the Court. *See, e.g.*, March 17 Email from J. Isaacs to T. Cook (purported "federal court preservation letter" concerning CALID and Coronavirus Reporter apps); March 6 Email from J. Isaacs to C. Oliver (requesting "urgent review" of Coronavirus Reporter rejection and threatening "injunctive action absent a prompt reversal"). Moreover, Mr. Isaacs has repeatedly referred to Mr. Mathews as "my attorney" or "my lawyer," and has personally retained Mr. Mathews for other litigation. *See, e.g.*, *Isaacs v. Trustees of Dartmouth Coll.*, 2018 WL 2225097 (D.N.H. May 15, 2018); *Isaacs v. Dartmouth Hitchcock Medical Center*, 2:2019-cv-08000 (C.D. Cal.); *Isaacs v. United States Dep't of Justice*, 1-18-cv-10886 (D. Mass). And Mr. Kernan's September 8 email twice identifies Mr. Isaacs as his "client." Notwithstanding Plaintiffs' disregard of disclosure obligations, then, the record leaves little doubt that Coronavirus Reporter, CALID, and Mr. Isaacs are one and the same.

Mr. Isaacs' purported appearance as a pro se plaintiff is not only an improper attempt to circumvent 28 U.S.C. § 1654, but it also puts Apple and its counsel in an untenable position. As you are aware, Mr. Isaacs has sent numerous communications directly to me regarding the *Coronavirus Reporter* and *Primary Productions* litigations and related issues. As I told you in my September 6 email, neither I nor my colleagues may communicate with Mr. Isaacs directly or indirectly regarding the litigation or related subjects. *See* Cal. R. Prof. Conduct 4.2(a). By improperly purporting to "act as his own counsel when he also has retained counsel," however, Mr. Isaacs unfairly creates a potential "ethical dilemma" for Apple's counsel, who will not "know when it is permissible to contact [him] or when it is not." *Samaan*, 2008 WL 2489004, at *2. Accordingly, unless and until permission for hybrid representation is specifically requested by Mr. Isaacs and granted by the Court, *see Williams*, 791 F.2d at 1389, we as counsel for Apple will not respond to any direct communications from Mr. Isaacs, consistent with our ethical duties.

## GIBSON DUNN

September 30, 2021
Page 3

Please inform Mr. Isaacs of this limitation and ask him to communicate with us only through his retained counsel. If Mr. Isaacs continues to attempt to communicate with Apple's counsel directly, we reserve the right to move for a protective order.

Finally, Mr. Isaacs has also made several attempts during the course of this litigation to contact Apple and its executives directly. There is no legitimate reason for him to communicate directly with Apple about this case or related litigation matters. Please therefore instruct Mr. Isaacs to refrain from attempting to communicate directly with Apple about pending litigation in the future. If he does not comply with this instruction, we reserve the right to seek a protective order from the Court.

Sincerely,

Rachel S. Brass