Exhibit 3

**Brass, Rachel S.**

| | |
|---|---|
| **From:** | Brass, Rachel S. |
| **Sent:** | Monday, August 30, 2021 4:16 PM |
| **To:** | keith aaone.law |
| **Subject:** | RE: 3:21-cv-05567-EMC Coronavirus Reporter et al v. Apple Inc./Correspondence re Meet and Confer |

Dear Mr. Mathews,

As you know from my out of office message, I was not available today.   I understand that you reached out to my colleague Mr. Perry, but did not send him the substance of your requests.  We have shared your requests with Apple, and we will respond in due course, with the goal of responding by the close of business PT tomorrow.   Given that the Court has granted the stipulated extension request, there is no reason that a response on that timeline should not be sufficient.

Best,
Rachel

**Rachel S. Brass**
**Partner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

**From:** keith aaone.law <keith@aaone.law>
**Sent:** Monday, August 30, 2021 1:22 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** Re: 3:21-cv-05567-EMC Coronavirus Reporter et al v. Apple Inc./Correspondence re Meet and Confer

[WARNING: External Email]

Dear Rachel:

Last Friday, we informed you of a pending Rule 11 motion. I stated that Apple pled false facts as to not being notified that CALID was approved. I stated that you ignored evidence and falsely claimed not to know CALID's health care background. Finally, I stated that your entire motion to dismiss should be estopped, because it takes a contradictory position. To wit, that position is that we verbatim copy Cameron's complaint, that the complaint does not state a claim for relief, yet you a) never opposed Cameron on such grounds, and b) are willing to settle Cameron for $100m.

Please address the merits of these allegations, and take corrective action, or we will file a Rule 11 motion. Because we also are filing a Motion for Expedited Discovery and Preservation of Evidence, by necessity, we cannot wait 21 days to inform the Court of this matter.

We did propose to you a set of stipulations, which you have not responded to, to avoid this matter and focus on the merits. Please, by end of business day, let me know your client's position:

In order to proceed to discovery on the merits of our claims, and to streamline taxpayer funded Court costs on this now 8-month dispute, the parties agree:
1) Terminate Primary Productions case, and merge claims of all free and paid apps into 21-cv-5567 Amended Complaint. Waive Apple's answer on Primary Productions.
2) To avoid purported "cobblestone effect", pleading material from *Cameron/Epic* pertaining to Paid Apps (non-zero price) will be incorporated as Exhibits. The complaint will be downsized to focus on institutional app marketplace.
3) In doing so, Apple will admit a "claim is stated" as to the paid-app plaintiffs and proceed to Rule 16 Conference. It is noted they would be judicially estopped from pleading otherwise, even absent this stipulation.
4) Apple may challenge "free app" institutional marketplace on Summary Judgment, Memorandum Conclusions of Law, and/or in limine if appropriate.
5) Plaintiffs waive sanctions or further claims for dilatory tactics encountered over past 8 months, and will drop any language from complaint related as such.
6) Apple stipulates that Cameron does not create *res judicata* for institutional marketplace, $99 annual fees, and ranking suppression/rejection. *Res judicata* for *Cameron* only applies to IAP reimbursement.

As for my status as CLO, the fact you only seemed to have just learned this proves our concern that your firm has not conducted due diligence, nor have they used that due diligence to preserve evidence under Rule 37. As to your assertion that I have a duty to propose, do you have any indication we haven't? We have continually monitored and shared all of our evidence, in fact, with Dr Roberts' daughter, a bioethics attorney in England. There is no indication Apple & Gibson Dunn have even read the evidence, as your letter shows.

Finally, has your client agreed to let GD proceed given the fact they are a witness?

Please get back to me by the end of the day.

Thanks,

Keith Mathews, Esq.
1000 Elm Street, Suite 800
Manchester, NH 03102
(603) 622-8100

Mr. Mathews,

Attached please find correspondence regarding Friday's meet and confer.

Best,
Rachel

**Rachel S. Brass**
**Partner**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---