# Exhibit 7

# Kleinbrodt, Julian

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Thursday, June 13, 2024 7:24 PM |
| **To:** | Keith Mathews |
| **Cc:** | Kleinbrodt, Julian W.; coronavirusreporter@protonmail.com; Joe S; Richman, Cynthia; melissa@wrablaw.com; LSchwartz@parsonsbehle.com |
| **Subject:** | Re: MDL 3113 Schedule / Free App Developer Inclusion |

**[WARNING: External Email]**

All,

As the parties are actively making decisions regarding a potential motion under 28 USC 1407, I am writing to inform that I understand PhantomALERT will be correcting their prior statement today. Specifically, that CRC has not "consulted with [PhantomALERT]" appears to have been an unintentional miscommunication. I spoke with Mr. Scott regarding the MDL on Monday, when he called me. Of course, we do not represent him or PhantomALERT. But under MDL rules, we are in fact obliged to identify similar "facsimile" cases as part of any motion. CRC does take the position that there is substantial overlap between DOJ's case, our own case, and PhantomALERT, warranting centralization.

Regards,
Jeffrey Isaacs


---------------------
Richard Wolfram wrote:

Counsel,

Tom Willcox and I have received the string below, e-mail by e-mail, from our client, PhantomAlert. As we represent PhantomAlert, please copy us, not Joe Scott, on any further related correspondence.

Also, we want to make it clear that Corona Virus Report does not speak for us in any way on the matters covered in this string, nor has it consulted with us.

Thank you.

Sincerely,

Richard Wolfram
Co-Counsel to PhantomAlert

Richard Wolfram, Esq.
845 Third Avenue, 6th Fl.
New York, New York 10022
Tel: 917-225-3950
rwolfram@rwolframlex.com
http://www.rwolframlex.com


On Thu, Jun 13, 2024 at 10:33 AM Keith Mathews <Keith@awplegal.com> wrote:

1

Julian,

I think the important thing here is to move forward in the designated transferee Court, and not to spend time disputing how this error happened. It would be helpful to get Apple's response to the questions raised by my client representative. If Apple is amenable to, and can propose, corrective action, it will be in the interest of judicial economy for all parties and the JPML/Courts. The NJD is the official transferree venue for cases related to DOJ v. Apple, including developers, and we would like to avoid unnecessary delay in transferring there.

Please advise if a mutually agreed MDL transfer will be possible, or if Apple indeed objects to developer inclusion of cases like PhantomALERT and CRC in the MDL. In that case, as Dr Isaacs points out, a motion under 28 U.S.C. § 1407 seems inevitable.

Thanks,

Keith

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Thursday, June 13, 2024 1:30 AM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** coronavirusreporter@protonmail.com; Keith Mathews <Keith@awplegal.com>; Joe S <joe.scott@phantomalert.com>; Richman, Cynthia <CRichman@gibsondunn.com>; melissa@wrablaw.com; LSchwartz@parsonsbehle.com
**Subject:** Re: MDL 3113 Schedule / Free App Developer Inclusion

Apple Counsel,

Thank you for your response email. CRC replies with the following request for clarification.

Assistant Attorney General Jonathan Kanter today stated: "We welcome the States of Indiana, Massachusetts, Nevada and Washington, who join our existing coalition to restore competition in the smartphone markets that Apple has monopolized. We look forward to litigating this important case alongside our state partners to deliver the benefits of competition to consumers, app **developers**, accessory makers, and the American public."

There can be little doubt that the US and State AG's intention is to redress Apple's anticompetitive conduct towards developers, in addition to iPhone consumers. As such, your email that our cases "allege different conduct" appears to contradict the plain facts that developers are part of the DOJ action, and hence, the MDL. The inclusion of developers in the landmark MDL is critical to ensure a holistic and proper adjudication of the Apple iPhone matter.

