IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation<br><br>*on behalf of themselves and all others similarly situated.*<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Apple Inc.<br><br>　　　　　　　Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION FOR SANCTIONS**<br><br>Honorable Edward M. Chen |

　　　　This matter is before the Court on Defendant Apple Inc.'s Motion for Sanctions ("the Motion") and the accompanying memorandum of law and supporting documents.  The parties have been fully heard and the matter is fully briefed.  Being fully advised on the proceedings, for the reasons set forth below and for good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**.

　　　　**1.**  Pursuant to its inherent authority and the All-Writs Act, 28 U.S.C. § 1651(a), the Court hereby enters a pre-filing injunction against Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation, Jeffrey Isaacs, and any other entity owned (in whole or principal part), operated, or substantially controlled by Jeffrey Isaacs; and Keith Mathews ("Enjoined Parties").  The Enjoined Parties had an adequate opportunity to be heard in response to Apple's request for a pre-filing injunction, and, for the reasons set forth in Apple's Motion for Sanctions, the Court finds the Enjoined Parties to be vexatious litigants based on their conduct in one or more of the following actions: *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-00047 (D.N.H.); *Primary Productions v. Apple Inc.*, No. 21-cv-00137 (D. Me.); *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567 (N.D. Cal.); *Coronavirus Reporter v. Apple Inc.*, No. 21-17123 (9th Cir.); *Coring Co. v. Apple Inc.*, No. 3:22-cv-

01044 (S.D. Fla.); *Coronavirus Reporter Corp. v. Apple Inc.*, No. 1:24-cv-00053 (D. Wyo.); *Coronavirus Reporter Corp. v. Apple Inc.*, No. 3:24-cv-08660 (N.D. Cal.). The Court further finds that a nationwide injunction is necessary to prevent the Enjoined Parties from seeking to continually relitigate claims that are frivolous and/or have been previously dismissed, particularly in light of their history of forum shopping.

Accordingly, it is hereby **ORDERED** that:

(a) The Clerk of this Court may not file or accept any further complaints filed by or on behalf of the Enjoined Parties that name as defendant Apple Inc. or any of its directors, officers, or employees.

(b) If the Enjoined Parties wish to file a such complaint in any court, they shall provide a copy of the complaint, a letter requesting permission to file the complaint, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination as to whether the complaint may be filed.

(c) Any violation of this Order will expose the Enjoined Party to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**2.** Plaintiffs, Mr. Mathews, and Associated Attorneys of New England are jointly and severally liable for sanctions in the amount of $400,000, payable to Defendant. The Court finds that a sanction of $400,000 is appropriate and no greater than necessary to compensate Defendant for expenses unreasonably incurred in defending itself from claims and motions brought in bad faith, for an improper basis, and without an objectively reasonable basis in fact and/or law. The Court imposes these sanctions jointly and severally on Plaintiffs, Mr. Mathews, and Associated Attorneys of New England pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority. In the alternative, the Court imposes this sanction on Mr. Mathews pursuant to 28 U.S.C. § 1927.

**3.** The Court also hereby revokes Mr. Mathews' *pro hac vice* admission to the Northern District of California in this case. Mr. Mathews is directed to serve a copy of this order with any future

application to practice *pro hac vice* in this District. Mr. Mathews is also directed to file a copy of this order with the court presiding over any other active matters in this District in which he has made an appearance and has not withdrawn.

**IT IS SO ORDERED.**

Dated: _____

_____
THE HON. EDWARD M. CHEN
SENIOR UNITED STATES DISTRICT JUDGE