1  RACHEL S. BRASS (SBN 219301)
2  rbrass@gibsondunn.com
   JULIAN W. KLEINBRODT (SBN 302085)
3  jkleinbrodt@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
4  One Embarcadero Center
   Suite 2600
5  San Francisco, CA  94111-3715
   Telephone:    415.393.8200
6  Facsimile:    415.393.8306

7  *Attorneys for Defendant Apple Inc.*

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

                      SAN FRANCISCO DIVISION
11

12  Coronavirus Reporter Corporation, Calid Inc.,    CASE NO. 3:24-CV-08660-EMC
    Greenflight Venture Corporation, *on behalf of*
13  *themselves and all others similarly situated,*   **DEFENDANT APPLE INC.'S**
                                                      **OPPOSITION TO PLAINTIFFS'**
14                              Plaintiffs,           **MOTION FOR RULE 12(D)**
                                                      **CONVERSION**
15          v.

16  Apple Inc.

17                              Defendant.

18                                                   The Honorable Edward M. Chen

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

INTRODUCTION .................................................................................................................... 1

STANDARD OF REVIEW ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 2

     I.     Apple's Motion to Dismiss Should Not Be Converted Into a Summary
          Judgment Motion ........................................................................................... 2

          A.     The Cited Secretary of State Filings Are Judicially Noticeable ...................... 2

          B.     Apple's Statement of Its Past Assumption Raises No Issue for
               Summary Judgment ................................................................................ 4

          C.     Plaintiffs Falsely Impute Their Own Statement to Apple ............................... 5

     II.     There Is No Basis to Strike Apple's Reply Brief ....................................................... 6

CONCLUSION ....................................................................................................................... 12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Airlines, Inc. v. United Airlines, Inc.*,
   948 F.2d 536 (9th Cir. 1991) ............................................................................................. 8, 9

*Atl. States Legal Found. v. Salt River Pima-Maricopa Indian Cmty.*,
   827 F. Supp. 608 (D. Ariz. 1993) ............................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 2

*Belton v. Comcast Cable Holdings, LLC*,
   151 Cal. App. 4th 1224 (2007) ............................................................................................... 11

*Beverage v. Apple Inc.*,
   101 Cal. App. 5th 736 (2024) ............................................................................................. 9, 10

*Blue Shield of Virginia v. McCready*,
   457 U.S. 465 (1982) ............................................................................................................... 9

*Booth v. Quantum3D, Inc.*,
   2005 WL 1512138 (N.D. Cal. June 15, 2005) ............................................................................ 5

*Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*,
   136 F.3d 1360 (9th Cir. 1998) ................................................................................................. 5

*Chaudry v. Cnty of San Diego*,
   2022 WL 17652794 (S.D. Cal. Dec. 13, 2022) ............................................................................ 7

*Chavez v. Whirlpool Corp.*,
   93 Cal. App. 4th 363 (Cal. Ct. App. 2001) ............................................................................... 11

*Coleman v. Brown*,
   922 F. Supp. 2d 1004 (E.D. Cal. 2013) ...................................................................................... 7

*Coronavirus Reporter v. Apple, Inc.*,
   85 F.4th 948 (9th Cir. 2023) .................................................................................................... 8

*Coronavirus Reporter v. Apple Inc.*,
   560 F. Supp. 3d 632 (D.N.H. 2021) .......................................................................................... 3

*Dale v. S&S Builders, LLC*,
   188 P.3d 554 (Wyo. 2008) ...................................................................................................... 12

*Diamond S.J. Enter., Inc. v. City of San Jose*,
   395 F. Supp. 3d 1202 (N.D. Cal. 2019) ................................................................................... 10

*In re Dual-Deck Video Cassett Recorder Antitrust Litig.*,
   11 F.3d 1460 (9th Cir. 1993) .............................................................................................. 9, 10

Gibson, Dunn &
Crutcher LLP

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
    504 U.S. 451 (1992)...................................................................................................9

*Election Integrity Project Cal., Inc. v. Weber*,
    113 F.4th 1072 (9th Cir. 2024) ......................................................................... 1, 3, 4

*Emrich v. Touche Ross & Co.*,
    846 F.2d 1190 (9th Cir. 1988) ...............................................................................5

*Gennock v. Warner-Lambert Co.*,
    208 F. Supp. 2d 1156 (D. Nev. 2002) ...................................................................12

*Hawn v. McHugh*,
    2013 WL 3958387 (N.D. Cal. July 29, 2013)........................................................11

*Hennegan v. Pacifico Creative Serv., Inc.*,
    787 F.2d 1299 (9th Cir. 1986) ...............................................................................10

*hiQ Labs, Inc. v. LinkedIn Corp.*,
    639 F. Supp. 3d 944 (N.D. Cal. 2022)....................................................................10

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ...............................................................................4, 8

