Exhibit 4

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Keith Mathews <Keith@awplegal.com> |
| **Sent:** | Tuesday, June 24, 2025 7:17 AM |
| **To:** | Kleinbrodt, Julian W.; Jeffrey D. Isaacs |
| **Cc:** | Brass, Rachel S.; Leah C. Schwartz; Melissa Theriault |
| **Subject:** | RE: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Errata |

**This Message Is From an External Sender**
This message came from outside your organization.

Julian,

Upon reviewing our motion in light of your vexatious pleading filed this weekend which appeared to ignore its existence I determined that I was incorrect in applying a case in the document and send the following Errata:

**Handloser v. HCL Am., Inc.,** 2021 WL 879376 (N.D. Cal. Mar. 9 2021).

*Handloser* addresses Rule 26 discovery, not the interplay between Rule 11 and anti-SLAPP. It should be replaced with the following authorities, each of which recognizes that a federal court may consider Rule 11 requests "in conjunction with" anti-SLAPP issues:

- **Makaeff v. Trump Univ., LLC**, No. 10-cv-0940-GPC, 2013 WL 990918, at *4-7 (S.D. Cal. Mar. 13 2013) (court ruled on defendants' anti-SLAPP fee motion and plaintiffs' Rule 11 motion in the same order, denying Rule 11 as unnecessary after granting anti-SLAPP relief).
- **Makaeff v. Trump Univ., LLC**, 715 F.3d 254, 271 n.13 (9th Cir. 2013) (On remand, the district court may address Rule 11 issues in conjunction with the anti-SLAPP matters).

The sentence beginning "Federal courts routinely evaluate Rule 11 sanctions and anti-SLAPP requests together …" should now cite the two authorities above.

The same footnote continues to reference:

- **Holgate v. Baldwin**, 425 F.3d 671, 677-78 (9th Cir. 2005); and
- **Mattel, Inc. v. MGA Entm't, Inc.**, 705 F.3d 1108, 1118 (9th Cir. 2013).

Those citations are correct and remain in place; they are cross-referenced here simply for completeness. These corrections do not alter any argument or requested relief in Plaintiffs' motion.

Regards,

Keith Mathews

---

**From:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Sent:** Thursday, June 5, 2025 12:03 PM
**To:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>; Keith Mathews <Keith@awplegal.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>

**Subject:** RE: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

We understand and appreciate Mr. Isaacs' challenges, but he is not a named party to this litigation and no filing is required from him, so our response is in that context.   A further 60-day extension is not warranted under the circumstances.  Plaintiffs have had a copy of Apple's motion since April 23.  Plaintiffs will have had over 50 days to prepare a response by the current deadline, and, with the extension we have offered, would have almost 55 days.  During that time, the Plaintiffs prepared a Rule 12(d) motion, showing that Mr. Mathews had capacity to prepare briefing.  Whatever other obligations or challenges Plaintiffs face, there is no reason they require an *additional* 60 days.

Moreover, the Court set a hearing for Apple's motion to dismiss on July 10.  Given the undisputed "substantial[]" "overlap" with that motion, Apple believes its sanctions motion is appropriately heard with the motion to dismiss.  Apple has offered as a courtesy an extension that would not require moving the Court's selected hearing date; Plaintiffs' proposed extension would see briefing stretch well past the hearing date and, thus, require resetting that date.   Apple will not stipulate to a change with that result.

Apple provided Plaintiffs with *more* than the required 21-day safe harbor under by Rule 11 and has now offered Plaintiffs *more* time than the Local Rules require for an opposition.  To more-than-double that already-enlarged window for preparing an opposition—while Plaintiffs continue to file additional motions against Apple—would simply allow more time for the sanctionable conduct to continue and thereby prejudice Apple.

Finally, for the avoidance of doubt, we also disagree with many assertions in Plaintiffs' emails and do not believe many of the asserted grounds for an extension have any relevance to Apple's sanctions motion or the briefing schedule therefor.   Should Plaintiffs' make these arguments to the Court, we will respond to them in due course.


**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Wednesday, June 4, 2025 8:00 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>
**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

I would like to know if Apple is refusing the reasonable accommodation I requested. As you are aware, I have frequently requested thirty and sixty day extensions for substantial pleadings over the years, due to medical issues. If Apple would like to hire independent medical examiner, I consent for this specific reason. Please advise.

Jeffrey Isaacs

On Wed, Jun 4, 2025 at 8:36 AM Keith Mathews <Keith@awplegal.com> wrote:

> All,
>
> The corporate plaintiffs concur that 60 days is necessary for this response. Dr. Isaacs has clearly articulated the reasons for that request.
>
> Please let us know.
>
> Thanks,
>
> Keith

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Tuesday, June 3, 2025 9:21 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>
**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

In addition to Attorney Mathews' request, Greenflight will seek (in the alternative) sixty days extension. Sixty days is requested for several reasons. 1 - My ongoing medical issues require an extension of time to accommodate, 2 - I was not personally served in this matter, for an injunction that is personally against me, 3 - Briefings in this case have routinely been extended in light of the complexity of this case, and sixty days is appropriate for a Motion that Apple clearly has been working on for the past year (improperly delaying it), 4- We have an issue regarding our counsel's notice of departure that requires addressing prior to responding to Rule 11 matters and Section 1927 matters, 5- sixty days aligns with the intent and requirements of California Anti-SLAPP.

Please advise if Apple agrees to the alternative sixty day extension NOT LINKED to the underlying MTD timing.

