UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>APPLE INC,<br><br>                Defendant. | Case No.  24-cv-08660-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 62 |

## I.        INTRODUCTION

Plaintiffs challenge Defendant Apple Inc.'s alleged monopolization of the app distribution market for its devices.  Defendant Apple Inc. ("Apple") moves to dismiss Plaintiffs' First Amended Complaint ("FAC 2").  Dkt. 62.  Plaintiffs' claims are barred by *res judicata.  See Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021); *Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2526 (2024).  Accordingly, the Court **GRANTS** Apple's motion to dismiss all of Plaintiffs' claims against Apple and **DENIES AS MOOT** Plaintiffs' request to convert Apple's motion to a summary judgment motion.  *See* Dkt. 67.

## II.        BACKGROUND

On November 30, 2021, this Court dismissed claims brought by plaintiffs Coronavirus Reporter, Calid Inc., Dr. Jeffrey D. Isaacs, and Primary Productions LLC against Apple Inc. *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021) (case is hereafter "*Coronavirus I*").  There, the plaintiffs challenged Apple's alleged "monopolist operation of its App Store through curation and censorship of smartphone apps." *Id.* at *1

1  (internal citation omitted) ("Plaintiffs bring this action for antitrust and RICO violations, and
2  breach of contract and fraud against Apple, Inc…"). This Court held that the plaintiffs' antitrust
3  claims failed because the plaintiffs had failed to define a relevant market or allege an antitrust
4  injury. *Id.* at *6. This Court dismissed the plaintiffs' complaint with prejudice because "between
5  the various iterations of this case being filed across jurisdictions and by different configurations of
6  Plaintiffs – all challenging the same conduct by Apple and all by the same counsel – this is
7  Plaintiff's *seventh* amended complaint on these claims" and the plaintiffs had still failed to state
8  any claims. *Id.* at *18 (emphasis in original).

9  On November 3, 2023, the Ninth Circuit affirmed this Court's decision. *Coronavirus Rep.
10  v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2526, 219 L. Ed. 2d 1204
11  (2024) (holding that "the district court properly dismissed with prejudice all of the claims against
12  Apple"). The Ninth Circuit held that "the district court did not abuse its discretion in concluding
13  that further amendment was not warranted" because "Plaintiffs-Appellants were given a total of
14  seven opportunities to amend similar complaints across jurisdictions and between various
15  permutations of plaintiffs, but still failed to state their claims here adequately." *Id.*

16  On March 3, 2024, in the District of Wyoming, the instant Plaintiffs Coronavirus Reporter
17  Corporation, Calid Inc., and Greenflight Venture Corporation ("Plaintiffs") filed suit against
18  Defendant Apple Inc. Dkt. 1.

19  On July 26, 2024, Plaintiffs filed their First Amended Complaint ("FAC 2"). Plaintiffs
20  allege that Apple monopolizes the app distribution market on its devices through its curation and
21  app approval process for its App Store and suppresses or excludes apps that compete with Apple
22  or its partners. Dkt. 30. Plaintiffs assert nine claims based on this alleged conduct.

23  On November 21, 2024, the case was transferred to the Northern District of California.
24  Dkt. 44.

25  On January 9, 2025, this Court related this case to *Coronavirus I*. Dkt. 53.
26  Before the Court is Defendant's motion to dismiss. Dkt. 62.

27  ### III.    LEGAL STANDARD

28  The doctrine of claim preclusion allows "a judgment on the merits in a prior suit [to] bar[]

2

a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979). The bar extends beyond issues that were actually litigated, encompassing all claims based on the same cause of action that were brought or could have been brought. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). The three elements for claim preclusion are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017).

## IV.     DISCUSSION

Plaintiffs' claims are barred by *res judicata* or claim preclusion.

### A.     Identical Issues

The first element is met. When considering whether claims are identical for claim preclusion purposes, the Ninth Circuit considers: "(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

*Coronavirus I* and the instant suit arise out of the same nucleus of facts. In both cases, Plaintiffs allege that Apple monopolizes the app distribution market on its devices through its curation and app approval process for its App Store. *See Coronavirus I* FAC (hereafter "FAC 1) (Dkt. 42) ¶ 2 and FAC (hereafter "FAC 2") (Dkt. 30) ¶¶ 2, 5, and 7 (both introducing the lawsuit as a challenge to Apple's monopolistic App Store curation and app censorship). In both cases, Plaintiffs allege that Apple suppresses or excludes apps that compete with Apple or its partners. *See* FAC 1 ¶ 27-30 and FAC 2 ¶ 343-44. In fact, Plaintiffs concede that they lifted allegations, claims, and injuries from *Coronavirus I*. *See Thompson v. Barrett Daffin Frappier Treder & Weiss*, No. 19-56460, 2021 WL 5002414, at *1 (9th Cir. Oct. 28, 2021) (finding claims precluded where "the labels and form of…claims vary at times from those raised in his earlier actions, [but]

3

1    the injury [Plaintiff] seeks to redress remains the same, as does the nucleus of facts essential to
2    each claim presented [here]").

