Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., GREENFLIGHT VENTURE CORPORATION<br><br>*on behalf of themselves and all others similarly situated*<br><br>      Plaintiffs,<br><br>*vs.*<br><br>APPLE INC.<br>      Defendant. | Case No. 3:24-cv-8660-EMC<br><br>**ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE**<br><br>Date: August 21, 2025<br>Time: 1:30 p.m. PT<br>Place: Courtroom 5, 17th Floor<br><br>The Honorable Edward M. Chen |

## NOTICE

Under Civil Local Rule 7-11, Plaintiffs respectfully move for a brief procedural order that will (1) open a short amicus-briefing window, and (2) permit a limited public-input session addressing Apple's alleged retaliation against developers and its counsel's refusal to withdraw a *nation-wide* pre-filing ban now foreclosed by *Trump v. CASA, Inc.*, 606 U.S. ___ (2025). A supporting **Petition for Tim Cook's Resignation & CASA Compliance** (Exhibit A) is attached for the Court's convenience and to raise public awareness of these issues.

## REQUESTED RELIEF

1. **Amicus window.** Anyone may file an amicus brief (no motion for leave required) on or before **14 days before the scheduled public comments hearing** regarding:
   - (a) Apple's retaliation practices alleged in FAC ¶ 350,
   - (b) Apple's anticompetitive conduct towards developers and consumer effects thereof,
   - (b) the legality of Apple's requested nation-wide filing bar after *CASA*.

2. **Developer-input session.** The Court will accept **90 minutes of Zoom (or written) statements** from third-party developers or interested members of the public who wish to describe retaliation concerns, iPhone monopolization concerns, or related matters. Statements will be limited to five minutes each and need not reveal identities on the public record (to mitigate fear of reprisal).

3. **Briefing pause.** Briefing or hearings on any remaining matters other than recusal and DOJ referral and counsel withdrawl **shall be stayed** until the amicus window closes and the developer-input session occurs.

# GROUNDS

- **Overlooked retaliation claim.** The Court's dismissal order did **not** analyze FAC ¶ 350, which detail Apple's pattern of punishing outspoken developers (delistings, search throttling, copy-and-kill tactics). Public input will assist a post-recusal judge in assessing those facts.

The First Amended Complaint expressly included allegations regarding Apple's retaliation against developers who protested anticompetitive conduct (FAC ¶350). Specifically, Plaintiffs alleged that Apple engaged in retaliatory actions against Plaintiffs and others who advocated Sherman Act enforcement, potentially violating federal law (18 U.S.C. § 1512) and constituting unlawful conduct under California's Unfair Competition Law (UCL). However, the Court's dismissal order did not substantively address or analyze these serious retaliation allegations. Given the public significance and broad impact of potential developer retaliation by a major market participant like Apple, Plaintiffs respectfully suggest that an open-access public forum is an appropriate procedural vehicle for the Court to solicit additional information, testimony, or amicus submissions from affected developers and industry participants. Such a public forum would help the Court fully evaluate the ramifications of Apple's conduct and, if warranted, supplement or reconsider aspects of its prior order in the interest of justice and the public good.

FAC Paragraph 350 States: "Developers who actually protested such conduct, such as Epic and Plaintiffs, were routinely met with retaliatory actions by Apple. Discovery is necessary to reveal the full extent of how the largest monopoly in history endeavored to dissuade Sherman Act enforcement actions such as this case. Apple's lobbying efforts alone for the Open App Markets Act were estimated around $100 million. Unlike lobbying, direct retaliation against antitrust advocates represents potential violation of 18 USC §1512, and therefore is illegal conduct under the definitions of WCPA and UCL."

- **Public significance & CASA.** Apple still pursues an injunction that would gag future filings by Plaintiffs, their "associates," and even non-parties in every court—an order that *CASA* now makes ultra vires. Whether a private platform can weaponize litigation to silence critics is a First Amendment and competition issue of national importance.

- **Tim Cook oversight.** Exhibit A explains why Apple's CEO bears ultimate responsibility for litigation strategies condemned as contemptuous in *Epic Games v. Apple* and for Apple's current refusal to heed *CASA*. Those leadership concerns are directly relevant to Plaintiffs' retaliation allegations.

- **Protected petitioning.** This motion and Exhibit A are filed in a judicial proceeding; all statements are absolutely privileged under Cal. Civ. Code § 47(b) and the federal litigation-privilege doctrine. Plaintiffs have also noticed a Rule 11(c)(2) safe-harbor intent notice on Apple regarding its continued demand for the *CASA*-barred injunction. Apple has not responded to any of these requests for over 36 hours.

## CONCLUSION

A short amicus invitation and developer-public input session will illuminate issues the current record leaves unaddressed, without prejudicing any party. Plaintiffs therefore request entry of the one-paragraph order above.

**Declaration Re: Meet-and-Confer (Civil L.R. 7-11(a))**

Keith Mathews declares under penalty of perjury that on June 3, 2025 he emailed Apple's counsel (Rachel S. Brass, Julian Kleinbrodt at Gibson Dunn) the substance of this motion and requested Apple's stipulation; counsel responded on same day objecting to this request for "the Court to affirmatively assist in Plaintiffs' call for amici." Efforts to obtain a stipulation therefore failed.

1   Executed on this 30th day of June, 2025.

                                                        Respectfully Submitted,

                                                        /s/ Keith Mathews
                                                      Keith Mathews
                                                      Attorney for Coronavirus Reporter Corporation et al
                                                      *Pro Hac Vice*
                                                      NH Bar No. 20997
                                                      American Wealth Protection
                                                      1000 Elm Street, Suite 800
                                                      Manchester, NH 03105

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing Amended Motion for Public Comments and Amicus Permission was delivered via ECF to all interested parties.

Executed on this 30th day of June, 2025.

                                                        /s/ Keith Mathews
                                                      Keith Mathews
                                                     Attorney for Coronavirus Reporter Corporation et al
                                                     *Pro Hac Vice*
                                                     NH Bar No. 20997
                                                     American Wealth Protection
                                                     1000 Elm Street, Suite 800
                                                     Manchester, NH 03105