**[Proposed] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**

*(Case No. 3:24-cv-08660-EMC)*

The Court, having considered Plaintiff Coronavirus Reporter Corporation's **Motion for Sanctions Against Apple Inc. and Gibson Dunn & Crutcher LLP**, the opposition and any reply papers, the record in both related actions, and good cause appearing, hereby FINDS and ORDERS:

**I. Findings**

1. **Fraud on the Court.** The record reflects prima-facie evidence that Apple and its counsel advanced materially inconsistent factual positions in Coronavirus Reporter I (No. 21-5567) and Coronavirus Reporter II (No. 24-8660), misrepresented the existence of key parties, and intimidated a pro se litigant, thereby corrupting the truth-seeking process.
2. **Violation of Controlling Authority.** Apple continues to seek a "nationwide" pre-filing injunction that is incompatible with the U.S. Supreme Court's decision in **Trump v. CASA, Inc., 606 U.S. __ (2025)**, despite being placed on notice of that ruling.
3. **Pattern of Bad-Faith Litigation Conduct.** Judicially noticeable orders in *Epic Games v. Apple*, the Facebook User-Privacy MDL, and other matters demonstrate a recurring pattern of discovery obstruction, misrepresentation, and harassment by the same counsel.
4. **Need for Immediate Corrective Action.** These circumstances warrant the Court's exercise of inherent power, Fed. R. Civ. P. 11(c)(3), and 28 U.S.C. § 1927 to safeguard the integrity of these proceedings and deter repetition.

**II. Order to Show Cause**

Pursuant to Rule 11(c)(3) and the Court's inherent authority, **Apple and Gibson Dunn & Crutcher LLP SHALL SHOW CAUSE** why they should not be sanctioned for the conduct described above.

- **Deadline:** Written responses due **14 days** from the entry of this Order.
- **Page Limits:** 20 pages per responding party (excluding exhibits).
- **Hearing:** An evidentiary hearing is SET for _____ **2025 at 1:30 p.m.** in Courtroom 5.

**III. Expedited Targeted Discovery**

1. **Production Obligations (14-day deadline).** Apple and Gibson Dunn shall produce to Plaintiffs and lodge with the Court (under seal):

    a. All communications, draft filings, and internal memoranda (Jan 1 2021 – present) concerning this litigation including but not limited to

- the legal status or nomenclature of "Coronavirus Reporter," CRC, or Greenflight;

- Dr. Robert Roberts' or Jeffrey Isaacs' involvement in either action; and

- Apple's request for a nationwide injunction in this litigation.

  b. All documents relied on to assert that Apple's notarization process is an "inseparable component" of iOS security.

2. **Supervision.** Discovery compliance shall be overseen by **Magistrate Judge _____** (or a Special Master appointed under Fed. R. Civ. P. 53). Non-compliance may result in **contempt** or **issue/preclusion sanctions**.

## IV. Interim Relief

1. **Briefing Stay.** All other motion practice—except (i) the instant sanctions proceedings and (ii) Plaintiffs' pending recusal motion—**is STAYED** pending further order.
2. **Preservation.** Apple and its counsel must preserve, and are enjoined from altering or destroying, any documents described in Section III.

## V. Provisional Remedies Subject to Final Sanctions Determination

If, after the show-cause hearing, the Court finds sanctions warranted, the Court will consider entering:

- **Monetary Sanctions:** Up to **$20,000,000**, jointly and severally, payable within 30 days of order.
- **Vacatur:** Nullification of the judgment of dismissal in CR I on grounds of fraud on the court.
- **Disqualification:** Removal of Gibson Dunn from further representation unless waived under Cal. Rule of Prof. Conduct 3-310 and Model Rule 3.7.
- **Referral:** Transmission of the record to the State Bar of California and the U.S. Attorney's Office for consideration of disciplinary or criminal proceedings.

## VI. Further Instructions

- Plaintiffs may file a concise reply (≤10 pages) within **7 days** after responses to the OSC.
- All filings shall attach an **indexed exhibit binder** (with transcripts or documentary proof) supporting any factual assertion.

IT IS SO ORDERED.

Dated: _____ 2025

San Francisco, California

EDWARD M. CHEN

United States District Judge