RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Apple Inc.<br><br>Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE**<br><br>The Honorable Edward M. Chen |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

Plaintiffs' Amended Administrative Motion for Pre-Emptive Amicus Invitation and Limited Public-Input Procedure, Dkt. 85 ("Mot."), is procedurally improper and substantively meritless. The Court should summarily deny it and strike the "Petition" attached to it—both of which are yet more examples of Plaintiffs' vexatious litigation tactics. *See* Dkt. 70 at 20–22.

## I. Plaintiffs' Motion Is an Improper Rule 7-11(a) Motion for Administrative Relief.

Local Civil Rule 7-11 allows parties to file administrative motions for "miscellaneous" relief "not otherwise governed by" statutes, rules, or standing orders, "such as motions to exceed otherwise applicable page limitations." The relief Plaintiffs seek here exceeds the narrow scope for which these motions are intended. Plaintiffs demand that the Court reopen a dismissed action, invite members of the public to submit amicus briefs and anonymous statements in Plaintiffs' favor, and stay proceedings on Apple's fully briefed motion for sanctions. Mot. 1. Their accompanying exhibit, styled as a "Petition," also demands the resignation of Apple's CEO. *See, e.g.*, Dkt. 85-1 (hereinafter "Pet.") at 11–19.

This is obviously not what this Court had in mind when it drafted Local Rule 7-11, a rule designed for miscellany so minor that the court imposes a 5-page limit on both motions and any opposition. *See Hess v. Astrazeneca Pharms., L.P.*, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006); N.D. Cal. Civ. L.R. 7-11(a). This Court consistently denies attempts to shoehorn substantive requests into administrative motions. *See, e.g.*, *Morgenstein v. AT&T Mobility LLC*, 2009 WL 3021177, at *1 (N.D. Cal. Sept. 17, 2009) ("A motion to stay all litigation proceedings is not an 'administrative matter' suitable for expedited and summary disposition pursuant to Local Rule 7-11"); *Omoregie v. Boardwalk Auto Ctr., Inc.*, 2008 WL 4792643, at *1 (N.D. Cal. Oct. 31, 2008) (similar). To the extent Plaintiffs ask this Court to reopen this now-dismissed case (which would be meritless), the proper vehicle would be Federal Rule of Civil Procedure 60(b)—also beyond the bounds of Local Rule 7-11. *See In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, 2011 WL 3648508, at *2 (N.D. Cal. Aug. 18, 2011).[1]

Plaintiffs' Motion violates other procedural requirements. It is not supported by "a declaration that explains why a stipulation could not be obtained," N.D. Cal. Civ. L.R. 7-11(a), as Plaintiffs'

---

[1] Moreover, motions for reconsideration are governed by a different Local Rule, with which Plaintiffs have made no attempt to comply. *See* N.D. Cal. Civ. L.R. 7-9.

1

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

correspondence "on June 3, 2025" did not reflect (and could not have reflected) "the substance of this motion," Mot. 3, given that it predated dismissal of this case and sought to "defer sanctions briefing pending the Rule 12(b)(6) decision" to allow further input on Apple's sanctions motion, not the issues Plaintiffs now identify. Kleinbrodt Decl. Ex. 1. It also runs afoul of Local Rule 7-11(a)'s page limits insofar as its arguments run on in the "supporting Petition." Mot. 1. For each and all of these reasons, Plaintiffs' Motion should be denied.

## II.     Plaintiffs' Requests Are Unjustified.

The merits of this Motion are no better. Plaintiffs' demands are uniformly unjustified.

*First*, they ask the Court to "invit[e]" amici and give blanket permission for "[a]nyone [to] file an amicus brief" on three issues. Mot. 1, 3. Two of those issues—alleged "retaliation practices" and "anticompetitive effects," *id.*—go to the merits of Plaintiffs' claims, which have already been dismissed with prejudice. Dkt. 82. Regardless, Plaintiffs adduce no reason why amici, if there are any, cannot submit a motion for leave to file an amicus brief. *See*, *e.g.*, *Cnty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 525 & n.14 (N.D. Cal. 2017) (granting leave to file amicus briefs).

