RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation<br><br>*on behalf of themselves and all others similarly situated.*<br><br>                Plaintiffs,<br><br>        v.<br><br>Apple Inc.<br><br>                Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**DECLARATION OF JULIAN W. KLEINBRODT IN SUPPORT OF DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION FOR PRE-EMPTIVE AMICUS INVITATION AND LIMITED PUBLIC-INPUT PROCEDURE**<br><br><br>The Honorable Edward M. Chen |

Gibson, Dunn & Crutcher LLP

I hereby declare as follows:

1.     I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case.  I submit this declaration in support of Apple's Opposition to Plaintiffs' Amended Administrative Motion for Pre-Emptive Amicus Invitation and Limited Public Input Procedure.  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     **EXHIBIT 1** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, Leah C. Schwartz, and Melissa Theriault between June 3, 2025, and June 5, 2025.

3.     **EXHIBIT 2** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, Melissa Theriault, and an email account called "antitrust.atr@usdoj.gov" on June 26, 2025.

4.     **EXHIBIT 3** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, and Melissa Theriault, on June 26, 2025.

5.     **EXHIBIT 4** is a true and correct copy of an email from an email account named "coronavirusreporter@protonmail.com" to the Courtroom Deputy email address, copying me, Rachel S. Brass, Melissa Theriault, Keith Mathews, and Jeffrey D. Isaacs, on June 26, 2025.

6.     **EXHIBIT 5** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, Melissa Theriault, and Leah C. Schwartz, between June 27, 2025, and June 30, 2025.

7.     **EXHIBIT 6** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, Melissa Theriault, and Leah C. Schwartz, on June 27, 2025. This began as part of the same thread as the exchange in Exhibit 5 but includes an email otherwise not included in that chain from Isaacs at 4:11 P.M. on June 27.

8.      **EXHIBIT 7** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, Melissa Theriault, and Leah C. Schwartz, between June 27, 2025, and June 30, 2025.  This began as part of the same thread as the exchange in Exhibit 5 but includes an email otherwise not included in that chain from Isaacs at 7:43 P.M. on June 30.

9.      **EXHIBIT 8** is a true and correct copy of an email exchange between me, Jeffrey D. Isaacs, Keith Mathews, Rachel S. Brass, and Leah C. Schwartz, between July 3, 2025, and July 4, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 7, 2025, at London, United Kingdom.

_____
Julian W. Kleinbrodt

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

Gibson, Dunn & Crutcher LLP

Exhibit 1

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Kleinbrodt, Julian W. |
| **Sent:** | Thursday, June 5, 2025 9:03 AM |
| **To:** | Jeffrey D. Isaacs; Keith Mathews |
| **Cc:** | Brass, Rachel S.; Leah C. Schwartz; Melissa Theriault |
| **Subject:** | RE: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and |

We understand and appreciate Mr. Isaacs' challenges, but he is not a named party to this litigation and no filing is required from him, so our response is in that context.   A further 60-day extension is not warranted under the circumstances.  Plaintiffs have had a copy of Apple's motion since April 23.  Plaintiffs will have had over 50 days to prepare a response by the current deadline, and, with the extension we have offered, would have almost 55 days.  During that time, the Plaintiffs prepared a Rule 12(d) motion, showing that Mr. Mathews had capacity to prepare briefing.  Whatever other obligations or challenges Plaintiffs face, there is no reason they require an *additional* 60 days.

Moreover, the Court set a hearing for Apple's motion to dismiss on July 10.  Given the undisputed "substantial[]" "overlap" with that motion, Apple believes its sanctions motion is appropriately heard with the motion to dismiss.  Apple has offered as a courtesy an extension that would not require moving the Court's selected hearing date; Plaintiffs' proposed extension would see briefing stretch well past the hearing date and, thus, require resetting that date.   Apple will not stipulate to a change with that result.

Apple provided Plaintiffs with *more* than the required 21-day safe harbor under by Rule 11 and has now offered Plaintiffs *more* time than the Local Rules require for an opposition.  To more-than-double that already-enlarged window for preparing an opposition—while Plaintiffs continue to file additional motions against Apple—would simply allow more time for the sanctionable conduct to continue and thereby prejudice Apple.

Finally, for the avoidance of doubt, we also disagree with many assertions in Plaintiffs' emails and do not believe many of the asserted grounds for an extension have any relevance to Apple's sanctions motion or the briefing schedule therefor.   Should Plaintiffs' make these arguments to the Court, we will respond to them in due course.


**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Wednesday, June 4, 2025 8:00 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>

**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

**This Message Is From an External Sender**
This message came from outside your organization.

I would like to know if Apple is refusing the reasonable accommodation I requested. As you are aware, I have frequently requested thirty and sixty day extensions for substantial pleadings over the years, due to medical issues. If Apple would like to hire independent medical examiner, I consent for this specific reason. Please advise.

Jeffrey Isaacs

On Wed, Jun 4, 2025 at 8:36 AM Keith Mathews <Keith@awplegal.com> wrote:

All,

The corporate plaintiffs concur that 60 days is necessary for this response. Dr. Isaacs has clearly articulated the reasons for that request.

Please let us know.

Thanks,

Keith

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Tuesday, June 3, 2025 9:21 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>
**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

In addition to Attorney Mathews' request, Greenflight will seek (in the alternative) sixty days extension. Sixty days is requested for several reasons. 1 - My ongoing medical issues require an extension of time to accommodate, 2 - I was not personally served in this matter, for an injunction that is personally against me, 3 - Briefings in this case have routinely been extended in light of the complexity of this case, and sixty days is appropriate for a Motion that Apple clearly has been working on for the past year (improperly delaying it), 4- We have an issue regarding our counsel's notice of departure that requires

addressing prior to responding to Rule 11 matters and Section 1927 matters, 5- sixty days aligns with the intent and requirements of California Anti-SLAPP.

Please advise if Apple agrees to the alternative sixty day extension NOT LINKED to the underlying MTD timing.

THank you

Jeffrey Isaacs

On Tue, Jun 3, 2025 at 8:35 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

All,

Apple does not consent to a "Notice and Request That the Court Invite Amicus Curiae Participation." The docket is public if potential amici are interested, and we are happy to consider specific requests from amici if they seek leave to file. Given the volume of paper already on file in this case, we do not believe a blanket consent for amici is appropriate here. For the same reason, we do not believe a filing seeking "no substantive or procedural relief" is appropriate; moreover, Plaintiffs' proposed filing makes clear that Plaintiffs are in fact asking the Court to affirmatively assist in Plaintiffs' call for amici, and we do not think there is any basis for that request.

We also decline to defer briefing on sanctions. We believe the motions are appropriately considered in parallel. Plaintiffs had our motion for more than 21 days before we filed it; if they declined to begin preparing a response promptly, and instead elected to file a Rule 12(d) motion, then any shortage of time is a problem exclusively of your making. That said, as a one-time courtesy, we are willing to file a stipulation and proposed order to provide Plaintiffs with three additional days for their opposition (to June 16) provided that Plaintiffs similarly stipulate that Apple have three additional days for its reply (to June 26) and that the current hearing date remain set.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Tuesday, June 3, 2025 6:42 AM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>; Melissa Theriault <Melissa@wrablaw.com>
**Subject:** Re: Coronavirus Reporter Corp. et al. v. Apple Inc., No. 3:24-cv-08660-EMC— Request for Stipulated Relief Concerning (1) Amicus Invitation Notice and

Greenflight acknowledges receipt.

Thank you.

On Tue, Jun 3, 2025 at 9:26 AM Keith Mathews <Keith@awplegal.com> wrote:

Dear Ms. Brass:

I write pursuant to Civil Local Rule 7-12 and the Court's Guidelines for Professional Conduct to determine whether Apple will stipulate to two narrow scheduling/administrative items that would conserve judicial and party resources:

**1.  Non-Opposition to a "Notice Inviting Amicus Curiae Participation"**
Plaintiffs intend to file a three-page "Notice and Request That the Court Invite Amicus Curiae Participation" (draft attached below).  The notice would simply alert the Court that (i) the pending sanctions motion raises broader First-Amendment/antitrust-public-interest questions, and (ii) Plaintiffs welcome amici—including the U.S. Department of Justice—should the Court deem their perspective helpful.  The notice seeks **no substantive or procedural relief** and does not alter existing deadlines.

Will Apple stipulate that it takes no position (or, at minimum, will not oppose) the filing of that brief administrative notice? We will include Apple's position in the Notice.

**2.  Joint Motion to Defer Sanctions Briefing Pending the Rule 12(b)(6) Decision**

Apple's sanctions motion (ECF 70) and its motion to dismiss (ECF 62) overlap substantially—particularly on res judicata, Rule 12(d) conversion, and the scope of post-2021 conduct.  Deferring sanctions briefing until after the Court resolves the Rule 12(b)(6) motion would:

- Avoid two rounds of duplicative briefing on the same legal questions;

- Enable the Court to assess whether any part of the complaint survives, thereby mooting or narrowing sanctions issues; and
- Eliminate potential disputes over discovery and evidentiary hearings while the pleadings are still in flux.

We propose a simple joint motion asking Judge Chen to (a) defer the current July 15 opposition deadline, and (b) set a new schedule, if needed, after the Rule 12 order issues. Apple will thereby also toll the Anti-SLAPP sixty day requirement to align with the new deadlines.

Will Apple stipulate to such a joint scheduling motion?

**Timing**

Because the sanctions-opposition deadline is approaching, please let me know Apple's position on both requests by **5:00 p.m. Pacific today**.  If we cannot reach agreement, Plaintiffs will promptly move the Court for appropriate relief.
I appreciate your prompt consideration and will, of course, reciprocate any professional courtesies you may request.
Please also note that my clients, Greenflight and CRC, did not authorize Attorney Theriault's Notice of Withdrawal, and therefore request that you continue to view her as counsel of record.

Sincerely,

Keith A. Mathews
Counsel for Plaintiffs

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| CORONAVIRUS REPORTER CORP., et al., | ) Case No. 3:24-cv-08660-EMC |
| | ) |
| Plaintiffs, | ) PLAINTIFFS' NOTICE AND |
| | ) REQUEST THAT THE COURT |
| v. | ) INVITE AMICUS CURIAE |
| | ) PARTICIPATION |
| APPLE INC., | ) |
| | ) (Civil L.R. 7-11, inherent power) |
| Defendant. | ) |
| | ) |

PLEASE TAKE NOTICE that Plaintiffs respectfully inform the Court that
(1) the pending Rule 11 / § 1927 sanctions motion (ECF 70) raises systemic issues concerning First-Amendment petitioning rights, California's anti-SLAPP policy, and the intersection of private antitrust enforcement with the United States' active

monopolization case *United States v. Apple Inc.*, No. 5:24-cv-02087-EJD (N.D. Cal. 2024); and (2) Plaintiffs, a small, now-insolvent developer, lack resources to retain additional counsel to brief those broader public-interest questions.

