RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA  94111-3715
Telephone:	415.393.8200
Facsimile:	415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation, *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>Apple Inc.<br><br>　　　　　　Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR L.R. 6-3 ORDER SHORTENING TIME**<br><br>The Honorable Edward M. Chen |

## INTRODUCTION

Since the Court dismissed this case with prejudice on June 25, 2025 (Dkt. 82), Plaintiffs have tried to spin this litigation out of control. In the span of eleven days, Plaintiffs filed four motions, amended two of them, and now seek to expedite briefing on a purported "Emergency" request to stay. But there is no exigency: The only remaining part of the case that could be stayed is Apple's pending sanctions motion, which is fully briefed and not scheduled to be heard until August 21, 2025. Dkt. 80. Plaintiffs adduce no reason to curtail Apple's time to respond to their request to stay. The Court should deny Plaintiffs' request to shorten time, summarily reject Plaintiffs' emergency motion, and order the parties to file no further motions absent leave of the Court.

## BACKGROUND

Following this Court's order granting Apple's Motion to Dismiss (Dkt. 82), the only issue remaining for adjudication was Apple's Motion for Sanctions (Dkt. 70). Briefing closed on June 20, 2025 (Dkt. 78), and that motion is set for hearing on August 21, 2025 (Dkt. 80). But rather than proceed with orderly adjudication, Plaintiffs responded to the Court's dismissal order with a flurry of filings. Building on Plaintiffs' anti-SLAPP motion to strike Apple's sanctions motion (Dkt. 74), Plaintiffs' recent filings each aim to forestall resolution of Apple's sanctions motion. *See*, *e.g.*, Mot. i (asking the Court to stay "further briefing and hearings on Apple's sanctions motion"); Dkt. 85 at 1 (similar); Dkt. 86 at 5 (asking the Court to "sever the sanctions issues into a separate proceeding"); Dkt. 89 at 5 (asking for an "immediate administrative stay of all proceedings").

Two days after the Court dismissed this case, Plaintiffs filed an "Emergency Motion for Litigation Stay and Status Conference" but did not seek to shorten time. Dkt. 83. The next day, Saturday June 28, they filed an "Administrative Motion for Pre-Emptive Amicus Invitation and Limited Public-Input Procedure" with a self-styled "Petition To End Apple's Suppression of Free Speech and Demand Tim Cook's Resignation." Dkts. 84 & 84-2. On Monday June 30, Plaintiffs filed an amended version of that motion. Dkt. 85. That same day, Plaintiffs filed a Motion for Sanctions that they admit is untimely (at least in part). Dkt. 86 at 5. On July 1, Plaintiffs filed an amended "Emergency Motion for Litigation Stay and Status Conference" (hereinafter, "Emergency Motion"), which repeated some of the arguments in its prior flurry of filings, dropped others, added new ones, and embedded a request

to shorten time. Dkt. 87. And on July 6, Plaintiffs moved Judge Gonzalez Rogers to relate this case to matters pending before her (and asked her to enter a stay). Dkt. 89.

As it stands now, Apple's oppositions to Plaintiffs' request to shorten time and Amended Administrative Motion are due on Monday, July 7; Apple's opposition to Plaintiffs' relation request is due July 10, 2025; Apple's opposition to Plaintiffs' Motion for Sanctions is due on July 14, 2025; and Apple's opposition to the Emergency Motion is due on July 15, 2025. Plaintiffs have noticed their motions—including their Amended Administrative Motion in contravention of Local Rules (*see* N.D. Cal. Civ. L.R. 7-11(c))—for hearing on August 21, 2025, when Apple's motion for sanctions is set to be argued. Through their request to shorten time, Plaintiffs seek to expedite their Emergency Motion: They ask the Court to order Apple to file its opposition on July 8, 2025; Plaintiffs to file a reply on July 10, 2025; and a hearing to be held on July 15, 2025. Mot. ii.*

## ARGUMENT

To shorten time, Plaintiffs must establish good cause by "[s]et[ting] forth with particularity the reasons for . . . shortening of time." N.D. Cal. Civ. L.R. 6-3; *see also Grateful Dead Prods. v. Sagan*, 2007 WL 2155693, at *1 (N.D. Cal. July 26, 2007) (denying motion "because no good cause has been shown for shortening time"). This requires the movant to act with "diligence," *Russell Sigler, Inc. v. Wright*, 2021 WL 6104300, at *1 (C.D. Cal. Sept. 28, 2021), and demonstrate that the need for expedition, "in consideration of the administration of justice, outweighs the prejudice to the responding party." *Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*, 2015 WL 3523405, at *2 (N.D. Cal. June 4, 2015). Plaintiffs have not met their burden to show good cause.

