RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation** *on behalf of themselves and all others similarly situated.* <br><br> Plaintiffs, <br><br> v. <br><br> **Apple Inc.** <br><br> Defendant. | CASE NO. 3:24-CV-08660-EMC <br><br> **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS** <br><br> The Honorable Edward M. Chen |

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660-EMC

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................**1**

II.     BACKGROUND ..............................................................................................**1**

III.    LEGAL STANDARD ......................................................................................**3**

IV.     ARGUMENT ...................................................................................................**3**

    A.      The Motion is Facially Meritless and Should Be Stricken................................ 3

    B.      The Motion States No Basis For Sanctions Against Apple Or Its Counsel........... 5

        1.  Plaintiff's Rule 11 Request is Procedurally Improper and Meritless. ............. 5

        2.  There Is No Basis For Sanctions Under The Court's Inherent Authority. ....... 9

        3.  There Is No Basis For Sanctions Under § 1927 ........................................... 11

    C.      Plaintiff's Other Requests For Relief Are Improper......................................... 13

V.      CONCLUSION ...............................................................................................**16**

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660-EMC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banks v. Mortimer*,
    620 F. Supp. 3d 902 (N.D. Cal. 2022)......................................................................... 15

*Barber v. Miller*,
    146 F.3d 707 (9th Cir. 1998)............................................................................... 5, 12

*Barnd v. City of Tacoma*,
    664 F.2d 1339 (9th Cir. 1982) ................................................................................ 11

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)................................................................................................ 9

*Chaset v. Fleer/Skybox Int'l, LP*,
    300 F.3d 1083 (9th Cir. 2002) ............................................................................... 15

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) ................................................................................. 3

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)............................................................................................. 4

*Coronavirus Reporter v. Apple Inc.*,
    2021 WL 5936910 (N.D. Cal. Nov. 30, 2021)..................................................1, 13, 15

*Coronavirus Reporter v. Apple Inc.*,
    85 F.4th 948 (9th Cir. 2023) ............................................................................. 1, 13

*Cotterill v. City & Cnty. of San Francisco*,
    2010 WL 1223146 (N.D. Cal. Mar. 10, 2010)........................................................... 14

*Dytch v. Yoon*,
    2011 WL 839421 (N.D. Cal. March 7, 2011) .............................................................. 4

*Epic Games, Inc. v. Apple Inc.*,
    67 F.4th 946 (9th Cir. 2023)................................................................................... 7

*Est. of Blas Through Chargualaf v. Winkler*,
    792 F.2d 858 (9th Cir. 1986) ................................................................................. 11

*In re FEMA Trailer Formaldehyde Prods. Liab.*,
    401 F. App'x 877 (5th Cir. 2010) ........................................................................... 10

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ................................................................................. 10

*Freeman v. Alta Bates Summit Med. Ctr. Campus*,
    2004 WL 2326369 (N.D. Cal. Oct. 12, 2004)............................................................. 4

iii

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660-EMC

*G.C. & K.B. Inv., Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003) ............................................................................3

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
  801 F.2d 1531 (9th Cir. 1986) ............................................................................7

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101 (2017)..........................................................................................13

*Hamer v. Career College Ass'n*,
  979 F.2d 758 (9th Cir. 1992) ............................................................................7

*In re Itel Sec. Litig.*,
  791 F.2d 672 (9th Cir. 1986) ............................................................................9

*In re Keegan Mgmt. Co., Secs. Litig.*,
  78 F.3d 431 (9th Cir. 1996) ..............................................................................9

*Jolly Grp., Ltd. v. Medline Indus., Inc.*,
  435 F.3d 717 (7th Cir. 2006) ..........................................................................11

*Kraszewski v. State Farm Gen. Ins. Co.*,
  130 F.R.D. 111, 114 (N.D. Cal. 1984) ............................................................14

*Maya v. Forty Niners Football Co.*,
  748 F. Supp. 3d 783 (N.D. Cal. 2024)............................................................15

*McGee v. City of Hercules*,
  2025 WL 1435817 (N.D. Cal. May 19, 2025) ................................................16

*Morehead v. City of Oxnard*,
  2024 WL 3178166 ............................................................................................15

*Motameni v. Adams*,
  2022 WL 3682940 (D. Or. Aug. 25, 2022)......................................................15

*N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*,
  568 F.2d 628 (9th Cir. 1977) ............................................................................8

*New Alaska Dev. Corp. v. Guetschow*,
  869 F.2d 1298 (9th Cir. 1989) ........................................................................11

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*,
  760 F.2d 1045 (9th Cir. 1985) ..........................................................................3

*Ortego v. Lummi Island Scenic Est. Cmty Club, Inc.*,
  738 F. App'x 912 (9th Cir. 2018) ......................................................................4

*Peer v. Lewis*,
  606 F.3d 1306 (11th Cir. 2010) ........................................................................5

*PhantomALERT v. Apple, Inc.*,
  762 F. Supp. 3d 8 (D.D.C. 2025)......................................................................8

iv

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
  115 F.3d 644 (9th Cir. 1997) ................................................................5, 9, 10

*Prince v. Kansas City Tree Care, LLC*,
  660 F. Supp. 3d 1082 (D. Kan. 2023) .................................................... 14

*Pryzblyski v. Stumpf*,
  2011 WL 31194 (D. Ariz. Jan. 5, 2011) ................................................. 15

*Quillinan v. Ainsworth*,
  755 F. App'x 690 (9th Cir. 2019) ............................................................ 4

*Radcliffe v. Rainbow Constr. Co.*,
  254 F.3d 772 (9th Cir. 2001) .................................................................... 5

*Rattagan v. Uber Techs., Inc.*,
  2019 WL 3891714 (N.D. Cal. Aug. 19, 2019) ........................................ 3

*Rees v. PNC Bank, N.A.*,
  308 F.R.D. 266 (N.D. Cal. 2015) ............................................................ 5

*Ringgold-Lockhart v. Cnty. of Los Angeles*,
  761 F.3d 1057 (9th Cir. 2014) ............................................................... 12

*Roadway Exp., Inc. v. Piper*,
  447 U.S. 752 (1980) ............................................................................ 9, 13

