Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, CALID INC., GREENFLIGHT VENTURE CORPORATION<br><br>  *on behalf of themselves and*<br>  *all others similarly situated*<br><br>                 Plaintiffs,<br><br>*vs*.<br><br>APPLE INC.<br>                 Defendant. | Case No. 3:24-cv-8660-EMC<br><br><br>**PLAINTIFFS' PROPOSED REPLY IN SUPPORT OF ANTI-SLAPP MOTION**<br><br><br>The Honorable Edward M. Chen |

**PLAINTIFFS' REPLY IN SUPPORT OF ANTI-SLAPP MOTION TO STRIKE APPLE'S SANCTIONS MOTION (CAL. CODE CIV. PROC. § 425.16)**

## I. APPLE'S SANCTIONS MOTION FUNCTIONS AS A DISGUISED ABUSE-OF-PROCESS ACTION, SUBJECTING IT TO ANTI-SLAPP SCRUTINY.

Apple insists that anti-SLAPP (CCP §425.16) does not apply because it filed a "motion" rather than a formal complaint. Apple cites limited authority (e.g., *Sheley v. Harrop*) stating anti-SLAPP generally does not apply to routine procedural motions such as joinder or intervention. Apple's sanctions motion is not "routine" or procedural; it seeks extraordinary affirmative relief—a nationwide injunction barring future litigation, punitive fees of roughly $500,000, review of conduct in *Supreme Court and JPML proceeding,* and revocation of counsel's pro hac vice privileges. (Apple Mot. at 1-3). This sweeping punitive relief, against unknown 'associate' non-parties, is well beyond typical sanctions remedies under Rule 11 or §1927, which aim narrowly at specific abusive filings rather than future litigation bans.

In short, Apple provides no case law that a motion like this cannot be construed as an action. It simply provides examples of motions which are not actions. That is like all rectangles are squares, it simply isn't true. This may be a matter of first impression, as best as Undersigned can ascertain, and the Court should certify it for immediate resolution if it has any doubt on the Ninth Circuit's position.

In California, courts have recognized that court filings that are not formal complaint pleadings can qualify as "causes of action" subject to anti-SLAPP if they effectively assert a substantive claim for affirmative relief. Here, Apple's motion seeks remedies comparable to an abuse-of-process or vexatious litigant action under California law. Such claims are unquestionably subject to anti-SLAPP. See *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056–57 (2006) (claims challenging use of litigation process are SLAPPable).

1  Apple's cases (Sheley, supra) concern purely procedural steps (joinder, intervention) and do not involve
2  substantive demands for punitive injunctive relief or monetary penalties. Those cases do not control here,
3  where Apple is attempting to leverage the sanctions mechanism to obtain what is effectively state-law abuse-
4  of-process relief. Thus, §425.16 applies directly.

## II. APPLE'S SANCTIONS MOTION TARGETS PROTECTED PETITIONING ACTIVITY UNDER §425.16(e).

Apple next argues that its sanctions motion does not arise from protected petitioning activity because it addresses only "misconduct" within this litigation. This is plainly false. Apple's motion explicitly attacks prior filings in other courts, including Supreme Court petitions, JPML proceedings, and the original Coronavirus Reporter litigation (CR I), along with statements made publicly and to the press. (Apple Mot. at 5-12.) These actions constitute classic protected petitioning activity under §425.16(e)(1)-(2).

The anti-SLAPP statute explicitly protects litigation-related communications, including filings and petitions before any judicial body. See CCP §425.16(e)(1)-(2); *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002) ("filing, funding, and prosecution" of litigation is protected). Apple seeks to punish Plaintiffs for precisely such petitioning activities—indeed, it asks this Court to issue a nationwide injunction prohibiting Plaintiffs from exercising their right to petition in the future. This effort to penalize past and chill future petitioning unquestionably triggers anti-SLAPP protection. See Rusheen, 37 Cal. 4th at 1056 (claims designed to "throttle petitioning rights" are SLAPPs). Apple's reliance on narrow cases exempting ministerial motions (e.g., joinder) from anti-SLAPP is misplaced. Those cases simply hold that purely procedural filings that do not seek affirmative relief against petitioning activity are not SLAPPable. Apple's motion, in contrast, expressly seeks affirmative injunctive and monetary relief against Plaintiffs precisely because of their

protected petitioning in prior courts and in public discourse. Thus, Apple's motion squarely falls within the ambit of §425.16.

