RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation**<br><br>*On behalf of themselves and all others similarly situated.*<br><br>                    Plaintiffs,<br>     v.<br><br>**APPLE INC.**<br><br>                    Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE ADMINISTRATIVE MOTION**<br><br>The Honorable Edward M. Chen |

## INTRODUCTION

Three weeks ago, the Court ordered Plaintiffs to cease their barrage of motions, directing them to obtain leave before submitting any further filings (Dkt. 92) and ordering them to show cause for those they had made (Dkt. 95). Undeterred, Plaintiffs now move to file a motion for reconsideration of the Court's well-reasoned, straightforward order dismissing this case under the doctrine of *res judicata*. Dkt. 99 ("Mot."). But none of the "Exceptional New Authority" on which they ground this request, Mot. ii, is about *res judicata*. Worse, Plaintiffs' motion is full of inaccurate citations, misstatements of the record, and improper personal attacks. It also backtracks on Plaintiffs' promises not to "file a third 'free app' censorship lawsuit," Dkt. 97-1 ¶ 12, with threats of a "fresh RICO" claim (already rejected in *Coronavirus I*). Mot. 17–18 & n.2. The Court should deny Plaintiffs' motion.

## BACKGROUND

The Court dismissed Plaintiffs' Amended Complaint with prejudice on June 25, 2025, because "Plaintiffs' claims are barred by *res judicata*." Dkt. 82 at 1. Over the next eleven days, Plaintiffs filed six separate motions and amended motions. Dkts. 83, 84, 85, 86, 87, 89. Those motions made myriad requests, ranging from "recusal" and "[r]econsideration of the Rule 12(b)(6) [d]ismissal," Dkt. 83 at 4, 22, to "[n]ullification of the judgment of dismissal in [*Coronavirus I*]," "[r]emoval of Gibson Dunn from further representation," and "[t]ransmission of the record to the State Bar of California and the U.S. Attorney's Office for consideration of disciplinary or criminal proceedings," Dkt. 86-1 at 2.

The Court then took under submission all but one of Plaintiffs' motions and directed Plaintiffs to "obtain leave of Court before filing any additional motions." Dkt. 92. On the afternoon of July 21, 2025, Plaintiffs' counsel requested that Apple "stipulate to a motion for reconsideration as [was] described in [Plaintiffs'] show cause memorandum." Ex. 1; *see also* N.D. Cal. L.R. 7-11(a) (requiring party to meet-and-confer prior to filing administrative motion). Without waiting for a response, Plaintiffs filed their motion less than twelve hours later at 2:00 a.m. on July 22. *See* Mot. iii.

## ARGUMENT

To obtain leave to file a motion for reconsideration, Plaintiffs must show: (1) "a material difference in fact or law" that could not have been discovered prior to the issuance of the order "in the exercise of reasonable diligence"; (2) "[t]he emergence of new material facts or a change of law

occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Aniel v. GMAC Mortg.*, LLC, 2012 WL 5389706, at *1 (N.D. Cal. Nov. 2, 2012) (quoting N.D. Cal. Civ. L.R. 7–9(b)); *accord Conley v. City & Cnty. of S.F.*, 2013 WL 5803568, at *1 (N.D. Cal. Oct. 28, 2013). The Local Rules prohibit "repeat[ing] any oral or written argument made by the applying party" on pain of "appropriate sanctions." N.D. Cal. Civ. L.R. 7-9(c). Plaintiffs fail to establish any appropriate ground for seeking reconsideration and repeatedly run afoul of the prohibition of reargument.[1]

**1.** Plaintiffs seek leave based on "[n]ew [a]uthority." Mot. ii. They enumerate five: (1) an unpublished Ninth Circuit decision predating the dismissal order, *Shields v. World Aquatics*, 2024 WL 4211477 (9th Cir. Sept. 17, 2024); (2) an order denying a motion to dismiss in *United States v. Apple Inc.*, 2025 WL 1829127 (D.N.J. June 30, 2025); (3) an order denying a motion to dismiss in *Gamboa v. Apple Inc.*, 2025 WL 1684890 (N.D. Cal. June 16, 2025); (4) complaints filed in *Proton AG v. Apple Inc.*, No. 4:25-cv-05450-YGR, Dkt. 1 (N.D. Cal.), and *Pure Sweat Basketball v. Apple Inc.*, No. 4:25-cv-03858-YGR, Dkt. 1 (N.D. Cal.); and (5) a contempt order in *Epic Games, Inc. v. Apple Inc.*, 2025 WL 1260190 (N.D. Cal. Apr. 30, 2025). None justifies a motion for reconsideration.

First, these orders or filings do not represent a "material" change in law, N.D. Cal. Civ. L.R. 7-9(b)(1), because none of them bear on the *res judicata* bar that foreclosed Plaintiffs' claims. Start with *Shields*, on which Plaintiffs place the greatest emphasis. *See*, *e.g.*, Mot. ii–iv, 4–6, 14. In that case, the Ninth Circuit reversed summary judgment and found a class of professional swimmers should be certified to challenge an organizational rule prohibiting them from participating in other organizations' competitions as a *per se* unlawful group boycott. 2024 WL 4211477 at *1–4. That case has nothing to do with the facts or claims in this case, and it says nothing about *res judicata* or its application here.

