# Exhibit 1

## Kleinbrodt, Julian W.

| | |
|---|---|
| **From:** | Keith Mathews <Keith@awplegal.com> |
| **Sent:** | Monday, July 21, 2025 2:43 PM |
| **To:** | Jeffrey; Kleinbrodt, Julian W. |
| **Cc:** | Brass, Rachel S.; Leah C. Schwartz |
| **Subject:** | Re: Admin Motion to Relate Cases |

**This Message Is From an External Sender**
This message came from outside your organization.

Julian,

We are requesting a stipulation for administrative motion under rule 7.11. Do you stipulate to a motion for reconsideration as we described in our show cause memorandum?

I believe that Apple is judicially estoppel from opposing this filing because you did not oppose the Shields argument or the equity argument in your response to our memorandum.

Regards,
Keith

Get Outlook for iOS

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Friday, July 4, 2025 6:08:19 PM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Re: Admin Motion to Relate Cases

Does Apple take a position on which court Proton v. Apple should be in? I noticed it is assigned to a different court than Korean Publishers v. Apple?

On Fri, Jul 4, 2025 at 3:08 PM Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com> wrote:

> Counsel: This case has already been deemed related to another case—*Coronavirus I*. Plaintiffs opposed that relation but did not assert this case should be related to any other case at that time. In addition, Plaintiffs' claims have already been dismissed. Any relation request therefore would be untimely and procedurally improper.
>
> Moreover, Plaintiffs are clearly estopped from arguing that *Coronavirus II* should be related to *Cameron* and related App Store cases. Judge Gonzalez Rogers declined to relate *Coronavirus I* to *Cameron* in 2021 after Plaintiffs argued that the cases had "virtually no overlap in the property, transactions, or events at issue." *Coronavirus I*, Dkt. 17 at 9-11 (attached for reference); *see Coronavirus I*, Dkt. 21 (order denying relation). And as Judge Chen found, this case shares an identity of issues and parties with *Coronavirus I*. *See Coronavirus II*, Dkt. 53; *see also* Dkt. 82 at 3, 5. Even if Plaintiffs were not estopped, the cases no longer meet the

standard for relation. The only issues still pending before the Court in *Coronavirus II* are Apple's motion for sanctions and Plaintiffs' motions to strike, for an emergency stay, and for sanctions. There is therefore no overlap in "parties, property, transaction[s], or event[s]," with *Cameron* and *Proton* (which has not been assigned to Judge Gonzalez Rogers at this time). Plaintiffs also conceded that Judge Chen "is best positioned to adjudicate these related matters most efficiently." *Coronavirus II*, Dkt. 42. There is no efficiency to be gained from reassigning *Coronavirus II* to a new judge unfamiliar with the history of this litigation. *See* L.R. 3-12(a).

Apple therefore will not assent to relation or Plaintiffs' request for a stay. As Apple has pointed out in filings and correspondence, Plaintiffs' course of conduct since the Court's dismissal order has been vexatious and harassing. Seeking relation now would likewise be frivolous and designed to multiply proceedings. Apple reserves all rights, including the right to seek further sanctions due to the significant costs imposed by Plaintiffs' recent, frivolous filings.

Julian

**Julian W. Kleinbrodt**
Partner

T: +1 415.393.8382 | M: +1 415.377.0902
JKleinbrodt@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Thursday, July 3, 2025 8:35 AM
**To:** Jeffrey <jeffreydi@gmail.com>; Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** RE: Admin Motion to Relate Cases

Julian,

Plaintiffs would appreciate a formal response on the Administrative Motion by end of day today, so that we may file before the holiday.

Thank you,

Keith

---

**From:** Jeffrey <jeffreydi@gmail.com>
**Sent:** Thursday, July 3, 2025 5:31 AM
**To:** Kleinbrodt, Julian W. <JKleinbrodt@gibsondunn.com>
**Cc:** Keith Mathews <Keith@awplegal.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Leah C. Schwartz <LSchwartz@parsonsbehle.com>
**Subject:** Admin Motion to Relate Cases

Apple Counsel:

I have just conferred with Attorney Mathews, and the Plaintiffs are planning to move to relate our case to Cameron, in light of the recent filing by Proton of Switzerland. It is clear this grop of cases all relate to Apple's tying of app distribution to iOS. The distinction between Cameron's free app v. paid, which we briefed about in CR I, has now taken a backseat to the larger picture of App Store conduct generally, and developer class actions, generally.

Please advise by end-of-day whether or not Apple assents to this relation, and a brief stay on the case pending Judge Gonzalez Rogers' decision. If you oppose, we would appreciate a substantive response that we can analyze and, if necessary, place in the motion.

Thank you for your attention to this matter

Dr Isaacs

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.