UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 24-cv-08660-EMC<br><br>**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS AND PLAINTIFFS' MOTIONS**<br><br>Docket Nos. 70, 74, 83-87, and 99 |

## I.     INTRODUCTION

Before the Court are Defendant Apple Inc.'s motion for sanctions against Plaintiffs Coronavirus Reporter Corporation, Calid Inc., and Greenflight Venture Corporation (collectively "Plaintiffs") and Plaintiffs' motions filed thereafter. Dkts. 70 (Defendant's Motion for Sanctions), 74, 83-87, 89, 99. Under Civil Local Rule 7-1(b), the Court finds the matters suitable for disposition on the pleadings. For the reasons below, the Court grants-in-part Defendant's motion for sanctions and denies Plaintiffs' motions.

## II.     BACKGROUND

On November 30, 2021, this Court dismissed claims brought by plaintiffs Coronavirus Reporter, Calid Inc., Dr. Jeffrey D. Isaacs, and Primary Productions LLC against Apple Inc. *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021) (case is hereafter "*Coronavirus I*"). There, the plaintiffs challenged Apple's alleged "monopolist operation of its App Store through curation and censorship of smartphone apps." *Id.* at *1 (internal citation omitted) ("Plaintiffs bring this action for antitrust and RICO violations, and breach of contract and fraud against Apple, Inc…"). This Court held that the plaintiffs' antitrust

1   claims failed because the plaintiffs had failed to define a relevant market or allege an antitrust

2   injury. *Id.* at *6. This Court dismissed the plaintiffs' complaint with prejudice because "between

3   the various iterations of this case being filed across jurisdictions and by different configurations of

4   Plaintiffs – all challenging the same conduct by Apple and all by the same counsel – this is

5   Plaintiff's *seventh* amended complaint on these claims" and the plaintiffs had still failed to state

6   any claims. *Id.* at *18 (emphasis in original).

7   On November 3, 2023, the Ninth Circuit affirmed this Court's decision. *Coronavirus Rep.

8   v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2526, 219 L. Ed. 2d 1204

9   (2024) (holding that "the district court properly dismissed with prejudice all of the claims against

10  Apple"). The Ninth Circuit held that "the district court did not abuse its discretion in concluding

11  that further amendment was not warranted" because "Plaintiffs-Appellants were given a total of

12  seven opportunities to amend similar complaints across jurisdictions and between various

13  permutations of plaintiffs, but still failed to state their claims here adequately." *Id.*

14  On March 3, 2024, the instant Plaintiffs – Coronavirus Reporter Corporation, Calid Inc.,

15  and Greenflight Venture Corporation ("Plaintiffs") – filed suit against Defendant Apple Inc. in the

16  District of Wyoming. Dkt. 1.

17  On July 26, 2024, Plaintiffs filed their First Amended Complaint ("FAC 2"). Plaintiffs

18  allege that Apple monopolizes the app distribution market on its devices through its curation and

19  app approval process for its App Store and suppresses or excludes apps that compete with Apple

20  or its partners. Dkt. 30. Plaintiffs assert nine claims based on this alleged conduct.

21  On November 21, 2024, the case was transferred to the Northern District of California.

22  Dkt. 44.

23  On January 9, 2025, this Court related this case to *Coronavirus I*. Dkt. 53.

24  Defendant filed a motion to dismiss. Dkt. 62. It also filed a motion for sanctions against

25  Plaintiffs under Federal Rule of Civil Procedure 11, the Court's inherent authority, and under 28

26  U.S.C. § 1927. Dkt. 70.

27  On June 25, 2025, the Court granted Apple's motion to dismiss (Dkt. 62) because

28  Plaintiffs' claims were barred by *res judicata*. The Court found that there were identical issues

2

between *Coronavirus I* and *II* and that there was a final judgment on the merits affirmed on appeal. The Court held that, as in *Coronavirus I,* Plaintiffs alleged that Defendant "monopolizes the app distribution market on its devices through its curation and app approval process for its App Store" and "that Apple suppresses or excludes apps that compete with Apple or its partners." Dkt. 82 at 3. The Court also found that the parties in both cases were in privity. In its order dismissing Plaintiffs' claims, the Court held that privity was satisfied for the following reasons:

