RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter et al. | CASE NO. 3:24-CV-08660-EMC |
| *on behalf of themselves and all others similarly situated.* | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| Plaintiffs, | Honorable Edward M. Chen |
| v. | |
| Apple Inc. | |
| Defendant. | |

Pursuant to Local Rules 79-5 and 7-11, Defendant Apple Inc. ("Apple") hereby moves this Court to seal the indicated portions of the following documents: Defendant Apple Inc's Response to Court's Order Regarding Attorney Fees, the Declaration of Julian W. Kleinbrodt in Support of Defendant Apple Inc's Application for Attorney Fees (the "Kleinbrodt Fees Declaration"), and Exhibit A to the Kleinbrodt Fees Declaration ("Exhibit A").  Each of these filings are submitted pursuant to this Court's July 30, 2025 order granting Apple's sanctions motion and awarding Apple all fees it incurred as a result of this "patently frivolous" litigation.  Dkt. 102 at 6.

Apple's proposed redactions to these documents are highlighted in GRAY in the attached un-redacted versions of each document and itemized in the concurrently filed Declaration of Julian W.

Kleinbrodt (the "Kleinbrodt Sealing Declaration").

Apple requests that the Court seal these documents, as they contain information Apple contends is sealable under controlling law and Civil Local Rule 79-5. Specifically, the accompanying declaration and exhibit of the Response contain competitively sensitive, non-public information regarding Apple's internal billing policies, processes, and systems for conducting litigation and managing vendor billing and/or financial information relating to costs expended by Apple in the *Coronavirus Reporter II* litigation. Accordingly, Apple moves to seal portions of the declaration and exhibit accompanying its Response and respectfully requests that this Court grant its request to seal the sealable information contained within these documents. Apple's request is narrowly tailored, and the bulk of this information will be filed publicly.

**LEGAL STANDARD**

Although the public enjoys a "'general right to inspect and copy public records and documents, including judicial records and documents,'" courts have the discretion to seal judicial records where a movant provides "'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Where the records are "attached to a non-dispositive motion," *Midland*, 686 F.3d at 1119 (quoting *Foltz*, 331 F.3d at 1135), a movant need only make a "particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)" to seal documents. *Id.* Because attorneys' fees motions are non-dispositive, the Court may seal "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *see*, *e.g.*, *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023) ("This Court follows numerous other district courts within the Ninth Circuit in concluding that the good cause standard applies to motions to seal documents relating to a motion for attorneys' fees") (collecting cases); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) ("This Court agrees . . . following numerous other district courts within the Ninth Circuit in concluding that the good cause standard applies to motions to seal documents relating to a motion for attorneys' fees") (collecting cases);

Gibson, Dunn & Crutcher LLP

*Delalat v. Nutiva, Inc.*, 2018 WL 1087959, at \*2 (N.D. Cal. Feb. 26, 2018) ("Because Plaintiff's motion for attorneys' fees and costs is a nondispositive motion, the Court applies the 'good cause' standard to the pending motions to seal.").

**DISCUSSION**

Apple seeks to seal limited, confidential information: the competitively sensitive, non-public specific hourly rates charged by individual attorneys at certain points in time, as was negotiated between Apple and its counsel.

This Court has previously recognized that litigants have a valid interest in protecting information about the fees charged by and paid to their attorneys. In *in re Anthem, Inc. Data Breach Litigation*, 2018 WL 3067783, at \*2 (N.D. Cal. Mar. 16, 2018), for example, the plaintiffs sought to seal "rates for individual attorneys and information that could be used to derive an individual attorney's rate." The court granted the motion to seal, agreeing with the plaintiffs that "disclosing these privately negotiated financial arrangements could impair the attorneys' bargaining power." *Id.*; *see also in re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at \*8 (N.D. Cal. Jan. 15, 2013) (finding good cause to seal excerpts of documents containing "confidential compensation information such as salaries"). So too here: this competitively sensitive business information reflects Apple's negotiations with one of the law firms that worked on this litigation. If made public, disclosure of that information would create a substantial risk of serious financial or other injury to Apple and to its relationships with other vendors.

Disclosure of this information could cause significant competitive harm to Apple and its vendors, including law firms. The avoidance of "competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information." *Philips v. Ford Motor Co.*, 2016 WL 7374214, at \*4 (N.D. Cal. Dec. 20, 2016). This is why courts frequently find good cause or a compelling interest to seal where the information in question pertains to confidential business operations. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and holding that "profit, cost, and margin data" information for Apple and Samsung "could give the[ir] suppliers an advantage in contract

3

Gibson, Dunn & Crutcher LLP

negotiations," putting the litigants "at a competitive disadvantage" and therefore demonstrating "a significant interest" in sealing the information); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (finding a "a compelling interest in sealing portions of the various documents" that "contain[ed] confidential business and financial information relating to the operations of Defendants").

Apple keeps its individual attorneys' rates confidential in the ordinary course of its business and would be injured if this information were made public. Forcing it to reveal such information could constrain Apple's ability to negotiate with current and future law firms and other vendors, who would be able to use confidential knowledge to their advantage during negotiations; harm Apple's existing vendors, which prefer that their business negotiations remain confidential; damage Apple's own relationships with its vendors; or possibly even grant an unfair advantage to Apple's (or its vendors') competitors, which could use this information to influence negotiations or otherwise affect competition. This information is also confidential to Apple's counsel, Gibson Dunn, which would be harmed by the disclosure of competitively sensitive information about Gibson Dunn's rates to its competitors. *See* Kleinbrodt Sealing Declaration ¶ 5.

## CONCLUSION

For the foregoing reasons, this Court should grant Apple's motion to seal the identified information from the fees documents identified.

Gibson, Dunn &
Crutcher LLP

CASE NO. 24-CV-08660
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

DATED: March 23, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Julian W. Kleinbrodt*
     Julian W. Kleinbrodt


RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:      415.393.8200
Facsimile:      415.393.8306

*Attorneys for Defendant*

CASE NO. 24-CV-08660
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Gibson, Dunn &
Crutcher LLP