RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA  94111-3715
Telephone:     415.393.8200
Facsimile:     415.393.8306

*Attorneys for Defendant Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Coronavirus Reporter Corporation, Calid Inc., Greenflight Venture Corporation<br><br>*on behalf of themselves and all others similarly situated.*<br><br>Plaintiffs,<br><br>v.<br><br>Apple Inc.<br><br>Defendant. | CASE NO. 3:24-CV-08660-EMC<br><br>**DECLARATION OF JULIAN W. KLEINBRODT IN SUPPORT OF DEFENDANT APPLE INC.'S APPLICATION FOR ATTORNEY FEES**<br><br>The Honorable Edward M. Chen |

Gibson, Dunn &
Crutcher LLP

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

I, Julian W. Kleinbrodt, hereby declare as follows:

1.    I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel of record for Defendant Apple Inc. ("Apple") in this case. I am also counsel of record for Apple in *Coronavirus Reporter v. Apple Inc.*, No. 1:21-cv-05567 ("*Coronavirus Reporter I*"). I submit this declaration in support of Apple's response to the Court's directive to submit an accounting for attorney fees. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.    Gibson Dunn is a world-class, full-service law firm with over 2,000 attorneys in 22 offices around the world. Industry surveys and publications perennially rank Gibson Dunn's litigation practice, and its antitrust practice in particular, as among the very best both nationally and in Northern California. For example, Chambers and Partners recognizes Gibson Dunn as a "Band 1" firm for antitrust work nationwide and for antitrust work in California in particular.[1] Law360 has named Gibson Dunn as one of its Competition Groups of the Year a record eight times.[2] And Gibson Dunn is routinely ranked as one of *Global Competition Review's* "Competition Elite"—a list of the top fifteen global antitrust practices.[3]

3.    Apple has retained Gibson Dunn to defend it in several antitrust suits, including many in the Northern District of California (including, among others, *Coronavirus Reporter I*). Given its representation of Apple in *Coronavirus I*, Gibson Dunn was uniquely positioned to represent Apple effectively and efficiently in this case. Apple retained Gibson Dunn in this case shortly after the

[1] *See Antitrust, USA – Nationwide*, Chambers and Partners, https://chambers.com/legal-rankings/antitrust-usa-nationwide-5:363:12788:1?l=en-GB (last visited Mar. 23, 2026); *Antitrust USA – California*, Chambers and Partners, https://chambers.com/legal-rankings/antitrust-california-5:363:12059:1?l=en-GB (last visited Mar. 23, 2026).

[2] *See Antitrust and Competition*, Gibson Dunn, https://www.gibsondunn.com/practice/antitrust-and-competition/ (last visited Mar. 23, 2026); *see also, e.g.*, Dreid, Nadia, *Competition Group of the Year: Gibson Dunn*, Law360 (Feb. 25, 2025), https://www.law360.com/articles/2278531/competition-group-of-the-year-gibson-dunn.

[3] *See, e.g.*, *Gibson Dunn Ranked Among the World's Top 2025 Antitrust Practices by GCR*, Gibson Dunn (Dec. 11, 2024) https://www.gibsondunn.com/gibson-dunn-ranked-among-the-worlds-top-2025-antitrust-practices-by-gcr/.

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

Complaint was filed in March 2024.

4.    Because Apple is a sophisticated company that has litigated in the Northern District of California on many occasions, it is well equipped to ensure that it paid a fair rate for the services it received.

5.    Gibson Dunn staffed this matter with experienced antitrust attorneys that have represented Apple in past matters, including *Coronavirus Reporter I*, in order to deliver excellent legal services as cost-efficiently as possible.  The core team included Rachel Brass, Harry Phillips, Jesse Schupack, Elizabeth Strassner, and me.  While other attorneys and support staff contributed to this litigation as dictated by the needs of the case, Apple does not seek to recover for time billed by those attorneys.  Accordingly, I briefly summarize the credentials of Gibson Dunn's core team below:

- Rachel Brass is a global co-chair of Gibson Dunn's antitrust practice group and a partner in Gibson Dunn's San Francisco office.  She has over two decades of experience representing international and domestic clients in antitrust cases across the United States, including multiple cases in the Northern District of California.  She has been recognized by Best Lawyers in America in Litigation-Antitrust since 2013, identified in the Antitrust category by Super Lawyers, ranked in Band 1 in the California Antitrust category by Chambers USA, and was named a Competition MVP by Law360 in 2022.  Ms. Brass graduated *manga cum laude* from the University of Minnesota Law School and clerked for the Honorable James Rosenbaum for the U.S. District Court for the District of Minnesota.  At all times during this matter, her billing rate in this matter reflected a discount from Ms. Brass's standard billing rate.

