Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORONAVIRUS REPORTER CORPORATION,
CALID INC.,
GREENFLIGHT VENTURE CORPORATION

    *on behalf of themselves and*
    *all others similarly situated*

               Plaintiffs,

*vs.*

APPLE INC.
               Defendant.

Case No. 3:24-cv-8660-EMC

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORTY**
(*Atlas Data v. Greenflight*)

1

NOTICE OF SUPPLEMENTAL AUTHORITY (Atlas Data)
CASE NO. 3:24-CV-8660-EMC

**PLAINTIFFS' STATEMENT OF RECENT DECISION AND NOTICE OF SUPPLEMENTAL DEVELOPMENT REGARDING OBJECTIVE CORPORATE STANDING**

Pursuant to Northern District of California Civil Local Rule 7-3(d)(2), Plaintiff Greenflight Venture Corporation submits the following Statement of Recent Decision and Notice of Supplemental Development. This recent judicial order and the underlying multijurisdictional record it represents are pertinent to the objective reasonableness of Plaintiffs' pleadings, Defendant Apple Inc.'s pending application for sanctions, and the structural integrity of the Court's underlying privity dismissal.

Arising within a vast multidistrict mass tort of such profound First Amendment and jurisdictional significance that the Third Circuit Court of Appeals formally certified core questions to the New Jersey Supreme Court in September 2025 (accepted October 14, 2025), United States District Judge Harvey Bartle III issued a published Order on March 20, 2025, denying a Motion to Dismiss in *Atlas Data Privacy Corp., et al. v. Greenflight Venture Corp*. (D.N.J. Case No. 1:25-cv-01517).

Crucially, the March 20, 2025 ruling marks at least the second distinct Motion to Dismiss from which Greenflight was not exempted. Even as the District Court acknowledged that the underlying statute operates as a content restriction implicating protected speech, Greenflight's corporate standing and independent liability exposure as a data broker were repeatedly tested and validated by the federal judiciary.

**The Objective Corporate Reality of Greenflight Venture Corporation**

In initiating the $1.6 billion *Atlas Data* litigation under Daniel's Law, the plaintiffs conducted sweeping due diligence to identify the primary, recognizable data publishers operating within the technology sector. Through this mass-tort research sweep, Atlas identified Greenflight based on its

extensive operating history, including its proprietary OkCaller platform, which has served hundreds of millions user sessions, in close collaboration with Google LLC.

Consequently, Atlas Data sued Greenflight as a primary industry player, alongside nearly 200 of the world's largest technology and data corporations (e.g. Oracle, Zillow), exposing each defendant to strict liability statutory damages of $1,000 per violation plus punitive damages. Atlas did not appear to target any individuals or non-operating shells/proxies. Atlas recognized Greenflight's distinct corporate boundaries and sued the entity exclusively for publishing hundreds of millions of data sets. Last month, Atlas subjected Greenflight's corporate representatives to an exhaustive seven hour deposition under oath, unequivocally establishing Greenflight's deep industry knowledge, its decade long operating history, and its legitimate investment in its federally recognized patent portfolio.

**The Multijurisdictional Federal Consensus of Corporate Independence**

The judicial recognition of Greenflight's corporate independence is not isolated to the Third Circuit; it represents a uniform federal consensus. Greenflight has actively litigated to protect its intellectual property and operational boundaries over a decade, coast to coast, across at least three different federal circuits. Notably, in an appellate challenge involving Whitepages, the AmLaw 100 firm Winston & Strawn LLP formally appeared before the United States Court of Appeals for the Federal Circuit[1] to represent Greenflight in defense of its USPTO patent portfolio.

Furthermore, in parallel federal litigation regarding internet access and antitrust enforcement, Google LLC, represented by the esteemed corporate defense firm Williams & Connolly LLP, specifically recognized Greenflight's USPTO patents as a distinct corporate intellectual property portfolio. In that matter, Google successfully argued, and the federal district court agreed (FLSD),

---

[1] The case was selected as a visiting teaching session at Columbia Law School.

NOTICE OF SUPPLEMENTAL AUTHORITY (Atlas Data)
CASE NO. 3:24-CV-8660-EMC

that Dr. Isaacs was legally barred from representing Greenflight *pro se* precisely because of the corporation's distinct boundaries as owner of the USPTO patents.

Further cementing this reality, an Eleventh Circuit Court of Appeals order issued this month formally allows the appellate proceedings in that matter to advance with Dr. Isaacs fully bifurcated from Greenflight. This coast-to-coast federal consensus, acknowledged by knowledgeable adversaries ranging from Whitepages to Atlas Data to Google, and enforced by the Federal, Third, and Eleventh Circuits, establishes Greenflight as an undeniably active, independent corporate participant in high-stakes internet privacy and freedom litigations. In light of this overwhelming, decade long record, the Court's prior privity ruling is simply unreasonable.

**Preservation of the Record Regarding the Underlying Dismissal and Sanctions**

This objective, judicially recognized reality fundamentally unravels the privity jurisprudence applied in this Court's July 30 Order, and foundational to the pending Fees Application. Defendant Apple's successful motion to dismiss, and its subsequent demand for $735,193.20 in sanctions, rested on the highly reductive premise that Greenflight is a mere 'alter ego (proxy or shell)' improperly joined to evade res judicata. Apple glaringly omitted Greenflight's status as a recognized major data publisher and IP holding entity from its privity arguments.

When a $1.6 billion federal mass tort targets Greenflight alongside Oracle and Zillow, and when Google utilizes Greenflight's distinct corporate boundaries as a legal shield, it squashes any suggestion that Plaintiffs' Counsel was unreasonable or reckless in his pre-filing inquiry. Counsel correctly recognized the exact same corporate independence that the Third Circuit, the Eleventh Circuit, and Federal Circuit currently recognize.

The emergence of this multijurisdictional record highlights a profound jurisdictional paradox. As it stands, Greenflight is actively recognized by the federal judiciary as an independent corporate entity capable of bearing massive strict liability, yet is simultaneously barred by this Court's prior

NOTICE OF SUPPLEMENTAL AUTHORITY (Atlas Data)
CASE NO. 3:24-CV-8660-EMC

rulings from possessing the independent standing required to petition for relief. In short, this Court erroneously determined that Greenflight may be sued, but cannot sue. This is unfair.

Plaintiff Greenflight submits this recent decision to preclude the unjust imposition of punitive sanctions, and to formally preserve for the appellate record that the factual predicates of the underlying privity dismissal are structurally irreconcilable with established federal consensus. The objective reality that Greenflight is an independently functioning, heavily litigated Big Data publisher renders both the prior dismissal and the pending fee application fatally flawed.

Submitted on this 14th day of April, 2026.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing Notice was delivered electronically to all interested parties.

Executed on this 14th day of April, 2026.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation
*Pro Hac Vice*
NH Bar No. 20997

American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

NOTICE OF SUPPLEMENTAL AUTHORITY (Atlas Data)
CASE NO. 3:24-CV-8660-EMC