Keith Mathews
*Pro Hac Vice*
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105
keith@awplegal.com
(603) 923-9855

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CORONAVIRUS REPORTER CORPORATION,
CALID INC.,
GREENFLIGHT VENTURE CORPORATION

   *on behalf of themselves and*
    *all others similarly situated*

                Plaintiffs,

*vs.*


APPLE INC.
                Defendant.

Case No. 3:24-cv-8660-EMC


**PLAINTIFFS' NOTICE OF
SUPPLEMENTAL AUTHORTY
(*City of Hollywood Police vs. Tim Cook*)**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL DEVELOPMENT REGARDING INSTITUTIONAL VALIDATION OF FACTUAL PLEADINGS**

TO THE COURT AND ALL PARTIES OF RECORD:

Plaintiffs submit the following Notice of Supplemental Development. This recent institutional filing is directly pertinent to the objective factual validity of Plaintiffs' First Amended Complaint, Defendant Apple Inc.'s pending application for $735,193.20 in sanctions, and the structural integrity of the Court's underlying dismissal.

On February 27, 2026, Apple's own institutional shareholders filed a 239-page verified derivative action against Tim Cook and Apple's board of directors (*City of Hollywood Police Officers' Retirement System v. Tim Cook, et al.*, N.D. Cal. No. 5:26-cv-01724-VKD).

This newly emerged litigation is initiated by sophisticated institutional plaintiffs representing law enforcement pensions. Crucially, the *Hollywood Police* complaint represents an independent invention of the nearly identical evidentiary architecture synthesized by Plaintiffs in this action.

**Institutional Validation of the "Triple Hybrid" Operative Complaint Architecture**

In its July 30 Order, the Court dismissed Plaintiffs' claims and imposed sanctions under the highly reductive premise that Plaintiffs' pleadings were merely *Coronavirus Reporter I* "all over again." The *Hollywood Police* complaint proves this conclusion was structurally deficient and factually premature.

The institutional derivative action is a sophisticated integration of three massive federal records: the March 2024 Department of Justice monopolization action, the 2021 Congressional House Subcommittee findings, and the ongoing *Epic Games* contempt record.

This is the exact "triple hybrid" architecture underlying Plaintiffs' operative complaint. Plaintiffs were sanctioned for investigating Tim Cook's role in orchestrating a playbook of Sherman Act evasion and developer retaliation based on this exact intersection of federal enforcement records.

Yet, just months after Plaintiffs were sanctioned, sophisticated institutional plaintiffs reached the identical factual conclusions, utilizing the identical public record, to allege the same systemic, post-2021 risks and fiduciary failures.

### Implications for the Pending Fee Application and Underlying Dismissal

This development highlights a chilling paradox that demands the Court's immediate scrutiny before any punitive fee award is entered. Defendant Apple demands nearly ¾ million dollars under the premise that Plaintiffs' synthesis of this antitrust conduct was objectively frivolous, harassing, and sanctionable.

The *Hollywood Police* docket proves otherwise. Plaintiffs' and their Counsel's diligent research of Apple over five years has now been emulated by nearly identical theories on multiple occasions (see also, *PhantomAlert*, *Proton v. Apple*). It is legally impossible for a legal theory to be objectively frivolous when a major law enforcement pension fund subsequently retains seasoned corporate counsel to file a verified complaint alleging the exact same pattern of evasion and antitrust exposure. This institutional validation confirms that Plaintiffs' inquiries involved matters of grave fiduciary concern, grounded in continuing, post-2021 conduct, hence shattering the narrative that Plaintiffs were merely attempting to re-litigate a 2020 app rejection.

Because Plaintiffs' pleadings have been objectively exonerated by parallel institutional litigation, Defendant Apple's demand for $735,193.20 must be recognized as a retaliatory weapon aimed at the first developers who accurately identified Apple's unadjudicated antitrust exposure. This external validation confirms that Plaintiffs' Counsel conducted an objectively reasonable pre-filing inquiry. Furthermore, the undeniable overlap between Plaintiffs' sanctioned complaint and the *Hollywood Police* derivative action may very well warrant the Court's inherent *sua sponte* review of the underlying dismissal, as the factual premise underlying it is disproven by the Defendant's own institutional shareholders.

Submitted on this 13th day of April, 2026.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation et al
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing Notice was delivered electronically to all interested parties.

Executed on this 13th day of April, 2026.

/s/ Keith Mathews
Keith Mathews
Attorney for Coronavirus Reporter Corporation
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
1000 Elm Street, Suite 800
Manchester, NH 03105

NOTICE OF SUPPLEMENTAL AUTHORITY (*City of Hollywood Police*)
CASE NO. 3:24-CV-8660-EMC