UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER CORPORATION, et al.,<br>Plaintiffs,<br>v.<br>APPLE INC,<br>Defendants. | Case No. 24-cv-08660-EMC<br>**ORDER RE ATTORNEYS' FEES FINAL DETERMINATION**<br>Docket No. 107 |

This order determines the final amount of attorneys' fees and costs awarded to Defendant Apple Inc. ("Apple") in this matter as a result of Plaintiffs' sanctionable misconduct.

On May 29, 2026, this Court held that the lodestar amount of $661,673.88 represented a reasonable measure of the attorneys' fees Apple incurred as a direct result of Plaintiffs' sanctionable conduct. Dkt. 113 (Attorneys' Fees Order) at 16. The Court observed, though, that "[t]he relevant question is not whether Mr. Mathews can write a check for $661,673.88, but what amount is reasonably necessary to deter this conduct and comparable conduct going forward." *Id.* at 15 (citing *Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956 (N.D. Cal. 2015)). Although Mr. Mathews had submitted a declaration representing that full payment would personally and professionally bankrupt him (and that corporate plaintiffs were insolvent), the declaration was unsupported by documentary support or other evidence. *Id.* The Court deferred final determination of the award amount pending Mr. Mathews' final supplemental financial disclosures. *Id.*

Mr. Mathews has now filed financial statements supporting his declaration, and a supplemental declaration explaining his financial status. Dkts. 115, 116. The financial statements

United States District Court
Northern District of California

support Mr. Mathews' supplemental declaration that he claims a modest income as a solo practitioner. Dkt. 115 at 1, 14-15. [redacted]

Plaintiff contends again in his supplemental declaration that anything above $5,000 to $10,000 would "represent a significant financial burden and would have a substantial deterrent effect." Dkt. 116 at 3. The Court in its May 29, 2026 Attorneys' Fees Order briefly examined Mathews' contention that a nominal $5,000 to $10,000 would be appropriate because he has already been deterred from "taking on a challenge of this magnitude in the future." *Id.* at 14 (quoting Dkt. 112–1). The Court noted that Mathews had previously represented that there is "nothing left that requires deterrence," but then "filed a petition for writ of mandamus in the Ninth Circuit, [sought] en banc rehearing on the mandamus petition, and file[d] [a] twenty-seven page opposition brief [] before the Court." *Id.* And Mr. Mathews filed several iterations of the same failed legal theory in multiple jurisdictions, then filed the mandamus petition in the Ninth Circuit. *Id.* at 14–15. Thus, the Court concluded that Mr. Mathews' conduct undermined his declaration contentions regarding his alleged deterrence. *Id.*

"The main objective of [Rule 11] is not to reward parties who are victimized by litigation; it is to deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 553 (1991). Consistent with its prior reasoning, the Court considers a $5,000

United States District Court
Northern District of California

to $10,000 too low to provide a sufficient deterrent effect. Nonetheless, given Mr. Mathews' status as a solo practitioner with insolvent (or near-insolvent) clients, his relatively limited income, and significant debts and encumbrances, the Court concludes that a $25,000 sanction is reasonably necessary to deter Mr. Mathews from this conduct in the future.

The Court orders the $25,000 sanction to be paid in monthly increments beginning November 1, 2026, at a rate of no less than $1,000 per month.

**IT IS SO ORDERED**.

Dated: October 13, 2026



EDWARD M. CHEN
United States District Judge