Could you please clarify, is Apple's position that they didn't have an obligation under Rule 6.2, and in fact, it is our (CRC's) obligation to notify JPML under Rule 7.1 (re Tag Along Notices)? Or is Apple saying that PhantomAlert and CRC don't fall under Rule 6.2, as Apple doesn't believe developer lawsuits should be included in the MDL. This distinction is important in determining whether we must motion the JPML, or if this can be resolved through clerical correction of the schedule.

CRC does not support the conclusion that Levine's filing was "erroneous" to include CRC. To the contrary, our understanding was that we were, or should have been, placed on the schedule. The

Wyoming Clerk accepted the JPML filing and placed it on our docket. That was not an error, in our view. If any error did occur, our understanding continues to be that it was in lacking compliance with Rule 6.1.

Please let us know at your earliest convenience whether or not Apple assents to the JPML Clerk correcting the schedule? Alternatively, does Apple assent to a motion for centralization of developer cases to the NJ USDC/Neals Court.

This is time sensitive as we would like to file the centralization motion (if necessary) no later than Friday afternoon.

Thank you for your attention to this matter.

Jeffrey Isaacs MD

On Thu, Jun 13, 2024 at 12:57 AM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

> Counsel:
>
> There are many misstatements in your email, and Apple's prior filings speak for themselves. No party has filed a tag-along notice, nor have you, indicating that the Wyoming *Coronavirus Reporter* lawsuit (or *PhantomALERT*) should be part of MDL 3113. That the *Levine* plaintiffs (apparently erroneously) provided you with service of a copy of a single set of filings from the JPML proceedings did not make the *Coronavirus Reporter* case part of the MDL. Regardless, *Coronavirus Reporter* and *PhantomALERT* press different theories, and allege different facts and conduct, than the Complaint brought by DOJ (as well as those in MDL 3113). The JPML's June 7, 2024, order did not make any finding that *Coronavirus Reporter* or *PhantomALERT* "share pivotal commonalities" with the DOJ's lawsuit or other cases in MDL 3113. Nor can Apple be faulted for failing to tag *Coronavirus Reporter* into MDL 3113 based on your alleged intent to file an amended complaint—which you have not yet done and, therefore, Apple has had no opportunity to review or consider. In short, Apple's "compliance" with the MDL rules has not "been lacking."
>
> I note, as I did in my email following our June 7, 2024, meet and confer, that there are serious concerns raised by your statement that the Coronavirus Reporter plaintiff in the N.D. Cal. is a "non-entity." You brought suit on behalf of an entity you represented to be "Coronavirus Reporter"; you filed and signed many pleadings, motions, and papers in the Northern District of California, Ninth Circuit Court of Appeals, and United States Supreme Court on behalf of "Coronavirus Reporter"; and you sought relief from each court for "Coronavirus Reporter." To now concede that "Coronavirus Reporter" was a non-entity all along—an apparent attempt to avoid a res judicata bar, as made clear on our June 7 meet-and-confer—all but admits that the N.D. Cal. litigation was a sham case prosecuted in bad faith. Apple reserves all rights.
>
> Julian
>
> **Julian W. Kleinbrodt**
> Partner
>
> T: +1 415.393.8382 | M: +1 415.377.0902
> JKleinbrodt@gibsondunn.com
>
> **GIBSON DUNN**
> Gibson, Dunn & Crutcher LLP
> One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** coronavirusreporter@protonmail.com <coronavirusreporter@protonmail.com>
**Sent:** Wednesday, June 12, 2024 12:07 AM
**To:** Keith Mathews <Keith@awplegal.com>; jeffreydi@gmail.com; Joe S <joe.scott@phantomalert.com>; Richman, Cynthia <CRichman@gibsondunn.com>; melissa@wrablaw.com; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; LSchwartz@parsonsbehle.com
**Subject:** MDL 3113 Schedule / Free App Developer Inclusion

**[WARNING: External Email]**

**IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION**

Via Email: Cynthia Richman (Gibson Dunn)

Julian Kleinbrodt (Gibson Dunn)

Joe Scott (PhantomALERT CEO)

June 11, 2024

Dear Attorneys Richman and Kleinbrodt:

I am writing to address the recent order by the Multi-District Litigation (MDL) Panel dated June 7, 2024, which centralized all #3113 cases to the District of New Jersey for coordinated or consolidated pretrial proceedings under Judge Julien X. Neals. The JPML has highlighted that these actions share pivotal commonalities, notably allegations that Apple has monopolized, or attempted to monopolize, the smartphone market through its control over app distribution on the iPhone—a contention that resonates with both consumer and developer perspectives. According to the MDL Panel Order, "The actions share common questions of fact arising from allegations that Apple has monopolized or attempted to monopolize the smartphone market by controlling the creation and distribution of apps compatible with the iPhone."

Coronavirus Reporter Corporation (CRC) represents the first-to-file class action filed on behalf of developers of free/unpaid apps, which constitute the majority of apps distributed on the iPhone App Store. CRC's pending complaint amendment, as we advised you, will directly incorporate the DOJ's Sherman Act market theories, indicating that our case is inherently related and logically belongs in the designated transferee district.

On April 25, a 28 U.S.C § 1407 pleading was filed in the MDL by Plaintiff Louis Levine ("*Levine Motion*"). The Levine Motion included Coronavirus Reporter Corporation ("CRC") in the service list of related actions, and the document was subsequently filed in the Wyoming docket for CRC. Cynthia Richman of Gibson Dunn was also included on this service list. See attached. Notably, CRC did not oppose this filing, which sought centralization and designation of New Jersey as the transferee district. Apple did not oppose CRC's inclusion in the Levine Motion service schedule. However, subsequent compliance with MDL Rule 6.2 by Apple has been lacking.

MDL Rule 6.2(d) states "(d) Notice of Potential Tag-along Actions. Any party or counsel in a new group of actions under consideration for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears." Under this rule, Apple and their counsel were aware of CRC, had been served MDL papers concerning

CRC's transfer, but failed to comply with MDL Rule 6.2. As best as we can ascertain, Ms. Richman filed numerous Notices of Related Actions up through May 27, 2024 (MDL DE 107), but never filed the required schedule notice for CRC, or any other developer, for that matter.

Gibson Dunn also represents Apple in the DC District case *PhantomALERT v. Apple* (24-cv-00786-TNM). That case also was never forwarded to the MDL Schedule as required by Rule 6.2. Rather, Apple filed a Motion to Dismiss PhantomAlert in the DC District last week, seemingly intending to leave that party out of the MDL. Why Apple pushed for MDL inclusion of an Apple Watch case, but failed to comply with Rule 6.2 for multiple related developer cases, suggests Apple seeks to deny developers the right to be represented in the MDL.

Apple alleged PhantomAlert and Coronavirus Reporter are related, even identical cases. In their Motion to Dismiss, Apple argued the PhantomALERT "case is a facsimile of Coronavirus Reporter." (*MTD at 21*). Similarly, "this case mirrors Coronavirus Reporter." (*MTD at 26*). This position is unexpected, because Apple previously argued, without opposition, that Coronavirus Reporter was a "non-entity" devoid of any right to participate in judicial proceedings.

My client, CRC, and PhantomALERT are both in the same early procedural posture as the entirety of the MDL cases. By Apple's own admission, they have similar antitrust injury and conduct as alleged in the DOJ's case. Because these commonalities invoke the primary criteria for MDL inclusion, they should be permitted to represent and advocate for developers in the landmark MDL litigation now underway.

Given the critical nature of this transfer and Apple's previous oversight concerning Rule 6.2 compliance, I urge a collaborative approach to rectify this issue promptly. I have included PhantomALERT in this email accordingly. We are keen to avoid motion practice but are prepared to approach the JPML should there be no forthcoming proposal from Apple to resolve this matter expediently.

Please provide Apple's position by the end of today, which will greatly assist in expediting the transfer process and maintaining the integrity of the MDL proceedings.

Warm regards,

Keith Mathews

Chief Legal Officer

Coronavirus Reporter Corporation

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.