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ...............................................................................2, 4

*Lofton v. Verizon Wireless (VAW) LLC*,
    308 F.R.D. 276 (N.D. Cal. 2015)............................................................................6

*Media Rights Techs., Inc. v. Microsoft Corp.*,
    922 F.3d 1014, 1021 (9th Cir. 2019) ......................................................................8

*MetroNet v. Qwest*,
    383 F.3d 1124 (9th Cir. 2004) .............................................................................8, 9

*Motul S.A. v. USA Wholesale Lubricant, Inc.*,
    686 F. Supp. 3d 900 (N.D. Cal. 2023)....................................................................3

*Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538
    (9th Cir. 1988) ......................................................................................................8

*N. Cal. River Watch v. Humboldt Petroleum, Inc.*,
    162 F. App'x 760 (9th Cir. 2006) ..........................................................................10

*Ohio v. Am. Express Co.*,
    585 U.S. 529 (2018).................................................................................................8

*Park v. Kim*,
    91 F.4th 610 (2d Cir. 2024).....................................................................................8

*Retlaw Broad. Co. v. NLRB*,
    53 F.3d 1002 (9th Cir. 1995)...................................................................................7

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ................................................................................................. 4, 5

*Rubert-Torres v. Hosp. San Pablo*,
    205 F.3d 472 (1st Cir. 2000) ...................................................................................................... 4

*Samsung Elecs. Co. v. Panasonic Corp.*,
    747 F.3d 1199 (9th Cir. 2014) .................................................................................................... 9

*SaurikIT, LLC v. Apple Inc.*,
    2023 WL 8946200 (9th Cir. Dec. 28, 2023) ........................................................................ 9, 10

*Smelt v. Cnty. of Orange*,
    447 F.3d 673 (9th Cir. 2006) ...................................................................................................... 3

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .................................................................................................... 12

*Stribling v. Brock*,
    2017 WL 950803 (N.D. Cal. Mar. 10, 2017) ........................................................................ 6, 9

*United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*,
    547 F.3d 943 (9th Cir. 2008) .................................................................................................. 1, 2

*United States v. Hayes*,
    763 F. Supp. 3d 1054 (E.D. Cal. 2025) ...................................................................................... 8

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ...................................................................................................... 2

*United States v. Rowen*,
    2021 WL 2186222 (N.D. Cal. May 28, 2021) ........................................................................ 7, 9

*Washington v. Adams*,
    2011 WL 5980745 (E.D. Cal. Nov. 29, 2011) ............................................................................ 7

*In re Webkinz Antitrust Litig.*,
    695 F. Supp. 2d 987 (N.D. Cal. 2010) ...................................................................................... 11

*Woong Joo Yoon v. I.N.S.*,
    236 F. App'x 270 ......................................................................................................................... 3

*Zenith Radio Corp. v. Hazeltine Res., Inc.*,
    401 U.S. 321 (1971) .................................................................................................................. 10

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................................... 2

Fed. R. Civ. P. 12(d) .................................................................................................................... 2, 4

## INTRODUCTION

Plaintiffs' Motion for Rule 12(d) Conversion says very little about converting Apple's motion to dismiss into a motion for summary judgment.  That is because there is no basis to do so.  Apple's motion to dismiss identifies several legal grounds on which Plaintiffs' case fails.  The motion attached six corporate records from the Wyoming and Florida Secretaries of State, all of which are subject to judicial notice.  Plaintiffs objected to none.  Apple's reply relied on no other materials outside the Complaint.  Apple's motion to dismiss, including its argument for *res judicata*, therefore can be resolved on the face of the Complaint, materials it incorporates, and materials subject to judicial notice.  *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024).

Plaintiffs' alternative request to strike Apple's reply brief is equally meritless.  Plaintiffs argue that Apple relied on new authorities and included "over one hundred conceptually independent arguments" in that brief.  Mot. 1 n.1.  Plaintiffs never identify these supposed arguments.  They also do not dispute that Apple's arguments and authorities in reply were directly responsive to Plaintiffs' opposition.  Far from anything improper, Apple's reply is an example of how briefing works in every case: A reply does not merely restate a motion but instead provides the authorities and arguments that rebut an opposition.  In any event, the Court already has allowed Plaintiffs to file a 15-page sur-reply (Dkt. 68), eliminating any perceived prejudice.

Most of Plaintiffs' motion is an improper attempt to further argue the merits of Apple's motion to dismiss—rehashing the separate sur-reply they submitted, which itself is largely repetitive of Plaintiffs' opposition.  This voluminous, belated, and unmeritorious filing, which fabricates quotations that do not exist in the cited cases, is yet another example of the vexatious conduct catalogued in Apple's pending motion for sanctions.  *See* Dkt. 70.  Apple will not belabor Plaintiffs' repetitive arguments other than to note they do not forestall dismissal on any of the many independent bases Apple identified; if the Court has questions about these arguments, Apple will be prepared to address them at the hearing.  In the meantime, the Court should deny Plaintiffs' attempt to short-circuit Apple's motion to dismiss.