THank you

Jeffrey Isaacs

On Tue, Jun 3, 2025 at 8:35 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

All,

Apple does not consent to a "Notice and Request That the Court Invite Amicus Curiae Participation." The docket is public if potential amici are interested, and we are happy to consider specific requests from amici if they seek leave to file. Given the volume of paper already on file in this case, we do not believe a blanket consent for amici is appropriate here. For the same reason, we do not believe a filing seeking "no substantive or procedural relief" is appropriate; moreover, Plaintiffs' proposed filing makes clear that Plaintiffs are in fact asking the Court to affirmatively assist in Plaintiffs' call for amici, and we do not think there is any basis for that request.

We also decline to defer briefing on sanctions. We believe the motions are appropriately considered in parallel. Plaintiffs had our motion for more than 21 days before we filed it; if they declined to begin preparing a response promptly, and instead elected to file a Rule 12(d) motion, then any shortage of time is a problem exclusively of your making. That said, as a one-time courtesy, we are willing to file a stipulation and proposed order to provide Plaintiffs with three additional days for their opposition (to June 16) provided that Plaintiffs similarly stipulate that Apple have three additional days for its reply (to June 26) and that the current hearing date remain set.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Tuesday, June 3, 2025 6:42 AM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>

4

**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

Greenflight acknowledges receipt.

Thank you.

On Tue, Jun 3, 2025 at 9:26 AM Keith Mathews <Keith@awplegal.com> wrote:

> Dear Ms. Brass:
>
> I write pursuant to Civil Local Rule 7-12 and the Court's Guidelines for Professional Conduct to determine whether Apple will stipulate to two narrow scheduling/administrative items that would conserve judicial and party resources:
>
> **1. Non-Opposition to a "Notice Inviting Amicus Curiae Participation"**
> Plaintiffs intend to file a three-page "Notice and Request That the Court Invite Amicus Curiae Participation" (draft attached below). The notice would simply alert the Court that (i) the pending sanctions motion raises broader First-Amendment/antitrust-public-interest questions, and (ii) Plaintiffs welcome amici—including the U.S. Department of Justice—should the Court deem their perspective helpful. The notice seeks **no substantive or procedural relief** and does not alter existing deadlines.
>
> Will Apple stipulate that it takes no position (or, at minimum, will not oppose) the filing of that brief administrative notice? We will include Apple's position in the Notice.
>
> **2. Joint Motion to Defer Sanctions Briefing Pending the Rule 12(b)(6) Decision**
>
> Apple's sanctions motion (ECF 70) and its motion to dismiss (ECF 62) overlap substantially—particularly on res judicata, Rule 12(d) conversion, and the scope of post-2021 conduct. Deferring sanctions briefing until after the Court resolves the Rule 12(b)(6) motion would:
>
> • Avoid two rounds of duplicative briefing on the same legal questions;
> • Enable the Court to assess whether any part of the complaint survives, thereby mooting or narrowing sanctions issues; and
> • Eliminate potential disputes over discovery and evidentiary hearings while the pleadings are still in flux.
>
> We propose a simple joint motion asking Judge Chen to (a) defer the current July 15 opposition deadline, and (b) set a new schedule, if needed, after the Rule 12 order issues. Apple will thereby also toll the Anti-SLAPP sixty day requirement to align with the new deadlines.
>
> Will Apple stipulate to such a joint scheduling motion?

5

**Timing**

Because the sanctions-opposition deadline is approaching, please let me know Apple's position on both requests by **5:00 p.m. Pacific today**. If we cannot reach agreement, Plaintiffs will promptly move the Court for appropriate relief.

I appreciate your prompt consideration and will, of course, reciprocate any professional courtesies you may request.

Please also note that my clients, Greenflight and CRC, did not authorize Attorney Theriault's Notice of Withdrawal, and therefore request that you continue to view her as counsel of record.

Sincerely,

Keith A. Mathews
Counsel for Plaintiffs

_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| CORONAVIRUS REPORTER CORP., et al., | ) Case No. 3:24-cv-08660-EMC |
| Plaintiffs, | ) PLAINTIFFS' NOTICE AND |
| | ) REQUEST THAT THE COURT |
| v. | ) INVITE AMICUS CURIAE |
| | ) PARTICIPATION |
| APPLE INC., | ) |
| | ) (Civil L.R. 7-11, inherent power) |
| Defendant. | ) |

   PLEASE TAKE NOTICE that Plaintiffs respectfully inform the Court that (1) the pending Rule 11 / § 1927 sanctions motion (ECF 70) raises systemic issues concerning First-Amendment petitioning rights, California's anti-SLAPP policy, and the intersection of private antitrust enforcement with the United States' active monopolization case *United States v. Apple Inc.*, No. 5:24-cv-02087-EJD (N.D. Cal. 2024); and (2) Plaintiffs, a small, now-insolvent developer, lack resources to retain additional counsel to brief those broader public-interest questions.

   District courts possess inherent authority to invite or accept amicus curae briefing where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). Plaintiffs therefore respectfully request that the Court:

1. Enter a minute order stating that amicus briefs addressing the sanctions motion, the First-Amendment implications of seeking a litigation gag order, or the competitive-effects context may be filed without prior leave up to 14 days before any noticed hearing; and

2. Transmit a courtesy copy of that invitation to the Antitrust Division of the U.S. Department of Justice pursuant to 28 U.S.C. § 517 and any other public-interest organizations the Court deems appropriate.

Plaintiffs believe such an invitation will assist the Court in evaluating Apple's extraordinary request for a nationwide pre-filing injunction against non-parties and a $400,000 fee award premised on Plaintiffs' exercise of core petitioning rights.

Date: June __ 2025              Respectfully submitted,

/s/ Keith A. Mathews
KEITH A. MATHEWS
Counsel for Plaintiffs

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.