3    　　　　Any subsequent litigation surrounding Plaintiffs' claims would arise from the same
4    transactional nucleus of facts and implicate substantially the same apps and evidence. Having lost
5    on the merits of their claims in this Court, which the Ninth Circuit affirmed, and for which the
6    Supreme Court denied certiorari, Plaintiffs would be precluded from bringing these claims against
7    Apple. *See Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021);
8    *Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2526
9    (2024).

10   **B.    Final Judgment on the Merits**

11   　　　　The second element is also met. A federal judgment typically becomes final for claim
12   preclusion purposes "when the district court disassociates itself from the case, leaving nothing to
13   be done at the court of first instance save execution of the judgment." *Clay v. United States*, 537
14   U.S. 522, 527 (2003).

15   　　　　This Court's dismissal of the claims in *Coronavirus I* "as a matter of law" and with
16   prejudice is a merits determination on the Plaintiffs' instant grievances that is sufficiently firm and
17   "not tentative, provisional, or contingent" for purposes of claim preclusion. *United States v.*
18   *Arpaio*, 951 F.3d 1001, 1007 (9th Cir. 2020) ("[A] judgment will ordinarily be considered final in
19   respect to a claim ... if it is not tentative, provisional, or contingent and represents the completion
20   of all steps in the adjudication of the claim by the court."); *see Clay*, 537 U.S. at 527. The
21   judgement of this Court was appealed; the Ninth Circuit affirmed the dismissal. There were no
22   further proceedings.

23   　　　　The Court's dismissal disposing of the entire complaint with prejudice, affirmed on appeal,
24   constituted a final judgment for purposes of claim preclusion. "Federal law dictates that a
25   dismissal with prejudice bars a later suit under res judicata." *Beard v. Sheet Metal Workers*
26   *Union, Loc.* 150, 908 F.2d 474, 477 (9th Cir. 1990); *see Coronavirus*, 2021 WL 593691 at *6
27   ("[T]he Court dismisses all of the antitrust claims for Plaintiffs' failure to" "allege a plausible
28   relevant market for their claims, and…fail[ure] to allege [an] antitrust injury."); *see Coronavirus*,

85 F.4th at 959 ("We affirm the decisions of the district court to dismiss Plaintiffs-Appellants' FAC for failure to state any claim under Federal Rule of Civil Procedure 12(b)(6) and to deny Plaintiffs-Appellants' motions for reconsideration and for preliminary injunction.").

### C. Privity of Parties

The third and final element is met. First, Plaintiff Calid Inc. and Defendant Apple "are identical in both actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). Second, Plaintiff Coronavirus Reporter Corporation, a Wyoming C corporation according to the complaint, was also a party in *Coronavirus I*. *See* Dkt. 30 at ¶ 47. That the entity includes "Corporation" in its name in this suit does not render it a new party, particularly where the State of Wyoming has a record of only one entity including "Coronavirus Reporter" in its name. *See* Mot. Exs. 1-5. Finally, the last remaining Plaintiff Greenflight Venture Corporation is in privity with the plaintiff in the prior case. "Even when the parties are not identical, privity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (*citing In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). "Greenflight Venture Corporation" is "Mr. [Jeffrey D.] Isaacs' solely owned entity." *Greenflight Venture Corp. v. Google LLC*, 765 F. Supp. 3d 1267, 1273 (S.D. Fla. 2025); *see* Mot. Ex. 6 (Florida Secretary of State Corporate Record listing Dr. Jeffrey D. Isaacs as the Chief Executive Officer of Greenflight Venture Corporation). Thus, privity is satisfied.

## V. CONCLUSION

For the reasons above, Defendant's motion to dismiss is granted with prejudice.

**IT IS SO ORDERED**.

Dated: June 25, 2025

_____
EDWARD M. CHEN
United States District Judge