*Second*, Plaintiffs seek a 90-minute "Developer-input session" for "third-party developers or interested members of the public" to "describe" their "concerns" about Apple—and to do so without "reveal[ing] identities on the public record." Mot. 1. But federal courts are fora for adjudicating "individual legal interest[s]," not town halls to air "generalized grievances." *Gill v. Whitford*, 585 U.S. 48, 70 (2018); *see also Lance v. Coffman*, 549 U.S. 437, 439–40 (2007) (similar). This Court adjudicated the disputes before it: The merits of Plaintiffs' case are now resolved, and the only matter before the Court is Apple's motion for sanctions (Dkt. 70)—and Plaintiffs' attempts to forestall it through an anti-SLAPP Motion (Dkt. 74); this Motion; an Emergency Motion to Stay (Dkt. 83), which has since been amended (Dkt. 87); their own Motion for Sanctions (Dkt. 86); and a request to Judge Gonzalez Rogers to stay this case and relate it to two others (Dkt. 89). Nothing in those motions requires anything like a "Developer-input session." Mot. 1. The Court should reject Plaintiffs' attempt to commandeer its courtroom into a platform for generalized criticism of a litigant. *See Taisacan v. Camacho*, 660 F.2d 411, 414 (9th Cir. 1981) ("[T]he Supreme Court has emphatically closed the federal courthouse

2

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

door to those who wish to air their generalized grievances in a judicial forum.").

*Third*, Plaintiffs seek a "[b]riefing pause." Mot. 1. This duplicates Plaintiffs' Emergency Motion, Dkt. 87, to which Apple will respond in due course. In brief, there is no need to pause this case: Apple's sanctions motion is fully briefed and set for hearing on August 21, 2025. *See* Dkt. 80. Thus, the only briefing deadlines to be paused are those *Plaintiffs* are creating by filing seriatim motions. And if amici wished to weigh in on any of the issues raised in Apple's sanction motion, as Plaintiffs suggest (*see* Mot. 1), they have had (and still have) ample time to do so.

Nor can Plaintiffs justify a stay based on "recusal and DOJ referral." Mot. 1. Plaintiffs have not filed a formal motion for recusal. Insofar as they seek recusal in their Emergency Motion to Stay—which vacillates between challenging the well-reasoned decisions in this litigation and impugning the Court's impartiality based on a 2021 disclosure of investment in certain mutual or common funds, *see* Dkt. 87 at 4, 7–8, 22, 23–25—that request fails on its face. *See*, *e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) ("[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention."); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2023 WL 2176758, at *8 (N.D. Cal. Feb. 15, 2023) ("[O]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund") (quoting 28 U.SC. § 455(d)(4)(i)). Apple also is unaware of any action or contemplated action by the Department of Justice that bears on the adjudication of Apple's sanctions motion. In any event, Plaintiffs offer no reason why their requests require a stay (Mot. 1–3); absent order of the Court, Apple will respond to the arguments in Plaintiffs' motions under the timeline set by the Local Rules.[2]

### III.    The "Petition for Tim Cook's Resignation & CASA Compliance" Should Be Stricken.

The "Petition" attached to Plaintiffs' Administrative Motion (and refiled at Dkt. 89-3) should be stricken. *See*, *e.g.*, *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010)

---

[2] Plaintiffs also seek a stay based on the "remaining matter[]" of their "counsel['s] withdrawal," Mot. 1, but the Court has since resolved that request. Dkt. 88.

3

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

1  (collecting cases holding that "based on its inherent powers, a court may strike material from the docket
2  . . . reflecting procedural impropriety or lack of compliance with court rules or orders").  More mani-
3  festo than court filing, it contains so many inaccuracies that they cannot be addressed in the space
4  allowed by the Local Rules.  *See infra* § IV (identifying a few examples).  But the topics it covers—
5  from the purported dangers of 5G cellular signals to Plaintiffs' bizarre call for the resignation of Ap-
6  ple's CEO, *see* Pet. at 6, 7, 8, 12, 13–15, 17—are beyond the Court's jurisdiction in this case and have
7  nothing to do with the issues before it.  Apple therefore will not respond to the Petition's improper
8  arguments here, reserving its rights to do so at an appropriate time.  For present purposes, at risk of
9  understatement, it is enough that the Petition "consists of statements that do not pertain to and are not
10 necessary to the issues in question." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015).
11 Consideration of the "Petition" would waste this Court's time, and it should be stricken as "imperti-
12 nent."  *Id.*[3]