District courts possess inherent authority to invite or accept amicus curae briefing where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). Plaintiffs therefore respectfully request that the Court:

1. Enter a minute order stating that amicus briefs addressing the sanctions motion, the First-Amendment implications of seeking a litigation gag order, or the competitive-effects context may be filed without prior leave up to 14 days before any noticed hearing; and

2. Transmit a courtesy copy of that invitation to the Antitrust Division of the U.S. Department of Justice pursuant to 28 U.S.C. § 517 and any other public-interest organizations the Court deems appropriate.

Plaintiffs believe such an invitation will assist the Court in evaluating Apple's extraordinary request for a nationwide pre-filing injunction against non-parties and a $400,000 fee award premised on Plaintiffs' exercise of core petitioning rights.

Date: June __ 2025                Respectfully submitted,

/s/ Keith A. Mathews
KEITH A. MATHEWS
Counsel for Plaintiffs

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 2

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> |
| **Sent:** | Thursday, June 26, 2025 2:35 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Melissa Theriault; Keith Mathews; Brass, Rachel S.; antitrust.atr@usdoj.gov |
| **Subject:** | Re: File a § 455(a) emergency motion for recusal and a companion judicial-misconduct complaint (28 U.S.C. § 351) |

**This Message Is From an External Sender**
This message came from outside your organization.

Subject: Request for DOJ Intervention under 28 U.S.C. § 517 in Ongoing Antitrust Proceedings

Dear DOJ Antitrust Division,

Greenflight Venture Corporation respectfully writes to clarify our inclusion of antitrust.atr@usdoj.gov on recent correspondence related to ongoing litigation against Apple Inc., docketed in the Northern District of California as Coronavirus Reporter Corp. v. Apple Inc. (No. 3:24-cv-08660-EMC).

We seek the intervention and participation of the Antitrust Division under 28 U.S.C. § 517, which authorizes the Department of Justice to attend to the interests of the United States in any court proceedings where such interests may be significantly affected. We are awaiting clarification from the court to ascertain whether the Section 517 request will be lodged by Ms. Theriault, or by another appointed attorney with similar credentials.

Specifically, we believe that the matters at issue in our case significantly overlap with, and could directly impact, the Department's ongoing and potential criminal antitrust investigations involving Apple Inc. The conduct alleged includes not only substantive antitrust violations but also obstruction and retaliatory tactics designed to impede legitimate antitrust enforcement efforts. Your intervention could provide crucial clarification of these matters and potentially streamline or inform parallel enforcement activities by the Division.

Given the urgent and rapidly evolving procedural status of our litigation—including immediate and significant issues regarding counsel representation, emergency motions for judicial recusal under 28

U.S.C. § 455(a), and potential judicial misconduct complaints under 28 U.S.C. § 351—your timely involvement would substantially further the interests of justice.

Should there be a more specific contact within your office to handle this referral or intervention request, we would greatly appreciate being directed accordingly.

Thank you for your prompt attention to this urgent matter.

Sincerely,

Jeffrey Isaacs

CEO, Greenflight Venture Corporation

On Thu, Jun 26, 2025 at 5:29 PM Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
Mr. Kleinbrodt,
Your letter indicates a lack of compassion for this matter. I am forwarding below an email from Attorney Mathews.
Greenflight is of the position that we do not have adequate/appropriate counsel for the current posture of the case (i.e. lacking credentials we sought from Ms. Theriault, and her ability to contribute to these complex issues).

In that regard, we do not feel are are fully represented, and ask Apple to file this request no later than midnight, should Ms. Theriault fail to do so.

Melissa,

Jeff and I are requesting that you file a motion to stay containing the language below, tonight. This request is being made in light of your central role in these delays.

Regards,

Keith Mathews, Esq.

PLAINTIFFS' MOTION TO STAY DEADLINE TO FILE REPLY BRIEF OR, IN THE ALTERNATIVE, TO EXTEND TIME TO FILE REPLY BRIEF

Plaintiffs, through undersigned counsel, respectfully request that the Court enter an order either (1) staying the deadline for Plaintiffs' reply brief in support of their motion filed at Dkt. 74, currently due on June 27, 2025, pending the resolution of forthcoming emergency motions; or, alternatively, (2) extending that deadline until thirty (30) days after the Court rules on those emergency motions. In support, Plaintiffs state:

1.    On June 18, 2025, the Court entered a text order modifying the briefing schedule, directing Plaintiffs to file a reply in support of their motion (Dkt. 74) by June 27, 2025. (Dkt. 76).

2.    Since the entry of that order, significant developments have materially altered the posture of this litigation. Defendant Apple Inc. has filed a densely packed, 25-page opposition brief, containing numerous loosely argued citations and complex assertions that require careful and thorough review. Plaintiffs have previously notified the Court of concerns that Apple's litigation tactics, including excessive filings and complicated underdeveloped citations, are overwhelming and prejudicing Plaintiffs' ability to adequately respond.

3.    Further complicating Plaintiffs' ability to respond within the current deadline is the recent emergence of substantial threshold issues regarding counsel representation. Melissa Theriault's continued representation is uniquely critical. She possesses a deep familiarity with this case's origins, procedural history, and filings, enabling her to advocate effectively and efficiently under the present circumstances. Further, Ms. Theriault's experience as a former Assistant United States Attorney positions her distinctively to manage and facilitate what appears to be the inevitable transition of certain matters within this case toward potential criminal referrals under the Sherman Act to the Department of Justice—her former colleagues. Her role and perspective are therefore irreplaceable, and Plaintiffs strongly object to her withdrawal, as losing her representation would significantly impair their ability to proceed effectively in the litigation.

4.    Additionally, Greenflight's CEO, who is central to litigation strategy and necessary consultation, has a substantial disability that significantly impairs his ability to timely and effectively contribute to litigation decisions. Adequate additional time is therefore necessary to accommodate these constraints and ensure meaningful participation.

5.    Plaintiffs anticipate filing emergency motions imminently to address these substantial and immediate procedural concerns, including motions related to representation, disability accommodation, and judicial fairness. Resolution of these issues is necessary before Plaintiffs can adequately respond to Apple's latest submission.

6.    Granting this requested relief—a stay or, at minimum, a 30-day extension—is necessary to ensure fairness, proper representation, and meaningful access to the courts. Such relief will not prejudice Apple, which has ample resources and a large legal team, whereas denial would severely prejudice Plaintiffs.

7.    This request is made in good faith, not for purposes of delay, and seeks only to ensure fair adjudication of the substantial issues before this Court.

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Stay the June 27, 2025 reply deadline until resolution of forthcoming emergency motions; or

b. Alternatively, extend Plaintiffs' reply deadline until thirty (30) days following the Court's ruling on those emergency motions; and

c. Grant such further relief as the Court deems just and proper.

On Thu, Jun 26, 2025 at 5:25 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

All:

Greenflight is represented in this now-dismissed case by Mr. Mathews and, therefore, remains represented by counsel regardless of the status of Ms. Theriault's request to withdraw. There are many other inaccurate statements in the email below. For the avoidance of doubt, any suggestion that Apple or its counsel has violated their duties to the Court or ethical duties is wrong. Any suggestion that Apple has engaged in criminal conduct also is wrong.

Insofar as Greenflight is asking Apple to file a notice or motion on Greenflight's behalf, Apple does not believe there is any proper basis for such a request and declines to do so. If Greenflight (or other Plaintiffs) file such a request, Apple will respond in due course and will comply with any deadlines and appear at any hearings set by the Court.

Best regards,

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Thursday, June 26, 2025 5:05 AM
**To:** Melissa Theriault <Melissa@wrablaw.com>; Keith Mathews <Keith@awplegal.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; antitrust.atr@usdoj.gov
**Subject:** Re: File a § 455(a) emergency motion for recusal and a companion judicial-misconduct complaint (28 U.S.C. § 351)

Gibson Dunn/Counsel:

I write on behalf of **Greenflight Venture Corp.** as its Chief Executive Officer and authorized litigation representative.

1. **Current lack of counsel**

   Our former co-counsel, Melissa Theriault, has not yet filed a motion to withdraw under Civil L.R. 11-5 or clarified the scope of her representation since the Court stated (ECF 77) that it intends to examine her status ex parte.  As of this morning, Greenflight therefore has **no attorney of record available to file time-critical papers**.

2. **Emergency filings required today**

   Greenflight has instructed Ms Theriault to submit, no later than *close of business today*:

   - a 28 U.S.C. § 455(a) emergency motion for Judge Chen's recusal, and
   - a notice that Greenflight intends to file a companion judicial-misconduct complaint under 28 U.S.C. § 351.

   These filings are necessary because the Court is poised to decide Apple's Rule 11 motion and Plaintiffs' anti-SLAPP motion without the benefit of adversary briefing from counsel who can speak for Greenflight.

3. **Your duty of candor and fair dealing**

   Under Fed. R. Civ. P. 11(b), 28 U.S.C. § 1927, and California Rule of Professional Conduct 3.3, any party aware that its opponent is effectively unrepresented **must not exploit the situation to obtain default or adverse rulings**.  If you proceed with further filings or hearings without notifying the Court of Greenflight's unrepresented status and the pending § 455(a) motion, you risk:

   - sanctions for sharp practice,
   - fee-shifting under § 1927 and the Court's inherent power, and
   - exposure in any subsequent judicial-misconduct inquiry.

4. **Requested action**

   Please file, by **12:00 p.m. Pacific tomorrow**, a short notice informing the Court that:

   - Greenflight's representation has become uncertain;
   - Greenflight has directed Ms Theriault to file an emergency § 455(a) motion and § 351 complaint; and
   - until the Court resolves those issues, any deadlines touching Rule 11 or anti-SLAPP briefing should be held in abeyance.

**5. DOJ Antitrust referral**

For transparency, Greenflight is delivering  a **criminal-referral packet** to the Antitrust Division alleging that Apple's underlying antitrust violations, and likely their litigation tactics constitute obstruction of antitrust enforcement and retaliation. The Division is therefore a potential interested party in these proceedings. We have copied the Division's general counsel mailbox on this notice.

Failure to act as requested will compel Greenflight to seek immediate relief from the Court, the Ninth Circuit, and—if necessary—the State Bars of California and Wyoming.

Nothing herein waives any right or privilege.

Regards,

**Dr. Jeffrey D. Isaacs**

Chief Executive Officer

Greenflight Venture Corporation

On Thu, Jun 26, 2025 at 7:53 AM Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:

Melissa,

Greenflight wishes to file the above titled motion, submitted by you. Please file an emergency motion with the court, no later than end of day today, notifying the court that we feel we are being denied access to the courts in light of the lack of procedure compliance by you and the court on your representation.

Alternatively I will seek emergency action by the Wyoming Bar and Wyoming District Court.

As far as it being an ex parte hearing, Greenflight assents to a public hearing as well, in fact, it prefers it.