First, Plaintiffs have not demonstrated diligence. They ask the Court to "shorten[] time so this stay request can be heard on July 15, 2025" in order to stay "further briefing and hearings [on] Apple's sanctions motion." Mot. i. But Apple served its motion for sanctions, and triggered the 21-day safe harbor, on April 23 and filed it on May 30. Dkt. 70 at 9. That Plaintiffs did not withdraw any of their sanctionable statements at all, and then waited until June 27 to move to stay—and until July 1 to shorten

---

* Plaintiffs did not consult with Apple in advance of proposing these deadlines. *See* N.D. Cal. Prof'l Conduct Guidelines § 3.a ("A lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court.").

time—does not demonstrate the requisite diligence. *See Russell Sigler, Inc.*, 2021 WL 6104300, at *1 (denying motion to shorten time for lack of diligence when movant waited "8 days after the Motion was reset to seek to shorten time"); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 2007 WL 3340935, at *2 (E.D. Cal. Nov. 9, 2007) (similar). The lack of diligence is underscored by the fact Plaintiffs first indicated that they would seek a stay on June 3, 2025, and yet waited almost a full month to do so. *See* Dkt. 90-1, Ex. 1. Having tarried so long, they cannot curtail Apple's time to respond based on a self-created "emergency."

Second, Plaintiffs fail to demonstrate a need to expedite their stay request. Apple's sanctions motion is fully briefed and not set to be heard until August 21, 2025—the "only date[]," Plaintiffs admit, "presently on calendar." Mot. iv. Setting aside that Plaintiffs' Emergency Motion is meritless and should be summarily denied, the Court need not expedite briefing to hear it in advance of August 21: Briefing under the default schedule will conclude on July 22, and the motion could be heard on the Court's August 7 or 14 calendars if the Court so orders. *See* N.D. Cal. Civ. L.R. 7-2 & 7-3. Apple maintains that no hearing is needed—and certainly not a hearing separate from that already set for August 21—but, regardless, there is no basis to claim "irreparable prejudice" without an expediting order. Mot. iv. The lack of legitimate reason to expedite underscores that Plaintiffs' request is one of many transparent attempts to forestall adjudication of Apple's sanctions motion. *See Al-Mansur v. Cnty. of Alameda*, 2025 WL 1547426, at *2 n.2 (N.D. Cal. May 30, 2025) (denying "unnecessary" motion to shorten time because it "was filed in bad faith . . . to circumvent Defendants' motion for attorney's fees rather than simply resisting it on the merits").

Plaintiffs suggest they "cannot prepare Rule 59(e)/60(b) papers" without a stay, and "unresolved recusal, ADA, and discovery issues" must be decided before Apple's sanctions request. Mot.iv. But Plaintiffs have prepared multiple, lengthy motions in short order, and they fail to explain why it "is simply not possible" to prepare an appropriate post-dismissal motion (if there is one) within the time specified by the Federal and Local Rules. *Id.* at ii. "A court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)" in any event. Fed. R. Civ. P. 6(b)(2). Nor do the other supposed "issues" require expedition. Plaintiffs have not filed a formal recusal motion (*see* Mot. iv), and the recusal arguments raised in their Emergency Motion can be addressed in the ordinary course as noted

above. *See* Dkt. 90 at 3 (explaining Plaintiffs' request is untimely and facially meritless). Plaintiffs have not explained what "ADA" issue must be (or even could be) resolved in this case, much less filed a motion seeking ADA-related relief from the Court. *See* Mot. iv. And the Court already rejected Plaintiffs' baseless request for discovery. Dkt. 82 at 1; *see also* Dkt. 67 at 3–6 (seeking discovery).