*Rodriguez v. Cavalry Portfolio Servs., LLC*,
  2012 WL 726474 (S.D. Cal. Mar. 6, 2012) ........................................... 15

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
  682 F.3d 170 (2d Cir. 2012) .................................................................... 8

*Steele v. Bulova Watch Co.*,
  344 U.S. 280 (1952) .................................................................................. 8

*Talada v. City of Martinez*,
  2009 WL 2030998 (N.D. Cal. Jul. 9, 2009) ............................................ 4

*Teamsters, Chauffeurs, Warehousemen & Helpers Loc. No. 490 v. Lucky Stores, Inc.*,
  1994 WL 721432 (N.D. Cal. Dec. 28, 1994) ......................................... 10

*Troutt v. Colo. W. Ins. Co.*,
  246 F.3d 1150 (9th Cir. 2001) ............................................................... 13

*Trump v. CASA Inc.*,
  606 U.S. ___, 2025 WL 1773631 (U.S. June 27, 2025) .......................... 8

*United States v. Dunkel*,
  927 F.2d 955 (7th Cir. 1991) ................................................................... 3

*United States v. Liquidators of Eur. Fed. Credit Bank*,
  630 F.3d 1139 (9th Cir. 2011) ............................................................... 15

v

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 3:24-CV-08660

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
  2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ............................................................... 14

*Whitehurst v. CVS Pharm.*,
  2014 WL 135410 (N.D. Cal. Apr. 4, 2014) ................................................................. 6

*Zhu v. Li*,
  2023 WL 5279451 (N.D. Cal. Aug. 16, 2023) ............................................................ 3

**Statutes**

18 U.S.C. § 1962 ............................................................................................................ 2

28 U.S.C. § 1927 ....................................................................................... 2, 3, 5, 11, 12

**Rules**

Cal. R. Prof'l Conduct 3.10(a) ..................................................................................... 13

Fed. R. Civ. P. 11 ................................................................................................. 3, 5, 6, 7, 8

Fed. R. Civ. P. 65(d) ...................................................................................................... 8

N.D. Cal. Civ. L.R. 3-4(d) ............................................................................................ 3

N.D. Cal. Civ. L.R. 7-5(a) ............................................................................................ 3

N.D. Cal. Civ. L.R. 11-4(a)(4) ...................................................................................... 5

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 3:24-CV-08660

## I.    INTRODUCTION

Plaintiff Coronavirus Reporter Corporation's Motion for Sanctions (Dkt. 86) lacks any basis in law or fact.  It does not even attempt to carry Plaintiff's burden—citing virtually no evidence or authority—and Plaintiff's disjointed arguments establish no basis for sanctions under any statute, rule, or other authority.  To the contrary, Plaintiff retreads arguments rejected by this and others many times over.  The principal difference between this motion and the prior instances in which Plaintiffs have made these same arguments is the degree and extent of their invective and misrepresentations about Apple and its counsel.  Like Plaintiffs' other efforts to avert a decision on Apple's pending request for sanctions, Plaintiff's motion is itself frivolous and vexatious.  It should be stricken or denied.

## II.    BACKGROUND

The history of Plaintiffs' litigation against Apple is recounted at length in Apple's motion to dismiss (Dkt. 62) and motion for sanctions (Dkt. 70).  In brief, after Apple rejected the submission of the Coronavirus Reporter app to the App Store in 2020, Plaintiffs Coronavirus Reporter, Calid Inc., and Jeffrey Isaacs, along with a related affiliate, Primary Productions LLC, filed a series of lawsuits against Apple, culminating in *Coronavirus I*, in which this Court dismissed all claims with prejudice. *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021).  The Ninth Circuit affirmed.  *Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2526 (2024).  While Plaintiffs' certiorari petition was pending, Plaintiffs filed this duplicative action— their fifth lawsuit overall—in the District of Wyoming.  Dkt. 1.

Apple sought to adjudicate this case in an orderly and efficiently manner:  It sought to transfer this case from Wyoming, to relate the case to *Coronavirus I* when it arrived in this district, and then to move to dismiss under *res judicata* (among other grounds).  Dkts. 19, 42, 62; *Coronavirus I*, Case No. 21-cv-05567-EMC, Dkt. 132.  Plaintiffs gummed up the works at each step.  *See* Dkt. 70 at 7 (describing procedural history).  That included the incredible argument that Plaintiffs were not bound by *Coronavirus I* because the entities that prosecuted that case did not exist.  *See, e.g.*, Dkt 39 at 6–12; Dkt. 48 at 1–5; Dkt. 63 at 4–6.  The Court cut through Plaintiffs' attempts to obfuscate and derail the litigation, dismissing their claims with prejudice on June 25, 2025.  Dkt. 82.  That left one pending issue: Apple's motion for sanctions, which Apple had filed in the face of Plaintiffs' continued misconduct (Dkt. 70 at

7, 20–21) and Plaintiffs had cross-moved to strike (Dkt. 74).  The Court set Apple's sanctions motion for hearing on August 21, 2025.  Dkt. 80.

Plaintiffs have endeavored at length to forestall adjudication of Apple's sanctions motion.  They first moved to strike it (Dkt. 74)—a meritless misapplication of California's anti-SLAPP statute.  *See* Dkt. 81 at 1–5 (explaining the procedural and substantive deficiencies with Plaintiffs' motion).  Plaintiffs' efforts to avoid a decision on the merits of Apple's sanctions motion accelerated after the Court dismissed the case, from repeated requests for stays to accusations of bias and attempts to reassign the case.  *See* Dkt. 91 at 4–5; *see also* Dkts. 83, 84, 85, 86, 87, 89, 94.  As Apple will explain in more detail as ordered by the Court, Dkt. 95, Plaintiffs' submissions are unsubstantiated, improper, and frivolous.  On July 8, 2025, the Court submitted all but one of these motions without briefing and prohibited Plaintiffs from filing any further motions without leave.  Dkt. 92.