### III. APPLE'S MOTION IS FUNCTIONALLY A STATE-LAW CLAIM OF ABUSE-OF-PROCESS, NOT A ROUTINE FEDERAL SANCTIONS MOTION.

Apple further argues that anti-SLAPP does not apply because it invokes Rule 11 and federal sanctions standards. But the substance, not the form, determines anti-SLAPP's applicability. See *Mission Beverage,* 15 Cal. App. 5th at 700 (substance over form determines anti-SLAPP applicability). Apple's requested remedies—including a broad filing injunction, pro hac vice revocation, and extensive fees—far exceed what Rule 11 or §1927 typically authorize. Federal courts do not ordinarily grant Rule 11 sanctions that bar future filings or litigation from non-parties for future harms. Such remedies are akin to California state-law vexatious litigant orders or abuse-of-process tort claims. Because Plaintiffs' filed a UCL claim, and Apple attacks it as sanctionable, there exists little question this matter falls within the authority of California Anti-SLAPP statutory law.

This Court should look past Apple's formalism to the actual nature of the relief Apple seeks and recognize it as a disguised state-law-style SLAPP.

1. ### IV. APPLE FORFEITED ANY LEGITIMATE DEFENSE TO PLAINTIFFS' ALLEGATIONS OF FRAUD, RETALIATION, AND FLIP-FLOPPING.

Plaintiffs' Anti-SLAPP motion directly argued that Apple's sanctions motion was retaliatory and premised upon distortions of fact and fraud upon the Court. Apple's opposition fails entirely to rebut Plaintiffs' showing that Apple itself engaged in litigation misconduct—including inconsistent positions regarding

Plaintiff entities' existence, status, and litigation capacity. Apple has notably never explained its "flip-flop" regarding Coronavirus Reporter's corporate existence and Dr. Isaacs' pro se representation—key issues underpinning its sanctions request. It has never address the Lawlor new conduct issue in any meaningful way – demonstrating their sanctions motion has zero likelihood to prevail, because CR II extends far beyond the conduct (and timeline) of CR I.

Failure to respond to critical arguments constitutes forfeiture. See *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010) (arguments not raised in opposition brief are forfeited). Apple has thus forfeited any defense to Plaintiffs' arguments that Apple's sanctions motion rests upon factual distortions, fraudulent representations, or retaliatory litigation tactics. This forfeiture alone warrants rejecting Apple's sanctions motion, as Plaintiffs' allegations remain unrebutted.

**THE BALANCE OF EQUITIES STRONGLY FAVORS PLAINTIFFS; APPLE'S ATTEMPT TO PRECLUDE PLAINTIFFS WHILE IDENTICAL CLAIMS PROCEED IS INEQUITABLE.**

Finally, equity weighs decisively against granting Apple's motion. Apple seeks harsh punitive measures against Plaintiffs and their counsel for raising antitrust tying claims that are currently being pursued by the U.S. Department of Justice and sophisticated developers in active litigation, including Proton AG, PhantomALERT, and (non-tying but overlapping conduct claims) Pure Sweat Basketball. Apple notably fails to address this crucial equitable argument, thereby conceding that its sanctions would unfairly single out Plaintiffs among a broader universe of developers and litigants who have asserted identical or substantially similar antitrust theories against Apple.

1  Courts recognize the inequity of penalizing early advocates of claims that later gain widespread recognition.

2  See, e.g., *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322 (1955) (claims arising after an initial judgment

3  not barred,). Apple now seeks to weaponize Rule 11 sanctions to immunize itself against these claims, despite

4  the DOJ and others successfully pursuing them elsewhere. Sanctioning Plaintiffs would unfairly chill lawful

5  antitrust advocacy and disincentivize whistleblowers and early claimants from raising emerging antitrust

6  issues. This Court should reject such inequitable and punitive tactics.

## Conclusion

Apple's sanctions motion seeks extraordinary relief that functions precisely as a disguised SLAPP: it retaliates against past protected petitioning and improperly seeks to chill future litigation. Apple forfeited key rebuttals, cites irrelevant narrow cases, and cannot justify punishing Plaintiffs for claims now accepted and pursued by others, including the DOJ. This Court should grant Plaintiffs' Anti-SLAPP motion under CCP §425.16, strike Apple's sanctions motion entirely, and award Plaintiffs fees and costs as provided by the statute.

Submitted on this 14th day of July, 2025.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

# CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing REPLY to ANTISLAPP was delivered via ECF to all interested parties.

Executed on this 14th day of July, 2025.


/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105