So too for the other orders and filings Plaintiffs cite. The order in *Epic Games* concerned Apple's compliance with an injunction entered in that case, 2025 WL 1260190, at *1—irrelevant to the *res judicata* issue here, as Apple has explained before. *See* Dkt. 90 at 3–4; Dkt. 98 at 8–9. The court

---

[1] Plaintiffs at times suggest that they seek to reopen *Coronavirus I*. *See*, *e.g.*, Mot. 14. But a motion in this case cannot reopen *Coronavirus I*, and, in any event, the Court has already considered and rejected a Rule 60 motion in that case. *See Coronavirus I*, Dkt. 129.

in *Gamboa* considered a different claim—an alleged tie between mobile devices and cloud storage—and said nothing about *res judicata*. 2025 WL 1684890, at *4. Likewise, the court in *United States v. Apple* neither considered nor decided any issue of *res judicata*. 2025 WL 1829127, at *1. And the complaints in *Proton AG* and *Pure Sweat Basketball* are just that: complaints that do not even arguably change the law, let alone undermine the Court's application of *res judicata*. *See*, *e.g.*, *Ahern v. Kammerer*, 2024 WL 4368276, at *6 (D. Or. Sept. 3, 2024) ("The existence of other lawsuits with claims against [the defendants] does not establish any relevant facts for this case"). While Plaintiffs argue these filings and orders support the merits of their antitrust theories (they do not), Mot. ii–iv, 3–6, that is irrelevant to the Court's application of *res judicata* in this case. *See*, *e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 2005 WL 8161797, at *1 (W.D. Wash. Jan. 24, 2005) (denying motion for reconsideration premised on new, "wholly irrelevant" authority).

Second, none of Plaintiffs' "new authority," Mot. ii, is a controlling change in law—and most of it is not even new. While Plaintiffs suggest *Shields* is a published opinion by inventing a placeholder citation to the Federal Reporter, Mot. ii, it is in fact a memorandum disposition that does not bind this (or any) court. 2024 WL 4211477, at *1; *see Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020). The other authorities are either non-binding district court orders or not even decisions of any court. *See* Mot. ii. That alone suffices to reject them. *See*, *e.g.*, *Heredia v. Eddie Bauer*, 2018 WL 1243275, at *2 (N.D. Cal. Mar. 9, 2018) ("Ultimately, this non-binding authority does not constitute a material difference in the law or change of law . . . ."); *Bush v. Liberty Life Assurance Co. of Boston*, 130 F. Supp. 3d 1320, 1327 (N.D. Cal. 2015) (similar).

Nor can Plaintiffs explain why, "in the exercise of reasonable diligence," they did not identify most of this authority before the Court's dismissal order. N.D. Cal. Civ. L.R. 7-9(b)(1). The Ninth Circuit issued *Shields* in September 2024—nine months before the Court dismissed this case. The orders in *Epic* (Apr. 30, 2025) and *Gamboa* (June 16, 2025) similarly predate the Court's decision. While Plaintiffs say they learned about *Shields* from a recent brief filed in another case, Mot. ii, they do not explain why they could not find that decision (or the others) prior to this Court's ruling. *See Thacker v. GPS Insight LLC*, 2019 WL 4736782, at *1 (D. Ariz. Sept. 27, 2019) (denying reconsideration where plaintiff failed to "explain[] why [cited authorities] could not have been brought to the

Court's attention earlier"). That means the only new "authority," Mot. ii, is a lone, inapposite out-of-circuit decision by another district court—plainly insufficient to warrant reconsideration.

**2.** Leave should also be denied because Plaintiffs' putative motion improperly seeks to reargue points they have raised before. *See* N.D. Cal. L.R. 7-9(c). For example:

- Plaintiffs seek to argue that they have pleaded new conduct that, under *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), escapes *res judicata*. Mot. 9, 11–12. That argument has been made. *See, e.g.*, Dkt. 67 at 9–11; Dkt. 67-1 at 1–2; Dkt. 75 at 4; Dkt. 87 at 11–12.

- Plaintiffs seek to argue that the Court did not decide *Coronavirus I* on the merits. Mot. 13, 20–21. That argument has been made. *See, e.g.*, Dkt. 63 at 5; Dkt. 97 at 1, 4.

- Plaintiffs seek to argue that proceedings in *Epic* strengthen their contention that Apple retaliated against developers. Mot. 15–17. That argument has been made. *See, e.g.*, Dkt. 63 at 9; Dkt. 67 at 1, 5, 13–15; Dkt. 67-1 at 3, 13–14; Dkt. 74 at 6, 20; Dkt. 87 at 1.

- Plaintiffs seek to argue that Apple "muzzled" Isaacs and interfered with his participation in *Coronavirus I*, and that Greenflight was not represented in the prior case. Mot. 17–18. That argument has been made. *See, e.g.*, Dkt. 74 at 9–11; Dkt. 87 at 2–3, 12–15.