> **First**, Plaintiff Calid Inc. and Defendant Apple "are identical in both actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).
>
> **Second**, Plaintiff Coronavirus Reporter Corporation, a Wyoming C corporation according to the complaint, was also a party in Coronavirus I. *See* Dkt. 30 at ¶ 47. That the entity includes "Corporation" in its name in this suit does not render it a new party, particularly where the State of Wyoming has a record of only one entity including "Coronavirus Reporter" in its name. *See* Mot. Exs. 1-5.
>
> **Finally**, the last remaining Plaintiff Greenflight Venture Corporation is in privity with the plaintiff in the prior case. "Even when the parties are not identical, privity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (*citing In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). "Greenflight Venture Corporation" is "Mr. [Jeffrey D.] Isaacs' solely owned entity." *Greenflight Venture Corp. v. Google LLC*, 765 F. Supp. 3d 1267, 1273 (S.D. Fla. 2025); *see* Mot. Ex. 6 (Florida Secretary of State Corporate Record listing Dr. Jeffrey D. Isaacs as the Chief Executive Officer of Greenflight Venture Corporation).

*Id.* at 5 (emphasis and spacing added).[1] Thus, Plaintiffs' claims were barred by *res judicata* as there were identical issues in *Coronavirus I* and *II,* there was a final judgment on the merits in *Coronavirus I*, and the parties in both cases are in privity.

After the Court dismissed Plaintiffs' claims with prejudice, Plaintiffs filed several motions: an emergency motion for a temporary stay and status conference (Dkt. 83); a motion for "pre-emptive amicus invitation and limited public-input procedure" (Dkt. 84); an amended version of

---

[1] Dr. Isaacs was a named plaintiff in *Coronavirus I.* Dkt. 1.

3

1  its motion at Dkt. 84 (Dkt. 85); a motion for sanctions against Defendant and Defendant's counsel

2  (Dkt. 86); an amended motion to stay "briefing and hearings on Apple's sanctions motion" and

3  request to shorten time on Plaintiffs' motion for a stay (Dkt. 87).  It also filed a motion to relate

4  cases and for an expedited stay filed before Judge Yvonne Gonzalez Rogers, which Judge

5  Gonzalez Rogers denied.  Dkts. 89, 93.

6        On July 8, 2025, this Court ordered that "Plaintiffs must obtain leave of Court before filing

7  any additional motions" and that, under Civil Local Rule 7-1(b), the Court would adjudicate

8  Plaintiffs' motions without oral argument.  Dkt. 92.

9        On July 10, 2025, under Federal Rule of Civil Procedure 11(c)(3), this Court ordered

10 Plaintiffs to show cause why their filing of motions (Dkts. 74, 83-87, and 89) did not violate Rule

11 11(b).  Dkt. 95.  The Court permitted Defendants to file a response to Plaintiffs' brief.  The parties

12 filed their respective briefs on this issue on July 14, 2025 and July 17, 2025.  Dkts. 97, 98.

13       On July 22, 2025, Plaintiffs filed a motion for leave to file a motion for reconsideration of

14 the Court's order dismissing Plaintiffs' claims.  Dkt. 99.

15       Before the Court are Defendant's motion for sanctions, responses to the Court's order to

16 show cause regarding potential violations of Rule 11 by the Plaintiff, and Plaintiffs' motions at

17 Docket Nos. 74, 83-87, and 99.

### III. DEFENDANT'S MOTION FOR SANCTIONS AND RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE

20       Defendant requests that the Court sanction Plaintiffs and Plaintiffs' counsel under Federal

21 Rule of Civil Procedure 11, the Court's inherent authority, or 28 U.S.C. § 1927.  Dkt. 70 at 3.

22       Further, under Rule 11(c)(3), the Court ordered Plaintiffs to show cause why its filing of

23 one motion after Defendant filed its motion for sanctions (Dkt. 74) and six motions after the Court

24 dismissed Plaintiffs' complaint (Dkts. 83-87, 89) did not violate Rule 11.  Dkt. 95; *see* Fed. R.

25 Civ. P 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause

26 why conduct specifically described in the order has not violated Rule 11(b).").

27       For the following reasons, sanctions are warranted.

28

4

**A.      Rule 11**

Sanctions under Rule 11 are warranted because Plaintiffs' complaint and ensuing motions are frivolous and lack support in violation of Rules 11(b)(2) and (3).

**1.      Legal Standard**

Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A submission "that does not comply with any one of these requirements gives grounds for monetary sanctions." *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (affirming district court's grant of motion for sanctions under Rule 11(b)(3)); *see* Fed. R. Civ. P. 11(c)(1) and (4). A court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11." Fed. R. Civ. P. 11(c)(3). A party may also independently move for sanctions against another party for violating Rule 11 following the procedure outlined in subsection (c)(2).