- I am a partner in Gibson Dunn's San Francisco office.  I have over ten years of experience handling complex antitrust litigation at the trial and appellate level.  I have been named an "Up and Coming" lawyer in the California Antitrust category by Chambers USA, recognized as one of Law360's Rising Stars in Competition, and selected by Global Competition Review for its "40 Under 40" list that celebrates the "next generation of leading antitrust practitioners."  I graduated *magna cum laude* from the University of Michigan Law School and clerked for the Honorable Stephen V. Wilson for the U.S. District Court for the Central District of California.  At all times during this matter, my billing rate in this matter reflected a discount from my

Gibson, Dunn &
Crutcher LLP

2

standard billing rate.

- Harry Phillips is a senior litigation associate in Gibson Dunn's Washington, D.C., office. He has extensive experience in antitrust litigation, representing Apple and other clients in antitrust cases at trial and on appeal. Mr. Phillips also has contributed to leading antitrust journals and treatises including *Antitrust Law Developments*, *Competition Policy International*, and *Global Competition Review*. Mr. Phillips graduated *summa cum laude* from Georgetown University Law Center in 2018, where he ranked first in his class, and clerked for the Honorable Albert Diaz on the U.S. Court of Appeals for the Fourth Circuit. At all times during this matter, his billing rate in this matter reflected a discount from his standard billing rate.

- Jesse Schupack is a litigation associate in Gibson Dunn's Washington, D.C., office. He has litigated complex antitrust cases at the trial and appellate levels. While in law school, he interned at the Antitrust Division of the United States Department of Justice. He graduated *cum laude* from University of Michigan Law School in 2021 and clerked for the Honorable Robert E. Payne on the U.S. District Court for the Eastern District of Virginia. At all times during this matter, his billing rate reflected a discount from his standard billing rate.

- Elizabeth Strassner is a litigation associate in Gibson Dunn's Los Angeles office. She has litigated antitrust and other complex cases at the trial and appellate levels. She graduated *magna cum laude* from Harvard Law School in 2021 and clerked for the Honorable Daniel P. Collins on the U.S. Court of Appeals for the Ninth Circuit. At all times during this matter, her billing rate in this matter reflected a discount from her standard billing rate.

6.      In my professional judgment, the rates paid by Apple to Gibson Dunn in this matter are reasonable—commensurate with Gibson Dunn's record of success in antitrust cases generally, including for Apple in particular, and the product of arm's-length negotiation in which Apple agreed to pay Gibson Dunn rates that are discounted from the firm's usual fee structure.

7.      I supervised the work in this matter and reviewed (and where appropriate adjusted) all of Gibson Dunn's bills related to this matter before they were invoiced. I also reviewed Gibson Dunn's billing records again in the course of preparing this filing. Attorneys working on this matter recorded their time worked contemporaneously using a task-billing recording method that created a separate

Gibson, Dunn &
Crutcher LLP

3

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

entry for each individual task an attorney worked on in increments of one-tenth of an hour.  The time records attached as **Exhibit A**, which reflect work performed by Gibson Dunn following the filing of the Complaint in March 2024 through to the Court's order awarding attorney fees in August 2025, were billed to Apple and have been paid in full.[4]  I have summarized the time, rates, and total fees sought by Apple and described in Exhibit A in the table below:

| | 2024 | | 2025 | |
|---|---|---|---|---|
| | Hours | Fees | Hours | Fees |
| Julian Kleinbrodt | 42.2 | | 141.2 | |
| Rachel Brass | 2.8 | | 11.7 | |
| Harry Phillips | 55.2 | | 45.9 | |
| Jesse Schupack | 57.2 | | 276.8 | |
| Elizabeth Strassner | 24 | | 138.9 | |
| Totals: | 181.4 | | 614.5 | |

This results in an initial total of $741,754.60 in fees.  However, because Apple is only seeking $400,000 in fees for the period of time leading up to service of its sanctions motion—a reduction from the actual amount billed to and paid for by Apple, consistent with what was requested in the sanctions motion-- Apple only seeks $735,193.20 in fees.