1

**STANDARD OF REVIEW**

2        Federal Rule of Civil Procedure 12(d) states that if "matters outside the pleadings are presented

3   to and not excluded by the court" in a motion under Rule 12(b)(6), "the motion must be treated as one

4   for summary judgment under Rule 56." Judicially noticeable materials do not fall within this rule. *See*

5   *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *abrogated on other grounds by*

6   *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Accordingly, a court need

7   not convert a motion to dismiss into a motion for summary judgment where it can be decided by refer-

8   ence to the complaint, materials it incorporates, and records subject to judicial notice. *See 14.02 Acres*,

9   547 F.3d at 955; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

10

**ARGUMENT**

11       The Court should deny Plaintiffs' requests (1) to convert Apple's motion to dismiss into a mo-

12  tion for summary judgment, or (2) to strike Apple's reply brief.

13  **I.      Apple's Motion to Dismiss Should Not Be Converted Into a Summary Judgment Motion**

14       As Apple has explained, Plaintiffs' allegations—constituting their ninth complaint against Ap-

15  ple, *see* Dkt. 62 at 2—fail to state a claim. Contrary to Plaintiffs' assertions, Apple's motion makes

16  these arguments based solely on materials properly before the Court. First, Apple's only exhibits—

17  secretary of state records attached to its motion—are judicially noticeable documents. Second, Apple's

18  citation to its own, prior brief to show when it expressed its understanding of "Coronavirus Reporter's"

19  corporate identity does not create a disputed issue of fact requiring discovery. Third, Apple's reply

20  does not rely on any private correspondence outside the record. There is no "strong public interest" to

21  defer resolution until "a complete factual record" is compiled, Mot. 2—a voluminous, expensive, and

22  burdensome process in antitrust cases, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–59 (2007). The

23  Federal Rules' directive for a "just, speedy, and inexpensive determination of every action," Fed. R.

24  Civ. P. 1, requires dismissing legally meritless cases at the outset. Plaintiffs' motion should be denied.

25  **A.      The Cited Secretary of State Filings Are Judicially Noticeable**

26       Plaintiffs first assert that "Apple's Reply attaches and relies upon documents never referenced

27  in, or integral to, the First Amended Complaint," including "outdated Wyoming corporate filings."

28  Mot. 1. That is false. Apple attached six exhibits to its motion to dismiss—none to its reply. *See* Dkts.

62-2, 62-3, 62-4, 62-5, 62-6, 62-7.  Each exhibit is a public record from the Wyoming and Florida Secretaries of State.  *Id.*  The exhibits show that Coronavirus Reporter Corporation is the only Wyoming Corporation with "Coronavirus Reporter" in its name, Dkt. 62-2; that that corporation was registered in Wyoming in 2021, Dkt. 62-3, and continued to list Keith Mathews as its "Treasurer or Fiscal Agent" for each of the next three years, Dkts. 62-4, 62-5, 62-6; and that Jeffrey Isaacs was registered as the CEO and sole officer and director of Greenflight Venture, Dkt. 62-7.  Because these records are subject to judicial notice, they are properly considered on a motion to dismiss.  *See, e.g.*, *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 910 (N.D. Cal. 2023).  Thus, the Court can consider them for the purpose Apple cited them: confirmation, consistent with the Complaint's allegations and history of this litigation, that Plaintiffs share an identity with the *Coronavirus I* plaintiffs, meaning that their claims therefore are barred by *res judicata*.  *See* Dkt. 62 at 5–10; *compare also, e.g.*, FAC ¶¶ 287–305, 306–314, 332–37 *with Coronavirus I*, Dkt. 41 ¶¶ 213–30, 231–40, 207–12.

At times, Plaintiffs appear to complain that these exhibits cannot be considered on a motion to dismiss.  *See* Mot. 1.  Any argument that these documents cannot be judicially noticed or require converting Apple's motion into one for summary judgment is waived because Plaintiffs did not object in their opposition.  *See Stichting v. Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases).  Regardless, there is no basis to challenge judicial notice: Courts routinely hold Secretary of State records are "proper subjects of judicial notice because they are matters of public record whose accuracy is not subject to reasonable dispute."  *Motul*, 686 F. Supp. 3d at 910; *see also, e.g.*, *Election Integrity*, 113 F.4th at 1099; *Woong Joo Yoon v. I.N.S.*, 236 F. App'x 270, 271 n.1; *Smelt v. Cnty. of Orange*, 447 F.3d 673, 676 n.4 (9th Cir. 2006).  Other courts in this litigation have taken judicial notice of the same kinds of records, including one of the same documents attached to Apple's motion.  *Coronavirus Reporter v. Apple Inc.*, 560 F. Supp. 3d 632, 638 & n.3 (D.N.H. 2021) (taking judicial notice of the same Secretary of State record as exhibit at Dkt. 62-3).  What is more, Plaintiffs not only fail to cite any authority suggesting these records are not judicially noticeable (*see* Mot. 1) but also attached their own Secretary-of-State filing as an exhibit to their opposition to Apple's motion to dismiss (Dkt. 63-3).