13 **IV.   Plaintiffs' Motion Is Yet Another Example of Their Vexatious Litigation Tactics.**

14      Plaintiffs' Motion is yet another example of the vexatious litigation clogging the Court's docket.
15 This filing alone violates at least four of the Court's Guidelines for Professional Conduct:

16 • "A lawyer should not seek extensions or continuances for the purpose of harassment or extend-
17   ing litigation."  Guideline 4.e; *see* Mot. 1 (seeking a stay to allow anonymous "members of the
18   public" to present oral or written "statements" about Apple).

19 • "A lawyer's public communications should at all times and under all circumstances reflect ap-
20   propriate civility, professional integrity, personal dignity, and respect for the legal system."
21   Guideline 18.a; *see* Pet. 19 ("[W]e haven't yet found a single . . . judge willing to stand up and
22   say, '*Let's give these folks a fair hearing.*'"); *id.* at 9–10, 12 (leveling similarly unfounded
23   accusations against Apple and its counsel).

---

[3] The closest Plaintiffs get to the issues before the Court is arguing that *Trump v. CASA, Inc.*, 606 U.S. ----, 2025 WL 1773631 (U.S. June 27, 2025), precludes the injunction sought in Apple's sanctions motion. Mot. 1, 3. Apple will respond to that issue, raised in Plaintiffs' Amended Emergency Motion for Stay (Dkt. 87 at 4–7), in its opposition thereto. Briefly, Plaintiffs misread *CASA*: That case counsels against injunctions designed to "protect[]" nonparties but expressly permits injunctions that provide complete relief to the movant, including through application "beyond the jurisdiction of the issuing court." 2025 WL 1773631 at *4 & n.1, 11; *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Gibson, Dunn & Crutcher LLP

4

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR
PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

- "A lawyer should not make statements which are false, misleading, or which exaggerate." Guideline 18.b; *see* Pet. 9 ("From day one, Apple has bombarded us with motions and threats, clearly aiming to bury us in paperwork and drain our scant resources"); *id.* at 10 (similar).

- "A lawyer should not create a false or misleading record of events or attribute to an opposing counsel a position not taken." Guideline 18.c; *see* Pet. 9 (alleging that Apple tried "to convince the Ninth Circuit that *there exists no appeal*"); *id.* at 10 (alleging that Apple's counsel "told [Plaintiffs] they would defy CASA"); Mot. 3 (asserting Plaintiffs "noticed a Rule 11(c)(2) safe-harbor intent notice on Apple" when, by their own admission, Plaintiffs did not serve a complete copy of their putative Rule 11 motion before filing it, *see* Dkt. 86 at 5).

In short, Plaintiffs' motion and petition fall far short of the standards demanded in this Court.

Plaintiffs' escalating pattern of misbehavior confirms why the imposition of sanctions is necessary. *See* Dkt. 70; *see also* Kleinbrodt Decl. Exs. 2–8. In the meantime, Apple respectfully requests that the Court deny Plaintiffs' Motion and stop accepting additional motions absent leave of the Court.

DATED: July 7, 2025                           Respectfully submitted,

                                              GIBSON, DUNN & CRUTCHER LLP

                                              By: /s/ *Rachel S. Brass*
                                                  Rachel S. Brass

                                              RACHEL S. BRASS
                                              rbrass@gibsondunn.com
                                              JULIAN W. KLEINBRODT
                                              jkleinbrodt@gibsondunn.com
                                              GIBSON, DUNN & CRUTCHER LLP
                                              One Embarcadero Center
                                              Suite 2600
                                              San Francisco, California  94111-3715
                                              Telephone:      415.393.8200
                                              Facsimile:      415.393.8306

                                              *Attorneys for Defendant Apple Inc.*

5

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR
PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE
CASE NO. 3:24-CV-08660-EMC

Gibson, Dunn &
Crutcher LLP