Thank you

Jeffrey Isaacs

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

Exhibit 3

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> |
| **Sent:** | Thursday, June 26, 2025 7:37 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews; Melissa Theriault; Brass, Rachel S. |
| **Subject:** | Re: Motion To Stay |

**This Message Is From an External Sender**
This message came from outside your organization.

Counsel:

Please preserve all documents pertaining to the following email I received from Atty Theriault:

"Also, you should know that that Leah Schwartz contacted me shortly after I filed the attached notice to ask how I did it because she "will likely file a similar notice". Accordingly, I expect her to withdraw soon.

Sincerely,

Melissa"

This matter needs to be investigated as Greenflight never authorized such discussion between opposing counsel, and moreover, it appears to have been false, misleading, and improperly coercive.

On Thu, Jun 26, 2025 at 10:31 PM Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
  Mr. Kleinbrodt:

  Please retract your prior email, or I will consider filing a State Bar complaint against you. You have no personal knowledge of my retainer agreements (or Greenflight's) with respective counsel. We do NOT consider ourselves fully represented at this point as Theriault has defaulted on her obligation to represent us. Our retainer with her was broad based and covered different aspects than our retainer with Mathews. Hence, your basis to allege we are 'represented' is not based on actual evidence, and therefore I consider it harassment and obstruction of my effort to achieve justice for myself and Greenflight.

  In light of the fact that there is a dispute as to our representation status, does Apple assent to the motion or amend its position?

  Regards
  Jeffrey

  On Thu, Jun 26, 2025 at 10:24 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

  All:

Apple objects to Greenflight or other Plaintiffs emailing the Court on this matter, which would be inappropriate under the Court's Standing Order. Apple's position on Greenflight's substantive request is stated in my 7:21 p.m. PT email.

Best regards,

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Thursday, June 26, 2025 4:53 PM
**To:** Keith Mathews <Keith@awplegal.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>
**Cc:** Melissa Theriault <Melissa@wrablaw.com>
**Subject:** Re: Motion To Stay

I have found  **emccrd@cand.uscourts.gov** as an email.

**All parties - please provide a brief statement on your position on this matter, and I will compile it and forward it to the Courtroom Deputy.**

**THanks**

On Thu, Jun 26, 2025 at 7:51 PM Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:

Does Apple have any updated position on this?

And Melissa-do you have an email for the Clerk or Judge so we can apprise them of the emergent situation where you are refusing to motion to withdrawal?

Thanks

Jeff

On Thu, Jun 26, 2025 at 7:12 PM Keith Mathews <Keith@awplegal.com> wrote:

Melissa,

I concur with Dr. Isaacs here. Given my status as CLO we depend on you as outside counsel on this issue.

Thanks,

Keith

Get Outlook for iOS

---

**From:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Sent:** Thursday, June 26, 2025 6:59:27 PM
**To:** Melissa Theriault <Melissa@wrablaw.com>; Keith Mathews <Keith@awplegal.com>
**Subject:** Re: Motion To Stay

You filed the FAC with Greenflight's name on it. You represent them. The retainer agreement does not exclude GReenflight.

In any case, on behalf of CRC, CRC also requests the same filing.

Please respond promptly as to whether you will file as the rules require the motion for contested withdrawal.

Additionally, please provide contact details for your malpractice coverage.

On Thu, Jun 26, 2025 at 6:25 PM Melissa Theriault <Melissa@wrablaw.com> wrote:

Mr. Mathews:

I have been clear; I do not represent Greenflight. I will also not be filing the below requested motion.

Sincerely,

Melissa

---

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Thursday, June 26, 2025 3:20 PM
**To:** Melissa Theriault <Melissa@wrablaw.com>; Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
**Subject:** Motion To Stay

Melissa,

Jeff and I are requesting that you file a motion to stay containing the language below, tonight. This request is being made in light of your central role in these delays.

Regards,

Keith Mathews, Esq.


PLAINTIFFS' MOTION TO STAY DEADLINE TO FILE REPLY BRIEF OR, IN THE ALTERNATIVE, TO EXTEND TIME TO FILE REPLY BRIEF

Plaintiffs, through undersigned counsel, respectfully request that the Court enter an order either (1) staying the deadline for Plaintiffs' reply brief in support of their motion filed at Dkt. 74, currently due on June 27, 2025, pending the resolution of forthcoming emergency motions; or, alternatively, (2) extending that deadline until thirty (30) days after the Court rules on those emergency motions. In support, Plaintiffs state:

1.    On June 18, 2025, the Court entered a text order modifying the briefing schedule, directing Plaintiffs to file a reply in support of their motion (Dkt. 74) by June 27, 2025. (Dkt. 76).

2.    Since the entry of that order, significant developments have materially altered the posture of this litigation. Defendant Apple Inc. has filed a densely packed, 25-page opposition brief, containing numerous loosely argued citations and complex assertions that require careful and thorough review. Plaintiffs have previously notified the Court of concerns that Apple's litigation tactics, including excessive filings and complicated underdeveloped citations, are overwhelming and prejudicing Plaintiffs' ability to adequately respond.

3.    Further complicating Plaintiffs' ability to respond within the current deadline is the recent emergence of substantial threshold issues regarding counsel representation. Melissa Theriault's continued representation is uniquely critical. She possesses a deep familiarity with this case's origins, procedural history, and filings, enabling her to advocate effectively and efficiently under the present circumstances. Further, Ms. Theriault's experience as a former Assistant United States Attorney positions her distinctively to manage and facilitate what appears to be the inevitable transition of certain matters within this case toward potential criminal referrals under the Sherman Act to the Department of Justice—her former colleagues. Her role and perspective are therefore irreplaceable, and Plaintiffs strongly object to her withdrawal, as losing her representation would significantly impair their ability to proceed effectively in the litigation.

4.    Additionally, Greenflight's CEO, who is central to litigation strategy and necessary consultation, has a substantial disability that significantly impairs his ability to timely and effectively contribute to litigation decisions. Adequate additional time is therefore necessary to accommodate these constraints and ensure meaningful participation.

5.    Plaintiffs anticipate filing emergency motions imminently to address these substantial and immediate procedural concerns, including motions related to representation, disability accommodation, and judicial fairness. Resolution of these issues is necessary before Plaintiffs can adequately respond to Apple's latest submission.

6.    Granting this requested relief—a stay or, at minimum, a 30-day extension—is necessary to ensure fairness, proper representation, and meaningful access to the courts. Such relief will not prejudice Apple, which has ample resources and a large legal team, whereas denial would severely prejudice Plaintiffs.

7.    This request is made in good faith, not for purposes of delay, and seeks only to ensure fair adjudication of the substantial issues before this Court.

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Stay the June 27, 2025 reply deadline until resolution of forthcoming emergency motions; or

b. Alternatively, extend Plaintiffs' reply deadline until thirty (30) days following the Court's ruling on those emergency motions; and

c. Grant such further relief as the Court deems just and proper.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 4

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | coronavirusreporter@protonmail.com |
| **Sent:** | Thursday, June 26, 2025 9:16 PM |
| **To:** | Kleinbrodt, Julian W.; Brass, Rachel S.; melissa@wrablaw.com; Keith Mathews; jeffrey.isaacs.wg03 @wharton.upenn.edu; emccrd@cand.uscourts.gov |
| **Subject:** | Emergency Request for Status Conference Due to Unrepresented/Conflicted Representation Issue |
| **Attachments:** | PEtition.pdf |

**This Message Is From an External Sender**
This message came from outside your organization.

June 26, 2025

By Electronic Mail

Courtroom Deputy

United States District Court

Northern District of California

San Francisco Courthouse

RE: Emergency Request for Stay Pending Clarification of Representation and Resolution of Urgent Procedural Matters

(Case No. 3:24-CV-08660-EMC)

Dear Courtroom Deputy:

We write on behalf of Plaintiffs Greenflight Venture Corporation ("Greenflight") and Coronavirus Reporter Corporation ("CRC"), acting as the authorized liaison and Chief

1

Legal Officer, respectively, due to the current extraordinary circumstances. Plaintiffs hereby respectfully request an emergency stay of all current deadlines and proceedings pending an immediate conference to clarify urgent issues relating to representation.

Circumstances Supporting Emergency Request:

1. Earlier this month, the Court officially removed Attorney Melissa Theriault from the docket *without consent of the client* and in flagrant violation of local rules and Professional Conduct standards, leaving only Attorney Keith Mathews as counsel for Greenflight and CRC. However, Attorney Mathews is currently the subject of Apple's pending Rule 11 sanctions motion, creating a serious and immediate conflict of interest that substantially impairs Plaintiffs' representation. Notably, Attorney Mathews is selectively targeted in the Rule 11 motion, and Apple has waived sanctions against the other signer – Theriault.

2. Plaintiffs are in critical need of ongoing representation by Ms. Theriault specifically due to her longstanding involvement with this case, familiarity with its origins and procedural history, and her ability to manage anticipated Sherman Act criminal referrals to the Department of Justice Antitrust Division, where she served as an Assistant United States Attorney. Her sudden removal leaves Plaintiffs without adequate representation on critical and complex issues now pending. Moreover, the fact that she can advocate against the Rule 11 motion, without conflict, is of particular importance to fairly adjudicating that matter.

3. Greenflight and CRC urgently intend to file emergency motions, including:

   o A motion for recusal pursuant to 28 U.S.C. § 455(a);

   o **A formal request for intervention and referral of this matter to the Department of Justice Antitrust Division pursuant to 28 U.S.C. § 517 and 15 U.S.C. § 4.** Under **28 U.S.C. § 517**, the Department of Justice is authorized to intervene in any federal court proceeding to attend to the interests of the United States, especially when substantial issues of federal law and policy, such as antitrust violations, are implicated. Plaintiffs assert that this matter directly implicates substantial federal interests due to the potential obstruction of justice and retaliation related to ongoing antitrust enforcement efforts. Further, **15 U.S.C. § 4** expressly

empowers the Attorney General to institute proceedings, either civil or
criminal, to prevent and restrain violations of the Sherman Act. Plaintiffs
have amassed substantial evidence suggesting Apple's ongoing conduct—
including the conduct at issue in this litigation—may constitute criminal
violations of federal antitrust laws, justifying immediate DOJ
involvement. Given the complexity and gravity of the allegations, as well
as the national importance of ensuring robust antitrust enforcement, DOJ
intervention is both appropriate and urgently needed. Plaintiffs are fully
prepared to submit comprehensive documentation to the Antitrust
Division and request that the Court facilitate DOJ intervention promptly.