The denial of a motion to dismiss in *United States v. Apple, Inc.*, No. 24-cv-4055 (JXN) (LDW), 2025 WL 1829127 (D.N.J. June 30, 2025), likewise fails to establish good cause. *See* Mot. ii. That order did not, as Plaintiffs contend, "expressly reject[] the very arguments Apple advanced here" or create "a direct conflict with this Court's June 25 dismissal order," *id.*; it did not mention, and has nothing to do with, the *res judicata* bar that foreclosed this case. *See* Dkt. 82 at 3–5. And even if it did, the "decision of a federal district court judge is not binding precedent," *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), and therefore would fail to compel reconsideration of the Court's decision here. *See United States v. Biden*, 745 F. Supp. 3d 1001, 1005 (C.D. Cal. 2024) (rejecting reconsideration because "[a] nonprecedential decision" by an out-of-circuit district court judge "does not present 'a material difference in fact or law'"). Regardless, Plaintiffs could have raised that decision in a notice of supplemental authority insofar as they believe it bears on Apple's motion for sanctions. The Court need not expedite briefing on a stay request for them to do so.

Plaintiffs also list seven "pending issues" that they allege must be resolved before hearing Apple's sanctions motion. Mot. i. They fail to explain why it "is necessary" for the Court to decide any of these issues before ruling on sanctions. *Id.* Beyond the putative recusal motion addressed above (*see also* Dkt. 90 at 3), none justifies expediting briefing:

- The Court granted Ms. Theriault's withdrawal, Dkt. 88, so it is no longer pending and cannot justify expediting briefing on a stay. *See* Mot. i.
- Plaintiffs have not filed a request for "declaratory judgment concerning the status of Coring Inc." Mot. i. In any event, *Coring* was voluntarily dismissed years ago. *Coring Co. v. Apple Inc.*, No. 3:22-cv-01044-EMC, Dkt. 49 (N.D. Cal.).
- There is no indication the Department of Justice intends to intervene in this case, Mot. i, nor would such an effort bear on the adjudication of Apple's sanctions motion.
- Plaintiffs' misreading of the *Trump v. CASA, Inc.* decision, Mot. i, is no reason to strike Apple's

sanctions motion. *See* Dkt. 90 at 4 n.3 (responding to this argument). Regardless, the parties' arguments about it will be fully briefed well in advance of the August 21, 2025, hearing—without any expedition or stay.

- Plaintiffs do not need "an additional thirty (30) days . . . to file any further responses related to Apple's pending sanctions motion." Mot. i. Briefing on Apple's sanctions motion is complete. *See* Dkts. 70, 74, 78.

- No "[g]uidance" is needed from this Court on Plaintiffs' sanctions requests (or their baseless accusations of "abusive practices"). Mot. i. Courts do not provide litigants with such advice, and Plaintiffs have already filed their motion. Dkt. 86. Apple will respond in due course.

In short, Plaintiffs' pretexts are not good cause to forestall a decision on Apple's motion for sanctions.

Third, expediting briefing would prejudice Apple. As Apple has explained in past filings, Plaintiffs have a long history of litigation abuses that have sapped the Court's time and burdened Apple. *See, e.g.*, Dkt. 70 at 2–9, 20–22. They have now accelerated those efforts, filing six motions and amended motions since their case was dismissed on June 25, 2025. *See* Dkts. 83, 84, 85, 86, 87, 89. While meritless, these motions are far-ranging and responding requires meaningful work. Apple has been diligently working to oppose these motions even as Plaintiffs bombard Apple with correspondence threatening to file even more motions and additional lawsuits. *See, e.g.*, Dkt. 90-1, Exs. 2–8. It would prejudice Apple to respond on an even shorter timeline, especially when Plaintiffs' request would leave Apple only one day from today to file its opposition to Plaintiffs' Emergency Motion. Granting Plaintiffs' request would be unfair and inconsistent with the administration of justice.

**CONCLUSION**

Plaintiffs' recent deluge of motions has a single aim: to prevent the Court from deciding Apple's motion for sanctions. There is no basis for an emergency stay and even less to expedite briefing on that request, so the Court should deny Plaintiffs' request to shorten time and summarily deny the Emergency Motion. Furthermore, given Plaintiffs' history of "multipl[ying] the proceedings . . . unreasonably and vexatiously," 28 U.S.C. § 1927, *see* Dkts. 83, 84, 85, 86, 87, 89, the Court should prohibit the parties from filing additional motions (or amending existing motions) without leave of the Court. Absent contrary order, Apple will timely respond to Plaintiffs' pending motions.

DATED: July 7, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
    Rachel S. Brass

    RACHEL S. BRASS
    rbrass@gibsondunn.com
    JULIAN W. KLEINBRODT
    jkleinbrodt@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    One Embarcadero Center
    Suite 2600
    San Francisco, California  94111-3715
    Telephone:       415.393.8200
    Facsimile:        415.393.8306

    *Attorneys for Defendant Apple Inc.*