The one exception is Plaintiff's motion for sanctions.  Dkt. 86.  After a rash of correspondence leveling unfounded accusations against Apple and its counsel (*see* Dkt. 90-1 Exs. 2–8), Plaintiff moved for sanctions against Apple and counsel under the Court's inherent authority, 28 U.S.C. § 1927, and Rule 11.  Dkt. 86 at i.  Though far from clear, the motion appears to seek (1) $20 million in sanctions payable by Apple or its counsel; (2) discovery "on an expedited basis" of "communications, filings, and internal documents" from Apple and its counsel; (3) an "evidentiary hearing" in which Apple's counsel of record and in-house counsel "should be questioned about the factual bases (or lack thereof) for their claims in CR I and CR II"; (4) referral of counsel "to the relevant State Bar" or "to the Department of Justice for perjury or obstruction of justice"; (5) vacatur of *Coronavirus I*'s judgment; (6) a "fresh look at the merits" of the claims dismissed in this case; (7) recusal; (8) an injunction against Apple "from seeking any similar gag orders in this or related cases"; (9) "disgorgement of Apple's monopoly profits"; (10) indeterminate "injunctive orders and other equitable remedies" under the Americans with Disabilities Act; (11) disqualification of Apple's counsel; (12) "partial default judgment against Apple on specific claims or issues"; and (13) "the Court's guidance on pursuing a Civil RICO claim (Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962) based on Apple's ongoing scheme of developer retaliation and fraud."  Mot. 15–22 (emphasis omitted).

Gibson, Dunn & Crutcher LLP

2

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    LEGAL STANDARD

The Court may sanction litigants and counsel pursuant to three powers.  First, Rule 11 prohibits representations that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," that advance factual contentions lacking "evidentiary support," or that have "any improper purpose."  Fed. R. Civ. P. 11(b)(2)–(3); *see also G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).  A movant must serve a copy of a Rule 11 motion at least 21 days before filing it.  Fed. R. Civ. P. 11(c)(2).  Second, the Court has inherent authority to sanction parties and counsel whose "conduct constituted or was tantamount to bad faith."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002) (quotation marks omitted).  Third, Congress authorized federal courts to sanction counsel who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; *see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1048 (9th Cir. 1985).

### IV.    ARGUMENT

Plaintiff seeks sanctions against Apple but provides no coherent analysis or argument in support of its requests.  Its motion instead combines a recitation of grievances already recounted in past filings and a wish list of all the ways it wants Apple to be punished.  That falls far short of demonstrating that Apple's arguments have been "[un]warranted by existing law," its "factual contentions [lack] evidentiary support," or any other basis for sanctions.  Fed. R. Civ. P. 11(b)(1)–(2).

#### A.    The Motion is Facially Meritless and Should Be Stricken

As the movant, Plaintiff bears the burden of demonstrating an entitlement to the sanctions it seeks.  *Rattagan v. Uber Techs., Inc.*, 2019 WL 3891714, at *2 (N.D. Cal. Aug. 19, 2019) (Chen, J.).  That requires "[f]actual contentions" to "be supported by an affidavit or declaration and by appropriate references to the record."  N.D. Cal. Civ. L.R. 7-5(a).  And it likewise requires citations to relevant authority that supports the motion's request.  *See* N.D. Cal. Civ. L.R. 3-4(d).  After all, "[i]t is not the task of the Court to manufacture arguments for counsel or scour the record for any possible basis on which it could grant Plaintiff's request."  *Zhu v. Li*, 2023 WL 5279451, at *2 (N.D. Cal. Aug. 16, 2023); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Gibson, Dunn & Crutcher LLP

3

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

Plaintiff's motion fails these elementary requirements.  Plaintiff submitted no evidence to support its motion.  And across twenty-three pages, Plaintiff cites the record just once: pointing to a supposedly "threatening letter" (which is anything but) filed in *Coronavirus I.*  *See* Mot. 8 (citing *Coronavirus I*, Dkt. 70-3).  Plaintiff does not contend that this letter alone entitles it to sanctions under any basis.  For this reason alone, the Court should deny Plaintiff's motion as unsupported and noncompliant with the Local Rules.  *See, e.g., Quillinan v. Ainsworth*, 755 F. App'x 690, 690–91 (9th Cir. 2019) ("The district court did not abuse its discretion by denying defendants' motion for sanctions because defendants failed to develop the record sufficiently to demonstrate that sanctions were warranted."); *Ortego v. Lummi Island Scenic Ests. Cmty Club, Inc.*, 738 F. App'x 912, 916 (9th Cir. 2018) (affirming denial of Rule 11 sanctions because "Plaintiffs provided neither the authority to support sanctions nor a meaningful explanation of why sanctions were warranted, both of which are required by Federal Rule of Civil Procedure 11"); *Talada v. City of Martinez*, 2009 WL 2030998, at *1 (N.D. Cal. July 9, 2009) (denying inherent authority and § 1927 sanctions because movant offered "insufficient proof").[1]

Even setting aside the lack of evidence, Plaintiff's tangled legal arguments also fall far short.  They are often muddled: for example, the bases on which Plaintiff grounds many of its requests are not clear.  *See, e.g.*, Mot. 16–17 (seeking $20 million without specifying which rules, statute, or powers allow such a "*punitive*" sanction); *id.* at 18 (emphasis omitted) (seeking "disgorgement of Apple's monopoly profits as an equitable remedy" without specifying the supposed basis for such a sanction).  Many of Plaintiff's arguments cite to no authority at all.  *See, e.g., id.* at 15–18.  Such "shoddy motion practice"—relying on "argument [that] is barely developed and does not cite to any persuasive authority"—"is unacceptable."  *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 WL 2326369, at *6–7 (N.D. Cal. Oct. 12, 2004).  And such arguments cannot establish a "legally tenable" and "grounded in fact" entitlement to sanctions.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The most appropriate remedy is to strike Plaintiff's motion, which is filled with irrelevant invective.  That includes unsubstantiated accusations against Apple's counsel.  *See, e.g.*, Mot. 2, 3, 5, 8,

---

[1] Having failed to produce the requisite evidence and arguments necessary to sustain its request for relief in its opening brief, Plaintiff cannot now supplement its motion with "new facts or different legal arguments" in its reply.  *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (collecting cases).