- Plaintiffs seek to argue that proceedings in *United States v. Apple* demonstrate the merit of their claims. Mot. 19–20. That argument has been made. *See, e.g.*, Dkt. 63 at 9; Dkt. 87 at 24–25.

- Plaintiffs seek to argue that newly filed suits alleging claims supposedly similar to theirs demonstrate the validity of their claims. Mot. 1, 4–5, 8. That argument has been made. *See, e.g.*, Dkt. 74 at 1, 19–20.

- Plaintiffs seek to argue that proceedings in *PhantomALERT* demonstrate the validity of their claims. Mot. 1, 4, 8, 11. That argument has been made. *See* Dkt. 74 at 20–22; Dkt. 86 at 13.

Because a motion for reconsideration may not "repeat[] arguments that have already been rejected," the Court should deny Plaintiffs leave to do so here. *Hsu v. UBS Fin. Servs., Inc.*, 2019 WL 1298247, at *2 (N.D. Cal. Mar. 21, 2019); *see also, e.g.*, *Bailey v. Rite Aid Corp.*, 2021 WL 4469638, at *3 (N.D. Cal. May 26, 2021) (denying motion for reconsideration that repeated arguments made in prior filings).

**3.** Plaintiffs also suggest Apple will suffer "[n]o prejudice" because reconsideration is "effectively unopposed." Mot. iii. That is wrong. Given the Court's recent order to eliminate unnecessary briefing, Dkt. 92, Apple will not respond here to every putative argument in Plaintiffs' proposed brief. But Apple opposes reconsideration—as it has made clear in prior filings. Dkt. 90 at 1; Dkt. 91 at 4. That includes opposing any effort by Plaintiffs to add a RICO claim the Court rejected in *Coronavirus I* (*see* Mot. 16–19 & n.2)—an about-face from Plaintiffs' recent, repeated protestations that they would not seek to sue Apple again. *See* Dkt. 97-1 ¶¶ 11–13, 29. While Plaintiffs contend Apple did not

respond to their discussion of "*Shields* and . . . the balance-of-equities factors" in the parties' show-cause briefing, Mot. ii–iii, Apple explained that those and other arguments were outside the scope of the issues the Court had asked the parties to brief. *See* Dkt. 98 at 4. That is not waiver.

Requiring Apple to prepare a full opposition to Plaintiffs' putative motion would be prejudicial. As with past filings, Plaintiffs' putative motion includes fake citations like *Citizens State Bank v. O'Leary*, 856 F.2d 282, 287–88 (8th Cir. 1988), which Plaintiffs say holds "unclean hands bars res judicata where prior judgment was procured by bad faith." Mot. 10. The Texas Supreme Court decided a case by that name in 1942 about the mortgageability of share certificates—which had nothing to do with *res judicata*, unclean hands, or bad faith. *Citizens State Bank v. O'Leary*, 140 Tex. 345 (Tex. 1942). The citation instead corresponds to a case reviewing the Federal Reserve's interpretation of the Bank Holding Company Act. *See Nat'l Ass'n of Cas. & Sur. Agents v. Bd. of Governors of Fed. Rsrv. Sys.*, 856 F.2d 282, 286–90 (D.C. Cir. 1988). This unrepentant pattern of false citations is bad enough. *See Johnson v. Dunn*, 2025 WL 2086116, at *1–2, *20 (N.D. Ala. July 23, 2025) (reprimanding, disqualifying, and referring for discipline attorneys that "fabricated [five] citations" because mere "fines and public embarrassment were [not] effective deterrents"). What is more, Plaintiffs continue to level baseless, personal attacks of "witness intimidation" or "DARVO" (Mot. 10, 19), which Apple already has addressed. *See*, *e.g.*, Dkt. 98 at 2–3 & 3 n.1. No more of the Court's or parties' time should be consumed with repetitive, meritless motion practice.[2]

## CONCLUSION

The Court should deny Plaintiffs' motion for leave to file a motion for reconsideration. If the Court is inclined to grant leave, it should hold Plaintiffs' motion in abeyance until it resolves other outstanding motions and enters judgment, deem the reconsideration motion to be Plaintiffs' Rule 59 motion, and enter a briefing schedule on which Apple can respond in due course.

---

[2] Plaintiffs also accuse Apple of "repeatedly assert[ing]" that Isaacs "suffers from neuro-psychiatric disability." Mot. 18. The Third Circuit observed Isaacs's "neuropsychiatric illness." *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70, 72–73 (3d Cir. 2015). And Apple quoted this observation once in an August 2021 brief as part of its explanation why Isaacs—a former physician who lost his medical license and unsuccessfully sued his former medical-school employer for alleged discrimination over that illness—did not meet Apple's requirement that a COVID-19 app developer be a "legal entity that provides [healthcare] services." *Coronavirus I*, Dkt. 32 at 6. In any event, Isaacs already pressed this objection in *Coronavirus I*. *See Coronavirus I*, Dkt. 119 at 11–12; *Coronavirus I*, Dkt. 129 at 1.

DATED: July 28, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Julian W. Kleinbrodt
Julian W. Kleinbrodt

RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:     415.393.8200
Facsimile:      415.393.8306

*Attorneys for Defendant Apple Inc.*