If "the court determines that [Rule 11] has been violated" after the party or attorney facing sanctions has had a reasonable opportunity to respond, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Courts must apply an objective test in assessing whether the rule has been violated. A violation of the rule does not require subjective bad faith." *Yagman v.*

5

*Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (citations omitted).

### 2. Rule 11(b)(2): Frivolous Claims Barred by Res Judicata

Under Rule 11(b)(2), a court may "impos[e] sanctions against [a plaintiff] for [filing] a frivolous complaint." *Gaskell v. Weir*, 10 F.3d 626, 628 (9th Cir. 1993). One such example is a complaint that asserts claims clearly barred by *res judicata*. *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) ("When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel," "Rule 11 sanctions may be imposed within the district court's discretion."). Thus, when a party brings the same "theory to court time after time and has been told that he is wrong" and asserts the same claims in a new complaint, "the complaint [is] patently frivolous." *Roundtree v. United States*, 40 F.3d 1036, 1040 (9th Cir. 1994) (affirming sanctions where an attorney brought the same legal theory to court at least six times and each court had rejected his theory).

Here, Plaintiffs' complaint is "patently frivolous." *Id.* As discussed, Plaintiffs' claims were barred by *res judicata*, and any reasonable investigation would have so revealed.

Bringing the instant frivolous case caused needless expenditures by Defendants. Like the attorney sanctioned in *Roundtree*, Dr. Jeffrey Isaacs (through various corporate entities) and his counsel Mr. Keith Mathews herein have "forced [Apple] to go through essentially the same expensive exercise; each time [they have] forced courts to adjudicate essentially the same issues." *Roundtree*, 40 F.3d at 1040; *see Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-00047 (D.N.H.)*; Primary Productions LLC v. Apple Inc.*, No. 2:21-cv-00137 (D. Me.); *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567 (N.D. Cal.) (*Coronavirus I*); *Coring Co. v. Apple Inc.*, No. 9:21-cv-82235 (S.D. Fla.) (collecting Dr. Isaacs' and Mathews' other antitrust cases against Apple). Where parties "attempt[] to have us revisit the claims and theories [repeatedly] rejected," it "cannot [be] sa[id] that the district court abuse[s] its discretion when it impose[s] sanctions upon [such parties]." *Roundtree*, 40 F.3d at 1040. Thus, Plaintiffs and their counsel's filing of the frivolous complaint in this case warrants sanctions.

### 3. Rule 11(b)(2) and (3) Violation: Papers Lacking in Legal and Evidentiary Support

Further, Plaintiffs' admission that they used ChatGPT to generate a document submitted three times to the Court coupled with their submission of motions containing hallucinated citations violate Rules 11(b)(2) and (3)'s requirement to certify that the "legal contentions are warranted" and that the "factual contentions have evidentiary support." Fed. R. Civ. P. 11.

Specifically, Plaintiffs' counsel filed a ChatGPT-drafted exhibit, which he submitted to the Court three times. Dkt. 97-1 at 9, *see* Dkts. 84-2 (in support of ("ISO") motion for "pre-emptive amicus invitation and limited public-input procedure"), 85-1 (ISO amended version of Dkt. 84), 89-3 (ISO motion to relate cases and for expedited stay before Judge Gonzalez Rogers). Further, Plaintiffs filed an anti-SLAPP motion and a response to the Court's order to show cause that included hallucinated citations and quotations. Dkts. 74, 96.

Rule 11 provides, in part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:…
>
> (2) the claims, defenses, and other **legal contentions are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

Fed. R. Civ. P. 11 (emphasis added). Thus, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "The Rule admits of no exceptions to the requirement that all reasonable attorneys will read a document before filing it in court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), *abrogated on other grounds by Cooter,* 496 U.S. 384 (1990).