8.     Apple endeavored to take an efficient course to resolve this litigation, at each stage pursuing only the relief necessary for it to prevail as swiftly as possible.  The amounts reflected above are not the total amount billed to, and paid by, Apple for Gibson Dunn's work in this matter.  For example, they do not reflect work done by paralegals and support staff; additional costs, such as for printing; valuable work done by associates who were not members of the core team named above but who contributed at various stages of the litigation; necessary administrative work; work performed by Wyoming local counsel; internal conferencing and time spent strategizing among the Gibson Dunn team; time spent apprising Apple of developments in the litigation and conferring with Apple about the

---

[4] For privacy purposes, the names of Apple personnel have been removed from time narratives.

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

case; work related to Plaintiffs' filings that the Court disposed of before Apple had to file a response; and work related to Plaintiffs' attempt to transfer this litigation into an unrelated multidistrict litigation.

9.    As Apple represented in its motion for sanctions, Apple had incurred "far more" than $400,000 in fees by the time it filed its motion in May 2025. The records in Exhibit A, which do not include the many entries that were excised as described above, total $406,561.40 in work performed between March 2024, when Gibson Dunn was retained, and April 2025, when Apple served its motion for sanctions. Consistent with its request in the motion for sanctions, however, Apple seeks only a further reduced total of $400,000 for the cost of defending this suit to that point.

10.    Between the date on which Apple filed its motion for sanctions and when the Court granted the motion, Apple incurred additional fees of $335,193.20, which likewise reflects substantial excisions as described above. Those fees are attributable principally to the considerable number of motions that Plaintiffs filed in that time, all of which the Court found to be without merit. Apple's filings included an opposition to Plaintiffs' motion to convert the motion to dismiss under Rule 12(c), Dkt. 72; an opposition to Plaintiff's "anti-SLAPP" motion, Dkt. 81; opposition to Plaintiffs' administrative motions that were filed after the Court granted the motion to dismiss, Dkts. 83, 84, 85, 86, 87, 89; and opposition to Plaintiffs' motion for sanctions and motion for leave to file a motion for reconsideration, Dkts. 96, 100.

11.    In its July 30, 2025, Order on Defendant's Motion for Sanctions and Plaintiffs' Motions on July 30, 2025, the Court determined that Apple "is entitled to the fees and costs reasonably incurred in connection with this litigation." Dkt. 102 at 10. The next day, Plaintiffs emailed Apple to negotiate a potential stipulated resolution to this case. Apple thereafter engaged in good faith efforts to resolve the case. Throughout August and September 2025, I exchanged written correspondence and spoke telephonically with Plaintiffs' counsel, including sending a formal term sheet to Plaintiffs' counsel on August 11, 2025.

12.    The last telephonic conversation between the parties' counsel occurred on September 26, 2025. During that call, the parties agreed to continue discussing a potential resolution of the case. At Plaintiffs' counsel's request, Apple transmitted a proposed long-form settlement agreement to Plaintiffs on October 28, 2025. Plaintiffs' counsel did not respond to that email. Plaintiffs' counsel

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF JULIAN W. KLEINBRODT
CASE NO. 3:24-CV-08660-EMC

also did not follow up to Apple's attempts to follow-up in November 2025.

13.   On December 10, 2025, Plaintiffs filed a petition for a writ of mandamus in the United States Court of Appeals in the Ninth Circuit, *see* Case No. 25-7761, Dkt. 1.1.  The Court denied that petition on January 28, 2026, *see* Case No. 25-7761, Dkt. 9.

14.   On December 22, 2025, Plaintiffs noticed an appeal in the Ninth Circuit, *see* Case No. 25-8111.  In transmitting to me electronic copies of Plaintiffs' petition, Plaintiffs' counsel did not respond to Apple's outstanding communications regarding settlement.  To date, Plaintiffs' counsel still has not done so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and corrected.  Executed on March 23, 2026, at San Francisco, California.


*/s/ Julian W. Kleinbrodt*
Julian W. Kleinbrodt