Nor can Plaintiffs trigger Rule 12(d) merely by characterizing these documents as "outdated"

1    or "contested."  Mot. 1.  The documents speak for themselves.  Plaintiffs were free to cite to subsequent

2    filings with the Secretaries of State indicating different control or ownership (there are none) or alle-

3    gations in the Complaint identifying such a change (there are none of those either).  Contrary to Plain-

4    tiffs' unsubstantiated attorney argument, the Secretary of State filings are consistent with the Com-

5    plaint's allegations as well as with Plaintiffs' representations in other litigation (also subject to judicial

6    notice, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking

7    judicial notice of a party's filings in another case to show it took certain positions in that case)).  *See*

8    Dkt. 62 at 8–10.

9         The three cases Plaintiffs cite are not to the contrary.  *See* Mot. 2, 6.  Each recognizes that courts

10   may consider judicially noticeable records on a motion to dismiss.  *See Lee v. City of Los Angeles*, 250

11   F.3d at 688–89; *Rubert-Torres v. Hosp. San Pablo*, 205 F.3d 472, 476 (1st Cir. 2000) (recognizing that

12   courts may consider official public records outside the Complaint for purposes of resolving Rule

13   12(b)(6) motion); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018).  None of

14   these cases holds that the Court cannot consider Secretary of State filings as part of Apple's motion to

15   dismiss.  *See Election Integrity*, 113 F.4th at 1099 (relying on Secretary of State filings in affirming

16   district court's granting of motion to dismiss).  Apple's commonplace request that the Court take judi-

17   cial notice of these records does not require converting a pleadings challenge into a summary judgment

18   motion.

19        **B.    Apple's Statement of Its Past Assumption Raises No Issue for Summary Judgment**

20        Unable to identify any actual material "outside the pleadings," Fed. R. Civ. P. 12(d), Plaintiffs

21   fixate on a sentence in Apple's reply about its "express assumption" that the "Coronavirus Reporter"

22   entity in *Coronavirus I* was Plaintiff Coronavirus Reporter Corp.  Mot. 3–4.  There, Apple said that it

23   "did not seek affirmance [of the Court's ruling in *Coronavirus I*] based on a lack of jurisdiction over

24   'Coronavirus Reporter' and had proceeded throughout the litigation on the express assumption that the

25   'Wyoming Corporation' called 'Coronavirus Reporter' was 'Coronavirus Reporter Corporation.'"

26   Dkt. 64 at 3–4.  This is not, as Plaintiffs say, a "significant factual representation" that requires "dis-

27   covery to test."  Mot. 4, 5.  The source of Apple's statement is the citation that follows that sentence:

28   Apple cited its brief in the *Coronavirus I* litigation in which it *explicitly* stated that it was operating

under the assumption that the "Coronavirus Reporter" plaintiff was "Coronavirus Reporter Corporation." *See* Dkt. 64 at 4 (citing to *Coronavirus I*, Dkt. 32 at 6); *see also Coronavirus I*, Dkt. 33-15 (exhibit of the Wyoming Articles of Incorporation for Coronavirus Reporter Corporation).

That citation to a prior brief does not convert Apple's motion to dismiss into a motion for summary judgment. As already noted, a citation to public filings in other litigation to support a description of the position a party took in that litigation is fully consistent with the requirement that courts resolve motions to dismiss without consideration of facts outside the Complaint. *See Reyn's*, 442 F.3d at 746 n.6; *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (rejecting argument that consideration of "the proceedings and determinations of the district and appellate courts in [other actions]" required conversion to summary judgment proceedings).

Plaintiffs' suggestion that Apple's "assertion" requires "discovery to test," Mot. 3–4, is also misplaced given the actual arguments at issue. Apple argued that Plaintiffs' claims are barred by *res judicata*. Dkt. 62 at 5–10. Discovery about Apple's subjective understanding is irrelevant to that issue, which focuses on the identity of parties and issues. *See* Dkt. 62 at 5–10 (analyzing each element of *res judicata*); Dkt. 64 at 1–4 (same). Similarly, Plaintiffs' argument that they need discovery into Apple's subjective intent for their judicial estoppel argument, Dkt. 63 at 3–4, is misplaced because "the key [in analyzing judicial estoppel] is the representation and argument made to the Court viewed objectively, not counsel's latent subjective intent." *Booth v. Quantum3D, Inc.*, 2005 WL 1512138, at *7 (N.D. Cal. June 15, 2005) (Chen, J.). All of the arguments and counterarguments concerning *res judicata* can and should be resolved based on the materials properly before the Court.[1]