4. Additionally, Plaintiffs' reply brief in support of their Anti-SLAPP motion (Dkt.
74) is currently due by June 27, 2025. Apple's recent opposition is densely
argued, spanning 25 pages, and Plaintiffs have previously alerted the Court that
Apple's overwhelming litigation tactics have severely prejudiced Plaintiffs'
ability to adequately respond. Given these constraints, the current two-day
response window is clearly inadequate. **Further, this reply is especially
critical because Apple entirely forfeited addressing Plaintiffs'
argument based on *Lawlor* and the new post-2021 conduct, effectively
conceding that these allegations stand unchallenged. Had the Court
been fully aware of Apple's omission and effective concession, it would
not have entered a complete dismissal order pursuant to Rule 12(b)(6).
Additionally, Apple's opposition explicitly conceded that Attorney
Mathews did not represent Greenflight or Dr. Isaacs in *Coronavirus
Reporter I*, implicitly acknowledging that Dr. Isaacs was improperly
targeted and threatened by Apple's litigation tactics without lawful
basis—actions which independently justify continuation of the current
litigation. These matters include serious allegations of criminal
misconduct under the Sherman Act and associated fraudulent
misrepresentations to the Court, which warrant thorough and
deliberate briefing, and subsequently, the careful attention of a new
court following Judge Chen's recusal.**

5.  These litigation tactics have severely prejudiced Plaintiffs' ability to adequately
respond. Given these constraints, the current two-day response window is
clearly inadequate.

6. Greenflight's Chief Executive Officer, Jeffrey Isaacs, who is central to litigation
strategy and decision making, has a substantial disability significantly
impairing timely and meaningful participation under these rushed and

challenging circumstances.

Given these extraordinary and immediate concerns, Plaintiffs respectfully request that this Court enter an emergency stay of all deadlines and proceedings until the Court can:

- Convene a conference with Ms. Theriault present to clarify representation issues;
- Allow Plaintiffs adequate time to file necessary motions addressing representation, judicial fairness, and DOJ referral; and
- Provide sufficient time for Plaintiffs to meaningfully respond to Apple's latest extensive filing.

Plaintiffs emphasize this emergency stay is requested in good faith to ensure fair and appropriate representation and access to justice under the present unusual circumstances. Attached is a motion that CRC's Chief Legal Officer (Mathews) requested Theriault file. Theriault has refused to file it, leaving Mathews in a conflicted role without outside counsel, and unable to proceed himself 'pro se' on the false Rule 11 allegations.

We request an urgent public conference, publication of this email to the docket, and an urgent plea for public *amicus* support as we feel our petitioning rights on a globally important antitrust matter have not been protected by the Court and warrant recusal and referral for DOJ criminal proceedings (this case invoked Sherman civil claims, which technically coexist with Sherman felony code violation). We have years of experience facing Apple's litigation abuse, and are ready to testify to the DOJ in this emergency, nationally important matter.

Respectfully submitted,

Jeffrey D. Isaacs

Authorized Litigation Liaison

Greenflight Venture Corporation

4

Keith Mathews

Chief Legal Officer

Coronavirus Reporter Corporation


[Not filed by deadline assigned to Theriault]

PLAINTIFFS' MOTION TO STAY DEADLINE TO FILE REPLY BRIEF OR, IN THE
ALTERNATIVE, TO EXTEND TIME TO FILE REPLY BRIEF

Plaintiffs, through undersigned counsel Theriault, respectfully request that the Court
enter an order either (1) staying the deadline for Plaintiffs' reply brief in support of
their motion filed at Dkt. 74, currently due on June 27, 2025, pending the resolution
of forthcoming emergency motions; or, alternatively, (2) extending that deadline until
thirty (30) days after the Court rules on those emergency motions. In support,
Plaintiffs state:

1. On June 18, 2025, the Court entered a text order modifying the briefing
   schedule, directing Plaintiffs to file a reply in support of their motion (Dkt. 74)
   by June 27, 2025. (Dkt. 76).
2. Since the entry of that order, significant developments have materially altered
   the posture of this litigation. Defendant Apple Inc. has filed a densely packed,
   25-page opposition brief, containing numerous loosely argued citations and
   complex assertions that require careful and thorough review. Plaintiffs have
   previously notified the Court of concerns that Apple's litigation tactics, including
   excessive filings and complicated underdeveloped citations, are overwhelming
   and prejudicing Plaintiffs' ability to adequately respond.
3. Further complicating Plaintiffs' ability to respond within the current deadline is
   the recent emergence of substantial threshold issues regarding counsel
   representation. Melissa Theriault's continued representation is uniquely
   critical. She possesses a unique familiarity with this case's origins, procedural
   history, and filings, enabling her to advocate effectively and efficiently under the
   present circumstances. Further, Ms. Theriault's experience as a former
   Assistant United States Attorney positions her distinctively to manage and
   facilitate what appears to be the inevitable transition of certain matters within
   this case toward potential criminal referrals under the Sherman Act to the
   Department of Justice—her former colleagues. Her role and perspective are
   therefore irreplaceable, and Plaintiffs strongly object to her withdrawal, as

losing her representation would significantly impair their ability to proceed effectively in the litigation.

4. Additionally, Greenflight's CEO, who is central to litigation strategy and necessary consultation, has a substantial disability that significantly impairs his ability to timely and effectively contribute to litigation decisions. Adequate additional time is therefore necessary to accommodate these constraints and ensure meaningful participation.

5. Plaintiffs anticipate filing emergency motions imminently to address these substantial and immediate procedural concerns, including motions related to representation, disability accommodation, and judicial fairness. Resolution of these issues is necessary before Plaintiffs can adequately respond to Apple's latest submission.

6. Granting this requested relief—a stay or, at minimum, a 30-day extension—is necessary to ensure fairness, proper representation, and meaningful access to the courts. Such relief will not prejudice Apple, which has ample resources and a large legal team, whereas denial would severely prejudice Plaintiffs.

7. This request is made in good faith, not for purposes of delay, and seeks only to ensure fair adjudication of the substantial issues before this Court.

Plaintiffs further invoke rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and request immediate accommodations in the form of a stay to meaningfully allow participation by Greenflight's CEO. Plaintiffs assert that the failure to provide adequate accommodations (such as an appropriate extension of time to respond given the CEO's recognized disability) would violate ADA requirements mandating equitable access to judicial proceedings.

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Stay the June 27, 2025 reply deadline until resolution of forthcoming emergency motions; or

b. Alternatively, extend Plaintiffs' reply deadline until thirty (30) days following the Court's ruling on those emergency motions; and

c. Grant such further relief as the Court deems just and proper.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORP., et al., | )  Case No. 3:24-cv-08660-EMC |
| | ) |
| Plaintiffs, | )  PLAINTIFFS' NOTICE AND |
| | )  REQUEST THAT THE COURT |
| v. | )  INVITE AMICUS CURIAE |
| | )  PARTICIPATION |
| APPLE INC., | ) |
| | )  (Civil L.R. 7-11, inherent power) |
| Defendant. | ) |
| | ) |

PLEASE TAKE NOTICE that Plaintiffs respectfully inform the Court that
(1) the pending Rule 11 / § 1927 sanctions motion (ECF 70) raises systemic issues
concerning First-Amendment petitioning rights, California's anti-SLAPP policy,
and the intersection of private antitrust enforcement with the United States' active
monopolization case *United States v. Apple Inc.,* No. 5:24-cv-02087-EJD (N.D.
Cal. 2024); and (2) Plaintiffs, a small, now-insolvent developer, lack resources to
retain additional counsel to brief those broader public-interest questions.

District courts possess inherent authority to invite or accept amicus curae
briefing where "the amicus has unique information or perspective that can help the
court beyond the help that the lawyers for the parties are able to provide."
Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982).  Plaintiffs therefore
respectfully request that the Court:

1. Enter a minute order stating that amicus briefs addressing the sanctions
   motion, any Motion to Dismiss reconsideration by a new post-recusal Court, the First Amendment
implications of seeking a litigation gag
   order, or the competitive effects context may be filed without prior leave
   up to 14 days before any noticed hearing; and

2. Transmit a courtesy copy of that invitation to the Antitrust Division of
   the U.S. Department of Justice pursuant to 28 U.S.C. § 517 and any other
   public interest organizations the Court deems appropriate.

Plaintiffs believe such an invitation will assist the Court in evaluating
Apple's extraordinary request for a nationwide pre-filing injunction against
non-parties and a $400,000 fee award premised on Plaintiffs' exercise of core
petitioning rights.

# Urgent Plea for Public Conference and Amicus Support in a Globally Significant Antitrust Case

We are writing to urgently **request** several forms of relief and support in our antitrust case against Apple. We respectfully ask the Deputy Clerk to file this email in the public docket as an open plea for assistance, since it may be read by anyone. Our petitioning rights in this globally important matter have been undermined, and we seek transparency and public involvement to ensure justice is served. Specifically, we request the following:

## Our Urgent Requests

- **Immediate Public Conference:** We ask the Court to hold an **urgent public status conference or hearing** on this matter. A prompt, open conference will shine light on the issues at stake and ensure our concerns are heard in a timely manner. This case has far-reaching implications, and a public forum will help restore confidence that the proceedings are fair and transparent.
- **Docket Publication of this Plea:** We request **publication of this email/letter on the case docket**. Making this plea part of the public record is crucial for transparency. It alerts interested parties and the general public to our concerns and invites broader scrutiny. We believe sunlight is the best disinfectant – public awareness can help check any abuse of process and bring outside support.
- **Call for Amicus Curiae Support:** We urge the Court to issue an **urgent call for amicus curiae (friend of the court) support**. This case involves complex antitrust issues of national and global importance, and we would greatly benefit from **public interest groups, industry experts, and other third parties** weighing in with amicus briefs. Their perspectives can help the Court fully grasp the competitive and consumer stakes, and their support can ensure that **our petition for redress is not squelched by superior resources** on the other side.

Each of the above requests is made in good faith to protect our rights and the public interest. We feel these steps are necessary because, as detailed below, our **First Amendment right to petition the government (through the courts) has not been adequately protected** in this litigation so far. We are fighting not just for our own case, but for a principle of fair competition that impacts consumers and innovators everywhere.

## Petitioning Rights Under Threat

Our **right to petition for redress of grievances** – a fundamental right guaranteed by the First Amendment – is at stake. Throughout this case, we have encountered **obstacles that prevent us from fully presenting our case and being heard**. Key motions and arguments have not received the careful consideration they deserve, and procedural decisions have left us feeling **effectively**

**silenced in a matter of great public importance**. In short, we do not believe the Court has sufficiently protected our ability to make our case:

- **Lack of Fair Hearing:** We have reason to believe that our claims and evidence are not being given a **full and fair hearing**. Whether through restrictive procedures, uneven application of rules, or other limitations, our voice in court has been diminished. This **undermines the integrity of the adversarial process** and tilts the playing field in Apple's favor, given its enormous litigation resources.
- **Implication of Bias or Indifference:** The pattern of the Court's handling of our case leads us to worry about possible **bias or indifference** toward our claims. We respect the judiciary and do not make this assertion lightly. However, when a smaller litigant's grievances against a powerful corporation are not safeguarded, it gives the appearance that **perhaps the scales of justice are weighted**. We seek corrective action now – in the form of public oversight and fresh perspectives – to ensure that justice is not only done, but seen to be done.