Gibson, Dunn &
Crutcher LLP

4

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

15, 18.  Many have nothing to do with this case.  *See*, *e.g.*, *id.* at 11–12 (accusing Apple or its counsel of misconduct in other cases).  Many also are just false.  *See infra* at 9–13.  Regardless, Plaintiff's allegations are clear violations of the Local Rules and Guidelines for Professional Conduct.  *See* N.D. Cal. Civ. L.R. 11-4(a)(4) (A lawyer must "[p]ractice with the honesty, care, and decorum required for the fair and efficient administration of justice"); N.D. Cal. Guidelines for Professional Conduct ("Those duties include, among others: civility, professional integrity, personal dignity, candor, diligence, re- spect, courtesy, cooperation and competence.").  Courts strike "impertinent" accusations like those that fill Plaintiff's motion.  *See Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015).  The Court should do so here.

## B.  The Motion States No Basis For Sanctions Against Apple Or Its Counsel.

Plaintiff's discrete arguments—to the extent they can be understood—are each meritless.  Plain- tiff's request for Rule 11 sanctions is procedurally barred and substantively baseless.  Plaintiff estab- lishes no "bad faith" conduct that could give rise to sanctions under the Court's inherent authority. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).  And Plaintiff makes no distinct argument under 28 U.S.C. § 1927, which therefore fails for the same reasons.

### 1.  Plaintiff's Rule 11 Request is Procedurally Improper and Meritless.

As Plaintiff concedes, Federal Rule of Civil Procedure 11 has strict procedural prerequisites. Mot. 4–5.  A movant must serve a copy of a Rule 11 motion at least 21 days before filing it.  Fed. R. Civ. P. 11(c)(2); *see Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).  Plaintiff "candidly note[s]" that it has not complied with this requirement.  Mot. 5.  That is fatal to any request under Rule 11.  *See*, *e.g.*, *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Barber*, 146 F.3d at 710–11. Plaintiff tries to argue otherwise by "urg[ing] the Court to invoke its authority under Rule 11(c)(3) . . . to immediately investigate and sanction" Apple.  Mot. 5.  But Plaintiff cannot sidestep the safe-harbor requirement because "[b]y definition, a court responding to a motion is not acting sua sponte."  *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010).  Seeking a show cause order under Rule 11 motion is still a motion subject to the safe-harbor requirement, and Plaintiff's failure to comply with that requirement precludes any relief under Rule 11.  *See Radcliffe*, 254 F.3d at 789 (enforcing safe-harbor requirement where "it was [a party], not the court, that initiated the award of sanctions").

Gibson, Dunn & Crutcher LLP

5

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

Regardless, Plaintiff has identified nothing close to a Rule 11 violation. Plaintiff does not point to the specific "pleading, written motion, or other paper[s]" that they contend violates Rule 11. Fed. R. Civ. P. 11(b); *see also supra* at 3–5 (noting Plaintiff's failure to cite the record). To the extent they appear to advance four arguments that sound in Rule 11, these arguments fail.

First, Plaintiff argues that Apple committed "fraud on the court" by advancing inconsistent positions about the existence of "Coronavirus Reporter." Mot. 6–8. Apple has explained on multiple occasions why this argument is incorrect. *See* Dkt. 63 at 2–8; Dkt. 72 at 4–5; Dkt. 74 at 1–2, 9–12; Dkt. 87 at 1–2. Apple expressly noted in *Coronavirus I* that it assumed Coronavirus Reporter Corporation was the real party in interest and objected to Plaintiffs' improper failure to disclosure as much. *See, e.g.*, Dkt. 81 at 11–14. Apple then stated in a footnote of its appellate brief (accurately) that Plaintiffs' allegations about the actual developer of the Coronavirus Reporter app were potentially inaccurate—ambiguity borne from Plaintiffs' failure to disclose the real parties in interest to whom relief could be granted. *See id.* None of Apple's submissions violate Rule 11. Indeed, Plaintiffs admitted Coronavirus Reporter Corporation was the real party in interest in *Coronavirus I* and that they improperly failed to file the required disclosures. *See id.* (collecting admissions). That the Court has found Apple's arguments meritorious (Dkt. 82 at 3–5), over Plaintiffs' judicial-estoppel and other arguments, is conclusive under Rule 11. *See Whitehurst v. CVS Pharm.*, 2014 WL 135410, at *3 (N.D. Cal. Apr. 4, 2014) (denying sanctions motion because, "as indicated by the Court's conclusion, [the challenged motion was] well founded").

Plaintiff accuses Apple of another "fraud on the court" by "[c]loak[ing]" or "contradict[ing]" Robert Roberts's "role" in the litigation. Mot. 1–4, 6–7. Plaintiff does not cite to any portion of the record to support this accusation. But in its motion to dismiss briefing, motion for sanctions briefing, and oppositions to Plaintiffs' various motions, Apple has mentioned Roberts only a handful of times in passing—and only while quoting Plaintiffs' own past statements. *See* Dkt. 62 at 8; Dkt. 70 at 15–16. More generally, Apple's position has been consistent throughout this litigation: The Coronavirus Reporter app was properly rejected under Apple's Guidelines because it was not submitted by an entity such as a "government organization," "health-focused NGO," or "compan[y]" that was "deeply credentialed in health issues" or a "medical or educational institution," *Coronavirus I*, Dkt. 32 at 6—

1    regardless of Dr. Roberts' alleged connection to the app's development.

2        Plaintiff is the one now trying to reinvent the record.  It first says Apple miscast Dr. Roberts'

3    role as a "plaintiff" to this case or *Coronavirus I*.  Mot. 6.  But he has never been a named party to

4    either case, so Apple's refusal to treat him as such cannot be deemed a "factual contention[] [that does

5    not] have evidentiary support."  Fed. R. Civ. P. 11(b)(3); *see Coronavirus I*, Dkt. 41 ¶¶ 27–30; Dkt. 30

6    ¶¶ 47–49.  Nor has Apple made an "about-face" by "insist[ing] that Dr. Roberts binds the prior judg-

7    ment."  Mot. 7.  Apple's actual argument was that *the plaintiffs* to this case were bound by *the plaintiffs*

8    in *Coronavirus I*—none of whom is Dr. Roberts.  Dkt. 62 at 5–10; Dkt. 64 at 1–5.  That argument

9    prevailed, Dkt. 82 at 3–5, and, therefore, cannot be deemed "[un]warranted by existing law."  Fed. R.