7

Here, the Court provided Plaintiffs with an opportunity to show cause why their filing of motions (Dkts. 74, 83-87, and 89) did not violate Rule 11(b). Dkt. 95. In his declaration supporting Plaintiffs' response to the order to show cause, Plaintiffs' counsel admitted that he used ChatGPT to generate in its entirety an exhibit of a petition seeking "to end Apple's suppression of free speech and demand [Apple CEO] Tim Cook's resignation," which he submitted to the Court three times. Dkt. 97-1 at 9; *see* Dkts. 84-2, 85-1, 89-3. Mr. Mathews declares that "the Court should be aware that no human ever authored the Petition for Tim Cook's resignation, nor did any human spend more than about fifteen minutes on it." *Id.* "[N]o human ever authored the Petition" because "ChatGPT…created" the Petition in "[t]en minutes." *Id.* at 9-10. Specifically, as a "legal experiment," Mr. Mathews submitted the following prompt to ChatGPT: "Did Judge Gonzales Rogers' rebuke of Tim Cook's Epic conduct create a legally grounded impetus for his termination as CEO, and if so, write a petition explaining such basis, providing contextual background on critics' views of Apple's demise since Steve Jobs' death." *Id.* Mr. Mathews made "minor corrections" to the Petition, "approved it for distribution," and requests that the motions it supports "be granted." *Id.* at 10. While he attests that he was "surprised at the quality of the work," Mr. Mathews does not demonstrate that he "determined that [the] paper[] filed with the court [was] well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter,* 496 U.S. at 393. Instead, his declaration shows otherwise. Mr. Mathews describes the 20-page exhibit that he created and submitted to the Court as a "test" – one that was reviewed in under "fifteen minutes." Dkt. 97-1 at 9. Thus, Mr. Mathews does not certify that he conducted a "inquiry reasonable under the circumstances" to determine whether the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

Moreover, the hallucinated citations and quotations in Mr. Mathews' motions reveal that he has likely failed to conduct a "inquiry reasonable under the circumstances" to determine whether the "legal contentions are warranted by existing law." *Id.* 11(b)(2). For example, Plaintiffs' anti-SLAPP motion contained citations to cases that do not exist (*i.e. Klein v. Cheung*, 20 Cal. App. 5th 1045 (2018) or direct to different cases or relate to different issues than those posited by Plaintiffs (*i.e. Aptos Residents Ass'n v. Cnty. of Santa Cruz*, 20 Cal App 5th 1039

8

1  (2018); *Atari Interactive, Inc. v. Redbubble, Inc.*, 2019 WL 6723422 (N.D. Cal. Dec. 10, 2019);

2  *Makaeff v. Trump Univ., LLC*, 715 F.3d 254 (9th Cir. 2013)). *See* Dkt. 74. Ironically, Plaintiffs'

3  response to the Court's order to show cause on why they should not be sanctioned includes

4  hallucinated quotations. *See* Dkt. 97 at 6 (citing to *Hall v. City of Los Angeles*, 697 F.3d 1059,

5  1067 (9th Cir. 2012) for the quote "issues not decided previously do not become the law of the

6  case," when *Hall* does not include such a quote). Such "[a]n attempt to persuade a court or oppose

7  an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca,*

8  *Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) (awarding $5000 in sanctions). Thus, Plaintiffs'

9  counsel violated Rule 11 by drafting court documents with ChatGPT without adequate review and

10 including in his briefs hallucinated cases and quotes. Mr. Mathews' violations warrant sanctions

11 under Rule 11.

### B. Sanctions

Defendant seeks the following sanctions against Plaintiffs and their counsel: 1) $400,000 in joint and several compensatory sanctions; 2) revocation of Mr. Mathews' *pro hac vice* admission; and 3) a pre-filing injunction. Dkt. 70.

#### 1. Legal Standard

##### a. Procedural Requirements

Motions for sanctions and orders to show cause why sanctions should not be awarded must comply with certain procedural requirements. Motions for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Sanctions awarded on the Court's own initiative must first provide the party being sanctioned with "notice and a reasonable opportunity to respond." *Id.* 11(c)(1).

##### b. Authority to Award Sanctions for Violations

Rule 11(c)(1) provides:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent

> exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11.

### 2. Discussion

#### a. Procedural Requirements

First, the procedural requirements are satisfied. Defendant complied with the 21-day safe harbor provision by providing Plaintiffs with the requisite documents and providing Plaintiffs with 21 days to withdraw their filings or cure the conduct at issue in its motion for sanctions. Kleinbrodt Decl. ¶ 12 (Dkt. 70-1 at 5). Further, in its order requiring that Plaintiffs show cause why sanctions should be not issued, the Court provided Plaintiffs with notice and an opportunity to respond to the Court's order. *See* Dkt. 95.

#### b. Appropriate Sanctions

Under Rule 11(c)(4):

> A sanction imposed under this rule **must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.** The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, **an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.**

Fed. R. Civ. P. 11 (emphasis added).