## C.    Plaintiffs Falsely Impute Their Own Statement to Apple

Plaintiffs also complain that Apple "quotes (and characterizes) private e-mails between Gibson Dunn and Plaintiffs' counsel to argue that Plaintiffs 'conceded' certain corporate-identity points." Mot. 5. It is difficult to overstate how bizarre this argument is. As best as one can discern, Plaintiffs appear to reference Apple's statement that "Plaintiffs seek to rewrite history by arguing they 'conceded' the

---

[1] For the same reasons, Plaintiffs' counsel's demand for extravagant discovery (*see* Dkt. 67-2)—which is given no meaningful treatment in Plaintiffs' motion—is unwarranted.

[null entity] point and the Ninth Circuit adopted it." Dkt. 64 at 4. In that sentence, Apple quoted *Plaintiffs' own words* from *Plaintiffs' own opposition* to characterize *Plaintiffs' own position*. *See* Dkt. 63 at 3 (Plaintiffs' argument that their counsel "conceded and did not oppose" the assertion that Plaintiffs had not properly identified themselves). Any claim that this statement impermissibly relies on "private e-mails" outside the record is self-defeating as it would mean *Plaintiffs' argument in opposition* cannot be credited by the Court on a motion to dismiss. *See, e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[I]t is well established in this District that attorney argument is not evidence on which the court can rely."). Plaintiffs cite no case converting a motion to dismiss into a motion for summary judgment under anything like these circumstances.[2]

Plaintiffs' other references to "a jumble of mis-placed quotations and auxiliary documents" fare no better. Mot. 6. Plaintiffs never specify to what part of Apple's brief they are responding, so Apple cannot directly respond to this argument. But Apple's brief speaks for itself: Apple's legal arguments are set forth with appropriate citations to the record and authorities. The only "auxiliary documents" are the aforementioned exhibits to which Plaintiffs did not object and which are subject to judicial notice. *See supra* at 2–4 The Court can and should resolve Apple's motion to dismiss based on the materials properly before it.

## II.    There Is No Basis to Strike Apple's Reply Brief

Aside from the meritless arguments addressed above, Plaintiffs ask the Court to strike Apple's reply because, they say, it makes too many arguments and relies on authorities not cited in Apple's motion. *See* Mot. 1, 6 & n.1. Those are not reasons to strike a brief. Plaintiffs do not claim that Apple's arguments are anything but directly responsive to Plaintiffs' arguments in opposition. *See, e.g.*, *Stribling v. Brock*, 2017 WL 950803, at *1 (N.D. Cal. Mar. 10, 2017) ("Litigants may file reply briefs in support of their motions wherein they address arguments raised in oppositions to their motions and they reemphasize arguments set forth in their motions"); *United States v. Rowen*, 2021 WL

---

[2] Further, *Plaintiffs* first conjured up this supposed concession about Coronavirus Reporter's nonexistence earlier in this litigation, and *Plaintiffs* introduced the parties' correspondence into the record. *See* Dkt. 39 at 7–8. Even if Apple had cited to those documents, Plaintiffs cannot introduce materials into a case, characterize them in their opposition, and then fault Apple for quoting Plaintiffs' words in responding to Plaintiffs' arguments.

2186222, at *2 (N.D. Cal. May 28, 2021) (similar).  And it is also well established that, in responding to arguments in an opposition, a reply motion may identify relevant authority, even if not cited in the initial motion.  *See*, *e.g.*, *Chaudry v. Cnty of San Diego*, 2022 WL 17652794, at *3 (S.D. Cal. Dec. 13, 2022) ("[R]aising authority in a reply that were not raised in the motion is not barred as long as there are no new facts or different legal arguments"); *Atl. States Legal Found. v. Salt River Pima-Maricopa Indian Cmty.*, 827 F. Supp. 608, 611 (D. Ariz. 1993) (similar).

    **1. Market Definition.**  In one half-hearted paragraph, Plaintiffs argue that Apple's reply should be stricken because it "complicate[s] this proceeding via dozens of new case references and densely packed but thinly argued assertions" about market definition.  Mot. 6.  They identify no authority to strike a brief on this basis, nor do they even identify which "assertions" they believe are "thinly argued." *Id.*  To the contrary, Plaintiffs asked the Court in their opposition to ignore the Complaint's references to undefined markets, Dkt. 63 at 18–20, so Apple replied that doing so only exacerbates the failure to clearly define plausible relevant markets, Dkt. 64 at 10–12.  Plaintiffs also asked the Court to focus on four alleged markets (smartphones, smartphone apps, app stores, and iPhone notary stamps), Dkt. 63 at 18–19, so Apple replied by explaining these markets were inadequately defined or irrelevant, Dkt. 64 at 11–12.  Each of Apple's contentions is set forth clearly and supported by citations to authority and the record.  *See id.* at 10–12; *see also Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1005 n.1 (9th Cir. 1995) (explaining that a party waives an argument only where it "fails to contain [the party's] contentions, and citations to authorities").  There is no basis to strike Apple's market definition arguments.