Because of these concerns, we believe **extraordinary steps are warranted**. Our aim is not to cast unfounded accusations, but to ensure that our fundamental right to be heard is preserved. This leads to our next plea: considering changes in how this case is overseen and possibly escalating it to the appropriate enforcement authorities.

# Recusal and DOJ Referral are Warranted

In light of the issues above, **we respectfully intend to submit a formal motion (based on scheduling request above) that the presiding judge in this case should recuse themselves**, and that the matter be referred to the U.S. **Department of Justice (DOJ)** for potential criminal proceedings.

**Need for Impartial Adjudication:** If the Court cannot vigorously protect our right to petition and give us a fair forum, we fear that impartial justice in this courtroom is unattainable. To remove even the appearance of bias and to restore trust in the process, a **new, unbiased adjudicator** should take over. Recusal is a serious step, but we believe it is justified here to ensure that the outcome of this case is based on merits and law, not on undue influence or predisposition. We simply ask for a judge who will treat this case with the gravity and neutrality it deserves, given its potential impact on millions of consumers and businesses.

We urge that **the Department of Justice be alerted and invited to review the case for government antitrust enforcement**. The **DOJ's Antitrust Division has both the expertise and the public mandate** to pursue anti-competitive conduct that is also alleged in 'private attorney general' civil cases. If Apple's conduct in our case is as deliberate and harmful as we suspect, it should not escape the scrutiny of federal prosecutors. The recent actions by DOJ against Apple underscore the need for such involvement – for example, in **March 2024 the DOJ (along with 16 states) filed a major lawsuit accusing Apple of illegally monopolizing smartphone markets** in violation of Sherman Act Section 2 . The allegations in that suit describe Apple's "broad-based, exclusionary conduct" that **harms innovation and imposes extraordinary costs on developers and consumers** . Our own experience aligns with this pattern. We believe our case may involve

similarly serious violations, warranting **referral to DOJ for criminal investigation and charges** if the evidence meets the high bar for willful monopolization. No company, however powerful, is above the law – and **only a referral to DOJ can ensure that any criminal aspect of Apple's behavior is properly addressed** in parallel with our civil claims.

In summary, we intend to ask for recusal and DOJ referral not out of animosity, but out of **duty to the public interest**. An impartial new judge and the engagement of federal enforcers will together ensure that this antitrust matter is handled with the utmost integrity and rigor it demands. Amicus briefs while schedule is set can only assist this Court or a future Court in administering justice.

# Our Experience with Apple's Litigation Tactics

We do not make these requests lightly. Our perspective is informed by **years of direct experience facing Apple in litigation**. Apple Inc. is one of the world's most powerful corporations, and in our protracted battles we have observed what we can only describe as **litigation abuse** on Apple's part. By this, we mean **tactics that go beyond vigorous defense – strategies intended to overwhelm, intimidate, or outspend smaller opponents so that legitimate grievances never get their day in court**.

- **"Bombarding" Opponents with Litigation:** Apple has virtually unlimited legal resources, and it leverages them against smaller adversaries. We have felt this first-hand through constant motions, appeals, delays, and procedural maneuvering by Apple's attorneys. We are not alone in this experience. **Other innovators have publicly accused Apple of using a "bully" playbook – for instance, the CEO of AliveCor (a small medical device company) recounted how Apple will "bombard" smaller companies with legal actions it knows they cannot afford, in order to avoid accountability .** Industry experts and intellectual property lawyers have **corroborated that Apple employs aggressive litigation tactics to wear down its opponents** . This kind of approach turns the legal system into a **war of attrition**, where justice can be out of reach for those without Apple's deep pockets.
- **Delay and Obfuscation:** In our case, Apple's pattern has been to **delay proceedings and multiply paperwork**, making it exceedingly difficult for a timely resolution on the merits. Critical issues get drowned in endless procedural back-and-forth. These delays not only prejudice us as plaintiffs but also **harm the public**, which continues to suffer the effects of Apple's alleged anti-competitive conduct while the case drags on. Swift justice is essential in antitrust matters – yet Apple's strategy seems aimed at **running out the clock** and exhausting our resources.
- **Undermining Petitioning Rights:** Perhaps most troubling, Apple's legal tactics often aim to **undermine our petitioning rights** themselves. By this we mean Apple tries to **shut down avenues for us to present evidence or arguments**, through aggressive motions to strike, efforts to seal records from public view, or even attempts to sanction us for raising certain issues. The cumulative effect is chilling: it **deters not just us, but any smaller entity, from daring to challenge Apple's market conduct**. This behavior weaponizes the litigation process to shield potentially illegal business practices from scrutiny.

We want to emphasize that we **remain determined**. Despite Apple's might and maneuvers, we have persisted because we believe our cause is just. We have seen up close how Apple's dominance

and litigation approach can **stifle competition and innovation**, which ultimately hurts consumers, developers, and the economy. Our resolve is bolstered by the fact that **regulators and enforcers are now taking these concerns seriously** – from the DOJ's lawsuit in 2024 to increasing global attention on Big Tech's market power. Our fight is part of a larger movement to ensure that **tech giants play by the rules of fair competition** rather than using their power to steamroll rivals through the courts or the marketplace.

# An Urgent Call for Public Assistance

In this extraordinary situation, we are making an **urgent public plea**. We ask anyone who is concerned about **preserving fair competition, the rule of law, and the right of individuals to challenge monopolistic practices** to support us in whatever way possible:

- **Legal Community:** We welcome **amicus briefs, expert analysis, and any legal insight** that can shed light on the importance of this case. Antitrust experts, law professors, public interest lawyers, and organizations dedicated to consumer rights or tech accountability – your voices are needed. By contributing your knowledge and perspective, you can help the Court see why this case matters to more than just the immediate parties.
- **Regulators and Enforcement Agencies:** We implore officials at the **Department of Justice, Federal Trade Commission, and state attorneys general** to monitor this case closely. We are ready and willing to **testify and provide evidence** to support any investigation into Apple's conduct. If ever there were a time for enforcement bodies to step in, it is now – this case could set a precedent affecting how Big Tech is kept in check, and **swift action may prevent further harm**.
- **General Public and Media:** For members of the public, consumer advocates, and journalists – **please pay attention to our story**. This is not just a legal spat between a company and its rival; it's about whether **a giant corporation can misuse legal processes to fend off accountability** for anti-competitive behavior. Public awareness can bring pressure for fairness and can also encourage other affected parties to speak up. We believe that shining a light on Apple's tactics and the hurdles we've faced will ultimately help bring about change.

Finally, we want to make clear that **we love innovation and respect much of what Apple has accomplished as a business**. Our stance is not anti-Apple for its own sake – it is pro-fairness and pro-competition. We simply insist that even the most powerful companies **follow the law and face consequences if they violate it**. The **Sherman Act was passed to protect the "free and unfettered competition" that underpins our economy** , and it applies to all, big or small. When those protections are not enforced or can be circumvented through sheer litigation might, everyone loses: competitors are driven out unjustly, consumers pay higher prices or have less choice, and innovation is smothered.

**In conclusion, we urge the Court to grant our requests for a public conference, docket publication, and amicus support.** We further ask that the appropriate steps be taken regarding judicial recusal and DOJ referral to ensure this case is handled without bias and with full

consideration of any criminal violations. We stand **ready to assist** in any investigation and to present our full evidence in an open court. This is an **emergent**, nationally important matter – not just for us, but for the precedent it will set in holding dominant companies accountable.

**Thank you for your attention to this plea.** By acting swiftly and openly, the Court can protect our petitioning rights and send a powerful message that justice in antitrust cases **cannot be bought or bullied away**. Together with public support, we are hopeful that the truth will prevail and competition will be preserved.

Exhibit 5

## Kleinbrodt, Julian W.

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Monday, June 30, 2025 3:39 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews; Brass, Rachel S.; Melissa Theriault; Leah C. Schwartz |
| **Subject:** | Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING |

**This Message Is From an External Sender**
This message came from outside your organization.

Could you please identify the exact issues you feel are incorrect, and we will consider amending the issues.

Additionally, Coring has stated repeated times it invoked Rule 41(a) to be held in abeyance. Hence, your response , like many others, is not substantive as to the new conduct raised by Coring.

Thank you

On Mon, Jun 30, 2025 at 2:10 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

All:

Apple will respond to Plaintiffs' Motion for an Emergency Stay, Amended Administrative Motion, and Motion for Sanctions in due course.  To be clear, there is zero basis to seek a temporary restraining order or sanctions against Apple, its counsel, or Mr. Cook.  As my prior email stated, Plaintiffs are misreading the Supreme Court's decision in *Trump v. CASA, Inc.*, which expressly recognizes than an "injunction can apply beyond the jurisdiction of the issuing court."  Nor has there been any harassment, much less an ADA violation, by Apple or its counsel.  The only harassment is by Plaintiffs, whose recent correspondence and motion practice violates the Northern District of California's Guidelines for Professional Conduct several times over.

We caution Plaintiffs that proceeding with their accusations any further would be vexatious and harassing, violate Rule 11, run afoul of the Guidelines for Professional Conduct, and subject any movants and their counsel to sanctions.  Indeed, Plaintiffs filings over the past few days are already replete with baseless factual misrepresentations and frivolous legal arguments that are themselves sanctionable.  Plaintiffs should withdraw those filings immediately.

If Plaintiffs nevertheless choose to proceed with seeking a temporary restraining order against Mr. Cook, we are authorized to accept service on his behalf.  Service copies can be directed to Gibson Dunn's San Francisco Office, and courtesy copies should be sent by email.

Apple, Mr. Cook, and Gibson Dunn reserve all rights.

We also note that the *Coring* case was voluntarily dismissed multiple years ago.

Best regards,

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Saturday, June 28, 2025 3:39 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Brass/Kleinbrodt:

We have not heard back on several critical matters.

1 - Following up to confirm whether or not you represent Tim Cook in his individual capacity for the noticed proceeding (also noticed in yesterday's CAND filing).

Please advise.

2-Additionally, please expect a Safe Harbor notice for Rule 11 sanctions imminently from Attorney Mathews.

He asked me to confirm where you both would like it mailed to and by what carrier?

Dr Isaacs

On Fri, Jun 27, 2025 at 7:56 PM Jeffrey <jeffreydi@gmail.com> wrote:

DOJ Antitrust:

We are requesting emergency help on this situation. Please provide the correct new contact information. Thank you

Jeffrey Isaacs

On Fri, Jun 27, 2025 at 7:48 PM Jeffrey <jeffreydi@gmail.com> wrote:

Melisssa-

Please provide a sketch/draft TRO for their (Kleinbrodt/Brass/Apple/Tim Cook) malicious non compliance with SCOTUS and ADA violations for retaliation/harassment of disabled person, which (luckily) is your specialization.