10   Civ. P. 11(b)(2).

11       Second, Plaintiff claims "there is a serious question" about whether Apple's argument that its

12   "closed system is inseparable from iPhone security" is "actually true."  Mot. 9 (emphasis omitted).  But

13   the mere fact that Plaintiff purports to allege otherwise does not mean Apple's arguments violate Rule

14   11; Plaintiff must show that Apple's position has "no chance of success."  *Golden Eagle Distrib. Corp.*

15   *v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986).  They cannot do so: Courts have found not only

16   that Apple's security justifications were procompetitive and non-pretextual but also that there were no

17   substantially less restrictive alternatives for Apple's relevant restrictions.  *See*, *e.g.*, *Epic Games, Inc.*

18   *v. Apple Inc.*, 67 F.4th 946, 987–88 (9th Cir. 2023).  And when Apple discussed security in this litiga-

19   tion, it supported its arguments with appropriate references to allegations or evidence.  *See, e.g.*, Dkt.

20   62 at 12; *Coronavirus I*, Dkt. 32 at 2, 5, 16.  Say-so aside, Plaintiff identifies nothing to show Apple's

21   claims were "false," "misinformation," or "misrepresentation."  Mot. 9; *see Hamer v. Career Coll.*

22   *Ass'n*, 979 F.2d 758, 759 (9th Cir. 1992) (reversing imposition of sanctions where a filing's allegations

23   were disputed but not "unfounded").

24       Third, Plaintiff argues that the ongoing litigation in *PhantomALERT v. Apple Inc.*, No. 24-cv-

25   786 (D.D.C.), demonstrates that its claims were not frivolous.  Mot. 13–14.  That misses the point.

26   Apple did not seek sanctions because Plaintiffs' underlying legal theories of liability were meritless

27   (although they were).  Apple is seeking sanctions under Rule 11 because Plaintiffs sought to *relitigate*

28   those theories after they had been dismissed—and then avoid dismissal through repeated

Gibson, Dunn &
Crutcher LLP

7

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

misrepresentations.  Dkt. 70 at 10–18.  In any event, *PhantomALERT* was also dismissed on the pleadings, *see PhantomALERT v. Apple, Inc.*, 762 F. Supp. 3d 8 (D.D.C. 2025), and the fact that an additional attorney has entered an appearance in that case on appeal, Mot. 13, is entirely irrelevant to the issues in this case.

Fourth, Plaintiff argues that Apple should be sanctioned for failing to withdraw its sanctions motion in light of *Trump v. CASA Inc.*, 606 U.S. ___, 2025 WL 1773631 (U.S. June 27, 2025).  *See* Mot. 3–4.  As Apple explained previously, Plaintiff misreads *CASA*.  *See* Dkt. 90 at 4 n.3.  The Supreme Court held that federal courts lack "authority to universally enjoin the enforcement of an executive or legislative policy."  2025 WL 1773631, at *5.  A universal injunction "differ[s]" from "a traditional injunction," the Court explained, based on "whom it protects: A universal injunction prohibits the Government from enforcing the law against anyone."  *Id.* at *1 n.1.  That courts cannot grant relief to benefit nonparties is irrelevant here.  After *CASA*, Apple remains entitled in a case like this one to seek an injunction that extends its prohibition "beyond the jurisdiction of the issuing court."  *Id.* at *1 & n.1, 11; *accord Steele v. Bulova Watch Co.*, 344 U.S. 280, 289 (1952).  Nor does *CASA* purport to overturn the well-established principle that injunctions apply to "the parties," including their "officers, agents, servants, employees, and attorneys" and "other persons who are in active concert or participation with" them (as Isaacs has been adjudicated to be here, Dkt. 82 at 5).  Fed. R. Civ. P. 65(d); *see also N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 634 (9th Cir. 1977) (stating that "[a] command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs.") (quotation marks omitted).  The injunction Apple seeks is well-supported by the authorities cited in Apple's motion (Dkt. 70 at 24–25)—to which Plaintiffs have offered no response (Dkt. 78 at 1).  At a minimum, Apple's "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).[2]

---

[2] Plaintiff also argues the "cumulative effect" of Apple's arguments warrants sanctions.  Mot. 10–11. That argument is unmoored from any doctrinal basis as Rule 11 requires a party to identify the specific "pleading, written motion, or other paper" that warrants sanctions.  Fed. R. Civ. P. 11(b); *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175–76 (2d Cir. 2012)

Gibson, Dunn & Crutcher LLP

8

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

### 2.   There Is No Basis For Sanctions Under The Court's Inherent Authority.

Sanctions under a court's inherent authority are appropriate where necessary to punish "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).  This requires proof that a litigant's "conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs.*, 115 F.3d at 648 (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)); *accord In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  Such conduct includes the assertion of "totally baseless" claims or arguments as well as improper actions "substantially motivated by vindictiveness, obduracy, *or mala fides*."  *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).  It is unclear which conduct Plaintiff maintains meets this standard.  *See* Mot. 3, 18.  But beyond the misplaced arguments addressed above (*see supra* at 5–8), Plaintiff's other apparent arguments establish no impropriety.

Plaintiff argues Apple "silenc[ed] a key pro se litigant through intimidation."  Mot. 6. This retread accusation already has been debunked in recent filings.  *See*, *e.g.*, Dkt. 81 at 16.  In brief, Isaacs joined *Coronavirus I* as a *pro se* plaintiff—and sought to communicate directly with Apple's counsel as such—even while Mathews held himself out as Isaacs' attorney.  *Id.* at 15–16.  Apple objected to this, noting that it put Apple's counsel in an untenable position given the ethical obligation not to communicate directly with a party known to be represented.  *See Coronavirus I*, Dkt. 94 at 9 n.6.  Objecting to Plaintiffs' strategy was a far cry from bad faith litigation misconduct.  There is nothing "intimidat[ing]" about Apple's letter, Mot. 8, which the Court can review for itself.  *See* Dkt. 70-3.  Nor is there any merit to the notion that Apple "silenced" Isaacs (Mot. 8):  His voluminous record of *pro se* filings in *Coronavirus I*—and oral argument before this Court and at the Ninth Circuit—demonstrate otherwise.  *See Coronavirus I*, Dkts. 91, 96, 97, 104, 118, 121, 124, 130.