Here, but for Plaintiffs' filing of a complaint clearly barred by *res judicata* and its filing of numerous unmeritorious motions herein (which the Court summarily denies below), Defendant would not have had to defend itself in this litigation. The fees incurred by Defendant in connection with this litigation are a direct result of the sanctionable conduct found above. Thus, Defendant is entitled to the fees and costs reasonably incurred in connection with this litigation.

Defendant shall submit declarations from its attorneys detailing the fee request, and corresponding time sheets and a brief defining the number of hours of attorney work and associated costs that Defendant has incurred as a result of Plaintiffs' sanctionable misconduct.

#### c. Vexatious Litigant

Defendant effectively asks the Court to find Plaintiffs, Dr. Isaacs (through various corporate entities), and Mr. Mathews vexatious litigants by requesting a revocation of Mr. Mathews' *pro hac vice* admission and a pre-filing injunction enjoining "Plaintiffs, Mathews, and Isaacs from suing Apple in any federal court." Dkt. 70 at 34. The Court **DENIES** this request as Plaintiffs must be afforded adequate notice and an opportunity to oppose such an order.

A court may declare an individual a vexatious litigant if "(1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored 'to closely fit the specific vice encountered.'" *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012), *aff'd*, 520 F. App'x 534 (9th Cir. 2013) (quoting *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir.2007)).

The third factor requires that the Court "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at 1148). This factor is satisfied by a finding that a "plaintiff's claims [are] not only…numerous, but also…patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *see Molski*, 500 F.3d at 1059 (finding this factor satisfied because the district court accurately "conclude[d] that the large number of complaints filed by [the litigant] contain[ed] false or exaggerated allegations of injury").

Should Defendant seek an order declaring Plaintiffs and Dr. Isaacs vexatious litigants, Defendant shall file a motion to declare them vexatious litigants which addresses all the necessary elements, provide them with notice, and they shall have an opportunity to be heard by filing their oppositions to said motion and through a hearing. *See Molski*, 500 F.3d at 1057 ("Molski had fair notice of the possibility that he might be declared a vexatious litigant ... because the district court's order was prompted by a motion filed by the defendants and served on Molski's counsel. Also, Molski had the opportunity to oppose the motion, both in writing and at a hearing.").

Further, the Court notes that "an attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant; by definition, he or she is acting as an attorney and not as a

11

litigant." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

Thus, Defendant's request in its motion for sanctions that the Court find the Plaintiffs, Dr. Isaacs, and Mr. Mathews vexatious litigants is **DENIED**. Defendant shall properly initiate the vexatious litigant process.

### IV. PLAINTIFFS' MOTIONS AT DOCKET NOS. 74, 83-87, AND 99

For the reasons below, Plaintiff's motions at Docket Nos. 74, 83-87, and 99 are **DENIED**.

#### A. Anti-SLAPP Motion (Dkt. 74)

Plaintiffs' motion to strike Defendant's motion for sanctions under California's anti-strategic lawsuit against public participation ("anti-SLAPP) statute (Civil Code of Procedure § 425.16) is denied "[b]ecause a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims" and Defendant's bases to seek sanctions lie in federal law (Rule 11, a federal court's inherent authority, and 28 U.S.C. § 1927). *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010). Thus, Plaintiffs' anti-SLAPP motion is **DENIED**.

#### B. Motion for Sanctions (Dkt. 86)

Plaintiffs' motion for sanctions is denied because Plaintiffs failed to comply with Rule 11's mandatory 21-day safe-harbor provision. Under Rule 11(c)(1)(A), a party seeking sanctions is "required to serve its Rule 11 motion on the [non-moving party] with a demand for retraction of the allegedly offending allegations, and then to allow the [non-moving party] at least twenty-one days to retract the pleading before filing the motion with the court." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001). Where the moving party "d[oes] not comply with the twenty-one day advance service provision," that party is "not entitled to obtain an award from the [non-moving party]." *Id.* at 789. Plaintiffs concede that they have failed to comply with this requirement. Dkt. 86 at 9 ("We candidly note that…a party must serve a [Rule 11] motion and wait 21 days – but in this case…any such advance notice would only invite further abusive tactics."). Thus, Plaintiffs are "not entitled to obtain an award from" Defendant. *Radcliffe,* 254 F.3d at 789. Plaintiffs' motion for sanctions is **DENIED** and, in any event, any such motion would be frivolous in view of the Court's findings above.