    Abandoning any other pretense, the rest of Plaintiffs' argument attempts to further litigate the merits of Apple's market-definition arguments.  *See* Mot. 6–9.  Again, Plaintiffs' disagreement with Apple's argument is no basis to strike a reply.  *See*, *e.g.*, *Coleman v. Brown*, 922 F. Supp. 2d 1004, 1025 (E.D. Cal. 2013) ("Plaintiffs make arguments with which defendants may disagree, but [this] is simply no legal basis for striking any portion" of the opposition); *Washington v. Adams*, 2011 WL 5980745, at *1 (E.D. Cal. Nov. 29, 2011) (similar).  Plaintiffs' argument is not new in any event: They maintain that a "smartphone market" is enough because they invoke a leveraging theory.  Mot. 7; *see* Dkt. 63 at 11–12 (making same argument).  But as Apple explained, leveraging is a two-market theory that requires definition of both the leveraged market and the market in which that leverage is used to

foreclose competition.  Dkt. 64 at 8–9, 11; *see also Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 549 (9th Cir. 1991).  Plaintiffs cannot allege Apple has monopoly power to leverage, and harms competition in a second market through the leverage of such power, without defining the implicated markets.  *See Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 955 (9th Cir. 2023) (defining the relevant markets is required to measure power and the ability to affect competition); *Ohio v. Am. Express Co.*, 585 U.S. 529, 543 (2018) (same).  Plaintiffs' arguments are thus doubly misplaced:  They are wrong on their own terms and, more to the point here, entirely beside the point of their Rule 12(d) motion.

None of the cases Plaintiffs cite hold otherwise.  *See* Mot. 8.  To start, Plaintiffs appear to have invented the quotations they attribute to some of these cases.  The Ninth Circuit never used the phrase "tends to entrench or enlarge" (Mot. 8) in *MetroNet Services Corp. v. Qwest Corp.*, 383 F.3d 1124, 1131–33 (9th Cir. 2004).  Likewise, the proposition that the archetype of monopoly leveraging involves "'use of power in Market A to impose restraints in Market B in order either to monopolize B or to reinforce A'" (Mot. 8) is nowhere to be found in *Alaska Airlines*, 948 F.2d at 549.  Westlaw and Lexis searches reveal no decisions that have used those exact phrases.  Plaintiffs' misrepresentations are improper and misleading.  *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1063 (E.D. Cal. 2025) ("Submitting fictitious cases and quotations to the court degrades or impugns the integrity of the Court and interferes with the administration of justice." (cleaned up)); *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("Rule 11 require[s] that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely.").[3]  What the cases Plaintiffs cite actually say offers them no

---

[3] Plaintiffs also misattribute language to *Khoja*, 899 F.3d at 999, and *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988).  *See* Mot. 6 (supposedly quoting language from these cases that is found in neither opinion).  The same problem runs through Plaintiffs' sur-reply.  Plaintiffs represent that *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019), stands for the proposition that "[t]he Ninth Circuit explicitly disfavors premature dismissal of antitrust claims precisely because such procedural entanglements 'can often obscure substantial questions' best resolved through discovery and merits adjudication," Dkt. 67-1 at 9, but that is a breach-of-contract and copyright decision in which the quoted language is nowhere to be found.  The statement attributed to *Samsung Electronics Co. v. Panasonic Corp.*, 747 F.3d 1199, 1203–04 (9th Cir. 2014)—that "continuing violations involving periodic charges or changing terms" is enough to constitute new and actionable antitrust violations, Dkt. 67-1 at 12—is likewise

Gibson, Dunn &
Crutcher LLP

help in any event: *MetroNet* not only never mentions "leveraging" but also affirmed judgment for the defendant due to the absence of anticompetitive conduct, 383 F.3d at 1129–34; *Eastman Kodak Co. v. Image Tech. Servs., Inc.* was a tying, not monopoly leveraging, case in which the plaintiff defined and proved markets for both the tying and tied products, 504 U.S. 451, 459, 463 (1992); and *Alaska Airlines* holds that both markets implicated by a leveraging claim must be analyzed, 948 F.2d at 547.

Finally, Plaintiffs argue at length about the Supreme Court's decision in *Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982)—a case about antitrust standing, not market definition. *See* Mot. 7–9. Plaintiffs' argument is just more rehash (*see* Dkt. 63 at 12) to which Apple has already replied (*see* Dkt. 64 at 8). For present purposes, none of Plaintiffs' commentary even purports to explain why Apple's arguments should be stricken.