Thanks!

Jeffrey

On Fri, Jun 27, 2025 at 7:45 PM Jeffrey <jeffreydi@gmail.com> wrote:

Brass/Kleinbrodt:


Please confirm if you represent Tim Cook in his individual capacity. His oversight (or lack thereof) of your harassing tactics against a disabled person is deplorable. We are looking into a TRO on this, request immediate confirmation.


Thank you

Dr Isaacs


On Fri, Jun 27, 2025 at 7:26 PM Keith Mathews <Keith@awplegal.com> wrote:

Julian,


Your email does not provide a meaningful justification for noncompliance with the Supreme Court order. Please provide one before our filing this evening.


To clarify Dr. Isaacs request concerning "whether Apple will immediately withdraw or substantially narrow its unlawful injunction request." Please take notice, the only appropriate and lawful remedy is to comply with SCOTUS is to retract the illegal Rule 11 paper entirely.


Regards,


Keith

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 7:08 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** RE: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Julian:

Apple's Rule 11 sanctions motion (Dkt. 70 at 24–25) explicitly seeks a "nationwide pre-filing injunction" targeting me, Greenflight, Coronavirus Reporter Corp., and undefined "associates." Today's Supreme Court decision categorically prohibits federal judges from entering nationwide injunctions absent explicit statutory authorization.

Your previous curt email response ("The emails below reflect a misinterpretation of today's decision.") provides no substantive reasoning or legal justification. We request that you promptly provide a meaningful, legally supported explanation of Apple's position so we may include it accurately in tonight's court filing and related press release.

Absent such a substantive explanation, we will inform the Court and media outlets that Apple was given every opportunity to clarify and respond substantively, yet maliciously declined to do so—effectively conceding our legal argument and knowingly disregarding today's Supreme Court ruling. Do you have any substantive response or justification for your ongoing harassment of a disabled individual?

Even under Ninth Circuit precedent prior to today (Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057), injunctions were required to be narrowly tailored to specific, clearly defined entities or individuals directly involved in vexatious conduct. By using explicitly broad language to include "associates" nationwide, Apple impermissibly converted a narrowly tailored pre-filing injunction into precisely the sweeping, nationwide bar expressly forbidden by today's Supreme Court ruling.

Given today's directive from the Supreme Court, Apple's requested nationwide relief against broadly defined parties and associates is now unlawful and must be withdrawn or substantially narrowed immediately.

This is your final opportunity to correct your position voluntarily. If you persist with your current unlawful injunction request, we will promptly inform Judge Chen, seek immediate judicial relief, and pursue appropriate sanctions and professional discipline pursuant to Federal Rule of Civil Procedure 11(b), 28 U.S.C. § 1927, and Local Rule 11-6. We further reserve rights under applicable laws concerning harassment, abuse of process, and intentional infliction of emotional distress.

Please confirm, no later than 7**:00 PM Pacific tonight**, whether Apple will immediately withdraw or substantially narrow its unlawful injunction request, accompanied by a substantive, legally supported explanation. Please advise of the decision maker at Apple who authorized the continued harassment of a disabled individual.

Regards,

Dr. Jeffrey D. Isaacs

CEO, Greenflight Venture Corporation

On Fri, Jun 27, 2025 at 6:55 PM Jeffrey <jeffreydi@gmail.com> wrote:

Please take this as a notice of lawsuit against you individually, Apple, Tim Cook, and Ms Brass. Your dismissive response, which has no substantive argument, concedes the matter. NAtionwide injunctions are banned, you and Apple have asked for one against me, and now you are harassing me.

Please preserve all evidence accordingly.

On Fri, Jun 27, 2025 at 6:54 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

Mr. Mathews,

The emails below reflect a misinterpretation of today's decision.   Apple does not intend to modify its motion or withdraw its injunction request.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 3:22 PM
**To:** Keith Mathews <Keith@awplegal.com>

**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Julian,

I'm perplexed why you have not responded for over an hour now. When the Supreme Court issues an order—whether involving critical medical care, an environmental catastrophe, or an unlawful nationwide injunction intended to harass and injure a disabled individual—compliance typically occurs within minutes.

Moreover, Mr. Mathews has specifically requested Tim Cook's immediate notification and response. Your continued silence suggests this is politically motivated targeting. It now appears that Apple and Tim Cook are resisting compliance with a recent conservative-led Supreme Court decision curbing abusive nationwide injunctions, and I, as a disabled individual, am being victimized by your delay.

If you do not confirm immediate compliance with the Supreme Court's directive, I will have no choice but to alert the media to Apple's refusal to respect the authority of the highest court in the nation.

I DEMAND YOUR IMMEDIATE COMPLIANCE WITH THE SUPREME COURT'S ORDER.

In related scope,and in light of recent developments, we request Apple's PROMPT position regarding the appropriate handling of Coring Inc. in relation to the current proceedings prior to final closure.

As you know, Coring Inc. has been held in abeyance pending Judge Chen's ruling on CRC. However, Judge Chen's recent order did not address the new conduct allegations, which specifically affect Coring's claims. Given this situation, we seek either immediate joinder or a declaratory judgment clarifying how Coring should proceed, consistent with judicial economy and fairness.

Please advise us of Apple's position on this matter by 10:00 PM today.

Again, as I asked for an hour ago, politely confirm RECEIPT of this email.

Thank you,

Dr. Jeffrey Isaacs

On Fri, Jun 27, 2025 at 6:03 PM Keith Mathews <Keith@awplegal.com> wrote:

> All,
>
> As we have received no response I am requesting that you provide confirmation of your client's direct position on this matter. I request that you notify Tim Cook of the issue should you not retract the matter immediately. We will take action in an individual capacity against all decision makers here, including counsel.
>
> Regards,
>
> Keith Mathews, Esq.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Jeffrey <jeffreydi@gmail.com>
> **Sent:** Friday, June 27, 2025 5:38:57 PM
> **To:** Keith Mathews <Keith@awplegal.com>
> **Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
> **Subject:** Re: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)

Subject: Immediate Action Required – SCOTUS Compliance

Melissa,

Please immediately contact Mr. Kleinbrodt and Ms. Brass by telephone to confirm their immediate compliance with the recent SCOTUS directive regarding nationwide injunctions. As you are aware, you remain counsel of record, as your purported notice of withdrawal was procedurally defective. Your listed termination status on ECF is not controlling authority; you remain Greenflight's counsel until the Court formally orders otherwise.

Given your substantial law enforcement experience and the serious harm that Gibson Dunn and Apple's improper sanctions motion is causing both Mathews and myself, you are instructed to promptly address this matter using all available legal remedies, including filing appropriate ethical charges or complaints against Mr. Kleinbrodt and Ms. Brass.

Your urgent attention to this critical issue is required.

Thank you,

Jeffrey Isaacs

On Fri, Jun 27, 2025 at 5:34 PM Keith Mathews <Keith@awplegal.com> wrote:

All,

I concur with Dr. Isaacs. The Supreme Court was clear on this issue. The motion must be withdrawn immediately.

Regards,

Keith Mathews, Esq.

Get [Outlook for iOS](Outlook for iOS)

---

**From:** Jeffrey <[jeffreydi@gmail.com](mailto:jeffreydi@gmail.com)>
**Sent:** Friday, June 27, 2025 5:29:45 PM
**To:** Kleinbrodt, Julian W. <[JKleinbrodt@gibsondunn.com](mailto:JKleinbrodt@gibsondunn.com)>; Rachel S. Brass <[RBrass@gibsondunn.com](mailto:RBrass@gibsondunn.com)>; Keith Mathews <[Keith@awplegal.com](mailto:Keith@awplegal.com)>; Melissa Theriault <[Melissa@wrablaw.com](mailto:Melissa@wrablaw.com)>; Leah C. Schwartz <[LSchwartz@parsonsbehle.com](mailto:LSchwartz@parsonsbehle.com)>
**Subject:** RE: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)

June 27, 2025

Via Electronic Mail

Rachel Brass

Julian W. Kleinbrodt, Esq.

Gibson, Dunn & Crutcher LLP

One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715

Dear Mr. Kleinbrodt and Ms. Brass:

I write on behalf of myself, Jeffrey Isaacs, individually, regarding your pending Rule 11 sanctions motion filed in the above-referenced matter. Despite not being properly served, and not waiving service, I write because the motion illegally targets me and is causing me imminent and actual distress.

Earlier today, the Supreme Court of the United States definitively ruled that federal courts lack equitable authority to issue nationwide injunctions absent explicit statutory authorization. Your pending Rule 11 motion explicitly requests a "nationwide prefiling injunction"—relief now absolutely prohibited by the Supreme Court's binding precedent. Accordingly, your motion is no longer legally tenable. (I assert it has never been tenable for various other reasons, not waived here).

Maintaining your request for a nationwide injunction despite explicit Supreme Court authority prohibiting it is a direct violation of Federal Rule of Civil Procedure 11(b)(2), which requires counsel to ensure that legal contentions are warranted by existing law. Further, under 28 U.S.C. § 1927 and California Rule of Professional Conduct 3.1, continuing to advocate for clearly prohibited injunctive relief exposes you and your firm to sanctions, fee shifting, and additional liability for harassment. We (I expect follow up from Attorney Mathews) intend to imminently take action on your deliberate harassment, should your firm and your client not IMMEDIATELY retract the offending document IN ENTIRETY.

Given this unequivocal legal directive from the Supreme Court, I hereby demand that you immediately and unconditionally withdraw your Rule 11 sanctions motion insofar as it seeks a nationwide prefiling injunction. I request written confirmation of your withdrawal no later than 5:00 PM Pacific Time today. Failure to comply will be considered deliberate harassment and will result in immediate action, including seeking relief under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and California Professional Conduct rules.

Your prompt compliance is demanded and immediate confirmation of receipt of this letter, given the urgency, is politely requested.

Sincerely,

Dr. Jeffrey D. Isaacs

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 6

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Friday, June 27, 2025 4:11 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews; Brass, Rachel S.; Melissa Theriault; Leah C. Schwartz |
| **Subject:** | Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING |

**This Message Is From an External Sender**
This message came from outside your organization.

You responded to two different threads, but omitted Apple's position on Coring. Please advise.

On Fri, Jun 27, 2025 at 6:54 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

Mr. Mathews,


The emails below reflect a misinterpretation of today's decision.   Apple does not intend to modify its motion or withdraw its injunction request.


Julian



**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 3:22 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Julian,

I'm perplexed why you have not responded for over an hour now. When the Supreme Court issues an order—whether involving critical medical care, an environmental catastrophe, or an unlawful nationwide injunction intended to harass and injure a disabled individual—compliance typically occurs within minutes.