Plaintiff otherwise cites to Apple's counsel's supposed "pattern of misconduct."  Mot. 11 (emphasis omitted).  Setting aside Plaintiff's many citation-free mischaracterizations about those matters, Plaintiff identifies no basis to sanction Apple or its counsel in this case for supposed misconduct that

("[O]nly conduct explicitly referred to in the [safe harbor letter] is sanctionable.") (quotation marks omitted).  Regardless, Apple's submissions—considered individually or cumulatively—have been proper.

Gibson, Dunn & Crutcher LLP

occurred in entirely separate litigation. *See In re FEMA Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 883 (5th Cir. 2010) (reversing sanctions because conduct in "wholly unrelated" proceedings cannot demonstrate bad faith to support sanctions under a court's inherent authority). That is all the truer insofar as courts levied sanctions in those cases (*see* Mot. 11–12)—addressing whatever misconduct (if any) was attributable to counsel. *See Teamsters, Chauffeurs, Warehousemen & Helpers Loc. No. 490 v. Lucky Stores, Inc.*, 1994 WL 721432, at *5 (N.D. Cal. Dec. 28, 1994) (declining to impose inherent-authority sanctions where other sanctions "adequately" address alleged misconduct).

Moreover, Plaintiff cites no evidence of "subjective bad faith"—or "recklessness" plus "something more"—by Apple or its counsel. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Plaintiff appears to concede there is no "smoking gun of bad faith." Mot. 15. There is no evidence whatsoever. Plaintiff's principal argument appears to be that Apple must have known its arguments about the provenance of "Coronavirus Reporter" were false (*see id.* at 15–16)—a premise the Court already rejected in finding "Coronavirus Reporter Corporation, a Wyoming C corporation according to the complaint, was also a party in *Coronavirus I*." Dkt. 82 at 5. And more generally, each of Apple's submissions in this case have advanced legitimate legal interests; have been focused on the merits; and have been supported by citations to pertinent evidence and authority. *See, e.g.*, Dkt. 20, 42, 62, 70. While Apple has had to fend off many irregular and improper motions, Plaintiff cites no evidence that gives rise to a legitimate inference of bad faith. *See Primus Auto. Fin. Servs.*, 115 F.3d at 649 (explaining bad faith requires "knowingly or recklessly rais[ing] a frivolous argument," "argu[ing] a meritorious claim for the purpose of harassing an opponent," "delaying or disrupting the litigation," or "hampering enforcement of a court order") (quotation marks omitted).[3]

At bottom, the repeated suggestions that Apple or its counsel have "lie[d]," "abus[e]d the discovery process," or otherwise demonstrated a "lack of respect for the truth" in this case are untrue and unproven. Mot. 11–12. Plaintiff comes nowhere close to justifying its outlandish demand for $20 million in sanctions, which is calibrated only by Plaintiff's *ipse dixit* assertion that such an amount is "warranted to punish and deter Apple and Gibson Dunn's conduct." *Id.* at 5. To be sure, Apple

---

[3] Given the absence of any such evidence, Plaintiff purports to seek discovery of Apple's "entire file on Apple related antitrust litigation." Mot. 15. That request also is baseless. *See infra* 14.

Gibson, Dunn & Crutcher LLP

10

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

welcomes Plaintiff's invitation that the Court subject litigants' "representations" to "verification." *Id.* at 11. While Apple stands by its record in this litigation, Plaintiff has repeatedly refused to litigate in compliance with this Court's rules and standards, including in this motion. *See*, *e.g.*, Dkt. 70 at 18–22 (citing other examples).

### 3. There Is No Basis For Sanctions Under § 1927

Plaintiff also fails to show that counsel has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. § 1927. Plaintiff does not identify which filings it contends violate Section 1927. *See*, *e.g.*, Mot. 14 (accusing Apple of "delays" without identifying any specific filings). Because its arguments take issue with the same submissions addressed above, its Section 1927 arguments fail for the same reasons. *See*, *e.g.*, *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982). Regardless, Apple's counsel has not litigated in "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quotation marks omitted).

Apple has made spare requests of the Court, all of which have been designed to achieve an expeditious resolution that conserves judicial resources. When Plaintiffs filed in Wyoming, Apple sought transfer to this Court—which both parties agreed was "best positioned" to adjudicate the dispute. Dkt. 38-1 at 5; *see* Dkt. 20 at 10 (seeking transfer to the Northern District of California as "the more convenient forum in which the interests of justice will be served most efficiently"). After transfer, Apple related this case to *Coronavirus I* (Case No. 21-cv-05567-EMC, Dkt. 132), sought a briefing schedule for a motion to dismiss (Dkt. 60), and then filed a motion to dismiss (Dkt. 62). The only other motion Apple filed is its pending sanctions motion. Dkt. 70. The Court to date has granted each of Apple's motions, which on their face sought to move the case forward toward resolution—far from "a shameful course . . . to avoid a fair fight on the merits." Mot. 5 (emphasis omitted). Plaintiff neither explains how Apple's motion practice has "delayed" the case nor cite any case sanctioning counsel for remotely similar conduct. *Id.* at 15; *see Est. of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860–61 (9th Cir. 1986) (denying Section 1927 sanctions in connection with motion for reconsideration that contained "legitimate arguments" when the moving party produced no evidence of harassing intent).

Gibson, Dunn & Crutcher LLP

11

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS CASE NO. 24-CV-08660

The voluminous filings that dot the docket are attributable to Plaintiffs' vexatious strategy, not Apple's.  In contrast to Apple's ordinary motions, Plaintiffs opposed Apple's request to enter a briefing schedule with a "Cross-Motion for Judicial Estoppel" (Dkt. 39), created an extra round of briefing with a "Motion for Rule 12(d) Conversion" after Apple's motion to dismiss had been briefed (Dkt. 67), and, most recently, bombarded the docket with motions designed to avoid a decision on Apple's sanctions motion (Dkts. 83, 84, 85, 86, 87, 89).  The most significant delays in this case likewise occurred from a stay entered due to Plaintiffs' MDL frolic (Dkts. 33, 37) followed by the sideshow created by Plaintiffs' improper attempt to seek a default (Dkts. 55, 57, 58, 59).  Indeed, Plaintiffs filed more motions since the last week of May (Dkts. 67, 74, 83, 84, 85, 86, 87, 89) than Apple did during the entirety of this case (Dkts. 19, 38, 42, 62, 70).  In those limited instances where Apple's filings are lengthy, it is simply because of the size of the record that contradicts Plaintiffs' unsupportable accusations.