## C. Stay Motions (Dkts. 83, 84, 85, and 87)

In their motions at Docket Nos. 83, 84, 85, and 87, Plaintiffs request that the Court stay the case following dismissal of their claims.[2] Plaintiffs provide no caselaw demonstrating that a party can seek a stay when there are no pending claims. In *Smith v. Spizzirri*, 601 U.S. 472 (2024), the Supreme Court distinguished between a stay and a dismissal: while a stay is a "'temporary suspension" of legal proceedings," a dismissal is "the conclusive termination of such proceedings" that forecloses the parties' ability to "return to federal court…to resolve the dispute." 601 U.S. 472, 477 (2024). "That return ticket is not available if the court dismisses the suit." *Id.* Here, the Court granted Defendant's motion to dismiss "all of Plaintiffs' claims." Dkt. 82. Thus, Plaintiffs' requested "return ticket is not available" because "the [C]ourt dismisse[d] the suit." *Spizzirri*, 601 U.S. at 477. The only pending issue is Defendant's motion for sanctions. Given the Court's findings above, there is no basis to stay Defendant's motion for sanctions.

Further, Plaintiffs argue that a stay is warranted because Defendant seeks a nationwide-injunction in its sanctions motion and *Trump v. CASA*, *Inc*., 2025 WL 1773631 (U.S. June 27, 2025), limits nationwide-injunctions. However, a stay is not warranted on this basis because the Court does not grant Defendant's request for a nationwide injunction.

Accordingly, Plaintiffs' stay-related motions are **DENIED**.

## D. Motion for Leave to File a Motion for Reconsideration (Dkt. 99)

Plaintiffs' motion for leave to file a motion for reconsideration of the Court's order dismissing Plaintiffs' claims is **DENIED** because Plaintiffs fail to provide a valid basis for reconsideration. *See* N.D. Cal. Civ. L.R. 7-9(c) (on valid bases such as a material difference in fact or law, an emergence of new material facts or a change of law, or a manifest failure by the Court to consider material facts or dispositive legal arguments). Plaintiffs offer three district court orders, two complaints, and one memorandum disposition from the Ninth Circuit to seek

---

[2] Plaintiffs' motions include: an emergency motion for a temporary stay and status conference (Dkt. 83); a motion for "pre-emptive amicus invitation and limited public-input procedure" (Dkt. 84); an amended version of its motion at Dkt. 84 (Dkt. 85); and an amended motion to stay "briefing and hearings on Apple's sanctions motion" and request to shorten time on Plaintiffs' motion for a stay (Dkt. 87).

reconsideration of the Court's dismissal of Plaintiffs' claims which was based on *res judicata*. *See* Mot. at 3 (Dkt. 99) (citing *United States v. Apple Inc.*, 2025 WL 1829127 (D.N.J. June 30, 2025) (order denying motion to dismiss); *Gamboa v. Apple Inc.*, 2025 WL 1684890 (N.D. Cal. June 16, 2025) (order denying motion to dismiss); *Epic Games, Inc. v. Apple Inc.*, 2025 WL 1260190 (N.D. Cal. Apr. 30, 2025) (contempt order); *Proton AG v. Apple Inc.*, No. 4:25-cv-05450-YGR, Dkt. 1 (N.D. Cal.) (complaint); *Pure Sweat Basketball v. Apple Inc.*, No. 4:25-cv-03858-YGR, Dkt. 1 (N.D. Cal.) (complaint); and *Shields v. World Aquatics*, 2024 WL 4211477 (9th Cir. Sept. 17, 2024) (memorandum disposition)). None of the documents concern the application of *res judicata* – the basis for the Court's dismissal. Thus, Plaintiffs do not offer a valid basis to seek reconsideration. Accordingly, Plaintiffs' motion for leave to file a motion for reconsideration is **DENIED**.

## V. CONCLUSION

For the reasons above, the Court:

1) Finds sanctions against Plaintiffs and their counsel **WARRANTED** under Rule 11,
2) **DENIES** Defendant's request to find Plaintiffs, their counsel, and Dr. Isaacs vexatious litigants, and
3) **DENIES** Plaintiffs' motions at Docket Nos. 74, 83-87, and 99.

The hearing on Defendant's motion is **VACATED**.

**IT IS SO ORDERED**.

Dated: July 30, 2025

EDWARD M. CHEN
United States District Judge