**2. Res Judicata.** Plaintiffs' complaints about Apple's *res judicata* arguments are much the same. *See* Mot. 9–11. They appear to complain that Apple cited two cases in its reply that were not cited in the motion to dismiss: *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460 (9th Cir. 1993), and *SaurikIT, LLC v. Apple Inc.*, 2023 WL 8946200 (9th Cir. Dec. 28, 2023). *See* Mot. 9. But as Plaintiffs concede, those cases were cited in response to Plaintiffs' argument that *res judicata* does not apply to a claim challenging "each independent annual $99 fee transaction [as] on-going conduct." Dkt. 63 at 8; *see* Dkt. 64 at 2 n.1 (responding to that argument by stating that such claims "remain precluded" under *Dual-Deck* and *SaurikIT*). Apple cannot predict every argument Plaintiffs will make in opposition, and citing cases in reply that are directly responsive to such arguments is ordinary and permissible. *See Rowen*, 2021 WL 2186222, at *2; *Stribling*, 2017 WL 950803, at *1.

The remainder of Plaintiffs' arguments again go to the merits. Briefly, Plaintiffs argue that annual developer payments give rise to a new claim each year and therefore cannot be barred by *Coronavirus I*'s 2021 judgment. But as Apple explained, *Dual-Deck* forecloses that argument: A plaintiff must allege a new pattern of conduct, 11 F.3d at 1463–64, and Plaintiffs offer only garbled arguments

---

invented. And as one final example, Plaintiffs say that the California Court of Appeal in *Beverage v. Apple Inc.*, 101 Cal. App. 5th 736, 746–50 (Cal. Ct. App. 2024), "expressly limited its holding to 'Apple's uniform commission structure,'" Dkt. 67-1 at 13 n.3, even though the opinion never uses the quoted language and does not stand for the stated proposition.

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 12(D) CONVERSION
CASE NO. 3:24-CV-08660-EMC

that the agreement is somehow different every year, Mot. 10—none of which are supported by citations to the Complaint. *See Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019) ("[T]he complaint may not be amended by briefs in opposition to a motion to dismiss."). Nor could they do so. By Plaintiffs' own lights, the "term in question"—a $99 annual fee—has remain unchanged since well before *Coronavirus I. SaurikIT*, 2023 WL 8946200, at *1; *see* Mot. 10 (characterizing a uniform $99 fee as applying each year). Plaintiffs' arguments are thus meritless and have no relevance to their request to strike Apple's reply.[4]

**3. State-Law Claims.** Plaintiffs' argument for striking Apple's reply arguments about Plaintiffs' state-law claims starts with a false premise: that Apple "newly-raised" *Beverage v. Apple Inc.* in its reply. Mot. 11. That's wrong. Apple cited *Beverage* in its motion to dismiss, explaining that it foreclosed Plaintiffs' derivative unfair competition theory under California law. *See* Dkt. 62 at 25. Because Plaintiffs' opposition brief made only a glancing mention of this argument—and no attempt to distinguish *Beverage*, *see* Dkt. 63 at 24–25—Apple quoted the case in its reply to underscore the same point. *See* Dkt. 64 at 15. There is therefore no basis to strike Apple's reply, and the Court should instead disregard Plaintiffs' attempt to unwind their own failure to address *Beverage* until a sur-reply. *See*, *e.g.*, *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 964 (N.D. Cal. 2022) (finding an issue waived when the party "d[id] not oppose in its response brief").

Plaintiffs misread *Beverage* in any event. That case, like this one, challenged Apple's App Store policies under antitrust law and the UCL. 101 Cal. App. 5th at 742–44. Because Apple's alleged conduct was a refusal to deal "immunized from antitrust liability by the *Colgate* doctrine," the court dismissed plaintiffs' UCL claim as derivative of, and failing for the same reason as, Plaintiffs' federal claims. *Id.* at 746. As the court explained, this ruling applies the well-trodden rule under California law that where "the same conduct was alleged . . . to be both an antitrust violation and an 'unfair'

---

[4] Plaintiffs also continue to confuse the continuing violation exception to the statute of limitations with *res judicata* by citing *Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1301 (9th Cir. 1986), and *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971). *See* Mot. 10–11. Those cases say nothing about *res judicata*. Moreover, a pattern of conduct can give rise to continuing violations even as a claim challenging that pattern of conduct is barred by *res judicata*. *See N. Cal. River Watch v. Humboldt Petroleum, Inc.*, 162 F. App'x 760, 763 (9th Cir. 2006) ("Simply identifying continuing harm from the same conduct is insufficient to overcome res judicata.").

business act or practice for the same reason"—"because it unreasonably restrains competition and harms consumers"—a dismissal of the antitrust claims entails dismissal of the UCL "unfairness" claim. *Id.* at 752 (quoting *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (Cal. Ct. App. 2001)). Nothing in the decision confines its holding to "price-fixing" or "purely price-based antitrust/UCL claims," as Plaintiffs suggest. Mot. 11. California courts have instead held, as Apple previously noted, that "attempt[ing] to restate" antitrust claims "under the unfairness prong" through a "separate inquiry into essentially the same question . . . only invite[s] conflict and uncertainty." Dkt. 64 at 15 (quoting *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007)).