Moreover, Mr. Mathews has specifically requested Tim Cook's immediate notification and response. Your continued silence suggests this is politically motivated targeting. It now appears that Apple and Tim Cook are resisting compliance with a recent conservative-led Supreme Court decision curbing abusive nationwide injunctions, and I, as a disabled individual, am being victimized by your delay.

If you do not confirm immediate compliance with the Supreme Court's directive, I will have no choice but to alert the media to Apple's refusal to respect the authority of the highest court in the nation.

I DEMAND YOUR IMMEDIATE COMPLIANCE WITH THE SUPREME COURT'S ORDER.

In related scope,and in light of recent developments, we request Apple's PROMPT position regarding the appropriate handling of Coring Inc. in relation to the current proceedings prior to final closure.

As you know, Coring Inc. has been held in abeyance pending Judge Chen's ruling on CRC. However, Judge Chen's recent order did not address the new conduct allegations, which specifically affect Coring's claims. Given this situation, we seek either immediate joinder or a declaratory judgment clarifying how Coring should proceed, consistent with judicial economy and fairness.

Please advise us of Apple's position on this matter by 10:00 PM today.

Again, as I asked for an hour ago, politely confirm RECEIPT of this email.

Thank you,

Dr. Jeffrey Isaacs


On Fri, Jun 27, 2025 at 6:03 PM Keith Mathews <Keith@awplegal.com> wrote:

All,


As we have received no response I am requesting that you provide confirmation of your client's direct position on this matter. I request that you notify Tim Cook of the issue should you not retract the matter immediately. We will take action in an individual capacity against all decision makers here, including counsel.


Regards,

Keith Mathews, Esq.


Get Outlook for iOS

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 5:38:57 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)


Subject: Immediate Action Required – SCOTUS Compliance


Melissa,


Please immediately contact Mr. Kleinbrodt and Ms. Brass by telephone to confirm their immediate compliance with the recent SCOTUS directive regarding nationwide injunctions. As you are aware, you

remain counsel of record, as your purported notice of withdrawal was procedurally defective. Your listed termination status on ECF is not controlling authority; you remain Greenflight's counsel until the Court formally orders otherwise.

Given your substantial law enforcement experience and the serious harm that Gibson Dunn and Apple's improper sanctions motion is causing both Mathews and myself, you are instructed to promptly address this matter using all available legal remedies, including filing appropriate ethical charges or complaints against Mr. Kleinbrodt and Ms. Brass.

Your urgent attention to this critical issue is required.

Thank you,

Jeffrey Isaacs

On Fri, Jun 27, 2025 at 5:34 PM Keith Mathews <Keith@awplegal.com> wrote:

All,

I concur with Dr. Isaacs. The Supreme Court was clear on this issue. The motion must be withdrawn immediately.

Regards,

Keith Mathews, Esq.

Get Outlook for iOS

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 5:29:45 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Keith Mathews <Keith@awplegal.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** RE: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)

June 27, 2025

Via Electronic Mail

Rachel Brass

Julian W. Kleinbrodt, Esq.

Gibson, Dunn & Crutcher LLP

One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715

Dear Mr. Kleinbrodt and Ms. Brass:

I write on behalf of myself, Jeffrey Isaacs, individually, regarding your pending Rule 11 sanctions motion filed in the above-referenced matter. Despite not being properly served, and not waiving service, I write because the motion illegally targets me and is causing me imminent and actual distress.

Earlier today, the Supreme Court of the United States definitively ruled that federal courts lack equitable authority to issue nationwide injunctions absent explicit statutory authorization. Your pending Rule 11 motion explicitly requests a "nationwide prefiling injunction"—relief now absolutely prohibited by the Supreme Court's binding precedent. Accordingly, your motion is no longer legally tenable. (I assert it has never been tenable for various other reasons, not waived here).

Maintaining your request for a nationwide injunction despite explicit Supreme Court authority prohibiting it is a direct violation of Federal Rule of Civil Procedure 11(b)(2), which requires counsel to ensure that legal contentions are warranted by existing law. Further, under 28 U.S.C. § 1927 and California Rule of Professional Conduct 3.1, continuing to advocate for clearly prohibited injunctive relief exposes you and your firm to sanctions, fee shifting, and additional liability for harassment. We (I expect follow up from Attorney Mathews) intend to imminently take action on your deliberate harassment, should your firm and your client not IMMEDIATELY retract the offending document IN ENTIRETY.

Given this unequivocal legal directive from the Supreme Court, I hereby demand that you immediately and unconditionally withdraw your Rule 11 sanctions motion insofar as it seeks a nationwide prefiling injunction. I request written confirmation of your withdrawal no later than 5:00 PM Pacific Time today. Failure to comply will be considered deliberate harassment and will result in immediate action, including seeking relief under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and California Professional Conduct rules.

Your prompt compliance is demanded and immediate confirmation of receipt of this letter, given the urgency, is politely requested.

Sincerely,

Dr. Jeffrey D. Isaacs

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 7

**Kleinbrodt, Julian W.**

---

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Monday, June 30, 2025 7:43 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews; Brass, Rachel S.; Melissa Theriault; Leah C. Schwartz |
| **Subject:** | Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING |
| **Attachments:** | Remember the Old Apple Inc.pdf |

---

**This Message Is From an External Sender**
This message came from outside your organization.

Apple Counsel:

Thank you for confirming that you represent Mr. Cook for any TRO/personal action filed.
Before filing, we would like to confirm that you have transmitted the attached Petition to Mr. Cook and Apple's Board of Directors.
Please advise if either will be providing a substantive response, holding a no-confidence vote, or taking any action whatsoever on this petition.

Thank you for your ongoing attention to this matter.
If you prefer I directly contact Apple/Mr. Cook, please advise. In either case, and given the allegations of your improper blockade of my communications regarding this lawsuit, I do require an either-or response: you have transmitted this document to the parties, or you request that I do so directly.
Please advise within 24 hours.
Thank you

On Mon, Jun 30, 2025 at 2:10 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

All:

Apple will respond to Plaintiffs' Motion for an Emergency Stay, Amended Administrative Motion, and Motion for Sanctions in due course.  To be clear, there is zero basis to seek a temporary restraining order or sanctions against Apple, its counsel, or Mr. Cook.  As my prior email stated, Plaintiffs are misreading the Supreme Court's decision in *Trump v. CASA, Inc.*, which expressly recognizes than an "injunction can apply beyond the jurisdiction of the issuing court."  Nor has there been any harassment, much less an ADA violation, by Apple or its counsel.  The only harassment is by Plaintiffs, whose recent correspondence and motion practice violates the Northern District of California's Guidelines for Professional Conduct several times over.

We caution Plaintiffs that proceeding with their accusations any further would be vexatious and harassing, violate Rule 11, run afoul of the Guidelines for Professional Conduct, and subject any movants and their counsel to sanctions.  Indeed, Plaintiffs filings over the past few days are already replete with baseless factual

misrepresentations and frivolous legal arguments that are themselves sanctionable. Plaintiffs should withdraw those filings immediately.

If Plaintiffs nevertheless choose to proceed with seeking a temporary restraining order against Mr. Cook, we are authorized to accept service on his behalf. Service copies can be directed to Gibson Dunn's San Francisco Office, and courtesy copies should be sent by email.

Apple, Mr. Cook, and Gibson Dunn reserve all rights.

We also note that the *Coring* case was voluntarily dismissed multiple years ago.

Best regards,

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Saturday, June 28, 2025 3:39 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Brass/Kleinbrodt:

We have not heard back on several critical matters.

1 - Following up to confirm whether or not you represent Tim Cook in his individual capacity for the noticed proceeding (also noticed in yesterday's CAND filing).

Please advise.

2-Additionally, please expect a Safe Harbor notice for Rule 11 sanctions imminently from Attorney Mathews.

He asked me to confirm where you both would like it mailed to and by what carrier?

Dr Isaacs

On Fri, Jun 27, 2025 at 7:56 PM Jeffrey <jeffreydi@gmail.com> wrote:

DOJ Antitrust:

We are requesting emergency help on this situation. Please provide the correct new contact information. Thank you

Jeffrey Isaacs

On Fri, Jun 27, 2025 at 7:48 PM Jeffrey <jeffreydi@gmail.com> wrote:

Melisssa-

Please provide a sketch/draft TRO for their (Kleinbrodt/Brass/Apple/Tim Cook) malicious non compliance with SCOTUS and ADA violations for retaliation/harassment of disabled person, which (luckily) is your specialization.

3

Thanks!

Jeffrey


On Fri, Jun 27, 2025 at 7:45 PM Jeffrey <jeffreydi@gmail.com> wrote:

Brass/Kleinbrodt:


Please confirm if you represent Tim Cook in his individual capacity. His oversight (or lack thereof) of your harassing tactics against a disabled person is deplorable. We are looking into a TRO on this, request immediate confirmation.


Thank you

Dr Isaacs


On Fri, Jun 27, 2025 at 7:26 PM Keith Mathews <Keith@awplegal.com> wrote:

Julian,


Your email does not provide a meaningful justification for noncompliance with the Supreme Court order. Please provide one before our filing this evening.


To clarify Dr. Isaacs request concerning "whether Apple will immediately withdraw or substantially narrow its unlawful injunction request." Please take notice, the only appropriate and lawful remedy is to comply with SCOTUS is to retract the illegal Rule 11 paper entirely.


Regards,


Keith

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 7:08 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Julian:

Apple's Rule 11 sanctions motion (Dkt. 70 at 24–25) explicitly seeks a "nationwide pre-filing injunction" targeting me, Greenflight, Coronavirus Reporter Corp., and undefined "associates." Today's Supreme Court decision categorically prohibits federal judges from entering nationwide injunctions absent explicit statutory authorization.

Your previous curt email response ("The emails below reflect a misinterpretation of today's decision.") provides no substantive reasoning or legal justification. We request that you promptly provide a meaningful, legally supported explanation of Apple's position so we may include it accurately in tonight's court filing and related press release.

Absent such a substantive explanation, we will inform the Court and media outlets that Apple was given every opportunity to clarify and respond substantively, yet maliciously declined to do so—effectively conceding our legal argument and knowingly disregarding today's Supreme Court ruling. Do you have any substantive response or justification for your ongoing harassment of a disabled individual?

Even under Ninth Circuit precedent prior to today (Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057), injunctions were required to be narrowly tailored to specific, clearly defined entities or individuals directly involved in vexatious conduct. By using explicitly broad language to include "associates" nationwide, Apple impermissibly converted a narrowly tailored pre-filing injunction into precisely the sweeping, nationwide bar expressly forbidden by today's Supreme Court ruling.

Given today's directive from the Supreme Court, Apple's requested nationwide relief against broadly defined parties and associates is now unlawful and must be withdrawn or substantially narrowed immediately.