Nor have Apple's filings been "unreasonabl[e]" in any way.  28 U.S.C. § 1927.  Apple's filings have had a firm basis in law and fact—confirmed by the Court's repeated decisions granting Apple's motions, including its motion to dismiss with prejudice.  Dkt. 82; *see Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1065 (9th Cir. 2014) ("A successful motion is neither 'baseless' nor 'frivolous'").  The parties' dueling sanctions motions allow an illustrative like-for-like comparison: Apple sought sanctions as a last resort in response to uninhibited and escalating misconduct by Plaintiffs and their counsel, and its motion articulated the bases for sanctions with thorough citations to the record and authority.  Dkt. 70 at 10–25.  By contrast, Plaintiff's motion is long on vilification but short on cogent argument, let alone any authority supporting its outlandish demands.  *See* Mot. 1–22.

Section 1927 sanctions require a moving party to show "recklessness or bad faith."  *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).  As detailed above, Plaintiff has not made any factual showing and thus necessarily fails to satisfy that standard.  *See supra* at 9–11.

Plaintiff's motion underscores why its counsel, not Apple's, should be sanctioned.  It is frivolous, filled with inaccurate rhetoric, and only serves to waste the Court and Apple's time and resources.  For example, Plaintiff's admission that it filed this motion without complying with Rule 11's safe harbor not only precludes the relief it seeks (*see supra* at 5) but also points up its misrepresentation in a prior filing that it had complied with Rule 11's procedural requirement.  *See* Dkt. 85 at 3.  Plaintiff's

Gibson, Dunn &
Crutcher LLP

12

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

motion also repeatedly demeans Apple and its counsel with personal attacks, accusing counsel of an "evil ploy," "jaw-dropping hypocrisy," and "breaches of rules of professional conduct" without basis. Mot. 2, 16, 18. These indecorous comments are consistent with those made in prior filings and in correspondence (*e.g.*, Dkt. 90-1 Exs. 2, 5, 7; Dkt. 85-1 at 12), which have included express threats to subject counsel to criminal jeopardy, administrative charges, or parallel civil suits if Apple did not withdraw its sanctions motion. *See*, *e.g.*, Dkt. 90-1 Ex. 2 at pp. 13, 18; Dkt. 90-1 Ex. 3; Dkt. 90-1 Ex. 4; Dkt. 90-1 Ex. 5; *see also* Cal. R. Prof'l Conduct 3.10(a) ("A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."). And Plaintiffs have made clear that this behavior will not end unless it is stopped: After the Court dismissed this case, Plaintiffs threatened to try to revive *Coring Co. v. Apple Inc*., which they falsely claim was "held in abeyance pending Judge Chen's ruling on" this case, Dkt. 90-1 Ex. 5, when it was in fact voluntarily dismissed years ago, No. 3:22-cv-01044-EMC, Dkt. 49. "[A]t some point, litigation must come to an end." *Troutt v. Colo. W. Ins. Co.*, 246 F.3d 1150, 1156 (9th Cir. 2001).

### C. Plaintiff's Other Requests For Relief Are Improper.

Plaintiff's motion also includes several improper requests for relief that are untethered to sanctions. *See* Mot. 17–22. Each should be rejected.

First, Plaintiff suggests "reopening [*Coronavirus I*] and consolidating it with" this case. Mot. 18. But a sanction must have "a causal link" with the alleged wrongdoing. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); *see also Roadway Exp.*, 447 U.S. at 764. There is no such nexus between Plaintiff's request and the supposed misconduct here. That is particularly true where Plaintiff's request functions as an improper collateral attack on multiple, affirmed rulings: The Court dismissed *Coronavirus I*, the Ninth Circuit affirmed, the Supreme Court denied review, this Court declined to reopen the case, and the Ninth Circuit summarily affirmed (again). *See Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (Nov. 30, 2021), *aff'd*, 85 F.4th 948 (9th Cir. 2023), *cert. denied*, 2024 WL 421280 (U.S. Feb. 5, 2024); Case No. 24-7280, Dkt. 14 (9th Cir.).

Second, Plaintiff urges "the Court [to] initiate a thorough investigation of Apple's and Gibson Dunn's litigation conduct." Mot. 14. But as detailed above, Plaintiff has cited no evidence to suggest even a *prima facie* case of misconduct. *See supra* at 5–13. Plaintiff's mere desire to subject Apple's

Gibson, Dunn & Crutcher LLP

13

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

counsel to cross-examination does not license an evidentiary hearing into privileged matters. *See* Mot. 14–15 (seeking production of Apple's litigation files, correspondence among Apple's counsel and between counsel and client, and seeking to question Apple on similar matters); *see also Kraszewski v. State Farm Gen. Ins. Co.*, 130 F.R.D. 111, 114 (N.D. Cal. 1984) ("[T]he Ninth Circuit has consistently rejected the position . . . that an evidentiary hearing must always precede the imposition of sanctions"); *Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011) ("[D]iscovery in relation to Rule 11 motions is allowed only in extraordinary circumstances").

Third, Plaintiff invites the Court to "not hesitate to refer [Apple's counsel] to the relevant State Bar for investigation of ethical violations" "[i]f the evidence confirms that Apple's counsel engaged in deceit or serious misconduct." Mot. 16. This request all but admits that there is no evidence of such deceit or misconduct—and there is not. Speculation that there "could be perjury," *id.*, is no basis for a criminal or ethical referral. Indeed, as noted above, these threats are themselves improper. *See supra* Section IV.B.3; *see also Cotterill v. City & Cnty. of San Francisco*, 2010 WL 1223146, at *7 (N.D. Cal. Mar. 10, 2010) (sanctioning counsel who "interacted with opposing counsel in an unprofessional manner, and frequently threatened Rule 11 sanctions against defense counsel without articulating a specific basis for doing so").