Plaintiffs' other, lengthy arguments do not even pretend to speak to their request to strike Apple's reply. *See* Mot. 11–15. They are also meritless. Try as they might, Plaintiffs cannot escape that the alleged conduct underlying the UCL claim is the same as the antitrust claims. *See* Dkt. 62 at 25; Dkt. 64 at 15. And while Plaintiffs say that alleged "censorship" gives rise to an UCL claim because, they now concede, it is not antitrust injury, Mot. 12–13, they ignore that the UCL, like the antitrust laws, is concerned for "the public at large, or consumers generally," and not competitors or would-be competitors. *See In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 998–99 (N.D. Cal. 2010) ("[T]he central issue presented under [the UCL] is whether the public at large, or consumers generally, are affected by the alleged unlawful business practice of defendants."). Similarly, Plaintiffs' arguments about litigation in *Epic Games v. Apple* and European regulation, Mot. 13–15, have no relevance to *Plaintiffs'* alleged injuries, as they never attempted to use the link-out entitlement at issue in *Epic* or Apple's European business terms. *See* Dkt. 64 at 2–3. Given that these arguments have no relevance to the relief sought in Plaintiffs' motion, Apple will not belabor them further here; Apple will be prepared to address them at the hearing on Apple's motion to dismiss to the extent the Court entertains them—notwithstanding that they should have been made in opposition, not by collateral motion or sur-reply. *See Hawn v. McHugh*, 2013 WL 3958387, at *1 n.1 (N.D. Cal. July 29, 2013) (noting that the District's Local Rules "do not allow for subsequent opposition" outside of the response to a motion to

dismiss).[5]

Finally, Plaintiffs argue that different subsections of Wyoming state law mirror the UCL's distinction between unfair and "oppressive or unscrupulous conduct." Mot. 13. This, too, is wholly beside the point under Federal Rule of Civil Procedure 12(d). Regardless, Plaintiffs' only authority, *Dale v. S&S Builders, LLC*, 188 P.3d 554, 559–60 (Wyo. 2008), concerned state-court arbitrary-and-capricious review of state agency proceedings and has nothing at all to do with the statute at issue. Plaintiffs cite nothing to support their argument that a claim under Wyoming Rev. Stat. § 40-12-105(xv) is not subject to the multiple, threshold requirements Apple has identified. *See* Dkt. 62 at 25.

*        *        *

Plaintiffs' motion provides no basis to strike or otherwise disregard Apple's reply brief. But even if Plaintiffs had done so, the Court has granted Plaintiffs' leave to file a sur-reply. Dkts. 68, 69. That obviates any perceived prejudice and any claimed need to strike Apple's brief. *See Gennock v. Warner-Lambert Co.*, 208 F. Supp. 2d 1156, 1158 (D. Nev. 2002) (denying a motion to strike a reply brief and considering the movant's sur-reply instead). The Court should therefore deny Plaintiffs' motion.

## CONCLUSION

Plaintiffs' Motion is yet another litigation abuse. Inventing problems with Apple's reply where none exist, Plaintiffs have now larded the record with another set of voluminous, meritless papers that include stark misrepresentations about the record and invented language misattributed to precedent. What is more, Plaintiffs triple down on their frivolous attempt to evade *res judicata*. Their Motion, in short, is another unfortunate reminder that "Plaintiffs appear no closer to ending their improper tactics to keep this litigation active" and "will not stop abusing the judicial system until ordered to do so." Dkt. 70 at 2. The Court should deny Plaintiffs' motion and proceed to consider Apple's motions to dismiss and to impose sanctions.

---

[5] Notably, Plaintiffs offer no rebuttal to Apple's other arguments for dismissing Plaintiffs' UCL claim. *See* Dkt. 62 at 25 (noting that, under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), Plaintiffs fail to plead an entitlement to equitable relief, as is required to state a UCL claim).

Gibson, Dunn &
Crutcher LLP

DATED: June 9, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Julian W. Kleinbrodt*
    Julian W. Kleinbrodt

RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:      415.393.8200
Facsimile:      415.393.8306

*Attorneys for Defendant Apple Inc.*

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 12(D) CONVERSION
CASE NO. 3:24-CV-08660-EMC