This is your final opportunity to correct your position voluntarily. If you persist with your current unlawful injunction request, we will promptly inform Judge Chen, seek immediate judicial relief, and pursue appropriate sanctions and professional discipline pursuant to Federal Rule of Civil Procedure 11(b), 28 U.S.C. § 1927, and Local Rule 11-6. We further reserve rights under applicable laws concerning harassment, abuse of process, and intentional infliction of emotional distress.

Please confirm, no later than **7:00 PM Pacific tonight**, whether Apple will immediately withdraw or substantially narrow its unlawful injunction request, accompanied by a substantive, legally supported explanation. Please advise of the decision maker at Apple who authorized the continued harassment of a disabled individual.


Regards,

Dr. Jeffrey D. Isaacs

CEO, Greenflight Venture Corporation


On Fri, Jun 27, 2025 at 6:55 PM Jeffrey <[jeffreydi@gmail.com](mailto:jeffreydi@gmail.com)> wrote:

Please take this as a notice of lawsuit against you individually, Apple, Tim Cook, and Ms Brass. Your dismissive response, which has no substantive argument, concedes the matter. NAtionwide injunctions are banned, you and Apple have asked for one against me, and now you are harassing me.


Please preserve all evidence accordingly.


On Fri, Jun 27, 2025 at 6:54 PM Kleinbrodt, Julian W. <[JKleinbrodt@gibsondunn.com](mailto:JKleinbrodt@gibsondunn.com)> wrote:

Mr. Mathews,


The emails below reflect a misinterpretation of today's decision.   Apple does not intend to modify its motion or withdraw its injunction request.


Julian


**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 3:22 PM
**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** URGENT DEMAND FOR IMMEDIATE COMPLIANCE WITH SUPREME COURT ORDER AND POSITION RE CORING

Julian,

I'm perplexed why you have not responded for over an hour now. When the Supreme Court issues an order—whether involving critical medical care, an environmental catastrophe, or an unlawful nationwide injunction intended to harass and injure a disabled individual—compliance typically occurs within minutes.

Moreover, Mr. Mathews has specifically requested Tim Cook's immediate notification and response. Your continued silence suggests this is politically motivated targeting. It now appears that Apple and Tim Cook are resisting compliance with a recent conservative-led Supreme Court decision curbing abusive nationwide injunctions, and I, as a disabled individual, am being victimized by your delay.

If you do not confirm immediate compliance with the Supreme Court's directive, I will have no choice but to alert the media to Apple's refusal to respect the authority of the highest court in the nation.

I DEMAND YOUR IMMEDIATE COMPLIANCE WITH THE SUPREME COURT'S ORDER.

In related scope,and in light of recent developments, we request Apple's PROMPT position regarding the appropriate handling of Coring Inc. in relation to the current proceedings prior to final closure.

As you know, Coring Inc. has been held in abeyance pending Judge Chen's ruling on CRC. However, Judge Chen's recent order did not address the new conduct allegations, which specifically affect Coring's claims. Given this situation, we seek either immediate joinder or a declaratory judgment clarifying how Coring should proceed, consistent with judicial economy and fairness.

Please advise us of Apple's position on this matter by 10:00 PM today.

Again, as I asked for an hour ago, politely confirm RECEIPT of this email.

Thank you,

Dr. Jeffrey Isaacs

On Fri, Jun 27, 2025 at 6:03 PM Keith Mathews <Keith@awplegal.com> wrote:

All,

As we have received no response I am requesting that you provide confirmation of your client's direct position on this matter. I request that you notify Tim Cook of the issue should you not retract the matter immediately. We will take action in an individual capacity against all decision makers here, including counsel.

Regards,

Keith Mathews, Esq.

Get Outlook for iOS

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 5:38:57 PM

**To:** Keith Mathews <Keith@awplegal.com>
**Cc:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)

Subject: Immediate Action Required – SCOTUS Compliance

Melissa,

Please immediately contact Mr. Kleinbrodt and Ms. Brass by telephone to confirm their immediate compliance with the recent SCOTUS directive regarding nationwide injunctions. As you are aware, you remain counsel of record, as your purported notice of withdrawal was procedurally defective. Your listed termination status on ECF is not controlling authority; you remain Greenflight's counsel until the Court formally orders otherwise.

Given your substantial law enforcement experience and the serious harm that Gibson Dunn and Apple's improper sanctions motion is causing both Mathews and myself, you are instructed to promptly address this matter using all available legal remedies, including filing appropriate ethical charges or complaints against Mr. Kleinbrodt and Ms. Brass.

Your urgent attention to this critical issue is required.

Thank you,

Jeffrey Isaacs

On Fri, Jun 27, 2025 at 5:34 PM Keith Mathews <Keith@awplegal.com> wrote:

All,

I concur with Dr. Isaacs. The Supreme Court was clear on this issue. The motion must be withdrawn immediately.


Regards,


Keith Mathews, Esq.


Get Outlook for iOS


---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, June 27, 2025 5:29:45 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>; Rachel S. Brass <RBrass@gibsondunn.com>; Keith Mathews <Keith@awplegal.com>; Melissa Theriault <Melissa@wrablaw.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** RE: Immediate Withdrawal of Rule 11 Motion Seeking Nationwide Prefiling Injunction (Case No. 3:24-CV-08660-EMC)


June 27, 2025


Via Electronic Mail


Rachel Brass

Julian W. Kleinbrodt, Esq.

Gibson, Dunn & Crutcher LLP

One Embarcadero Center, Suite 2600

San Francisco, CA 94111-3715


Dear Mr. Kleinbrodt and Ms. Brass:

I write on behalf of myself, Jeffrey Isaacs, individually, regarding your pending Rule 11 sanctions motion filed in the above-referenced matter. Despite not being properly served, and not waiving service, I write because the motion illegally targets me and is causing me imminent and actual distress.

Earlier today, the Supreme Court of the United States definitively ruled that federal courts lack equitable authority to issue nationwide injunctions absent explicit statutory authorization. Your pending Rule 11 motion explicitly requests a "nationwide prefiling injunction"—relief now absolutely prohibited by the Supreme Court's binding precedent. Accordingly, your motion is no longer legally tenable. (I assert it has never been tenable for various other reasons, not waived here).

Maintaining your request for a nationwide injunction despite explicit Supreme Court authority prohibiting it is a direct violation of Federal Rule of Civil Procedure 11(b)(2), which requires counsel to ensure that legal contentions are warranted by existing law. Further, under 28 U.S.C. § 1927 and California Rule of Professional Conduct 3.1, continuing to advocate for clearly prohibited injunctive relief exposes you and your firm to sanctions, fee shifting, and additional liability for harassment. We (I expect follow up from Attorney Mathews) intend to imminently take action on your deliberate harassment, should your firm and your client not IMMEDIATELY retract the offending document IN ENTIRETY.

Given this unequivocal legal directive from the Supreme Court, I hereby demand that you immediately and unconditionally withdraw your Rule 11 sanctions motion insofar as it seeks a nationwide prefiling injunction. I request written confirmation of your withdrawal no later than 5:00 PM Pacific Time today. Failure to comply will be considered deliberate harassment and will result in immediate action, including seeking relief under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and California Professional Conduct rules.

Your prompt compliance is demanded and immediate confirmation of receipt of this letter, given the urgency, is politely requested.

Sincerely,

Dr. Jeffrey D. Isaacs



This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

Exhibit 8

**Kleinbrodt, Julian W.**

| | |
|---|---|
| **From:** | Jeffrey <jeffreydi@gmail.com> |
| **Sent:** | Friday, July 4, 2025 3:08 PM |
| **To:** | Kleinbrodt, Julian W. |
| **Cc:** | Keith Mathews; Brass, Rachel S.; Leah C. Schwartz |
| **Subject:** | Re: Admin Motion to Relate Cases |

**This Message Is From an External Sender**
This message came from outside your organization.

Does Apple take a position on which court Proton v. Apple should be in? I noticed it is assigned to a different court than Korean Publishers v. Apple?

On Fri, Jul 4, 2025 at 3:08 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

Counsel:  This case has already been deemed related to another case—*Coronavirus I*.  Plaintiffs opposed that relation but did not assert this case should be related to any other case at that time.  In addition, Plaintiffs' claims have already been dismissed.  Any relation request therefore would be untimely and procedurally improper.

Moreover, Plaintiffs are clearly estopped from arguing that *Coronavirus II* should be related to *Cameron* and related App Store cases. Judge Gonzalez Rogers declined to relate *Coronavirus I* to *Cameron* in 2021 after Plaintiffs argued that the cases had "virtually no overlap in the property, transactions, or events at issue." *Coronavirus I*, Dkt. 17 at 9-11 (attached for reference); *see Coronavirus I*, Dkt. 21 (order denying relation).  And as Judge Chen found, this case shares an identity of issues and parties with *Coronavirus I*. *See Coronavirus II*, Dkt. 53; *see also* Dkt. 82 at 3, 5.  Even if Plaintiffs were not estopped, the cases no longer meet the standard for relation.  The only issues still pending before the Court in *Coronavirus II* are Apple's motion for sanctions and Plaintiffs' motions to strike, for an emergency stay, and for sanctions. There is therefore no overlap in "parties, property, transaction[s], or event[s]," with *Cameron* and *Proton* (which has not been assigned to Judge Gonzalez Rogers at this time).  Plaintiffs also conceded that Judge Chen "is best positioned to adjudicate these related matters most efficiently." *Coronavirus II*, Dkt. 42.  There is no efficiency to be gained from reassigning *Coronavirus II* to a new judge unfamiliar with the history of this litigation. *See* L.R. 3-12(a).

Apple therefore will not assent to relation or Plaintiffs' request for a stay.  As Apple has pointed out in filings and correspondence, Plaintiffs' course of conduct since the Court's dismissal order has been vexatious and harassing.  Seeking relation now would likewise be frivolous and designed to multiply proceedings.  Apple reserves all rights, including the right to seek further sanctions due to the significant costs imposed by Plaintiffs' recent, frivolous filings.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Thursday, July 3, 2025 8:35 AM
**To:** Jeffrey <jeffreydi@gmail.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** RE: Admin Motion to Relate Cases

Julian,

Plaintiffs would appreciate a formal response on the Administrative Motion by end of day today, so that we may file before the holiday.

Thank you,

Keith

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Thursday, July 3, 2025 5:31 AM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Admin Motion to Relate Cases

Apple Counsel:

I have just conferred with Attorney Mathews, and the Plaintiffs are planning to move to relate our case to Cameron, in light of the recent filing by Proton of Switzerland. It is clear this grop of cases all relate to

Apple's tying of app distribution to iOS. The distinction between Cameron's free app v. paid, which we briefed about in CR I, has now taken a backseat to the larger picture of App Store conduct generally, and developer class actions, generally.

Please advise by end-of-day whether or not Apple assents to this relation, and a brief stay on the case pending Judge Gonzalez Rogers' decision. If you oppose, we would appreciate a substantive response that we can analyze and, if necessary, place in the motion.

Thank you for your attention to this matter

Dr Isaacs

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.