Fourth, Plaintiff asks the Court to disqualify Apple's counsel because, Plaintiff says, they will be witnesses to the case. Mot. 19–20. Such requests are viewed "with extreme caution" because, as here, they "can be misused as techniques of harassment." *Prince v. Kan. City Tree Care, LLC*, 660 F. Supp. 3d 1082, 1092 (D. Kan. 2023). And Plaintiff never clearly explains what "highly relevant," "firsthand knowledge" that "Gibson Dunn attorneys" would testify about at trial (Mot. 20) (emphasis omitted)—particularly since Plaintiff's claims already have been dismissed. *See* Dkt. 82; *see also Prince*, 660 F. Supp. 3d at 1092 (movant "bears the burden to show that counsel is a 'necessary witness' at trial"). Regardless, Plaintiff's accusations that counsel has "plead[ed] specific factual representations," "possibly orchestrat[ed] the alleged cover-up of Apple's conduct," "etc, etc" are baseless. Mot. 20 (emphasis omitted). Plaintiffs' claims challenge business decisions made by Apple, the rejection or alleged suppression of Plaintiffs' apps, and do not require Apple's longstanding counsel in this litigation to testify.

Gibson, Dunn & Crutcher LLP

14

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S MOTION FOR SANCTIONS
CASE NO. 24-CV-08660

Fifth, Plaintiff seeks to add substantive claims under the Americans with Disabilities Act, Racketeer Influenced and Corrupt Organizations Act, or other "equitable" claims for disgorgement under the guise of sanctions. Mot. 18–21. But Plaintiff's attempt to bring in additional claims via a motion for sanctions—particularly after the case has been dismissed with prejudice—is clearly improper. *See Pryzblyski v. Stumpf*, 2011 WL 31194, at *4 (D. Ariz. Jan. 5, 2011) (rejecting attempt to assert "different and additional . . . theories of relief" in a brief because "[a] lawsuit is necessarily governed by the complaint and the answers to it" and a "[p]laintiff cannot informally 'amend' the complaint by attempting to supplement his allegations in later motions"); *see also Banks v. Mortimer*, 620 F. Supp. 3d 902, 917 n.3 (N.D. Cal. 2022) (similar); *Morehead v. City of Oxnard*, 2024 WL 3178166, at *9 n.8 (C.D. Cal. Mar. 29, 2024 (similar); *Motameni v. Adams*, 2022 WL 3682940, at *7 n.5 (D. Or. Aug. 25, 2022) (similar); *Rodriguez v. Cavalry Portfolio Servs., LLC*, 2012 WL 726474, at *1 (S.D. Cal. Mar. 6, 2012) (similar).

Nor do its ostensible allegations have any merit. ADA retaliation claims accrue when an entity takes retaliatory action against an individual who has engaged in "protected activity" under the ADA. *See Maya v. Forty Niners Football Co.*, 748 F. Supp. 3d 783, 792 (N.D. Cal. 2024). But Plaintiff could not—and does not even attempt to—argue that Isaacs' various lawsuits against Apple are somehow ADA protected activity. Nor does Plaintiff make out the bounds of anything approaching a valid RICO claim. *See* Mot. 21–22. Vague allusions to an undefined "group of co-conspirators or shell entities used by Apple," *id.* at 22, does not describe a cognizable "enterprise"—as the Court recognized in dismissing Plaintiffs' RICO claim before. *Coronavirus I*, 2021 WL 5936910, at *16–18. Nor does Plaintiff provide any basis to suggest the supposed "suppression of rival apps and appropriation of developers' ideas," Mot. 22, is racketeering activity within the meaning of the RICO statute. *See Chaset v. Fleer/Skybox Int'l., LP*, 300 F.3d 1083, 1086–87 (9th Cir. 2002) (describing pleading standard for RICO claims). Moreover, Plaintiff could not maintain such a claim given the *res judicata* effect of the Court's prior decision. *See* Dkt. 82 at 3–4 (explaining Plaintiffs' claims arose out of "the same nucleus of facts" because *Coronavirus I* similarly challenged Apple's curation and app approval processes for its App Store"); *see also United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (claims are precluded when "there was no reason why the plaintiff could

1  not have brought the claim in the first action" and "the harm arose at the same time").

2      Finally, to the extent that Plaintiff briefly gestures at other forms of requested relief—for ex-

3  ample, its demand for this Court's recusal, Mot. 18; its request to view Apple's privileged communi-

4  cations with its counsel, *id.* at 15; and its request that Apple be enjoined from seeking gag orders, *id.*

5  at 18—none of this relief is warranted, either.  Each request in its Motion is insufficiently developed,

6  baseless, and unsupported by evidence, authority, or argument.  *See* Fed. R. Civ. P. 7(b)(1)(B) (a motion

7  must "state with particularity the grounds for seeking the order"); *McGee v. City of Hercules*, 2025 WL

8  1435817, at *2 (N.D. Cal. May 19, 2025) (denying motion for sanctions where the moving party "pro-

9  vide[d] no argument to explain how Defendants or their counsel violated" the relevant statute).

## V.    CONCLUSION

11      For the foregoing reasons, Plaintiff's Motion for Sanctions should be stricken or denied.

13  DATED: July 14, 2025                              Respectfully submitted,

14                                                    GIBSON, DUNN & CRUTCHER LLP

15                                                    By: /s/ *Rachel S. Brass*

16                                                        Rachel S. Brass

17                                                    RACHEL S. BRASS
                                                      rbrass@gibsondunn.com
18                                                    Julian W. Kleinbrodt
                                                      jkleinbrodt@gibsondunn.com
19                                                    GIBSON, DUNN & CRUTCHER LLP
                                                      One Embarcadero Center
20                                                    Suite 2600
                                                      San Francisco, California  94111-3715
21                                                    Telephone:     415.393.8200
                                                      Facsimile:     415.393.8306

22                                                    *Attorneys for Apple Inc.*

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF CORONAVIRUS REPORTER CORPORATION'S
MOTION FOR SANCTIONS
CASE NO. 24-CV-08660